David W. Wiechert, SBN 94607
WIECHERT, MUNK & GOLDSTIEN, PC
27136 Paseo Espada, Suite B1123
San Juan Capistrano, CA 92675
Tel: (949) 361-2822
Email: dwiechert@aol.com

Daniel J. Quigley (*pro hac vice*)
DANIEL J. QUIGLEY, PLC
5425 E. Broadway Blvd., Suite 352
Tucson, Arizona 85711
Tel: (520) 867-4450
Email: quigley@djqplc.com

Attorneys for Attorneys for Claimants
Medalist Holdings, Inc., Leeward Holdings, LLC, Camarillo Holdings, LLC, Vermillion Holdings, LLC, Cereus Properties, LLC, and Shearwater Investments, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>$1,546,076.35 In Bank Funds Seized from Republic Bank of Arizona Account 1889, *et al.*,<br><br>    Defendants. | Case 2:18-cv-08420-RGK-PJW<br>Honorable R. Gary Klausner<br><br>**VERIFIED CLAIMS AND STATEMENTS OF INTEREST IN DEFENDANT ASSETS**<br><br>**(Relating to the Defendant Assets in Consolidated Case No. CV 19-9949)** |

Claimant Medalist Holdings, Inc. is a Delaware corporation and Claimants Leeward Holdings, LLC, Camarillo Holdings, LLC, Vermillion Holdings, LLC, Cereus Properties, LLC, and Shearwater Investments, LLC are Delaware limited liability companies and wholly-owned subsidiaries of Medalist.

Pursuant to 18 U.S.C. § 983(a)(4)(A) and Supplemental Rule G(5) of the Federal

Rules of Civil Procedure, Claimants submit these Verified Claims and Statements of Interest asserting an interest in the following: approximately 2.70447488 Bitcoin and approximately 3.54986077 Bitcoin Cash previously held in Bitstamp account number 559092120831 (collectively, the "Defendant Assets").

On November 20, 2019, the United States of America filed its Verified Complaint for Forfeiture (the "Complaint") in the United States District Court for the Central District of California, Western Division, Case 2:19-cv-09949, seeking the forfeiture of the Defendant Assets. Pursuant to its Orders dated December 18, 2019 (Doc. 14 in Case 2:19-cv-09949), the Court consolidated Case 2:19-cv-09949 with Case 2:18-cv-8420.

On information and belief, claimant Shearwater holds promissory notes initially made on or about April 22, 2015, by Atlantische Bedrijven C.V. ("ABC") and UGC Tech Group C.V. ("UGC"). The notes have been subsequently amended. On information and belief, the notes are secured by liens arising under security agreements, executed on or about April 22, 2015, encumbering, among other things, the assets of ABC and UGC ("Borrowers") and the assets of Ad Tech Holdings GP BV, Ad Tech Cooperatief UA, Ad Tech BV, Classified Solutions Ltd., Classified Strategies Cooperatief UA, Payment Solutions, BV, Dartmoor Holdings, LLC, Website Technologies, LLC, Posting Solutions LLC, Postfaster, LLC, IC Holdings, LLC, and Backpage.com, LLC (collectively, "Pledgors").

The security agreements state that they encumber the following assets of Borrowers and Pledgors (the "Collateral"): "all personal and property of every kind and nature including without limitation all goods (including inventory, equipment and any accessions thereto), fixtures, instruments (including promissory notes), documents, accounts (including health-care-insurance receivables), chattel paper (whether tangible or electronic), deposit accounts, letter-of-credit rights (whether or not the letter of credit is evidenced by a writing), commercial tort claims, securities and all other investment property, supporting obligations, any other contract rights or rights to the payment of money, insurance claims and proceeds, all general intangibles (including all payment

intangibles), the IP Collateral (as defined in the following paragraph), and all products and proceeds of all of the foregoing property."

The security agreements define IP Collateral as: "(i) all patents, patent applications and utility models, all inventions and improvements claimed therein and the right to claim any inventions disclosed but unclaimed therein; (ii) all trademarks, service marks, domain names, trade dress, logos, designs, slogans, trade names, business names, corporate names and other source identifiers, whether registered or unregistered, together, in each case, with the goodwill of the business connected with the use thereof and symbolized thereby; (iii) all copyrights, including, without limitation, copyrights in computer software, internet web sites and the content thereof, whether registered or unregistered; (iv) all registrations and applications for registration for any of the foregoing; (v) all agreements, permits, consents, orders, leases, licenses and franchises relating to the license, development, use or disclosure of any of the foregoing to which such Grantor, now or hereafter, is a party or a beneficiary; (vi) all reissues, divisions, continuations, continuations-in-part, extensions, renewals and reexaminations of any of the foregoing, all rights in the foregoing provided by international treaties or conventions, all rights corresponding thereto throughout the world and all other rights of any kind whatsoever of such Grantor accruing thereunder or pertaining thereto; (vii) any and all claims for damages, other payments and/or injunctive relief for past, present and future infringement, dilution, misappropriation, violation, misuse or breach with respect to any of the foregoing, with the right, but not the obligation, to sue for and collect, or otherwise recover, such damages, payments or other relief; and (viii) any and all proceeds of, collateral for, income, royalties and other payments now or hereafter due and/or payable with respect to, and supporting obligations relating to, any and all of the foregoing, and, to the extent not otherwise included, all payments under insurance (whether or not the Secured Party is the loss payee thereof), or any indemnity, warranty or guaranty, payable by reason of loss or damage to or otherwise with respect to any of the foregoing."

