1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | CV 18-8420-RGK (PJWx) |
|---|---|
| Plaintiff, | No. CV 18-8551-RGK (PJWx) |
| v. | **[PROPOSED] ORDER FOR INTERLOCUTORY SALE OF DEFENDANT REAL PROPERTY LOCATED IN SAN FRANCISCO, CALIFORNIA** |
| REAL PROPERTY LOCATED IN SAN FRANCISCO, CALIFORNIA, | |
| Defendants. | |
| MICHAEL G. LACEY | |
| Titleholder. | |

For good cause appearing, and upon the parties' stipulation, it is hereby ORDERED that the defendant real property located in San Francisco, California, be sold according to the procedures below:

1.   The Defendant Real Property located in San Francisco, California with Assessor parcel Number 0563-029 (the "Defendant Real Property" or the "Fillmore Property"), is to be sold for fair market value, and the net proceeds of the sale, if any, should be

substituted for the Fillmore Property as the defendant *res* in this action.

2.   An interlocutory sale of the Fillmore Property is appropriate and necessary under Rule G(7)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") in order to preserve the value of the defendant *res* and minimize expenses associated with keeping and maintaining the Fillmore Property.

3.   Due to the expense of keeping and maintaining the property, including tax payments, and Mr. Lacey's inability to pay those expenses, the property is at risk for deterioration, damage or disrepair if it is not sold.

4.   The procedures set forth in 28 U.S.C. §§ 2001, 2002 and 2004 (providing for public sale of property under court control) are not reasonable, appropriate or likely to yield the highest price for the Fillmore Property.  Because of the high value of the Fillmore Property, the limited and unique nature of the market to which the property can be marketed, and the expertise needed to sell and market real estate of this value and type to the public, the Court orders the interlocutory sale according to the terms described herein.

5.   The legal description of the Defendant Real Property is:

> LOT 29, AS SHOWN ON THE MAP ENTITLED, "PARCEL MAP BEING A RESUBDIVISION OF ASSESSOR'S LOTS NO. 2 AND 3, BLOCK 563, ALSO BEING A PORTION OF WESTERN ADDITION BLOCK 347, SAN FRANCISCO", RECORDED SEPTEMBER 8, 1981, IN THE OFFICE OF THE COUNTY RECORDER OF THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA, IN BOOK 21 OF PARCEL MAPS, AT PAGE 51.
> Lot 029, Block 0563

6.    The government has indicated that the Fillmore Property is titled in the name of Casa Bahia for San Francisco, LLC. Other than the government's *lis pendens*, there are no other recorded interests in the property.

7.    The government shall cause the Fillmore Property to be sold at the highest available reasonable price.  Within 30 days of taking custody, possession, and control, the government shall undertake to list for sale to the public the Fillmore Property with the Multiple Listing Service, and/or any other similar form, and shall attempt to procure a ready, willing and able buyer.  The listing agent(s) for the Fillmore property shall be a licensed real estate broker with experience selling properties in the area where the Fillmore property is located.  The listing price of the Defendant Real Property shall not be less than $13,500,000.  The minimum price to be accepted for the purchase of the Defendant Real Property is $13,500,000 unless the parties agree in a signed writing to a lesser amount.

8.    At least three days prior to the close of escrow with respect to any attempted sale of the Defendant Real Property pursuant to this Stipulation, the government shall deliver to the escrow agent a conditional withdrawal of its *lis pendens* to be recorded against the Fillmore property.  This conditional withdrawal may be recorded only if the terms of this agreement have been completely satisfied. The proceeds of the sale of the Fillmore Property shall be distributed as follows:

a.    First, payment to the San Francisco County Tax Collector of all outstanding real property taxes up to the date of closing of escrow;

3

b.    Second, to the extent funds remain, payment of all costs of escrow and sale, including real estate sales commissions and applicable fees triggered by the sale of the Fillmore Property and the government's actual costs incurred in preparing the Fillmore Property for sale (including but not limited to utilities and insurance payments);

c.    Third, to the extent funds remain, payment to any management company for any outstanding dues and payment to any home owner's association ("HOA") for all fees due on the Fillmore Property at the time of sale;

d.    Fourth, to the extent funds remain, payment to any secured lienholders whose security interests were recorded prior to recording of the government's *lis pendens* in this action;

e.    Fifth, to the extent funds remain, payment to the government for any expenses related to the preparation for sale and sale of the Fillmore Property; and

f.    Sixth, as to any remaining funds (the "net proceeds"), the net proceeds shall constitute the substitute *res* in place of the Fillmore Property.  The net proceeds shall be wired from escrow directly to an interest-bearing account to be designated by the government, where such funds shall be held pending resolution of this forfeiture action.  The government shall provide wiring instructions directly to the escrow company handling the sale of the Fillmore Property.  Following delivery of the net proceeds to the interest-bearing account, the government shall notify the parties and this Court of the amount that has been deposited as the substitute *res* by filing a notice with the Court.

4

1       9.   The Court shall retain jurisdiction over the Fillmore

2   Property to effectuate the terms of the sale and resolve any issues

3   or disputes that may arise regarding the interlocutory sale of the

4   property until the sale is concluded.

5

6   DATED: _____, 2020        _____

7                                          THE HONORABLE R. GARY KLAUSNER
                                           UNITED STATES DISTRICT COURT JUDGE

8

9   Submitted by:

10  NICOLA T. HANNA
    United States Attorney

11  BRANDON D. FOX
    Assistant United States Attorney

12  Chief, Criminal Division
    STEVEN R. WELK

13  Assistant United States Attorney
    Chief, Asset Forfeiture Section

14

15  ___/s/John J. Kucera_____

16  JOHN J. KUCERA
    DANIEL G. BOYLE

17  Assistant United States Attorney
    Attorneys for

18  UNITED STATES OF AMERICA

19

20

21

22

23

24

25

26

27

28

                                5

## PROOF OF SERVICE BY MAILING

I am over the age of 18 and not a party to the within action.  I am employed by the Office of the United States Attorney, Central District of California.  My business address is 312 North Spring Street, 14th Floor, Los Angeles, CA 90012.

On **January 28, 2020**, I served a copy of: **STIPULATION FOR INTERLOCUTORY SALE AND [PROPOSED] ORDER** upon each person or entity named below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices, or by e-mail.

TO:  **JILL ANDERSON**
     **3300 EAST STELLA LANE**
     **PARADISE VALLEY, AZ 85253**

 **X**   I am readily familiar with the practice of this office for collection and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on: **January 28, 2020** at Los Angeles, California.

                              /s/ **S. Beckman**
                              SHANNEN BECKMAN