```
 1  NICOLA T. HANNA
    United States Attorney
 2  BRANDON D. FOX
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5  JOHN J. KUCERA (Cal. Bar No. 274184)
    Assistant United States Attorney
 6  Asset Forfeiture Section
         1400 United States Courthouse
 7       312 North Spring Street
         Los Angeles, California 90012
 8       Telephone: (213) 894-3391
         Facsimile: (213) 894-0142
 9       E-mail:    John.Kucera@usdoj.gov

10  Attorneys for Plaintiff
    UNITED STATES OF AMERICA
11
                      UNITED STATES DISTRICT COURT
12
                FOR THE CENTRAL DISTRICT OF CALIFORNIA
13
                            WESTERN DIVISION
14                                            CV 18-8420-RGK (PJWx)
    UNITED STATES OF AMERICA,            No. CV 18-8763-RGK (PJWx)
15
              Plaintiff,                 STIPULATION FOR ORDER AUTHORIZING
16                                       THE INTERLOCUTORY SALE OF
                   v.                    DEFENDANT REAL PROPERTY LOCATED IN
17                                       SAN FRANCISCO, CALIFORNIA
    REAL PROPERTY LOCATED IN SAN
18  FRANCISCO, CALIFORNIA,

19            Defendant.

20  MICHAEL G. LACEY

21            Titleholder.

22
23       It is hereby stipulated by and between the United States of
24  America (the "government") and Michael G. Lacey (the "titleholder"),
25  with regard to the real property located in San Francisco,
26  California, APN: 0097C011 (the "Union Property"), as follows:
27       1.   Pursuant to Rule G(7)(b)(iii) of the Supplemental Rules for
28  Admiralty or Maritime Claims and Asset Forfeiture Actions
```

("Supplemental Rules"), the parties desire to sell the Union Property for fair market value, and agree that the net proceeds of the sale, if any, be substituted for the Union property as the substitute *res* in this action.

2. The Parties agree that an interlocutory sale of the Union Property is appropriate and necessary under Supplemental Rule G(7)(b)(i) in order to preserve the value of the defendant res and to minimize expenses associated with keeping and maintaining the Union Property.

3. Due to the expense of keeping and maintaining the property, including tax payments, and Mr. Lacey's inability to pay those expenses, the property is at risk for deterioration, damage or disrepair if it is not sold.

4. Pursuant to Supplemental Rule G(7)(b)(iii), the parties agree that the procedures set forth in 28 U.S.C. §§ 2001, 2002 and 2004 (providing for public sale of property under court control) are not likely to yield the highest price for the property, and instead recommend that the court enter the proposed order (the "Order") concurrently lodged with this stipulation ordering interlocutory sale according to the terms described herein. According to the title report dated March 12, 2018, the Union Property is titled in the name of Michael G. Lacey. Other than the government's lis pendens, there are no other recorded interest in the property. The legal description of the Union Property is:

> Apartment No. 700, as shown on plat attached to that certain document recorded May 19, 2004, Reel I641, Image 533, Official Records, of the improvements situated on the following described property:
>
> Commencing at the point of intersection of the Northerly line of Union Street with the Westerly line of Leavenworth

```
Street and running thence Westerly along said line of Union
Street 65 feet; thence at a right angle Northerly 137
feet and 6 inches to the Southerly line of Havens Street;
thence Easterly along said line of Havens Street 65 feet
to the Westerly line of Leavenworth Street, and thence
Southerly along said line of Leavenworth Street 137 feet, 6
inches to the Northerly line of Union Street and the point
of commencement.
Being part of 50 Vara Block No. 267.
APN: Lot 008, Block 0097
```

5. The parties agree that as of January 27, 2020, the government, to include United States Marshals Service ("USMS") and any other individual or entity as the government may elect, shall be authorized to take exclusive custody, possession, and control of the Union Property for the purpose of preparing and marketing the property for sale. Such possession shall permit the government to exclude from occupancy any and all persons, including, without limitation, all owners and claimants to the Union Property. As of January 27, 2020, no person shall be permitted on the Union Property without prior written permission from the United States Attorney's Office for Central District of California (the "USAO") or an authorized agent approved by the USAO.

6. After taking custody, possession, and control of the Union Property, the government shall cause the Union property to be sold at the highest available reasonable price. Within 30 days of taking custody, possession, and control, the government shall undertake to list for sale to the public the Union property with the Multiple Listing Service, and/or any other similar form, and shall attempt to procure a ready, willing and able buyer. The listing agent(s) for the Union property shall be a licensed real estate broker with experience selling properties in the area where the Union property is

located. The listing price of the Union Property shall not be less than $5,000,000.00. It is further agreed that the minimum price to be accepted for the purchase of the Union Property is $5,000,000.00, unless the parties agree to a lesser amount in a signed writing.

7. The Titleholder agrees to complete all forms necessary to permit the government to enter into and to complete escrow and sale of the Union Property under the terms set out above. Such completed forms may include granting to an appropriate government agent a limited power of attorney for such purpose.

8. Not later than three days prior to the anticipated close of escrow, the government shall deliver to the escrow agent a conditional withdrawal of its *lis pendens* to be recorded against the Union Property as part of the close of escrow. This conditional withdrawal may be recorded only if the terms of this agreement have been completely satisfied.

9. The proceeds of the sale of the Union Property shall be distributed as follows:

   a. First, payment to the San Francisco County Tax Collector of all outstanding real property taxes due to the date of closing of escrow;

   a. Second, to the extent funds remain, payment of all costs of escrow and sale, including real estate sales commissions and applicable fees triggered by the sale of the Union Property, and the government's actual costs incurred in preparing the Union Property for sale (including but not limited to utilities and insurance payments);

   b. Third, to the extent funds remain, payment to any management company for any outstanding dues and payment to any home

owner's association ("HOA") for all fees due on the Union Property at the time of sale;

  c. Fourth, to the extent funds remain, payment to any secured lienholders, whose security interests were recorded prior to the recording of the government's *lis pendens* in this action;

  d. Fifth, to the extent funds remain, payment to the government for any expenses related to the preparation for sale and sale of the Union Property; and

  e. Sixth, as to any remaining funds (the "net proceeds"), the parties agree that the net proceeds shall constitute the substitute *res* in place of the Union Property. The net proceeds shall be wired from escrow directly to an interest-bearing account to be designated by the government, where such funds shall be held pending resolution of this forfeiture action. The government shall provide wiring instructions directly to the escrow company handling the sale of the Union Property. Following delivery of the net proceeds to the interest-bearing account, the government shall notify the parties and this Court of the amount that has been deposited as the substitute *res* by filing a notice with the Court.

10. The parties to this Stipulation shall execute any and all documents necessary to consummate the sale of the Union Property, to convey clear title of the Union Property to the buyer, and to further implement the terms of the Order for Interlocutory Sale.

11. By agreeing to an interlocutory sale of the property, Mr. Lacey does not waive any arguments regarding the lawfulness of the government's seizures of this property, any arguments about the merits of the government's prosecution, or any claims to the property.

12. The Court shall retain jurisdiction over the Union Property to effectuate the terms of the sale and resolve any issues or disputes that may arise regarding the interlocutory sale of the property until the sale is concluded.

**SO STIPULATED AND REQUESTED.**

DATED: January 27, 2020

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

/s/John J. Kucera
JOHN J. KUCERA
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: July 19, 2019

PAUL J. CAMBRIA
ERIN E. McCAMPBELL
Liptsitz Green Scime Cambria LLP

Attorneys for Titleholder
Michael Lacey

DATED: July 5, 2019
August

JILL ANDERSON
Pro Se Claimant

6