UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>REAL PROPERTY LOCATED IN SAN FRANCISCO, CALIFORNIA,<br><br>   Defendants.<br><br>MICHAEL G. LACEY<br><br>   Titleholder. | CV 18-8420-RGK (PJWx)<br>No. CV 18-8763-RGK (PJWx)<br><br>[~~PROPOSED~~] **ORDER FOR INTERLOCUTORY SALE OF DEFENDANT REAL PROPERTY LOCATED IN SAN FRANCISCO, CALIFORNIA** |
|---|---|

For good cause appearing, and upon the parties' stipulation, it is hereby ORDERED that the defendant real property located in San Francisco, California, be sold according to the procedures below:

1.  The defendant real property located in San Francisco, California, APN: 0097C011 (the "Union Property"), is to be sold for fair market value, and the net proceeds of the sale, if any, should be substituted for the Union Property as the defendant *res* in this action.

2. An interlocutory sale of the Union Property is appropriate and necessary under Rule G(7)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") in order to preserve the value of the defendant *res* and to minimize expenses associated with keeping and maintaining the Union Property.

3. Due to the expense of keeping and maintaining the property, including tax payments, and Mr. Lacey's inability to pay those expenses, the property is at risk for deterioration, damage or disrepair if it is not sold.

4. The procedures set forth in 28 U.S.C. §§ 2001, 2002 and 2004 (providing for public sale of property under court control) are not reasonable, appropriate or likely to yield the highest price for the Union Property. Because of the high value of the Union Property, the limited and unique nature of the market to which the property can be marketed, and the expertise needed to sell and market real estate of this value and type to the public, the Court orders the interlocutory sale according to the terms described herein.

5. The legal description of the Union Property is:

> Apartment No. 700, as shown on plat attached to that certain document recorded May 19, 2004, Reel I641, Image 533, Official Records, of the improvements situated on the following described property:
>
> Commencing at the point of intersection of the Northerly line of Union Street with the Westerly line of Leavenworth Street and running thence Westerly along said line of Union Street 65 feet; thence at a right angle Northerly 137 feet and 6 inches to the Southerly line of Havens Street; thence Easterly along said line of Havens Street 65 feet to the Westerly line of Leavenworth Street, and thence Southerly along said line of Leavenworth Street 137 feet, 6 inches to the Northerly line of Union Street and the point of commencement.

   Being part of 50 Vara Block No. 267. APN: Lot 008, Block 0097.

  6. The government has indicated that the Union Property is titled in the name of Michael G. Lacey.  Other than the government's *lis pendens*, there are no other recorded interests in the property.

  7. The government shall cause the Union Property to be sold at the highest available reasonable price.  Within 30 days of taking such custody, possession, and control, the government shall undertake to list for sale to the public the Union Property with the Multiple Listing Service, and/or any other similar form, and shall attempt to procure a ready, willing and able buyer.  The listing agent(s) for the Union Property shall be a licensed real estate broker with experience selling properties in the area where the Union Property is located.  The listing price of the Union Property shall not be less than $5,000,000.  The minimum price to be accepted for the purchase of the Union Property is $5,000,000 unless the parties agree in a signed writing to a lesser amount.

  8. At least three days prior to the close of escrow with respect to any attempted sale of the Union Property pursuant to the parties' stipulation, the government shall deliver to the escrow agent a conditional withdrawal of its *lis pendens* recorded against the Union Property.  This conditional withdrawal may be recorded only if the terms of this agreement have been completely satisfied.  The proceeds of the sale of the Union Property shall be distributed as follows:

   a. First, payment to the San Francisco County Tax Collector of all outstanding real property taxes up to the date of closing of escrow;

   b. Second, to the extent funds remain, payment of all costs of escrow and sale, including real estate sales commissions and applicable fees triggered by the sale of the Union Property and the government's actual costs incurred in preparing the Union Property for sale (including but not limited to utilities and insurance payments);

   c. Third, to the extent funds remain, payment to any management company for any outstanding dues and payment to any home owner's association ("HOA") for all fees due on the Union Property at the time of sale;

   d. Fourth, to the extent funds remain, payment to any secured lienholders whose security interests were recorded prior to recording of the government's *lis pendens* in this action;

   e. Fifth, to the extent funds remain, payment to the government for any expenses related to the preparation for sale and sale of the Union Property; and

   f. Sixth, as to any remaining funds (the "net proceeds"), the parties agree that the net proceeds shall constitute the substitute *res* in place of the Union Property. The net proceeds shall be wired from escrow directly to an interest-bearing account to be designated by the government, where such funds shall be held pending resolution of this forfeiture action. The government shall provide wiring instructions directly to the escrow company handling the sale of the Union Property. Following delivery of the net proceeds to the interest-bearing account, the government shall notify the parties and this Court of the amount that has been deposited as the substitute *res* by filing a notice with the Court.

9. The Court shall retain jurisdiction over the Union Property to effectuate the terms of the sale and resolve any issues or disputes that may arise regarding the interlocutory sale of the property until the sale is concluded.

DATED: January 31, 2020        ____*Gary Klausner*____
                               THE HONORABLE R. GARY KLAUSNER
                               UNITED STATES DISTRICT COURT JUDGE

Submitted by:

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


  /s/John J. Kucera
JOHN J. KUCERA
DANIEL G. BOYLE
Assistant United States Attorney
Attorneys for
UNITED STATES OF AMERICA

5