NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JOHN J. KUCERA (California Bar No. 274184)
DAN G. BOYLE (California Bar No. Pending)
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3391/2426
    Facsimile: (213) 894-0142
    E-mail: John.Kucera@usdoj.gov
            Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>$1,546,076.35 IN BANK FUNDS SEIZED FROM REPUBLIC BANK OF ARIZONA ACCOUNT '1889, ET AL.,<br><br>      Defendants.<br><br>Michael Lacey, et al,<br><br>      Claimants. | Case No. CV 18-08420-RGK (PJWx)<br><br>PLAINTIFF'S RESPONSE TO CLAIMANTS' JOINT MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)<br><br>Hearing Date: March 9, 2020<br><br>Time: 9:00 a.m.<br><br>Place: Courtroom 850 255 E. Temple Street, 7th Fl. Los Angeles, CA 90012 |

///

///

**RESPONSE TO MOTION TO DISMISS**

**I.**

**INTRODUCTION**

Plaintiff United States of America (the "government") respectfully submits this response to the corrected motion filed by claimants Michael Lacey, James Larkin, John Brunst, Scott Spear, Mary Ann Brunst, Medalist Holdings, Inc., Leeward Holdings, LLC, Camarillo Holdings, LLC, Vermillion Holdings, LLC, Cereus Properties, LLC, Shearwater Investments, LLC, and The Brunst Family Trust and joined by claimants Kathleen D. Larkin, John C. Larkin, Quinn M. Larkin, Rose L. Larkin, Anne Hawkins, Natasha Spear, Ellon Spear, Margaret Larkin, John Becker, Troy Larkin, Ramon Larkin, and Alyson Talley, (collectively, "claimants") to dismiss the government's consolidated and verified complaint for forfeiture pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the government is not required to respond to the motion to dismiss on the merits at this time.

**II.**
**BACKGROUND REGARDING IN REM CIVIL FORFEITURE ACTIONS AND SPECIAL INTERROGATORIES.**

Claimants' motion to dismiss involves the role of special interrogatories, which are served pursuant to Supplemental Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions,[1] which serve the purpose of

---

[1] The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules") govern forfeiture actions in rem arising from a federal statute, like the instant case. See Supplemental Rules A(1)(B) and G(1).

1

determining a claimant's standing in a civil forfeiture proceeding.

In an <u>in rem</u> civil forfeiture case such as this one, the government is the plaintiff, the property is the defendant, and the claimant is an intervenor seeking to challenge the forfeiture action. As courts have recognized, the <u>in rem</u> nature of civil forfeiture actions creates a substantial risk that claims will be filed by persons with no real interest in the property.[2] In particular, claims may be filed by straw persons, nominees, or other third parties seeking to contest a forfeiture in their names while concealing the identity of a person or entity unwilling to file a claim on his, her, or its own behalf. Alternately, a claimant may seek to file claims to assets that they have since transferred, sold, or otherwise alienated, and thus lack standing to contest. Accordingly, a great deal of forfeiture litigation involves challenges filed by the government to a claimant's standing to contest forfeiture.

The purpose of Supplemental Rule G(6) is to provide the government at the outset of a civil forfeiture case with the means, by way of serving special interrogatories, of determining

---

In addition, the Federal Rules of Civil Procedure also apply to <u>in rem</u> forfeiture actions, except to the extent that the Federal Rules of Civil Procedure are inconsistent with the Supplemental Rules. <u>See</u> Supplemental Rule A(2).

[2] <u>See</u>, <u>e.g.</u>, <u>United States v. $100,348.00</u>, 354 F.3d 1110, 1118-19 (9th Cir. 2004) ("the danger of false claims in [civil forfeiture] proceedings is substantial") (citation and internal quotation marks omitted); <u>Mercado v. U.S. Customs Service</u>, 873 F.2d 641, 645 (2d Cir. 1989) (there is a "substantial danger of false claims in forfeiture proceedings").

a claimant's standing to contest forfeiture of the defendant property.  Supplemental Rule G(6)(a) provides that "[t]he government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed."  Claimants' responses to the special interrogatories must be served within 21 days after the government serves the special interrogatories.  See Supplemental Rule G(6)(b).[3]

     Should the government decide to challenge a claimant's standing, the Supplemental Rules provide that courts must address that challenge before courts consider a claimant's motion to dismiss pursuant to Fed. R. Civ. P. 12.  See Supplemental Rule G(8)(c)(ii)(A).  Accordingly, Supplemental Rule G(6)(c) provides that "[t]he government need not respond to a claimant's motion to dismiss the action under Rule G(8)(b) until 21 days after the claimant has answered these interrogatories."

///
///

---

[3] The government may draft special interrogatories broadly to inquire into any matter necessary to "test the veracity of [the claimant's] claim of ownership," and in United States v. $133,420.00 in U.S. Currency the Ninth Circuit held that the government may use special interrogatories to inquire into the claimant's identity, the nature of claimant's interest in the property and the circumstances of claimant acquiring that interest, including the time, place, manner and reason for acquiring the property and the identity of the person from whom the claimant acquired it. 672 F.3d 629, 635 (9th Cir. 2012).

**III.**

**BECAUSE THE GOVERNMENT NEED NOT RESPOND TO CLAIMANTS' MOTION UNTIL 21 DAYS AFTER CLAIMANTS PROPERLY RESPOND TO THE GOVERNMENT'S SPECIAL INTERROGATORIES, AND STANDING CHALLENGES MUST BE DECIDED BEFORE A CLAIMANT'S MOTION TO DISMISS, CLAIMANTS' MOTION IS PREMATURE AND SHOULD BE DENIED WITHOUT PREJUDICE.**

Here, claimants filed their corrected motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on February 5, 2020. (Dkt. No. 82.) One week later, on February 12, 2020, the government served on claimants special interrogatories pursuant to Supplemental Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Kucera Decl. ¶ 2. The government's Supplemental Rule G(6) special interrogatories in accord with those endorsed by the Ninth Circuit.

Accordingly, claimants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be denied without prejudice because it is premature. Supplemental Rule G(6)(c) makes clear that the government is not required to respond to a motion to dismiss until 21 days after claimants respond to the government's Supplemental Rule G(6) interrogatories. Assuming that claimants' responses are adequate (or after claimants serve supplemental responses following the resolution of discovery motions if claimants' responses are inadequate), the government will then decide what, if any, challenges to standing are appropriate.

///

///

## V.

## CONCLUSION

For the reasons set forth above, the government respectfully requests that claimants' motion to dismiss be denied without prejudice.

Respectfully submitted,

DATED: February 12, 2020

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


_/s/__John J. Kucera_____
JOHN J. KUCERA
DAN G. BOYLE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**DECLARATION OF JOHN J. KUCERA**

I, JOHN J. KUCERA, declare and state as follows:

1. I am an Assistant United States Attorney in the Office of the United States Attorney for the Central District of California in Los Angeles, California, and am responsible for the representation of Plaintiff United States of America in this matter. I have personal and first-hand knowledge of the facts set forth in this Declaration and, if called to testify, I could and would testify competently thereto.

2. At my direction, on February 12, 2020, Plaintiff United States of America served its Special Interrogatories Pursuant to Supplemental Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions directed to each claimant. A copy of the Special Interrogatories served on Claimant Michael Lacey are attached as Exhibit A to this declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 12, 2020, at Los Angeles, California.

/s/ *John J. Kucera*
JOHN J. KUCERA