```
 1  NICOLA T. HANNA
    United States Attorney
 2  BRANDON D. FOX
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5  JOHN J. KUCERA (California Bar No. 274184)
    DAN G. BOYLE (California Bar No. Pending)
 6  Assistant United States Attorney
    Asset Forfeiture Section
 7       Federal Courthouse, 14th Floor
         312 North Spring Street
 8       Los Angeles, California 90012
         Telephone: (213) 894-3391/2426
 9       Facsimile: (213) 894-0142
10       E-mail: John.Kucera@usdoj.gov
                 Daniel.Boyle2@usdoj.gov
11
    Attorneys for Plaintiff
12  UNITED STATES OF AMERICA
13
                      UNITED STATES DISTRICT COURT
14
               FOR THE CENTRAL DISTRICT OF CALIFORNIA
15
16  UNITED STATES OF AMERICA,         Case No. CV 18-08420-RGK (PJWx)
17       Plaintiff,                   PLAINTIFF'S FIRST SET OF RULE G
                                      INTERROGATORIES TO CLAIMANT
18            v.                      MICHAEL LACEY
19  $1,546,076.35 IN BANK FUNDS       No hearing requested
20  SEIZED FROM REPUBLIC BANK OF
    ARIZONA ACCOUNT '1889, ET AL.,
21
         Defendants.
22
    _____
23
    MICHAEL LACEY,
24
         Claimant.
25
26
27
28  ///
```

1     **PROPOUNDING PARTY: PLAINTIFF UNITED STATES OF AMERICA**

2     **RESPONDING PARTY:  MICHAEL LACEY**

3     **SET NUMBER:  ONE**

4     The Plaintiff, United States of America (the "government"), pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), and Federal Rules of Civil Procedure 33, hereby propounds the following special interrogatories, and request that claimant MICHAEL LACEY respond in writing and under oath within twenty one (21) days after they are served.  Answers and Objections to these interrogatories must comply with Civ. R. 33(b) and LR 33.01(a).

    These Special Interrogatories are addressed to you as a putative claimant in this forfeiture proceeding and your answers must be based upon all of the knowledge of the claimant as is within your possession, custody or control, including but not limited to knowledge and documents in the possession, custody or control of your investigators, employees, accountants, consultants, attorneys or other agents.  Where facts set forth in answers or portions thereof are supplied upon information and belief, rather than upon actual knowledge, the answer should so state, and specifically describe or identify the source or sources of such information and belief.  If you cannot answer in full, after exercising due diligence to secure the information requested, so state and answer to the fullest extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

    The person signing these interrogatories shall sign under oath, attesting to the fact that he/she: (1) has read the interrogatories

and the answers; (2) has read the contents thereof; and (3) believes the answers to be true and correct to the best of his/her knowledge.

**INSTRUCTIONS**

Responses are to be completed to the best of Claimant's knowledge and/or the knowledge of Claimant's attorney(s), investigator(s), agent(s), employee(s) or other representative(s). With respect to each special interrogatory, you are requested to do the following:

1. Divulge all information which you, your attorneys, investigators, agents, employees, or other representatives may have available.

2. With respect to your answers and objections, identify and quote each special interrogatory in full immediately preceding the statement of any answer or objection, pursuant to Local Rule 33-2.

3. The person signing your responses to these special interrogatories shall sign under oath, attesting to the fact that he/she: (1) has read the special interrogatories and the answers; (2) has read the contents thereof; and (3) believes the answers to be true and correct to the best of his/her knowledge.

4. Responses to these special interrogatories are subject to Rule G and Rule 26(e) of the Federal Rules of Civil Procedure and you are under a duty to reasonably amend and/or supplement responses. These Special Interrogatories are continuing in nature, meaning that if, at any time after submitting your initial written responses and producing responsive documents, you obtain information, knowledge, or documents causing you to believe that the response to any Special Interrogatory was not true, correct, or complete when given, you are required to provide, by way of supplementary responses and

productions, the true, correct, and complete answers to the Special Interrogatory, in writing under oath, or any other documents responsive to the Interrogatory. Should such additional information not be furnished, the Government may move to strike or preclude such information at time of trial.

5. In each of your answers to these special interrogatories, you are requested to provide not only such information that is in your possession and control, but also all information that is reasonably available. In the event that you are able to provide only part of the information required by any particular special interrogatory, please provide as much information as you are able to provide and state the reason for your inability to provide the remainder, as well as the effort expended to obtain the requested information. Information in the possession and control of claimant's businesses, associated organizations, related organizations, organizations under common control, predecessors in interest, spouses, relatives, friends, associates, employers, consultants, accountants, attorneys, investigators, agents, employees, or other representatives, whether past or present, shall also be provided.

6. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted.

7. If you refuse to respond to any Special Interrogatory or subpart thereof, on the ground of privilege, identify:

    a. the nature of the privilege;

    b. the author and recipient of the responsive material;

    c. the date of the responsive material; and

1        d.   a description of the subject matter of the contents of
2           the responsive material.
3    8.  In replying to any special interrogatory do not merely
4 refer to the attached records unless you have no independent
5 recollection of the matters referred to in the interrogatory.  If you
6 have any independent recollection of the relevant events, describe it
7 in detail.
8    9.  For each special interrogatory, separately identify:
9        a.   All sources of information and all documents and
10 communications maintained by you; or by any other person, upon which
11 you relied in making such response or of which you are aware refers
12 or relates to any matter referenced in such response; and
13        b.   The person or persons most familiar with the facts
14 requested as well as those with whom you consulted in preparing your
15 response to such interrogatory.
16    For each interrogatory, separately identify:
17        c.   all sources of information and all documents and
18 communications maintained by you; or by any other person, upon which
19 you relied in making such response or of which you are aware refers
20 or relates to any matter referenced in such response;  and
21        d.   the person or persons most familiar with the facts
22 requested as well as those with whom you consulted in preparing your
23 response to such interrogatory.

## **PREAMBLE**

25    This preamble is incorporated by reference into each and every
26 special interrogatory hereinafter set forth, without the necessity of
27 further reference.  As used herein, the following terms shall
28 encompass both the singular and plural and all gender thereof, and

1  shall have the following meanings:
2      1.   The term "Person" means, and includes, all natural persons,
3  corporations, partnerships, associations, governmental departments
4  and agencies and any other form or entity or whatsoever in nature.
5      2.   The term "Document" as used herein, is to be liberally
6  construed to include all originals, copies, and duplicates of any
7  writings, recordings (graphic, photographic, or phonic), letters,
8  words, numbers or their respective equivalents set down either by
9  handwriting, typewriting, printing, photostating, photographing,
10 magnetic impulse, mechanical or electronic recording or other form of
11 data compilation, as well as all photographs, X-ray films, video
12 tapes, audio tapes and motion pictures, including but not limited to,
13 correspondence, letters, telegrams, mailgrams, records, reports,
14 including medical reports, memoranda, invoices, contracts,
15 statements, writings, canceled checks, microfilms, discs, and all
16 other kinds of written or documentary personal property.
17     3.   The term "Plaintiff" means the United States of America and
18 any of its constituent agencies.
19     4.   The terms "Claimant," "Petitioner," "you," and "your" refer
20 to MICHAEL LACEY.
21     5.   The term "Defendant Assets" means any and all of the assets
22 at issue in this consolidated action.
23     6.   A request for the "identity" of or that you "identify" a
24 person, constitutes a request to state:
25          a.   The present name and date of birth of such person, if
26 known, or if not known, as complete a description of such person as
27 is possible.
28

 b. The present address and telephone number, residential and business, of such person, if known, or if not known, the last known address and telephone number of such person and all available information as to his or her whereabouts.

 c. The capacity of such person, whether individual, partnership, corporation, agency or otherwise, and to the extent that such information is known to you or within your possession or control, when the information provided refers to an organized entity, the place and date of the formation and identity of the responsible agency and officer.

 d. The relationship, if any, to the party to whom the special interrogatories are directed, e.g. employee, stockholder, director, husband, child, etc.

 e. Whether said party is under your control for purpose of you being able to produce them for a deposition without the issuance of a subpoena.

 7. A request for the "description of," or the "identification of," what you describe as a document, constitutes a request for the following:

 a. Its nature (e.g., contract, letter, tape recording, ledger, sheet, memoranda, voucher, etc.

 b. Its title, if any.

 c. A brief summary of its contents.

 d. The date and place of its preparation.

 e. If in the nature of a communication:
  i. The date and place it was sent;
  ii. The date and place it was received;
  iii. The identity of the sender; and

        iv.  The identity of any person for whom the sender or receiver acted or purported to act.

        v.  The identity of all persons signing, preparing, or making it, or participating in or present at its preparation, making or signing.

        vi.  The identity of the person who has possession of the item, document, or photograph together with that person's name, address, telephone number and whether that person is subject to your control for purposes of a deposition subpoena.

