NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JOHN J. KUCERA (Cal. Bar No. 274184)
DAN G. BOYLE (Cal. Bar No. Pending)
Assistant United States Attorneys
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3391/2426
     Facsimile: (213) 894-0142
     E-mail:   John.Kucera@usdoj.gov
               Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | No. CV 18-08420-RGK(PJWx) |
|---|---|
| PLAINTIFF, | **STIPULATION AND REQUEST FOR ENTRY OF PARTIAL CONSENT JUDGMENT AS TO $375,188.24 IN BANK FUNDS SEIZED FROM REPUBLIC BANK OF ARIZONA ACCOUNT '2485 AND $75,835.31 IN BANK FUNDS SEIZED FROM REPUBLIC BANK OF ARIZONA ACCOUNT '1897 ONLY** |
| V. | |
| $1,546,076.35 IN BANK FUNDS SEIZED FROM REPUBLIC BANK OF ARIZONA ACCOUNT '1889, ET AL., | |
| DEFENDANTS. | |
| MICHAEL LACEY, JILL ANDERSON, | [The [PROPOSED] Consent Judgment Lodged Contemporaneously Herewith Resolves One Defendant, but is Not Dispositive of This Action] |
| CLAIMANTS. | |

///

Plaintiff United States of America ("Plaintiff" or the "government") and Michael Lacey and Jill Anderson ("Claimants"), by and through their counsel of record, stipulate and request that the Court enter the proposed partial consent judgment for forfeiture lodged contemporaneously herewith, to carry into effect the terms of this stipulation relating only to the defendants $515,899.85 in Bank Funds Seized from Republic Bank of Arizona Account '2485 and $75,188.24 in Bank Funds Seized from Republic Bank of Arizona Account '1897 (the "Defendant Funds"), which is not dispositive of this action. The parties stipulate and request as follows:

1. On October 5, 2018, the government commenced a forfeiture action involving various assets, including the Defendant Funds. See <u>U.S. v. 689,884.48 Seized from First Federal Savings and Loan of San Rafael Account -3620</u>, 2:18-cv-08579-RGK-PJW (the "San Rafael Action").

2. On May 24, 2019, Claimants filed timely claims for the Defendant Funds.

3. On January 14, 2020, by order of this Court, the government filed a Consolidated Master Complaint for Forfeiture in this action. See ECF No. 66. Accordingly, the San Rafeal Action was consolidated into this action.

4. Notice has been given and published regarding the Defendant Funds as required by law and the Local Rules of this Court. Other than those by Claimants, no other claims or answers were filed as to the Defendant Funds, and the time for filing such claims has expired.

5. This Court has jurisdiction over this action and the parties pursuant to 28 U.S.C. §§ 1346 and 1355.

6. The government contends that the Consolidated Master Complaint states a claim for relief pursuant to 18 U.S.C. §§ 981(a)(1)(A) & (C).

7. The proposed partial consent judgment provides that certain of the Defendant Funds, without interest, shall be returned to Claimant Lacey, through his counsel. Specifically, the government shall return $375,188.24 of the $515,899.85 seized from Republic Bank of Arizona Account '2485, and the full $75,188.24 seized from Republic Bank of Arizona Account '1897 (hereinafter, the "Returned Funds").

8. Anderson will withdraw her claims as to the Returned Funds prior to the disbursement of any funds to Lacey.

9. Claimants shall maintain their claims as to the remaining $140,711.61 of the $515,899.85 seized from Republic Bank of Arizona Account '2485.

10. If the government elects to make the payment of the Returned Funds by check, the check shall be payable to the Client Trust account of Lipsitz Green Scime Cambria LLP (the "LGSC Client Trust Account"), and mailed to Lacey in care of his attorney, Paul J. Cambria, Jr., at Lipsitz Green Scime Cambria LLP, 42 Delaware Avenue #120, Buffalo, New York 14202. If the government elects to make the payment by wire transfer, the funds shall be wire transferred to the LGSC Client Trust Account. Upon request from the government, Lacey, through his attorney, shall provide the necessary bank account information for the LGSC Client Trust Account to complete the transfer.

11. Nothing contained in this stipulation or the proposed consent judgment is intended or should be interpreted as an admission

3

of fault, guilt, liability and/or any form of wrongdoing by Claimants, or either of them.

12. This stipulation and the proposed partial consent judgment resolve Claimants' motion for return of certain funds (ECF No. 105, 2:18-cv-06742-RGK-PJW) and the Court's related December 20, 2019 Order to conduct discovery (ECF No. 131, 2:18-cv-06742-RGK-PJW).

13. This stipulation and the proposed partial consent judgment are not dispositive of this action.

14. Claimants, and each of them, release the United States of America, its attorneys, agencies, agents, and officers, including employees and agents of the United States Department of Justice, United States Postal Inspection Service and Internal Revenue Service, from any and all claims, actions or liabilities arising out of or related to the seizure and retention of the Returned Funds and the commencement of this action as it relates to the Returned Funds, including any claim for attorneys' fees or costs which may be asserted on behalf of Claimants, or either of them, against the United States, whether pursuant to 28 U.S.C. § 2465 or otherwise. Nothing in this paragraph and Stipulation is intended or shall operate as a release of claims, actions or rights with respect to seizure or retention of any funds or assets other than the Returned Funds, and claimants expressly reserve all claims, actions and rights with respect to any such other funds or assets.

15. The Parties further stipulate and agree that the Court's entry of the proposed partial consent judgment shall constitute final and complete satisfaction of all claims asserted by the government and Claimants, and each of them, as they relate to the Returned Funds. Each of the Parties shall bear its own fees and costs in

connection with the seizure, retention and efforts to forfeit the Returned Funds.

Dated: March 18, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

  /s/
JOHN J. KUCERA
DAN G. BOYLE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: March 18, 2020

 /s/(verbal authorization 3-18-20)
PAUL J. CAMBRIA, JR.

LIPSITZ GREEN SCIME CAMBRIA LLP

Attorney for Claimant
Michael Lacey

Dated: March 18, 2020

/s/(e-mail authorization 3-10-20)
JILL ANDERSON, *pro se*