NICOLA T HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JOHN J. KUCERA (Cal. Bar No. 274184)
DAN G. BOYLE (Cal. Bar No. Pending)
Assistant United States Attorneys
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2426
    Facsimile: (213) 894-7177
    E-mail: Daniel.Boyle2@usdoj.gov
            John.Kucera@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CV No. 18-08420-RGK(PJWx) |
|---|---|
| PLAINTIFF, | MOTION FOR LEAVE TO FILE A FIRST AMENDED CONSOLIDATED MASTER COMPLAINT FOR FORFEITURE; DECLARATION OF DAN G. BOYLE |
| V. | |
| $1,546,076.35 IN BANK FUNDS SEIZED FROM REPUBLIC BANK OF ARIZONA ACCOUNT '1889, ET AL., | |
| DEFENDANTS. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Dan G. Boyle and John J. Kucera, hereby files this Motion for Leave to File a First Amended Consolidated Master Complaint for Forfeiture.

//

This Motion is based upon the attached declaration of Dan G. Boyle.

Dated: March 18, 2020          Respectfully submitted,

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

    /s/*Dan G. Boyle*
DAN G. BOYLE
JOHN J. KUCERA
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**DECLARATION OF DAN G. BOYLE**

I, Dan G. Boyle, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I am an attorney representing the government in this case.

2. On January 14, 2020, by order of this Court, the government filed a Consolidated Master Verified Complaint for Forfeiture in this action (the "CMC"). See ECF No. 66. In the process of compiling the more than 100 assets in the CMC from each of the underlying forfeiture complaints, it was discovered that certain assets were described inconsistently with the government's asset-tracking databases, which has created technical issues for the government in tracking and, ultimately, disposing of or returning these assets. Now, the government seeks to amend the CMC in order to correct these asset descriptions.

3. In addition, the government seeks to amend the CMC as part of a stipulated resolution of certain claimants' motion for the return of allegedly-untainted funds (ECF No. 105, 2:18-cv-06742-RGK-PJW) and the Court's related Order to conduct discovery (ECF No. 131, 2:18-cv-06742-RGK-PJW). A stipulation and proposed consent judgment resolving that motion and order have been filed concurrently with this motion. See ECF No. 97.

4. Pursuant to Fed.R.Civ.P. 15(a)(2), the government is required to obtain leave from the Court to file any amended pleading at this time.

5. Consistent with General Order 20-02, relating to the Coronavirus public health emergency, the government requests 60 days to file a First Amended Consolidated Master Complaint for Forfeiture

(the "FACMC"). Confirming and correcting the relevant asset descriptions for the proposed FACMC is a time-intensive process which requires the assistance of staff and record examiners who have been, or expect to be, affected by the Coronavirus public health emergency. These staff members will have limited or reduced access to relevant asset databases while working remotely or teleworking. In addition, the staff and record examiners will have limited access to physical files and records as part of any remote- or tele-work orders during the Coronavirus public health emergency. As such, the government respectfully requests that the Court order that the FACMC be filed no later than May 15, 2020.

6.  The government also requests that all claimants' time to respond to the FACMC be extended until 30 days after the filing of the FACMC. Government counsel has advised all claimants' counsel that the government will work in good faith to arrive at an agreeable proposed schedule for claimants to resubmit claims and responsive pleadings as necessary, as well as claimants' responses to the government's Rule G interrogatories.

7.  As of this filing, only one claimant has filed an answer to the CMC. Specifically, claimant Jill Anderson filed an answer to the CMC on February 4, 2020. See ECF No. 84. On March 16, 2020, counsel for claimant Anderson confirmed in writing that claimant Anderson does not oppose this motion.

8.  All remaining claimants have filed motions to dismiss (the "Moving Claimants"), which this court denied without prejudice on March 4, 2020. See ECF No. 96.

9. On March 18, 2020, counsel for claimant Allison Talley confirmed in writing that claimant Talley does not oppose this motion.

10. On March 18, 2020, claimant John Becker, appearing *pro se*, confirmed in writing that claimant Becker takes no position on this motion.

11. On March 18, 2020, counsel for claimant Michael Lacey confirmed verbally that claimant Lacey takes no position on this motion.

12. The government has attempted to obtain the remaining Moving Claimants' consent for amendment, but no agreement could be reached. Thus, all Moving Claimants other than claimants Talley, Becker, and Lacey presently oppose this motion, which the government confirmed in writing with counsel for the remaining Moving Claimants on March 18, 2020.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on March 18, 2020.

/s/ *Dan G. Boyle*
DAN G. BOYLE

5