Thomas H. Bienert, Jr., (CA State Bar No. 135311)
Whitney Z. Bernstein, (CA State Bar No. 304917)
**BIENERT | KATZMAN PC**
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile: (949)369-3701
tbienert@bienertkatzman.com
wbernstein@bienartkatzman.com
*Attorneys for James Larkin*


Paul J. Cambria, Jr. (CA State Bar No. 177957)
**LIPSITZ GREEN SCIME CAMBRIA LLP**
42 Delaware Avenue, Suite #120 Buffalo, NY 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580
Email: pcambria@lglaw.com
*Attorneys for Michael Lacey*


*Additional Counsel Listed on Next Page*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$1,546,076.35 IN BANK FUNDS SEIZED FROM REPUBLIC BANK OF ARIZONA ACCOUNT '1889, *et al.*,<br><br>Defendants. | No. 2:18-CV-08420-RGK (PJW)<br><br>**CLAIMANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FURTHER AMEND THE CONSOLIDATED COMPLAINT**<br><br>Hearing Information<br>Date:  May 4, 2020<br>Time:  9:00 a.m.<br>Place:  Courtroom 850<br>         255 E. Temple Street, 7th Fl.<br>         Los Angeles, CA 90012 |

Gary S. Lincenberg (CA State Bar No. 123058)
Ariel A. Neuman (CA State. No. 241594)
Gopi K. Panchapakesan (CA State Bar No. 279586)
**BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110
Email: glincenberg@birdmarella.com
aneuman@birdmarella.com
gpanchapakesan@birdmarella.com
*Attorneys for John Brunst, Mary Ann Brunst,
and The Brunst Family Trust*

John K. Rubiner (CA State Bar No. 155208)
**BARTON, KLUGMAN & OETTING LLP**
350 South Grand Avenue, Suite 220
Los Angeles, CA 90071-3454
Telephone (213) 621-4000
Facsimile (213) 625-1832
Email: jrubiner@bkolaw.com
*Attorneys for Scott Spear*

Daniel J. Quigley (AZ State Bar No. 011052, admitted *pro hac vice*)
**DANIEL J. QUIGLEY, PLC**
5425 E. Broadway Blvd., Suite 352
Tucson, Arizona 85711
Tel: (520) 867-4450
Email: quigley@djqplc.com
*Attorneys for Attorneys for Medalist
Holdings, Inc., Leeward Holdings, LLC,
Camarillo Holdings, LLC, Vermillion
Holdings, LLC, Cereus Properties, LLC,
and Shearwater Investments, LLC*

## I.     INTRODCTION

The government has moved for leave to amend the Master Consolidated Complaint to address certain technical issues about accounts the government has targeted for forfeiture.  Motion for Leave to File a First Amended Consolidated Master Complaint [DE 98] ("Motion").  Claimants[1] do not oppose the government making cleanup amendments, but request that the Court impose conditions on approval of the government's request so as to prevent delays in this action from prejudicing Claimants' rights to contest the government's forfeiture actions and to timely access funds needed for defense of the parallel criminal proceedings.

## II.     BACKGROUND

### A.     Government's Delays in These Proceedings for Two Years.

The forfeiture proceedings at issue in this case began over two years ago, when the government effected a series of *ex parte* seizures of scores of financial accounts owned by Claimants who are defendants in parallel criminal proceedings in *United States v. Lacey*, No. CR-18-00422-001-PHX-SMB (D. Ariz.) ("*U.S. v. Lacey*").  The government seized essentially all of Claimants' assets on the theory that some had been earned through former ownership interests in the classified advertising website Backpage.com, and, the government claims, all revenues for third-party ads on the website in its 14-year history were illegal proceeds of prostitution and money laundering.

Claimants challenged the government's actions from the outset, first moving to invalidate the seizures on August 1, 2018.  *Republic Bank 1* [DE 6].[2]  Since then, however,

---

[1] Claimants are James Larkin, Michael Lacey, John Brunst, Scott Spear, Medalist Holdings, Inc., Leeward Holdings, LLC, Camarillo Holdings, LLC, Vermillion Holdings, LLC, Cereus Properties, LLC, and Shearwater Investments, LLC (entities owned by Messrs. Larkin, Lacey, Brunst, and Spear).  The financial accounts of Lacey, Larkin, Brunst, Spear, and Cereus have been seized and are subject to forfeiture claims of the government in its Consolidated Master Complaint for Forfeiture [DE 66] (the "Master Complaint").

