# "Exhibit B"

| | |
|---|---|
| **From:** | Boyle, Daniel (USACAC) <Daniel.Boyle2@usdoj.gov> |
| **Sent:** | Wednesday, March 18, 2020 2:14 PM |
| **To:** | Whitney Bernstein |
| **Cc:** | Ariel A. Neuman (aneuman@birdmarella.com); Gopi K. Panchapakesan; Gary S. Lincenberg; Thomas H. Bienert; Erin McCampbell Paris; Paul John Cambria, Jr ; Bruce Feder; John Rubiner; Brown, Walter F.; Daniel Quigley; Kucera, John (USACAC) |
| **Subject:** | RE: Amended Complaints |

Whitney:

Thank you for your email. We agree that under Rule 15(a) we do need to seek the moving claimants' position, so thank you for corralling most of the claimants' counsel to address this matter, especially considering the recent coronavirus-related disruptions.

The conditions you propose, however, including indefinitely continuing a recently-scheduled criminal trial, are not acceptable to the government.

As such, we will note in our filing that all claimants represented by counsel on your email presently oppose our motion for leave to amend.

Regards,
AUSA Dan Boyle

**From:** Whitney Bernstein <wbernstein@bienertkatzman.com>
**Sent:** Wednesday, March 18, 2020 10:21 AM
**To:** Kucera, John (USACAC) <jkucera@usa.doj.gov>; Boyle, Daniel (USACAC) <DBoyle@usa.doj.gov>
**Cc:** Ariel A. Neuman (aneuman@birdmarella.com) <aneuman@birdmarella.com>; Gopi K. Panchapakesan <gkp@birdmarella.com>; Gary S. Lincenberg <glincenberg@birdmarella.com>; Thomas H. Bienert <tbienert@bienertkatzman.com>; Erin McCampbell Paris <emccampbell@lglaw.com>; Paul John Cambria, Jr <pcambria@lglaw.com>; Bruce Feder <bf@federlawpa.com>; John Rubiner <JRubiner@bkolaw.com>; Brown, Walter F. <wbrown@orrick.com>; Daniel Quigley <quigley@djqplc.com>
**Subject:** RE: Amended Complaints

Hi John and Dan,

Although it is not entirely clear, it appears you're suggesting the government will not be offering an amended consolidated complaint for at least another 60 days and that other deadlines (including as to new responsive pleadings, interrogatory responses, and dismissal motions) would trail after that.

At this point, under Rule 15(a), the government cannot amend the consolidated complaint absent opposing parties' consent or leave of court.  Claimants, as opposing parties, filed a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) on February 3.  Therefore, the 21-day window during which the government could amend as of right ended on February 24.

You have said the government wishes to amend now to correct allegations about certain accounts, to correctly identify certain assets, and to correct other clerical errors.  My client and other claimants (Larkin family members, Anne

Hawkins, Lacey, Spear, Brunst, and the various entities) are willing to consider agreeing to the government's amendment on certain conditions and with reciprocal agreements from the government:

      First, we recognize the current state of affairs may cause some delay, but we are not seeing why technical corrections to the complaint should take 60 days.  We ask that you consider how long the government needs to make its technical corrections and provide a specific date by which the government would file its amended consolidated complaint, so we can address further scheduling and deadlines.

      Second, claimants need to know the specific amendments the government proposes and, therefore, ask that you provide a redlined version of the amended consolidated complaint so we can see the specific changes, as is customary.

      Third, we assume the government will accede to extensions of time for claimants' challenges to the forfeiture complaints and to pursue requisite tracing (if the seizures are not invalidated or the complaints are not dismissed) as required by *Luis v United States*, 136 S.Ct. 1083 (2016), and *United States v. Unimex, Inc.*, 991 F.2d 546 (9th Cir. 1993).  To this end, claimants will consider assenting to the government's request to amend its complaint (and for additional time to do so), if the government will stipulate that criminal proceedings in Arizona against claimants/defendants be deferred until after the court in California decides the propriety of the forfeiture proceedings.

      Fourth, we do not believe the interrogatories the government served on claimants, ostensibly under Rule G, are appropriate or should delay the court's consideration of claimants' motion to dismiss the government's complaint.  Rule G permits the government  to "serve special interrogatories limited to the claimant's identity and relationship to the defendant property."  Supp. Rule G(6)(a).  Rule G allows limited discovery aimed at whether claimants have standing to pursue claims for allegedly forfeitable property.  *United States v. Funds in the Amount of $574,840*, 719 F.3d 648, 650 (7th Cir. 2013) ("The purpose of [Rule G] interrogatories is to smoke out fraudulent claims—claims by persons who have no colorable claims.").  At this stage of a civil forfeiture proceeding, an unequivocal assertion of ownership is sufficient to establish standing.  *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) ("At the motion to dismiss stage, a claimant's unequivocal assertion of an ownership interest in the property is sufficient by itself to establish standing.").  This case does not involve claims based on possession of unexplained currency, where the government might be permitted to take Rule G discovery.  To the contrary, in large part the government's complaint alleges that the defendant assets were moneys held in accounts owned by claimants.  Moreover, claimants submitted verified claims unequivocally asserting ownership of the defendant assets they held directly and setting out in detail the basis for claims based on lien rights in the other defendant assets.  These verified claims are more than just "assertions of ownership" or property interests; they are *evidence* of ownership and property interests.  *$133,420.00 in U.S. Currency*, 672 F.3d at 639-40.

      In sum, because the government's interrogatories are improper under Rule G, we believe they should be withdrawn.  We will be happy to discuss this further in a meet-and-confer.

As it is important to address timing and proceedings in the forfeiture cases – particularly in light of the parallel criminal proceedings in the District of Arizona and the prejudice defendants suffer from the government's improper restraints of funds and assets in the forfeiture cases – we would like to discuss these issues as soon as possible.  We have only contacted counsel copied on this email.

Thank you,

Whitney


**Whitney Z. Bernstein** | Attorney
Bienert | Katzman PC
Website | vCard | Profile

**From:** Kucera, John (USACAC) <John.Kucera@usdoj.gov>
**Sent:** Tuesday, March 17, 2020 3:31 PM
**To:** Whitney Bernstein <wbernstein@bienertkatzman.com>; Ariel A. Neuman (aneuman@birdmarella.com) <aneuman@birdmarella.com>
**Cc:** Boyle, Daniel (USACAC) <Daniel.Boyle2@usdoj.gov>
**Subject:** Amended Complaints

Whitney and Ariel,

We know there are lots of cats to herd, so please don't interpret this as an attempt to rush you.  We wanted to confirm that the government is requesting the position of defense counsel regarding our intent to move to file a first amended complaint in the Backpage case.  If you cannot/have not contacted all counsel, please let us know if you prefer that we do so directly.

Thanks again,
John

_____
**John Kucera | AUSA**
(213) 894-3391