UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:18-cv-08420-RGK-PJW | Date | May 8, 2020 |
|---|---|---|---|
| Title | Related cases to *In the Matter of Seizure of: Any and all funds held in Republic Bank of Arizona Accounts* | | |

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:   Attorneys Present for Defendants:

Not Present   Not Present

**Proceedings:**   **(IN CHAMBERS) Order Re: Plaintiff's Motion to Amend Consolidated Complaint [DE 98]**

I. **INTRODUCTION**

On January 14, 2020 the government filed a Consolidated Master Complaint ("CMC") collecting its various related civil forfeiture actions into a single case. On March 18, 2020, the government filed a Motion for Leave to amend the CMC. (ECF No. 98.) At that time, the government indicated that some (but not all) of the Claimants in this case opposed that motion.

On April 13, 2020, Claimants James Larkin, Michael Lacey, John Brunst, Scott Spear, and several entities owned thereby ("Claimants")[1] filed a Response to the government's Motion. (ECF No. 101.) Claimants assert that they do not object to the government's amendment of the CMC, but argue that this Court should condition leave to amend on the government's entering into a stipulation to continue the trial date in their related criminal case in Arizona, currently set for August 17, 2020.

For the following reasons, the Court **GRANTS** the government's leave to amend and declines to impose Claimant's proposed condition.

II. **JUDICIAL STANDARD**

Where a motion for leave to amend does not necessitate any changes to the court's scheduling order, the moving party must demonstrate only that amendment is proper under Rule 15(a)(2). Rule 15(a)(2) provides that a court should "freely give leave where justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, a court will grant the motion unless the opposing party can substantially show one of the *Foman* factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

---

[1] Medalist Holdings, Inc., Leeward Holdings, LLC, Camarillo Holdings, LLC, Vermillion Holdings, LLC, Cereus Properties, LLC, and Shearwater Investments, LLC)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:18-cv-08420-RGK-PJW | Date | |
|---|---|---|---|
| Title | *Related cases to In the Matter of Seizure of: Any and all funds held in Republic Bank of Arizona Accounts* | | |

virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Of the *Foman* factors, undue prejudice is the most important, and the burden is on the opposing party to show prejudice. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### III.   DISCUSSION

The government seeks to amend the CMC to rectify inconsistencies between descriptions of the subject assets as they appear in that document and the assets as described in its asset-tracking database. The government contends that these inconsistencies have "created technical issues for the government in tracking and, ultimately, disposing of or returning these assets." (Boyle Decl. ¶ 2, ECF No. 98.)

Claimants contend that they will be prejudiced by this amendment because the resulting delay in resolution of this civil case will deprive them of funds that would otherwise be available to pay for their defense in the related criminal prosecution. Claimants argue on that basis that the appropriate resolution is for this Court to obtain the government's agreement to a stipulation postponing trial in the related criminal case as a condition of granting leave to amend. The Court disagrees.

First—as the government points out—delaying the related criminal proceedings in this matter until final resolution of the civil case would require this Court to attempt, through compelled agreement, to postpone trial on another court's docket for a presently unknown period of time. Although the Defendants suggest that this delay will extend only about four months, the Court finds it highly unlikely that a final resolution in this case could be reached in that period of time.

Second, once such resolution was reached, *res judicata* would prevent the Arizona District Court from seeking criminal forfeiture of the same assets. *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1152 (9th Cir. 2011) ("[O]nce the government has sought—but failed—to achieve civil forfeiture, res judicata prohibits criminal forfeiture of the same property.") While Claimants are correct that they have a right to have their claims heard, this Court will not purposely engineer an outcome that will result in *res judicata* while the criminal case is on the verge of trial.

Third, Plaintiffs have the right to a hearing on the pretrial restraint of untainted funds needed to pay counsel upon making the appropriate showing. *United States v. Unimex, Inc.*, 991 F.2d 546, 551 (9th Cir. 1993); *United States v. Monsanto*, 491 U.S. 600 (1989). While the parties may disagree about what the legally required showing is, there is no question that the law provides an appropriate avenue to address Defendants' problem without seeking a lengthy delay to their criminal trial in a related case.

### IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the government's motion for leave to amend for the purpose of correcting its asset descriptions. Claimants' requested condition is denied.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:18-cv-08420-RGK-PJW | Date | May 8, 2020 |
|---|---|---|---|
| Title | *Related cases to In the Matter of Seizure of: Any and all funds held in Republic Bank of Arizona Accounts* | | |

The government shall file its Amended Consolidated Master Complaint by **June 1, 2020**. Claimants shall file their answers within **30 days** of the date of that filing.

**IT IS SO ORDERED.**

: _____

Initials of Preparer