Gary S. Lincenberg – State Bar No. 123058
  glincenberg@birdmarella.com
Ariel A. Neuman – State Bar No. 241594
  aneuman@birdmarella.com
Gopi K. Panchapakesan – State Bar No. 279586
  gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Claimant John Brunst

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>$1,546,076.35 IN BANK FUNDS SEIZED FROM REPUBLIC BANK OF ARIZONA ACCOUNT '1889, et al.,<br><br>Defendants. | CASE NO. 2:18-cv-8420-RGK-PJWx<br><br>**CLAIMANT JOHN BRUNST'S VERIFIED CLAIM AND STATEMENT OF INTEREST**<br><br>Assigned to Hon. R. Gary Klausner<br>Courtroom 850 |

3664304.2

CLAIMANT JOHN BRUNST'S VERIFIED CLAIM AND STATEMENT OF INTEREST

## JOHN BRUNST'S VERIFIED CLAIM AND STATEMENT OF INTEREST

This Verified Claim and Statement of Interest is being filed at this time in accordance with the government's July 2, 2020, letter of direct notice of the filing of its First Amended Consolidated Master Complaint for Forfeiture.

Pursuant to 18 U.S.C. § 983(a)(4)(A) and Supplemental Rule G(5) of the Federal Rules of Civil Procedure, and the government's July 2, 2020, letter of direct notice, Claimant John Brunst ("Brunst" or "Claimant") hereby submits this Verified Claim and Statement of Interest asserting an interest in the following:

- $3,713,121.03 transferred by Davis Wright Tremaine LLP from Bank of America account '3414 into the government holding account (the "Asset"); and

- Approximately 6 Bitcoins surrendered on or about April 6, 2018, from a Backpage-controlled wallet; approximately 404.99984122 Bitcoins surrendered on or about April 6, 2018, from a Backpage-controlled wallet; approximately 199.99995716 Bitcoins surrendered on or about April 6, 2018, from a Backpage-controlled wallet; approximately 173.97319 Bitcoins surrendered on or about April 26, 2018, from a Backpage-controlled wallet; approximately 411.00019 Bitcoins seized on or about April 13, 2018, from a Backpage-controlled wallet; approximately 2.00069333 Bitcoins surrendered on or about May 7, 2018, from a Backpage-controlled wallet; approximately 136.6544695 Bitcoins surrendered on or about June 15, 2018, from a Backpage-controlled wallet; approximately 2,673.59306905 Bitcoin Cash surrendered on or about April 26, 2018, from a Backpage-controlled wallet; approximately 55.50826185 Bitcoin Cash surrendered on or about May 3, 2018, from a Backpage-controlled wallet; approximately 73.62522241 Bitcoin Cash surrendered on or about June 15, 2018, from a Backpage-controlled wallet; approximately

16,310.79413202 Litecoins surrendered on or about April 26, 2018, from a Backpage-controlled wallet; approximately 783.9735116 Litecoins surrendered on or about June 15, 2018, from a Backpage-controlled wallet; approximately 509.81904619 Bitcoin Gold surrendered on or about June 21, 2018, from a Backpage-controlled wallet (the "Virtual Currencies").

On June 1, 2020, the government filed its First Amended Consolidated Master Verified Complaint for Forfeiture (the "Complaint") in the above-captioned action. The government filed a Notice of Errata re: First Amended Consolidated Master Verified Complaint for Forfeiture on June 11, 2020. (Doc. 109.) By a letter dated July 2, 2020, the United States of America informed Claimant that he had until August 6, 2020, to file a Claim identifying any right or interest he has in the defendant assets identified in the Complaint. Claimant does not believe that the Asset is a defendant asset in the Complaint, but, because the Complaint includes certain allegations pertaining to the Asset, Claimant files a claim to the Asset out of an abundance of caution.

Claimant hereby asserts his ownership interests in the entirety of the Asset. Claimant hereby asserts a security interest in the Virtual Currencies. Claimant is a stockholder in Medalist Holdings, Inc., a Delaware corporation ("Medalist"), whose wholly-owned subsidiaries include Leeward Holdings, LLC; Camarillo Holdings, LLC; Vermillion Holdings, LLC; Cereus Properties, LLC; and Shearwater Investments, LLC ("Shearwater").

