NICOLA T HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
DAN G. BOYLE (Cal. Bar No. Pending)
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2426
    Facsimile: (213) 894-7177
    E-mail: Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    PLAINTIFF,<br><br>    V.<br><br>$1,546,076.35 IN BANK FUNDS SEIZED FROM REPUBLIC BANK OF ARIZONA ACCOUNT '1889, ET AL.,<br><br>    DEFENDANTS. | CV No. 18-08420-RGK(PJWx)<br><br>EX PARTE APPLICATION AND REQUEST TO SET A BRIEFING SCHEDULE AND SUSPEND CURRENT BRIEFING SCHEDULE RE MOTION TO DISMISS; MEMORANDUM OF POINT AND AUTHORITIES; DECLARATION OF DAN G. BOYLE |

    Plaintiff United States of America ("the government"), by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Dan G. Boyle, hereby applies ex parte for an order setting a briefing schedule on the government's proposed motion to strike certain claims in this consolidated action, and suspending the briefing schedule on claimants' pending motion to dismiss this action. [ECF No. 119].

This application is based upon the attached memorandum of points and authorities, and declaration of Dan G. Boyle.

Dated: August 18, 2020          Respectfully submitted,

                                NICOLA T. HANNA
                                United States Attorney
                                BRANDON D. FOX
                                Assistant United States Attorney
                                Chief, Criminal Division
                                STEVEN R. WELK
                                Assistant United States Attorney
                                Chief, Asset Forfeiture Section

                                      /s/
                                DAN G. BOYLE
                                Assistant United States Attorney

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**PRELIMINARY STATEMENT**

On February 12, 2020, the government served special interrogatories on all claimants in this consolidated action pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), seeking information to determine claimants' standing to contest the forfeiture of the defendant assets in these consolidated proceedings.

On July 31, 2020, claimants responded to the government's special interrogatories (collectively, the "SI Responses"), revealing that, of the hundreds of claims filed by claimants in this action, the majority rely on boilerplate information-and-belief assertions of nebulous security interests that fail to satisfy the requirements for standing under the law of this Circuit.

The government intends to move to strike certain of the claims filed to the defendant assets, and respectfully requests that this Court set a briefing schedule on the contemplated motion. The government expects that, if granted, its motion will dispose of the majority – and perhaps the vast majority - of claims filed in this consolidated action, significantly streamlining the potential disposition of the remaining claims and assets at issue, and conserving the time and resources of the Court and the government.

Supplemental Rule G requires that any government motion to strike be adjudicated prior to any ruling on a claimant's motion to dismiss. For this reason the government respectfully requests an order suspending the present briefing schedule on claimants' pending motion to dismiss, and continuing the hearing on that motion until the government's motion to strike claims is briefed and determined.

3

**BACKGROUND**

On February 12, 2020, pursuant to Supplemental Rule, the government served special interrogatories on all claimants in this consolidated civil forfeiture action.

Among other requests, the special interrogatories asked each of the claimants to "[i]dentify with particularity each Defendant Asset in which you claim an interest" (see, e.g., Ex. A to Boyle Decl., at SI 5.1), and to "state and describe with particularity the facts upon which you base your claim to each Defendant Asset." Id., at SI No. 8.

On July 31, 2020, claimants served the SI Responses (see Boyle Decl, ¶ 5),[1] which broadly grouped claimants' claims to the defendant assets into three groups: "owned assets," "liened assets," and "other assets." See, e.g., Ex. A at 34-35. With respect to their claims to what they styled as "liened assets," claimants generally asserted variations of the following theory of standing:

> With respect to the Liened Assets, Claimant is a third-party beneficiary of a series of contracts entered into in April 2015 among subsidiaries of Medalist Holdings, Inc. and: Borrowers; Pledgors; and Guarantors. On information and belief, Claimant has the right to advancement and indemnification from ABC and UGC under those agreements, which advancement and indemnification obligations are guaranteed by Pledgors and Guarantors. On information and belief,

---

[1] While the government is continuing to review the SI Responses, it does not appear that claimants Ellona Spear, Natasha Spear, or Jill Anderson have served responses to the government's special interrogatories. The government has sought further clarification from these claimants on their positions, and reserves the right to bring further motion practice accordingly. See Boyle Decl, ¶ 6.

4

>those obligations are secured by perfected security interests in the Collateral. On information and belief, the sums owed for advancement and indemnification exceed the value of the Collateral (including the remaining Defendant Assets). On information and belief, the perfected security interests in the Collateral securing the obligations to Claimant are legally recognizable interests in the Liened Assets.

