UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:18-cv-08420-RGK-PJW | Date | August 20, 2020 |
|---|---|---|---|
| Title | Related cases to *In the Matter of Seizure of: Any and all funds held in Republic Bank of Arizona Accounts* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Ex Parte Application for Order Setting and Suspending Briefing Schedule [DE 136]

## I. INTRODUCTION

Rule G(6) of the Supplemental Rules for Federal Civil Asset Forfeiture provides that the Government may delay its response to a claimant's motion to dismiss until 21 days after the claimant responds to special interrogatories served to verify the claimant's identity and relationship to the seized property. The Government served such interrogatories in this case.

On July 1, 2020, Claimants filed two motions to dismiss the First Amended Consolidated Master Complaint ("FAC") in this action. On July 10, Claimants and the Government stipulated to a briefing schedule for both Claimants' responses to the Government's interrogatories, and for the Government's responses to the Claimants' motions. The Court granted that stipulation on July 15.

That schedule stated that Defendants would file their interrogatory responses by July 31, 2020, that the government would then file its opposition to Defendants' motions to dismiss by August 21, 2020, and that the motions would be heard on September 21, 2020.

On August 18, 2020, the Government filed an ex parte application to suspend that briefing schedule on the basis that it wishes to move to strike several claims for lack of standing based on the substance of Claimants' interrogatory responses, and that Supplemental Rule G (8)(c)(ii)(A) requires that any such motion to strike be decided before any motion by a claimant to dismiss the action. The Government therefore requests a new briefing schedule according to which its motion to strike will be set for December 7, 2020, and Claimants' motions to dismiss heard sometime thereafter.

Claimants oppose the Government's application on the basis that (1) the Government has failed to address the relevant standard for emergency ex parte relief, and (2) the Government has failed to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:18-cv-08420-RGK-PJW | Date | August 20, 2020 |
|---|---|---|---|
| Title | *Related cases to In the Matter of Seizure of: Any and all funds held in Republic Bank of Arizona Accounts* | | |

provide good cause as to why the Court should abrogate a mutually agreed upon briefing schedule. The Court agrees.

To justify *ex parte* relief, the movant must establish two things. First, an "ex parte motion paper[] [must] establish why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Second, the movant must show that it is "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.*

While the time-sensitive nature of this request is clear, the Government's entitlement to relief is less obvious under the second prong. The Government served the relevant interrogatories and postponed hearing on Claimants' original motions, filed in February, by a period of several months under Rule G(6). It subsequently agreed to this briefing schedule whereby deadlines were set both for itself and for the Claimants. The Claimants are correct when they suggest that they have a right to have their motions heard in the agreed timeframe rather than putting them off for to sometime after December 7.

However, the present motions to dismiss are not set to be heard until September 21, 2020. In the event that a motion to strike is calendared for hearing in approximately the same timeframe, such that the attendant delay will not unduly prejudice the Claimants, the Court will consider postponing a ruling on Claimants' motions to dismiss so that the two motions may be adjudicated simultaneously.

For the foregoing reasons, the Court **DENIES** the Government's application.

**IT IS SO ORDERED.**

_____   :   _____

Initials of Preparer                    _____