NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
DAN G. BOYLE (California Bar No. Pending)
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2426
    Facsimile: (213) 894-0142
    E-mail: Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>$1,546,076.35 IN BANK FUNDS SEIZED FROM REPUBLIC BANK OF ARIZONA ACCOUNT '1889, ET AL.,<br><br>    Defendants. | Case No. 18-CV-8420-RGK (PJW)<br><br>NOTICE OF MATERIAL DEVELOPMENT RE: NEW AUTHORITY FROM NINTH CIRCUIT COURT OF APPEALS |

Plaintiff United States of America (the "government"), by and through its counsel of record, the United States Attorney's Office for the Central District of California and Assistant United States Attorney Dan G. Boyle, hereby files this Notice of Material Development Regarding New Authority from the United States Court of Appeals for the Ninth Circuit.

//

On August 24, 2020, the Ninth Circuit handed down a published decision in United States v. Obaid, Case No. 18-56657 (hereinafter "Obaid"), ECF No. 63, affirming the district court's denial of a motion to dismiss a civil forfeiture complaint in United States v. Certain Rights to and Interests in Shares of Series D Preferred Stock in Palantir Technologies, C.D.Cal. Case No. 2:17-cv-4446-DSF. A copy of the Obaid Opinion is attached as Exhibit A to this Notice.

Because Obaid is a significant decision on the nature of *in rem* forfeiture proceedings, which is an issue implicated by claimants' recent motions to dismiss [ECF No. 111, 112], and because Obaid was handed down after the government filed its briefs in opposition [ECF Nos. 140, 141 (filed on Aug. 21, 2020)], the government files this Notice to alert the Court to this significant new authority, and its relevance to the issues currently before this Court.

In brief summary, Obaid discusses at numerous points the *in rem* nature of civil forfeiture proceedings, and thus is instructive with respect to both pending motions to dismiss:

First, with respect to claimants' motion to dismiss based on Section 230 of the Communications Decency Act [ECF No. 111], as the government argued, Section 230 does not apply because *in rem* civil forfeiture proceedings provide the government the ability to enforce federal criminal law where there may be no *in personam* jurisdiction, but criminal assets may nonetheless be seized *in rem*. [See ECF No. 140, at 15, 18-19]. This point is reinforced by the Court's holding in Obaid, where the court made clear that *in rem* forfeiture is available regardless of

jurisdiction over a potential wrongdoer. See Obaid, Slip Op. at 9 ("Thus in a civil forfeiture proceeding *in rem*, jurisdiction [is] dependent upon seizure of a physical object" (internal quotation marks omitted)); id., at 13 ("jurisdiction over the person is irrelevant if the court has jurisdiction over the property." (internal quotation marks omitted)). Accordingly, Obaid supports the government's opposition to the motion to dismiss on this point.

Second, with respect to Claimants' motion to dismiss arguing that the operative complaint fails to plead sufficient facts as to certain claimants [ECF No. 112], Obaid is also instructive. The Obaid court analyzed Tennessee Student Assistance Corp. v. Hood, 541 U.S. 440 (2004), which considered *in rem* jurisdiction over bankruptcy assets, and held that "[a] court's *in rem* jurisdiction permits it to determine all claims that anyone, whether named in the action or not, has to the property or thing in question." Obaid, Slip, Op. at 12. In contrast, claimants' arguments that a complaint must plead specific, incriminating facts as to each claimant echoes the dissenting opinion in Obaid, a position the majority rejected. Compare Obaid, Slip Op. at 30, (Ikuda, J., dissenting ("This is because all proceedings, like all rights, are really against persons. The only functional difference between an *in rem* and *in personam* proceeding is the number of persons affected. (internal quotation marks and citations omitted)), with Majority Op. at 13 "jurisdiction over the person is irrelevant if the court has jurisdiction over the property." (internal quotation marks omitted)).

Should the Court wish for further briefing on <u>Obaid,</u> or any related issues, the government is prepared to submit supplemental briefs or argument as ordered.

Dated: August 27, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

　　　　/s/
DAN G. BOYLE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**PROOF OF SERVICE**

I am over the age of 18 and not a party to the within action. I am employed by the Office of the United States Attorney, Central District of California. My business address is 312 North Spring Street, 14th Floor, Los Angeles, CA 90012.

On **August 27, 2020**, I served a copy of **the Government's Notice of Material Development** upon each person or entity named below by attaching a copy to an e-mail provided by the receiving person or entity per request of the receiving person or entity.

**TO:**
1. **jillkristena@gmail.com (claimant Jill Anderson)**
2. **troy.larkin@gmail.com (claimant Troy Larkin)**
3. **ramonlarkin@gmail.com (claimant Ramon Larkin)**
4. **andrea@beckerandhouse.com (claimant John R. Becker)**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: **August 27, 2020** at Los Angeles, California.

/s/
Dan G. Boyle