# Exhibit A



**U.S. Department of Justice**

Office of Legislative Affairs

---

Office of the Assistant Attorney General            *Washington, D.C. 20530*

FEB 2 7 2018

The Honorable Robert W. Goodlatte
Chairman
Committee on the Judiciary
U.S. House of Representatives
Washington, DC  20515

Dear Mr. Chairman:

      This letter presents the views of the Department of Justice (Department) on H.R. 1865, the "Allow States and Victims to Fight Online Sex Trafficking Act of 2017." The Department supports H.R. 1865. We applaud House and Senate legislative efforts to address the use of websites to facilitate sex trafficking and to protect and restore victims who were sold for sex online. The Department appreciates this opportunity to provide technical assistance to ensure that these goals are fully met through narrowly tailored legislation. The Department also notes that a provision in the bill raises a serious constitutional concern.

      Every day, trafficking victims in America appear in online advertisements that are used to sell them for sex. The Department works diligently to hold the traffickers accountable for their crimes but faces serious challenges. This is due in part to the high evidentiary standard needed to bring federal criminal charges for advertising sex trafficking, but also because the Communications Decency Act (CDA), codified at 47 U.S.C. § 230, bars our state and local partners from bringing any criminal action that is inconsistent with that section. H.R. 1865 addresses both issues and would take meaningful steps to end the industry of advertising trafficking victims for commercial sex.

## TECHNICAL ASSISTANCE

      Section 3(a) of the bill creates 18 U.S.C. § 2421A, a new federal offense that prohibits the use or operation of websites (and other means or facilities of interstate commerce) with the intent to promote or facilitate prostitution. The bill also provides for an aggravated felony if the defendant recklessly disregards that the crime contributed to sex trafficking as prohibited by 18 U.S.C. § 1591(a). Section 2421A would stand as a strong complement to existing federal laws.

The Honorable Robert W. Goodlatte
Page Two

However, the Department notes that Section 2421A as originally drafted is broader than necessary because it would extend to situations where there is a minimal federal interest, such as to instances in which an individual person uses a cell phone to manage local commercial sex transactions involving consenting adults. Therefore, the Department would support amending the language of Section 2421A so that Congress can clarify its intent to target traffickers using or operating interactive computer services, as follows (with a corresponding change to 2421A(b)): "Whoever, using a facility or means of interstate or foreign commerce or in or affecting interstate or foreign commerce, owns, manages, or operates an interactive computer service, as defined in Section 230(f) of Title 47, United States Code, or conspires or attempts to do so, with the intent to promote or facilitate prostitution shall be fined under this title, imprisoned for not more than 15 years, or both."

The Department believes that any revision to 18 U.S.C. § 1591 to define "participation in a venture" is unnecessary. Section 1591 already sets an appropriately high burden of proof, particularly in cases involving advertising. Under current law, prosecutors must prove that the defendant knowingly benefitted from participation in a sex trafficking venture, knew that the advertisement related to commercial sex, and knew that the advertisement involved a minor or the use of force, fraud, or coercion. *See Backpage.com, LLC v. Lynch*, D.D.C., Civil Action No. 15-2155, Docket 16 (Oct. 24, 2016). While well intentioned, this new language would impact prosecutions by effectively creating additional elements that prosecutors must prove at trial. In the context of the bill, which also permits states to bring actions for conduct equivalent to Section 1591, we are also mindful that this language could have unintended consequences as applied by the states.

Section 4 of H.R. 1865 also sets forth critical revisions to the CDA to permit state prosecutors to bring criminal actions related to sex trafficking and the use of the internet with the intent to promote or facilitate prostitution. The Department believes that the existence of this exception to the CDA will alter the landscape of the industry involved in advertising prostitution.

## CONSTITUTIONAL CONCERN

We note that Section 4 of H.R. 1865 states that the changes to the CDA "shall apply regardless of whether the conduct alleged occurred [sic], or is alleged to have occurred, before, on, or after such date of enactment." This raises a serious constitutional concern. Insofar as this bill would "impose[] a punishment for an act which was not punishable at the time it was committed" or "impose[] additional punishment to that then prescribed" it would violate the Constitution's Ex Post Facto Clause. *Cummings v. Missouri*, 4 Wall. 277, 325-326 (1867); *see Beazell v. Ohio*, 269 U.S. 167, 169-170 (1925); U.S. Const. art I, § 9, cl. 3. The Department objects to this provision because it is unconstitutional. We would welcome the opportunity to work with Congress to address this serious constitutional concern.

The Honorable Robert W. Goodlatte
Page Three


      Thank you for the opportunity to present our views in support of this legislation.  We hope this information is helpful, and we look forward to continuing to work with Congress on this important legislation.  Please do not hesitate to contact this office if we may provide additional assistance regarding this or any other matter.  The Office of Management and Budget has advised us that from the perspective of the Administration's program, there is no objection to submission of this letter.

Sincerely,

Stephen E. Boyd
Assistant Attorney General


cc:    The Honorable Jerrold Nadler
       Ranking Member

       The Honorable Ann Wagner
       U.S. House of Representatives