Paul J. Cambria, Jr. (CA 177957)
pcambria@lglaw.com
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:   (716) 855-1580

*Attorneys for Claimant*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>vs.<br><br>$1,546,076.35 In Bank Funds Seized From Republic Bank of Arizona Account '1889, *et al.*,<br><br>                    Defendants. | Case No. 2:18-cv-08420-RGK (PJW)<br><br>**MICHAEL LACEY'S VERIFIED AMENDED CLAIM AND STATEMENT OF INTEREST** |

**MICHAEL LACEY'S VERIFIED**
**AMENDED CLAIM AND STATEMENT OF INTEREST**

Pursuant to 18 U.S.C. § 983(a)(4)(A), Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and this Court's May 8, 2020 Order (Doc. 106), Claimant Michael Lacey ("Claimant") submits this Amended Verified Claim asserting an ownership interest in seized property.

On June 1, 2020, the government filed a First Amended Consolidated Master Verified Complaint for Forfeiture (Doc. 108) ("Amended Complaint") seeking the forfeiture of, *inter alia*, $16,500,000.00 in bank funds seized from K&H Account '1210 ("Defendant Asset") (*see* Doc. 108, ¶¶ 43, 200, 201(a)-(e)), on the ground that the Defendant Asset is alleged to be "derived from or traceable to proceeds of one or more crimes defined as 'specified unlawful activity,' or 'SUA'; and/or involved in one or more

1  conspiracies to launder money, internationally launder money for promotion of one or
2  more SUA, and/or financial transactions involving illicit proceeds" in violation of 18
3  U.S.C. §§ 1956(c)(7)(A) (proceeds from SUA), 1956(a)(1)(B)(i) (concealment), 1957
4  (monetary transactions involving proceeds from SUA) and 1956(h) (conspiracy) (Doc.
5  108, ¶¶ 100, 101(a)-(c)).

6          Claimant hereby submits this Amended Verified Claim asserting a legal interest
7  in the entirety of the seized Defendant Asset.  Claimant is the Settlor (Creator) of an
8  irrevocable trust ("Binghamton Trust") for the benefit of his two children. The Trustee
9  of Binghamton Trust is Primus Trust Corporation in Hungary. The Defendant Asset is
10 owned by the Binghamton Trust for the benefit of the Claimant's children. Claimant,
11 as the Settlor of the Binghamton Trust, has a legal interest in the entirety of the funds
12 in the account in that, *inter alia*, Claimant is the United States owner of the Binghamton
13 Trust pursuant to the United States Internal Revenue Service. The Defendant Asset is
14 taxed to Claimant as the settlor of a foreign trust pursuant to Section 679 of the Internal
15 Revenue Code because (1) there is a direct transfer to the trust; (2) the transferor is a
16 U.S. person; (3) the trust is a foreign trust, and (4) the foreign trust has one or more
17 U.S. beneficiaries.   Official documents and records confirming this legal interest,
18 including tax returns and the trust documents, were produced to the government as
19 part of Claimant's Rule 16 Reciprocal Disclosures in the underlying criminal case
20 pending in the District of Arizona (*United States v. Lacey*, 18-CR-422-PHX-DLR) on or
21 about March 4, 2019.

22         Further, Claimant asserts that all or part of the Defendant Asset is not subject to
23 forfeiture because and/or to the extent that it is not the proceeds of specified unlawful
24 activity or the proceeds of or involved in money laundering.  Further, the forfeiture of
25 all or part of the Defendant Asset would constitute an Excessive Fine in violation of
26 the Eighth Amendment of the United States Constitution as recognized in, *inter alia*,
27 *United States v. Bajakajian*, 524 U.S. 321 (1998).

28

Pursuant to Rule E(8) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Claimant expressly limits his appearance to asserting and defending his Claim. Claimant reserves all rights to challenge the *in rem* jurisdiction of this Court and the propriety of venue in this action.  Claimant hereby claims a legal interest in the Defendant Asset "sufficient . . . to create a case or controversy" within the meaning of Article III of the United States Constitution.  *E.g., United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, CA*, 545 F.3d 1134, 1140 (9th Cir. 2008).

Dated: October 9, 2020                         Respectfully submitted,


                                                        *s/ Paul J. Cambria, Jr.*
                                                        Paul J. Cambria, Jr.
                                                        Lipsitz, Green, Scime, Cambria, LLP
                                                        Attorneys for Michael Lacey

MICHAEL LACEY'S VERIFIED
AMENDED CLAIM AND STATEMENT OF INTEREST

## **VERIFICATION OF CLAIM**

I, Michael Lacey, pursuant to 18 U.S.C. § 1746, declare under penalty of perjury that the foregoing is true and correct.

Executed on ⟨Oct 9 2020⟩

_____
Michael Lacey

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2020, I filed the foregoing with the United States District Court for the Central District of California using the CM/ECF system.

I hereby certify that on October 9, 2020, a copy of the foregoing was also delivered to the following via CM/ECF:


DANIEL BOYLE
U.S. Attorney's Office
Asset Forfeiture Section
312 North Spring Street
Lost Angeles, California 90012




*s/ Kristina Drewery*
Kristina Drewery

MICHAEL LACEY'S VERIFIED
AMENDED CLAIM AND STATEMENT OF INTEREST