On information and belief, financing statements were filed in April 2015 with the

Delaware Secretary of State, the Recorder of Deeds in the District of Columbia, and the Texas Secretary of State to perfect security interests in the Collateral. The security agreements encumbering the Collateral also secure the obligations of ABC and UGC under purchase agreements and loan agreements executed on or about April 22, 2015, and the obligations of Pledgors, Carl A. Ferrer, Amstel River Holdings, LLC, Kickapoo River Investments LLC, Lupine Holdings LLC, CF Holdings GP LLC, and CF Acquisitions LLC under guarantees executed on or about April 22, 2015.

Claimants have the right to advancement and indemnification from ABC and UGC under the purchase agreements and loan agreements, which advancement and indemnification obligations are guaranteed by Pledgors, Carl A. Ferrer, Amstel River Holdings, LLC, Kickapoo River Investments LLC, Lupine Holdings LLC, CF Holdings GP LLC, CF Acquisitions LLC and also secured by the security interests in the Collateral.

On information and belief, the interests of Borrowers, Pledgors, Carl A. Ferrer, Amstel River Holdings, LLC, Kickapoo River Investments LLC, Lupine Holdings LLC, CF Holdings GP LLC, and CF Acquisitions LLC in the Defendant Assets are part of the Collateral, in which claimant Shearwater has a first-priority security interest dating to April 2015 securing the obligations under the promissory notes, security agreements, and purchase agreements and loan agreements, including the advancement and indemnification obligations.

The security interests in the Collateral securing the obligations to Claimants are legally recognizable interests in the Defendant Assets, giving Claimants a superior right, title, and interest in the Defendant Assets over any and all interests asserted by the government in the Defendant Assets. The unpaid balance of the notes, and the sums owed for advancement and indemnification, secured by the security agreements greatly exceed the value of the Defendant Assets.

Pursuant to Supplemental Rule E(8) of the Federal Rules of Civil Procedure, Claimants expressly limit their appearance to asserting and defending their claims to the Defendant Assets. Claimants reserve all rights to challenge the *in rem* jurisdiction of this

Court and the propriety of venue in this action.

Dated: January 13, 2020                                  s/*David W. Wiechert*
                                                         David W. Wiechert

Case 2:18-cv-08420-RGK-JC   Document 62   Filed 01/13/20   Page 6 of 7   Page ID #:329

## **VERIFICATION OF CLAIM**

Daniel J. Quigley declares under penalty of perjury under the laws of the United States of America:

I am an agent of Claimants Medalist Holdings, Inc., Leeward Holdings, LLC, Camarillo Holdings, LLC, Vermillion Holdings, LLC, Cereus Properties, LLC, and Shearwater Investments, LLC authorized to sign these Verified Claims and Statements of Interest for Claimants. I have read the foregoing Verified Claims and Statements of Interest and its contents are true and correct to the best of my own knowledge, except for matters stated on information and belief, which I believe to be true.

Dated: January 10, 2020

_____
Daniel J. Quigley
Authorized Agent for Claimants Medalist
Holdings, Inc., Leeward Holdings, LLC,
Camarillo Holdings, LLC, Vermillion
Holdings, LLC, Cereus Properties, LLC, and
Shearwater Investments, LLC

# CERTIFICATE OF SERVICE

I, Danielle Dragotta, an employee of Wiechert, Munk & Goldstein, PC, located at 27136 Paseo Espada, Suite B1123, San Juan Capistrano, California 92675, declare under penalty and perjury that I am over the age of eighteen (18) and not a party to the above-entitled proceeding.

On January 13, 2020, I served the forgoing documents, described as **VERIFIED CLAIMS AND STATEMENTS OF INTEREST IN DEFENDANT ASSETS** on all interested parties as follows:

[ ] **BY MAIL:** I caused such envelope(s) to be deposited in the mail at San Juan Capistrano, California with postage thereon fully prepaid to the office of the addressee(s) as indicated on the attached service list. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[X] **BY E-MAIL:** I caused a copy to be transmitted electronically by filing the foregoing with the clerk of the District Court using its ECF system, which electronically notifies counsel for the parties.

[ ] **BY PERSONAL SERVICE:** I personally delivered the document listed above to the persons at the address set forth below.

[X] **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this court at whose direction the service was made.

Executed on January 13, 2020, at San Juan Capistrano, California.

                                                    s/*Danielle Dragotta*
                                                  Danielle Dragotta