8.  If you object to, or otherwise decline to answer any portion of any interrogatory, please provide all information required by the portion of the special interrogatory to which you do not object, or to which you do not decline to answer. If you do not answer a special interrogatory or any portion thereof, please indicate each person or organization whom you believe has information regarding the subject of such special interrogatory. If you object to any special interrogatory on the ground that it is too broad (i.e., that it calls for both information which is and is not relevant), please provide such information that is relevant. If you object to a special interrogatory on the ground that providing an answer would constitute an undue burden, please provide the requested information you believe can be supplied without undertaking an undue burden.

9.  For those portions of any special interrogatory to which you object or otherwise decline to answer, state the reason for such objection or declination and identify any person having knowledge of the factual basis, if any, on which the privilege or other ground for objection is asserted. Additionally, please identify those responses

1 supplied from information and belief rather than from actual
2 knowledge and specifically describe or identify the sources of such
3 information and belief.

**INTERROGATORIES**

**INTERROGATORY NO. 1**:

State your full name, date of birth, social security number, and driver's license number, including the state of issuance. If you have ever been known by any other name, state all such names and the periods of time during which they were used.

**INTERROGATORY NO. 2**:

State your present residence address and telephone number, together with all residence addresses and telephone numbers you have had during the time period between January 1, 2016, and April 27, 2018.

**INTERROGATORY NO. 3**:

Identify any and all present or former spouses or domestic partners and any and all dependents, during the time period between January 1, 2016, and April 27, 2018, providing their names, dates of birth, residence addresses and telephone numbers.

**INTERROGATORY NO. 4**:

Identify any and all individuals who have resided with you during the time period between January 1, 2016, and April 27, 2018, include their names, relationships, current addresses and telephone numbers.

**INTERROGATORY NO. 5**:

Identify any person or entity (according to the instructions) from whom you received any income, whether earned or unearned, during the time period between January 1, 2016, and April 27, 2018,

including any employment earnings, gifts, bequests, gambling winnings, judgments, settlements, monies held in trust, interest income, proceeds from sales, loans, lines of credit, or rents, specifying for each such source, the name and address of the person or entity from which the income was received, the date(s) and amount(s) received, and the reason for its payment.

**INTERROGATORY NO. 5.1:**

Identify with particularity each Defendant Asset in which you claim an interest.

**INTERROGATORY NO. 6:**

For each Defendant Asset identified in your response to Interrogatory No. 5.1, identify and describe with particularity the source of each such Defendant Asset. Specifically, explain the source(s) or origin(s) of each such Defendant Asset and identify (according to the instructions) all documents that relate to how you acquired such Defendant Asset.

**INTERROGATORY NO. 7:**

For each Defendant Asset identified in your response to Interrogatory No. 5.1, identify and describe with particularity the intended use(s) of each Defendant Asset and identify (according to the instructions) all documents that relate to the intended use(s) of each Defendant Asset.

**INTERROGATORY NO. 8:**

For each Defendant Asset identified in your response to Interrogatory No. 5.1, state and describe with particularity the facts upon which you base your claim to each Defendant Asset and your denials of the allegations set forth in the Consolidated Complaint.

///

**INTERROGATORY NO. 9**:

For each Defendant Asset identified in your response to Interrogatory No. 5.1, identify and describe with particularity (according to the instructions) all documents that support, refute, or relate to your claim to each Defendant Asset and your denials of the allegations set forth in the Consolidated Complaint.

**INTERROGATORY NO. 10**:

State the names, current residential addresses and telephone numbers of all persons known or believed by you to have knowledge of or information pertaining to any ownership interest that you claim in each Defendant Asset identified in your response to Interrogatory No. 5.1, and summarize what information you believe they have pertaining to any ownership interest you claim in such Defendant Asset.

**INTERROGATORY NO. 11**:

If you have ever been arrested or convicted of any crime in any country, for each arrest or conviction, please state the city, state, and country where you were arrested or convicted, the date of the arrest or conviction, the offense, the court and case number, the sentence received, and the sentence served, and identify all documents which relate to such arrest or conviction.

**INTERROGATORY NO. 12**:

If you have ever been a party in any civil, administrative or criminal proceeding, lawsuit and/or action (collectively referred to as "action"), for each action, please state the city, state, and country where the action was filed, the date of the initial filing of the action, the nature of the action, the court and case number, whether you were a plaintiff or defendant, and the outcome of the action, and identify all documents which relate to each such

action(s).

**INTERROGATORY NO. 13:**

For each Defendant Asset identified in your response to Interrogatory No. 5.1, identify and describe with particularity the manner in which you acquired any asserted "interest" in each such Defendant Asset, including but not limited to the date(s) on which you acquired an "interest," the person(s) involved in conveying that "interest" or settling that "interest" in your favor, and the source(s) or origin(s) of the funds used to acquire your purported "interest."