[2] The proceedings in this Court have occurred under different case captions.  Earlier, the Court addressed issues common to the forfeiture cases in *In re Any and All Funds*

---

CLAIMANTS' RESPONSE TO GOVERNMENT'S MOTION TO AMEND CONSOLIDATED COMPLAINT

the cases have progressed little, as the government has repeatedly taken steps to avoid scrutiny of its seizures and forfeiture actions.

Rather than answer the seizure motion, the government twice sought extensions and then filed an "application" in the Arizona criminal case for an order allowing the government to retain all seized assets. *U.S. v. Lacey* [DE 282]. The Arizona federal court rejected the government's tactic and directed that issues concerning propriety of the civil seizures and forfeitures should be addressed by this Court. *Id.* [DE 340].

In this Court, while the seizure motion remained pending, the government filed an *ex parte* application to stay the forfeiture actions until conclusion of the Arizona criminal case. *Republic Bank 1* [DE 79]. The Court granted this request by order dated October 23, 2018. *Id.* [DE 85].

Claimants appealed to the Ninth Circuit, urging that the government's seizures violated constitutional rights and amounted to an injunction precluding Claimants from accessing funds needed for their defense in the criminal action. The government responded by filing a motion for remand, reversing its prior positions and asserting that Claimants should have been afforded a hearing on the constitutional challenges to the seizures in this Court. The Ninth Circuit vacated the stay and remanded the case. *See* First Ninth Circuit Appeal[3] ("Since both parties agree that Appellants' motion should have been adjudicated prior to issuance of the stay, we vacate the Stay Order and remand to the district court to conduct further proceedings.").

---

Held in *Republic Bank of Arizona Accounts, etc.*, No. 2:18-cv-6742-RGK. In January 2020, the Court ordered that the forfeiture cases be consolidated for pretrial purposes, and the combined case caption became *United States v. $1,546,076.35 in Bank Funds Seized from Republic Bank of Arizona Account 1889, et al.*, No. 2:18-cv-08420-RGK-PJW. For simplicity, the cases under the respective captions are referred to here as "*Republic Bank 1*" and "*Republic Bank 2*."

[3] For clarity, the two appeals are referred to here as the First Ninth Circuit Appeal, *In re Any & All Funds Held in Republic Bank of Ariz. Accounts, etc.*, *United States v. Larkin*, No. 18-56455, 774 F. App'x 400 (9th Cir. 2019); and the Second Ninth Circuit Appeal, *In re Any & All Funds Held in Republic Bank of Arizona Accounts, etc.*, No. 19-56510 (9th Cir.).

The Ninth Circuit's mandate issued September 23, 2019. *Republic Bank 1* [DE 100]. By that time, the proceedings in that case had been ongoing for 14 months, with no decision on the merits of even the first of Claimants' challenges regarding the governments' seizures.

After remand, this Court denied the seizure motion. *Id.* [DE 130]. Claimants appealed again, asking the Ninth Circuit to expedite the appeal. *In re Any & All Funds Held in Republic Bank of Arizona Accounts, etc.*, No. 19-56510 (9th Cir.). When the deadline for its opening brief came, the government instead filed a motion to dismiss the appeal for lack of jurisdiction, on grounds the Ninth Circuit already rejected in the first appeal. The Ninth Circuit denied the government's motion (without prejudice to decision by the merits panel), granted the Claimants' request to expedite hearing of the appeal, and, *sua sponte,* preemptively prohibited the government from seeking to extend the filing date for its brief, absent "extraordinary and compelling circumstances."[4]

In the meantime, this Court ordered that all of the civil forfeiture actions be consolidated for pretrial purposes, and directed the government to file a consolidated complaint. *Republic Bank 2* [DE 50]. The government again sought extensions, *id.* [DE 51, 53], and the Court ultimately ordered the government to file by January 14, 2020, [DE 55].