On information and belief, Shearwater holds promissory notes initially made on or about April 22, 2015, by Atlantische Bedrijven C.V. ("ABC") and UGC Tech Group C.V. ("UGC") in connection with the purchase of Backpage.com. The notes have been subsequently amended. On information and belief, the notes are secured by liens arising under security agreements, executed on or about April 22, 2015, encumbering, among other things, the assets of ABC and UGC ("Borrowers") and

the assets of Ad Tech Holdings GP BV; Ad Tech Cooperatief UA; Ad Tech BV; Classified Solutions Ltd.; Classified Strategies Cooperatief UA; Payment Solutions, BV; Dartmoor Holdings, LLC; Website Technologies, LLC; Posting Solutions LLC; Postfaster, LLC; IC Holdings, LLC; and Backpage.com, LLC (collectively, "Pledgors").

On information and belief, the security agreements state that they encumber the following assets of Borrowers and Pledgors (the "Collateral"): "all personal and property of every kind and nature including without limitation all goods (including inventory, equipment and any accessions thereto), fixtures, instruments (including promissory notes), documents, accounts (including health-care-insurance receivables), chattel paper (whether tangible or electronic), deposit accounts, letter-of-credit rights (whether or not the letter of credit is evidenced by a writing), commercial tort claims, securities and all other investment property, supporting obligations, any other contract rights or rights to the payment of money, insurance claims and proceeds, all general intangibles (including all payment intangibles), the IP Collateral, and all products and proceeds of all of the foregoing property."

On information and belief, financing statements were filed in April 2015 with the Delaware Secretary of State, the Recorder of Deeds in the District of Columbia, and the Texas Secretary of State to perfect security interests in the Collateral and were continued in April 2020. On information and belief, the security agreements encumbering the Collateral also secure the obligations of ABC and UGC under purchase agreements and loan agreements executed on or about April 22, 2015, and the obligations of Pledgors and Carl A. Ferrer, Amstel River Holdings, LLC, Kickapoo River Investments LLC, Lupine Holdings LLC, CF Holdings GP LLC, and CF Acquisitions LLC ("Guarantors") under guarantees executed on or about April 22, 2015.

On information and belief, Claimant has the right to advancement and indemnification from ABC and UGC under the purchase agreements and loan

agreements, which advancement and indemnification obligations are guaranteed by Pledgors and Guarantors and also secured by the security interests in the Collateral.

On information and belief, the Asset was deposited in the client trust account of Davis Wright Tremaine, LLP, for the benefit of Claimant Brunst to pay his legal fees and costs (and for the benefit of, and to pay the legal fees and costs of, others who were jointly represented by Davis Wright Tremaine, LLP).  The funds were deposited by or on behalf of ABC and UGC, under the terms of the sales or loan agreements related to the sale of Backpage.com, which obligated Borrowers, Pledgors, and Guarantors to provide advancement to Claimant and others. Claimant's interests in the Asset, which was deposited for his benefit and was held by Claimant's counsel to assure and secure the payment of legal fees and costs, are legally recognizable interests in the Asset, giving Claimant a superior right, title, and interest in the Asset over any and all interests asserted by the government in the Asset.

Alternatively, on information and belief, the Asset is part of the Collateral, in which Shearwater has a first-priority security interest dating to April 2015 securing the obligations under the promissory notes, security agreements, and purchase agreements and loan agreements, including the advancement and indemnification obligations.

On information and belief, the Virtual Currencies also are part of the Collateral, in which Shearwater has a first-priority security interest dating to April 2015 securing the obligations under the promissory notes, security agreements, and purchase agreements and loan agreements, including the advancement and indemnification obligations.  The security interests in the Collateral securing the obligations to Claimant are legally recognizable interests in the Asset and the Virtual Currencies, giving Claimant a superior right, title, and interest in the Asset and the Virtual Currencies over any and all interests asserted by the government in the Asset or the Virtual Currencies.

Pursuant to Supplemental Rule E(8) of the Federal Rules of Civil Procedure, Claimant expressly limits his appearance to asserting and defending his claims to the Asset and the Virtual Currencies. Claimant reserves all rights to challenge the *in rem* jurisdiction of this Court and the propriety of venue in this action.

DATED: August 6, 2020

Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

By: */s/ Gopi K. Panchapakesan*
Gopi K. Panchapakesan
Attorneys for Claimant John Brunst

## VERIFICATION OF CLAIM

I, John Brunst, pursuant to 18 U.S.C. § 1746, declare under penalty of perjury that the foregoing is true and correct.

DATED: August 6, 2020

_____
John Brunst