See Ex A, at 35.

Upon reviewing these SI responses, government counsel advised claimants' lead counsel in this consolidated action of the government's position that the "liened asset" claims failed to properly allege standing and, accordingly, the government intended to move to strike all such claims.[2] See Boyle Decl, ¶ 7-8. The government requested claimants' position on a proposed briefing schedule and a suspension of the current briefing schedule on claimants' pending motion to dismiss, currently set for hearing on September 21, 2020.

On August 17, 2020, claimants' counsel advised that that claimants oppose suspension of briefing on the dismissal motion, and were not prepared to take a position on the motion to strike without further information (which the government has done its best to provide). This application seeks an order that will allow the government to move to strike the offending claims as contemplated by

---

[2] The government does not intend to seek to strike claims to purportedly "owned assets" at this time, but reserves the right to do so in future motion practice. The government intended to address claims to so-called "other assets" on a claim-by-claim basis.

Supplemental Rule G, while suspending dismissal briefing in the interim.

## ARGUMENT

**I.  The Motion to Strike is Timely and Proper under Supplemental Rule G**

As intervenors in this consolidated civil forfeiture case, claimants must establish standing in order to contest forfeiture. See Via Mat Int'l S. Am., Ltd. v. United States, 446 F.3d 1258, 1261 (11th Cir. 2006) (standing "is the threshold question in every federal case, determining the power of the court to entertain the suit"); United States v. $38,570 U.S. Currency, 950 F.2d 1108 (5th Cir.1992) (standing is a threshold question on which the claimant "bears the burden of demonstrating an interest in the seized item sufficient to satisfy the court of his standing").

The Supplemental Rules govern forfeiture actions in rem, including the instant action, which arise from a federal statute. See Supplemental Rule A(l)(B).[3] Supplemental Rule G(8)(c)(i)(B) provides that, "at any time before trial, the government may move to strike a claim or answer. . . because the claimant lacks standing." Rule G (8)(c)(ii)(A) requires that any such motion must be decided before any motion by a claimant to dismiss the action. Subsection (ii)(B) provides that any such motion "may be presented as a motion for judgment on the pleadings or as a motion to determine after a hearing or by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of the evidence."

Here, the government's contemplated motion is timely and

---

[3] The Federal Rules of Civil Procedure also apply, except to the extent they are inconsistent with the Supplemental Rules. See Supplemental Rule A(2).

6

procedurally proper, as this action has not proceeded to trial, nor is trial anticipated in the near future. Because the government intends to rely on claimants' SI Responses in its contemplated motion to strike, the contemplated motion is appropriately construed as one for partial summary judgment under Rule G (8)(c)(ii)(B), rather than as a motion for judgment on the pleadings.

While the prompt resolution of an action is not factor explicitly addressed by Rule G, the government's proposed briefing schedule is as expeditious as possible under the circumstances. As described in the accompanying Boyle Declaration, claimants had more than five months to respond to the government's Rule G interrogatories, while the Government has had the claimants' SI Responses for just over two weeks. See Boyle Decl., ¶ 3-5. As seen in the Exhibit A, claimants' SI Responses often run into the dozens of pages and assert claims to dozens or hundreds of defendant assets. Considering the sheer number of "liened asset" claims that claimants have asserted, which the government accordingly seeks to strike, government counsel expects that it will take some time simply to prepare an accurate appendix of which claims are appropriate for decision under the contemplated motion.[4] See Boyle Decl., ¶ 11-12.

Because the contemplated motion to strike will address so many claims – indeed, it appears likely to address a substantial majority of claims asserted – the motion may also substantially streamline this consolidation action. As an example, attached as Exhibit A to

---

[4] This process has been hampered by the COVID-19 pandemic, as certain claimants served their SI Responses by mail or in physical copies, and the government is currently under a maximum telework policy, which has limited government staff access to physical mail. See Boyle Decl., ¶ 11-12.

7

the Boyle Declaration is a copy of claimant Ramon Larkin's SI Responses, running to 70 pages. In his SI Responses, Larkin asserts claims to 326 defendant assets, including 273 domain names. Of these hundreds of claims to defendant assets, however, Larkin claims an ownership interest in only a single defendant asset: $1,038 in bank funds seized from Bank of America Account '7054. Larkin's claims to the remaining 325 defendant assets are nearly all based on boilerplate information-and-belief assertions based on the "liened asset" theory of standing recounted above, which the government contends is insufficient as a matter of law. See United States v. JP Morgan Chase Bank Account No. Ending 8215 in Name of Ladislao V. Samaniego, VL, $446,377.36, 835 F.3d 1159, 1166 (9th Cir. 2016) ("In forfeiture proceedings, we have acknowledged that the risk of false claims requires courts to demand more than conclusory or hearsay allegations of some interest in the forfeited property." (quotation marks and citation omitted)).[5] Resolution of a motion to strike these "liened asset" claims in the government's favor would thus substantially reduce the number of claims at issue here, even for just this single claimant.