**INTERROGATORY NO. 14:**

For each Defendant Asset identified in your response to Interrogatory No. 5.1, identify and describe with particularity (according to the instructions) all documents which support, refute, or relate to your contention that you have an "interest" in such Defendant Asset.

**INTERROGATORY NO. 15:**

For each Defendant Asset identified in your response to Interrogatory No. 5.1, identify and describe with particularity any and all interests, legal or equitable, that persons or entities other than you hold in such Defendant Asset.

**INTERROGATORY NO.16:**

For each Defendant Asset identified in your response to Interrogatory No. 5.1, identify and describe with particularity the intended use(s) of such Defendant Asset at the time you acquired an "interest" in it, including whether and how you intended to use the Defendant Asset, and explain any uses you actually made of each such Defendant Asset since allegedly acquiring that "interest."

**INTERROGATORY NO. 17:**

For the period between January 1, 2016, and April 27, 2018, describe with particularity your relationship with each and every entity and person listed below (excluding you):

1. Anderson, Jill
2. Becker, John
3. Brunst Family Trust
4. Brunst, John
5. Brunst, Mary Ann
6. Casa Bahia for San Francisco, LLC.
7. Hawkins, Anne
8. Lacey, Michael
9. Larkin, James
10. Larkin, John
11. Larkin, Kathleen
12. Larkin, Margaret
13. Larkin, Quinn
14. Larkin, Rose
15. Larkin, Ramon
16. Larkin, Troy
17. Spear, Ellon
18. Spear, Natasha
19. Spear, Scott
20. Talley, Alyson
21. Medalist Holdings, LLC.
22. Leeward Holdings, LLC.
23. Camarillo Holdings, LLC.
24. Vermillion Holdings, LLC.

25. Cereus Properties, LLC.

26. Shearwater Investments, LLC.

27. Broadway Capital, LLC.

**INTERROGATORY NO. 18:**

For the period between January 1, 2016, and April 27, 2018, and for each Defendant Asset identified in your response to Interrogatory No. 5.1, identify and describe with particularity what interest each and every entity and person listed in your response to Interrogatory No. 17 has or had in each Defendant Asset which you claim an interest.

**INTERROGATORY NO. 19:**

For the period between January 1, 2016, and April 27, 2018, identify and describe with particularity all facts related to your dominion and/or control over each Defendant Asset identified in your response to Interrogatory No. 5.1 and describe any and all instances in which you exercised any such control.

**INTERROGATORY NO. 20:**

For each Defendant Asset identified in your response to Interrogatory No. 5.1, state and describe with particularity any and all facts and legal bases supporting your contention that you have "standing to contest" the forfeiture of such Defendant Asset.

///

///

**INTERROGATORY NO. 21**:

Identify all documents utilized and relied upon to respond to Special Interrogatories 1 through 20. For each such document, identify the person with custody of those documents, including their name, address and telephone number.

DATED: February 12, 2020          Respectfully submitted,

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

　　　/s/ John J. Kucera　　　
JOHN J. KUCERA
DAN G. BOYLE
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

ATTACHMENT A

**VERIFICATION**

I, _____, certify and declare that I am the claimant in this action, that I have read the foregoing CLAIMANT MICHAEL LACEY'S RESPONSES TO PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES and know the contents thereof, and the responses are true and correct to my knowledge, information and belief.

I declare under penalty of perjury under the laws of the State of _____ that the foregoing is true and correct.

Executed on _____, 2020 in _____, _____.

_____
(printed name)

ATTACHMENT A

**PROOF OF SERVICE**

I am over the age of 18 and not a party to the within action. I am employed by the Office of the United States Attorney, Central District of California. My business address is 312 North Spring Street, 14th Floor, Los Angeles, CA 90012.

On **February 12, 2020**, I served a copy of: **CLAIMANT MICHAEL LACEY'S RESPONSES TO PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES** upon each person or entity named below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices, or by e-mail.

**TO:  MICHAEL LACEY**
      **c/o Paul Cambria**
      **Lipsitz, Green, Scime, Cambria, LLP.**
      **42 Delaware Avenue, Suite 120**
      **Buffalo, NY 14202**
      **pcambria@lglaw.com**

 **X**   I am readily familiar with the practice of this office for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on: **February 12, 2020** at Los Angeles, California.

                                                        /s/ ***k. sor***
                                                         KRYSTIE SOR