In accordance with the Court's schedule, Claimants responded to the Master Complaint by filing a Rule 12(b)(6) motion to dismiss on February 3, 2020. *Id.* [DE 76, 82]. Rather than answer the motion, the government served special interrogatories pursuant to Rule G(6)[5] and contended that, by doing so, it did not have to respond to the dismissal motion until 21 days after Claimants answer the interrogatories. *Id.* [DE 93 at 3]. Although Claimants did not have opportunity to address the impropriety of

---

[4] The government's brief is due April 28, 2020, with Claimants' reply due May 19.

[5] Fed. Rule Civ. P. Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

the government's interrogatories or the problems caused by further delay,[6] the Court denied the 12(b)(6) motion without prejudice to renewal after interrogatory answers. *Id.* [DE 96].

Throughout the proceedings in this Court, the government has repeatedly sought extensions or disregarded deadlines, delaying consideration of Claimants' efforts to assert challenges. For example, the government sought three extensions on the original seizure motion. *Republic Bank 1* [DE 32, 40, 51, 53]. Other times the government simply did not respond to motions, instead filing *ex parte* requests to "late-file" or be excused for missing deadlines. *Id.* [DE 53, 71, 109, 119]. The Court has admonished the government, noting that its "inability to adhere to deadlines is troubling," *id.* [DE 55]; cautioning that further requests for extensions "will be viewed disfavorably," *id.*, *see also* [DE 68] (Court's order cautioning that requests for continuances must be based on "compelling factual support" "demonstrat[ing] good cause"); and warning that noncompliance could result in dismissal of the forfeiture cases for lack of prosecution, *Republic Bank 2* [DE 55].

## B.   Government's Proposal to Amend the Master Complaint.

On March 21, 2020, the government filed the present Motion for leave to amend the Master Complaint. *Id.* [DE 98]. The government says it seeks to amend to revise

---

[6] While the government may use special interrogatories at the outset of a case if it has legitimate grounds to question a claimant's standing (*e.g.*, when a claimant's interest in currency is not clear, *see United States v. Funds in the Amount of $574,840*, 719 F.3d 648, 650 (7th Cir. 2013)), the special interrogatories here are improper. The government admitted Claimants' standing when it alleged in its verified complaints that Claimants owned and possessed the financial accounts at issue. Claimants said the same in their verified claims. In a civil forfeiture proceeding at this stage, an unequivocal assertion of ownership is sufficient to establish standing. *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) ("At the motion to dismiss stage, a claimant's unequivocal assertion of an ownership interest in the property is sufficient by itself to establish standing."); *United States v. Real Property Located at 17 Coon Creek Road, etc.*, 787 F.3d 968, 977 (9th Cir. 2015). Because standing is undisputed, the government's interrogatories serve no purpose except delay.

references about "certain assets [that] were described inconsistently with the government's asset-tracking database." *Id.* at 3.[7]  The government surfaced this issue on February 21, 2020.  *See* Exhibit A, Declaration of Whitney Z. Bernstein, ¶ 2 ("Bernstein Decl.").  Its motion now asks the Court for a delay of three months from when the government had identified the technical issues until an amendment would be due.  At the same time, the government asserts that a decision on the motion to dismiss would have to await the delay of filing until May 15, 2020; plus 30 days for Claimants' responses to the Rule G interrogatories; plus 21 days more for the government's opposition to the motion; then plus additional time for Claimants' reply—meaning the Court would not take up Claimants' motions to dismiss the forfeiture complaints until late July, at the earliest.

Trial in the Arizona criminal case is scheduled to begin August 17, 2020.  Hearing on the pending Ninth Circuit appeal is not yet set, but likely will not take place until June or July 2020.

When the government emailed about its proposal to amend, Claimants responded that they could be amenable to the request if the government would (a) provide a redlined version of the Master Complaint showing the proposed revisions; (b) discuss the Rule G interrogatories and whether the government actually needed any information to assess standing (to prevent further delays); and (c) agree that, because of the additional delays it seeks, the government and Claimants would jointly seek to postpone the criminal trial in Arizona, to allow time to hear and decide Claimants' challenges in the forfeiture cases.  *Id.* ¶ 3 & Ex. A.  The government responded that it

---

[7] The government also says it seeks to amend "as part of a stipulated resolution of certain claimants' motion for return of funds, *Republic Bank 2* [DE 98 at 3], referring to a stipulation releasing funds from one account held by Michael Lacey.  Yet, claims resolved in a case by agreement or rulings do not require complaint amendments.