**II.  The Current Briefing Schedule on Claimants' Motion to Dismiss Should be Stayed and Motion Hearing Continued**

Standing is a threshold issue is any civil forfeiture proceeding due to the risk of false or frivolous claims. See e.g., United States v. $100,348.00, 354 F.3d 1110, 1118-19 (9th Cir. 2004) ("the danger of false claims in [civil forfeiture] proceedings is substantial") (citation and internal quotation marks omitted); Mercado v. U.S.

---

[5] Larkin also asserts claims to two "other assets" both of which are funds held in attorney escrow accounts. See Ex. A, at 24.

8

Customs Service, 873 F.2d 641, 645 (2d Cir. 1989) (there is a "substantial danger of false claims in forfeiture proceedings").

Accordingly, Rule G(8)(c)(ii)(A) mandates that any motion to strike must be resolved prior to decision on any motion to dismiss by claimants. Here, all claimants have joined the pending motion to dismiss originally filed by claimants Michael Lacey and James Larkin. See ECF Nos. 76, 77-92, 114, 117, 120, 122-23. Under the current briefing schedule, the government's response to the dismissal motion is due on August 21, 2020; claimants' reply is due by September 4, 2020; and the hearing on the motion is set for September 21, 2020. See ECF No. 119.

While Rule G(8)(c)(ii)(A) does not mandate a stay of briefing on any dispositive motion pending a motion to strike, requiring the government to oppose the dismissal motion while simultaneously moving to strike a large number of what appear to be improper claims is inefficient and contrary to the purposes of the Supplemental Rules. See Supp. Rule G 2006 Committee Notes ("Paragraph (c)(ii) directs that a motion to strike a claim or answer be decided before any motion by the claimant to dismiss the action. A claimant who lacks standing is not entitled to challenge the forfeiture on the merits."). Similarly, holding a hearing on a motion to dismiss, when such a motion almost certainly cannot be resolved prior to the determination of the government's motion to strike, is a poor use of the Court's time and resources in such a complex action.

Claimants have asserted hundreds of claims to "liened assets" based on their information-and-belief theory of standing articulated in the SI Responses. The government is in the process of compiling these responses and claims for a comprehensive motion to strike, and

9

while Rule G contemplates that a motion to strike would ordinarily be filed shortly after a claimant's responses to special interrogatories, the sheer volume of claims presented by the claimants has slowed this process.[6] See Boyle Decl, ¶ 11-12. Further briefing on the motion to dismiss is likely to delay this process and push back filing of a motion to strike, only delaying decision on such a motion.

For these reasons, the government respectfully requests that the briefing on the pending motion to dismiss be suspended, and the hearing on the dismissal motion delayed until the government's motion to strike is adjudicated. Such an order will permit the prompt filing of the contemplated motion to strike, which is likely to resolve (or at least clarify) the majority of claims asserted in the consolidated action and expedite disposition of the defendant assets.

## **CONCLUSION**

For the above reasons, the government respectfully requests that the Court Order the following briefing schedule, also set out in the Proposed Order lodged contemporaneously herewith, suspend the current briefing schedule on the claimants' pending motion to dismiss, and continue the presently-scheduled hearing on claimants' motion until after the adjudication of the government's motion to strike.

Proposed Schedule for Government's Motion to Strike:

- Government's motion to strike to be filed no later than September 28, 2020;
- Claimant's opposition to motion to strike to be filed no later than October 26, 2020:

---

[6] As noted in the Boyle Declaration, this process has been further slowed due to the maximum telework policies imposed in response to the COVID-19 pandemic. See Boyle Decl, ¶ 12.

- Government's reply re motion to be strike to be filed no later than November 9, 2020;
- Hearing on government motion to strike: December 7, at 9:00 a.m.

The government proposes that the briefing and hearing on the pending motion to dismiss be re-set following the Court's determination of the motion to strike.

Respectfully submitted,

DATED: August 18, 2020
NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

   /s/
DAN G. BOYLE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

11