CLAIMANTS' RESPONSE TO GOVERNMENT'S MOTION TO AMEND CONSOLIDATED COMPLAINT

disagreed with Claimants' positions, but did not initiate any conference of counsel to discuss the issues, as required by L.R. 7-3.[8]  Instead, it filed the present motion.  *Id.*

## III.   ARGUMENT

The government's motion seeks an extension of 2-3 months to amend the Master Complaint, which itself is an amended version of the original complaints the government filed approximately 21 months ago.  Claimants do not understand the government's professed need to revise something in the Master Complaint because "certain assets were described inconsistently with the government's asset-tracking databases."  Motion at 3, ¶ 1.  The government has not identified what it proposes to revise, nor that any assets presently are described inaccurately in the complaint. Apparently, the government seeks to amend for the ease of its internal recordkeeping. *Id. (i.e.,* relating to "technical issues for the government in tracking").

Claimants do not oppose the government making non-substantive technical revisions to the Master Complaint, provided the amendment process does not delay these proceedings.  Claimants also appreciate the complications of the COVID-19 pandemic, as they and their counsel are also sheltered at home and doing their best to work remotely.

The problem with the government's proposal is that it promises to further delay these proceedings that have been largely delayed for two years.  During this time, Claimants have been able to raise only the first dispositive flaw of the government's actions—that the seizures were unconstitutional—and the government has done everything possible to postpone hearing of this issue by the Ninth Circuit.  The government has similarly maneuvered to prevent consideration of Claimants' 12(b)(6) motion to dismiss the forfeiture claims, and the government's proposed process for amendment would stall consideration for months more.  And, even if the seizures are not invalidated or the complaints are not dismissed outright, Claimants are entitled to a

---

[8] Similarly, the government did not include the L.R.7-3 certification that is a requisite for a motion in this Court.

hearing to address requisite tracing of assets and to challenge the government's wholesale theory that essentially every dollar of funds earned and held by Claimants is tainted because they formerly held ownership interests in Backpage.com. *See Luis v United States*, 136 S. Ct. 1083, 1091-92, 1094-96 (2016) (holding that a party is entitled to use untainted funds for his defense and noting that trial courts will conduct tracing); *United States v. Unimex, Inc.*, 991 F.2d 546, 551 (9th Cir. 1993) (corporation was denied Fifth and Sixth Amendment rights when government seized its assets and district court failed to conduct hearing to determine if assets were tainted).[9]

Claimants are constitutionally entitled to hearing of these issues "at a meaningful time and in a meaningful manner," *United States v. Crozier,* 777 F.2d 1376, 1383 (9th Cir. 1985) (quoting *Armstrong v. Manzo,* 380 U.S. 545, 552 (1965)), meaning at a time when Claimants can use their funds for counsel in the criminal case, *see Unimex*, 991 F.2d at 551 ("for it to have any practical value, the hearing had to be in time to retain counsel for the criminal case"). The government should not be permitted to use procedural machinations and delays to deprive Claimants of untainted funds for counsel, or, for that matter, to deprive Claimants of even the opportunity for full hearing of challenges to the government's restraint of assets and forfeiture claims.

Although Fed. R. Civ. P. 15(a) is described as reflecting a liberal policy toward amendment, "the text of the rule makes it clear that permission to amend is not to be given automatically but is allowed only 'when justice so requires.'" A. Miller, M. Kane & A. Spencer, FED. PRAC. & PROC. CIVIL § 1487 (3d ed. 2019). The most important

---

[9] The government may argue, as it has before, that Claimants are not entitled to a hearing to determine whether the government has improperly seized untainted assets absent a showing that they have no other funds to pay counsel. *See* [DE 114, at 12]. In fact, the Ninth Circuit has never imposed such a requirement, but has instead required only a showing of a "substantial claim" of the need to access funds for counsel, *Unimex*, 991 F.2d at 551, as even the government admits [DE 114, at 12]. Furthermore, the Supreme Court's decision in *Luis*, 136 S. Ct. at 1083, undermines a suggestion that a *Monsanto* hearing is required only if a party is completely bereft of all funds to pay counsel of choice, as the Court held that untainted funds may be used as the party sees fit.

factor in considering whether to allow leave to amend is prejudice to the opposing party. *Id.* It is within this Court's power to impose conditions on the allowance of a proposed amendment to ameliorate potential prejudice and balance the parties' interests. *Id.* § 1486.

Here, Claimants obviously will be prejudiced by the delays the government proposes for its amendments. By stalling the case long enough, the government can foreclose Claimants' rights to access their funds to adequately defend the criminal case. And, the government can do so by delay alone, thereby avoiding scrutiny of the unprecedented bases and sweep of its forfeiture claims and asset restraints.

Claimants therefore request that the Court condition approval of the government's requested amendment on its stipulation to postpone the parallel criminal proceedings to allow time for Claimants' forfeiture challenges to be heard and decided. The government's request seeks extensions amounting to approximately four months; postponement of the criminal trial at this point should be for a like period.

## IV.   CONCLUSION

Claimants urge that the Court enter an order granting the government's request for leave to amend the Master Complaint by May 15, 2020, conditioned on the government's stipulation to jointly request extension of the trial date in *United States v. Lacey*, No. CR-18-00422-001-PHX-SMB (D. Ariz.), for a period of four months.

Dated: April 13, 2020

BIENERT | KATZMAN PC
*s/ Whitney Z. Bernstein*
Thomas H. Bienert, Jr.
Whitney Z. Bernstein
*Attorneys for James Larkin*

Dated: April 13, 2020

LIPSITZ GREEN SCIME CAMBRIA LLP
*s/ Paul J. Cambria, Jr.*
Paul J. Cambria, Jr.
*Attorneys for Michael Lacey*

CLAIMANTS' RESPONSE TO GOVERNMENT'S MOTION TO AMEND CONSOLIDATED COMPLAINT

Dated: April 13, 2020

BIRD MARELLA BOXER
WOLPERT NESSIM DROOKS
LINCENBERG AND RHOW
*s/  Ariel A. Neuman*
Ariel A. Neuman
Gary S. Lincenberg
Gopi K. Panchapakesan
*Attorneys for John Brunst, Mary Ann Brunst,
and The Brunst Family Trust*

Dated: April 13, 2020

BARTON, KLUGMAN & OETTING
LLP
*s/  John K. Rubiner*
John K. Rubiner
*Attorneys for Scott Spear*

Dated: April 13, 2020

DANIEL J. QUIGLEY, PLC
*s/  Daniel J. Quigley*
Daniel J. Quigley
*Attorneys for Attorneys for Medalist
Holdings, Inc., Leeward Holdings, LLC,
Camarillo Holdings, LLC, Vermillion
Holdings, LLC, Cereus Properties, LLC,
and Shearwater Investments, LLC*

CLAIMANTS' RESPONSE TO GOVERNMENT'S MOTION TO AMEND CONSOLIDATED COMPLAINT

## CERTIFICATE OF SERVICE

I certify that on this 13th day of April, 2020, I electronically transmitted a PDF version of this document to the Clerk of the Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants listed below.

*/s/ Toni Thomas*
Toni Thomas

Daniel G. Boyle Daniel.boye2@usdoj.gov

John J. Kucera, john.kucera@usdoj.gov

Thomas H. Bienert, Jr., tbienert@bienertkatzman.com

Whitney Z. Bernstein, wbernstein@bienertkatzman.com

Robert Corn-Revere, bobcornever@dwt.com

Gary S. Lincenberg, glincenberg@birdmarella.com

Ariel A. Neuman, aan@birdmarella.com

Gopi K. Panchapakesan, gpanchapakesan@birdmarella.com

Paul J. Cambria, pcambria@lglaw.com

Bruce S. Feder, bf@federlawpa.com

John K. Rubiner, jrubiner@bkolaw.com

Daniel J. Quigley, quigley@djqplc.com

David W. Wiechert dweichert@aol.com

Walter Francis Brown, Jr. wbrown@orrick.com

Martha Boersch martha@boersch-illovsky.com

CLAIMANTS' RESPONSE TO GOVERNMENT'S MOTION TO AMEND CONSOLIDATED COMPLAINT