Benjamin P. Lechman (CA-185729)
benlechman@hotmail.com
964 Fifth Avenue, #964
San Diego, CA 92101
Telephone: (619) 733-9789
Facsimile:  (888) 525-5789

Steven L. Kessler, *pro hac vice pending*
kesslerlawnyc@gmail.com
LAW OFFICES OF STEVEN L. KESSLER
747 Third Avenue, 20th Floor
New York, N.Y. 10017
Telephone: (212) 661-1500
Facsimile:  (914) 740-3365

*Attorneys for Proposed Claimants*
*Roarke Lacey and Colin Lacey*
*As Beneficiaries of the Binghamton Trust*

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 2:18-cv-08420-RGK (PJW) |
| Plaintiff, | NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE CLAIMS TO CERTAIN TRUST PROPERTY PURSUANT TO SUPPLEMENTAL RULE G AND THIS COURT'S SCHEDULING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION WITH EXHIBITS AND PROPOSED CLAIMS |
| vs. | |
| $1,546,076.35 In Bank Funds Seized From Republic Bank of Arizona Account '1889, *et al.*, | |
| Defendants. | |
| Roarke Lacy and Colin Lacey, | DATE:  December 21, 2020 |
| Proposed Claimants. | TIME:   9:00 A.M. LOCATION: Courtroom of the Honorable R. Gary Klausner |

PLEASE TAKE NOTICE that on December 21, 2020 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable R. Gary Klausner, United States District Court, Courtroom 850, 255 Temple Street, 7th Floor, Los Angeles, CA 90012, Proposed Claimants Roarke Lacey and Colin Lacey, as beneficiaries of the Binghamton Trust, owner of certain property named as an *in rem* defendant in this civil forfeiture action, will move for an Order, pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, 18 U.S.C. § 983(a)(4)(A), Rule C.4 of this Court's Local Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and this Court's Scheduling Order filed November 2, 2020 (Doc. 161), for leave to file Verified Claims, submitted herewith, asserting their legal, equitable and beneficial interests in an account owned by the Trust.

This motion is made following an email exchange between counsel pursuant to Local Rule 7-3, which took place on November 13, 2020.

This motion is based upon this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the attached Declaration of Benjamin P. Lechman and exhibits, including the proposed Verified Claims; and all pleadings and papers on file in this action.

Dated:          November 17, 2020

Respectfully submitted,

BENJAMIN P. LECHMAN

*/s/ Benjamin P. Lechman*
STEVEN L. KESSLER, *p.h.v. pending*

*Attorneys for Proposed Claimants*
*Roarke Lacey and Colin Lacey*

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE CLAIMS

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................ ii

INTRODUCTION ....................................................................................1

    The Property ...................................................................................2

    The Proposed Claimants....................................................................3

ARGUMENT ...........................................................................................5

1.    Relevant Civil Forfeiture Law and Legal Background ...................................5

2.    The Proposed Claimants Have a Legal, Equitable and Beneficial Interest in the Trust Property ........................................................................9

3.    The Proposed Claimants Were Required to Receive Direct Notice of the Government's Forfeiture Claim Against the Trust Property, But the Government Failed to Provide Them with Such Notice ...............................11

4.    This Court Has Discretion to Grant the Requested Relief ...........................13

5.    The Government Will Not Be Prejudiced If This Motion Is Granted...........15

CONCLUSION.......................................................................................18

# TABLE OF AUTHORITIES

## *CASES*

*Boddie v. Connecticut*, 401 U.S. 371 (1971) ............................................................. 6

*Fuentes v. Shevin*, 407 U.S. 67 (1972) ................................................................. 5-6

*Lavan v. City of Los Angeles*, 693 F.3d 1022 (9th Cir. 2012) ................................. 5

*Leonard v. Texas*, 580 U.S. __, 137 S. Ct. 847 (2017) (Thomas, J.)
    (statement respecting the denial of certiorari) ........................................ 6, 13

*Republic Nat'l Bank v. Miami*, 506 U.S. 80, 87 (1992) ........................................ 5

*Thulien v. Feight*, 2003 WL 1230294 (Cal. App. Mar. 18, 2003) ........................ 11

*United States v. 2006 Dodge Crew Cab Pickup Truck*, 2007 WL 2481930
    (E.D. Cal. Aug. 29, 2007) ................................................................... 16-17

*United States v. 2659 Roundhill Dr.*, 194 F.3d 1020 (9th Cir. 1999) .................. 14

*United States v. 4492 S. Livonia Rd.*, 889 F.2d 1258 (2d Cir. 1989) .................. 14

*United States v. $11,500 in U.S. Currency*, 710 F.3d 1006 (9th Cir. 2013) ........... 14

*United States v. $23,100 in U.S. Currency*, 20019 WL 3237508 (C.D. Cal.
    July 15, 2007) .............................................................................................. 7

*United States v. $38,000 in U.S. Currency*, 816 F.2d 1538 (11th Cir. 1987) .......... 12

*United States v. $1,181,895.00 in U.S. Currency*, 2015 WL 631394 (C.D. Cal.
    Feb. 12, 2015) ........................................................................................... 13

*United States v. Aguilar*, 782 F.3d 1101 (9th Cir. 2015) ..................................... 13

*United States v. All Assets Held at Bank Julius, Baer & Co., Ltd.*, 228 F. Supp. 3d 118 (D.D.C. 2017), *aff'd*, 2020 WL 1615870 (D.C. Cir. Apr. 2, 2020) .......10

*United States v. Bajakajian*, 524 U.S. 321 (1998)........................................5

*United States v. Basler Turbo-67 Conversion DC-3 Aircraft (1)*, 78 F.3d 595 (9th Cir. 1996)........................................................................11

*United States v. Djeredjian*, 532 F. App'x 734 (9th Cir. 2013) ................................9

*United States v. JP Morgan Chase Bank Account No. Ending 8215 in Name of Ladislao v. Samaniego, VL: $446,3777.36*, 835 F.3d 1159 (9th Cir. 2016)........................................................................9

*United States v. Lacey*, 18-CR-422-PHX-DLR (D. Ariz.) .........................................1

*United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139 (9th Cir. 2011)........................................................................16

*United States v. One Cadillac Seville*, 866 F.2d 1142 (9th Cir. 1989)....................13

*United States v. One H&K Semi-Automatic Pistol, Serial No. 2116432*, 2019 WL 6973518 (C.D. Cal. July 15, 2019) ................................15

*United States v. One Star Class Sloop Sailboat*, 458 F.3d 16 (1st Cir. 2006)............8

*United States v. Proceeds from the Sale of a Condo. Located at the Ritz Carlton in Los Angeles, California*, 2017 WL 10605199 (C.D. Cal. Apr. 5, 2017) ....................................................7

*United States v. Real Prop. Located in Venice CA*, 2013 WL 5421683 (C.D. Cal. Sept. 23, 2013) ..............................................14

*United States v. Real Prop. Located at 17 Coon Creek Rd., Hawkins Bar California, Trinity Cty.*, 787 F.3d 968 (9th Cir. 2015).................................14

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE CLAIMS

iii

*United States v. Real Properties Located at 7215 Longboat Drive (lot 24)*, 750 F.3d 968 (8th Cir. 2014) ...................................................................7, 12

*United States v. Real Property Located at 475 Martin Lane, Beverly Hills, CA*, 298 F. App'x 545, 549, 2008 WL 4596214 (9th Cir. Oct. 3, 2008) ........................3

*United States v. Real Property Located at 475 Martin Lane, Beverly Hills, CA*, 545 F.3d 1134 (9th Cir. 2008) .................................................................9

*United States v. Santoro*, 866 F.2d 1538 (4th Cir. 1989) ............10

*Various Items of Personal Property v. United States*, 282 U.S. 577 (1931) ............5

### *FEDERAL CONSTITUTION, STATUTES and RULES*

U.S. CONST. Art. III ...............................................................2, 9, 14

18 U.S.C. § 981(g) .........................................................................16

18 U.S.C. § 983(a) ...................................................................2, 7, 12

18 U.S.C. § 983(c) ...........................................................................3

28 U.S.C. § 1956 ..............................................................................3

28 U.S.C. § 1957 ..............................................................................3

Cal. Probate Code § 16060 ..............................................................11

Civil Asset Forfeiture Reform Act of 2000 (CAFRA) ...............................3

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G .................................................2, 3, 5-9, 12-15

Local Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, Rule C.4 .................................................................2, 7-9

Local Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, Rule C.5 .................................................................8

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE CLAIMS

Local Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions,
    Rule E.2 ........................................................................................................15

## *OTHER AUTHORITIES*

C. Rounds, I. Illés, *Is A Hungarian Trust A Clone of the Anglo-American
    Trust, or Just a Type of Contract?: Parsing the Asset Management
    Provisions of the New Hungarian Civil Code*, 6 Geo. Mason Int'l
    Com. L. 153 (Spring 2015)...................................................................... 10-11

S. Kessler, *Civil and Criminal Forfeiture: Federal and State Practice*,
    (Thomson Reuters 2020)……………………………………………………….9

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

In this civil forfeiture action and in a related criminal case pending in the District of Arizona, the government seeks to forfeit an unspecified amount and has seized or restrained tens of millions of dollars in hundreds of accounts and dozens of properties to satisfy this potentially limitless sum.  *See, e.g.*, *United States v. Lacey*, 18-CR-422-PHX-DLR (D. Ariz.), Superseding Indictment, Forfeiture Allegation One, ¶ 2(a); Forfeiture Allegation Two, ¶ 2(a) (seeking to forfeit "any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of" dozens of counts set forth in the indictment, totaling an unspecified amount, as well as all property that allegedly facilitated the laundering of such property as well as untainted property to the extent that such property is unavailable).

The government's initial civil forfeiture complaint, filed more than two years ago (Doc. 1, 9/28/18), has gradually expanded in length and scope, resulting most recently in a 90-page "First Amended Verified Complaint" (Doc. 108) ("Amended Complaint"), filed with Court leave in June of this year (Doc. 106). Thus, the government has had nearly two years to develop and consolidate its forfeiture claims from a variety of proceedings into the vast civil case that is now before this Court.

In recognition of this ongoing process, the parties submitted, and this Court approved, a Scheduling Order providing that, *inter alia*, "[a]ll motions to join other parties or to amend the pleadings shall be filed and served within fifteen (15) days of the date of this order."  (Doc. 161 at 1).  The scheduling Order sets forth a pretrial conference date of August 23, 2021.

---

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE CLAIMS

1

Pursuant to the Scheduling Order, Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G"), 18 U.S.C. § 983(a)(4)(A), and Rule C.4 of this Court's Local Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Local Admiralty Rules"), this motion seeks leave to file two Claims to one of the hundreds of properties sought to be forfeited by the government.

The Proposed Claimants – beneficiaries of an irrevocable trust that owns the property in issue – have a specific legal, equitable and beneficial interest in this property and thus are proper claimants pursuant to Article III and the applicable statutes and rules.  Further, the beneficiaries were never served with direct notice as required by law.  Thus, the government failed to comply with the applicable rules and statutes for service and the Proposed Claimants' time to file has not yet begun to run.  Accordingly, this motion should be granted and the proposed Claims should be accepted for filing.

## **The Property**

The property that is the subject of this motion is identified in the Amended Complaint as "[a]pproximately $16,500,000.00 in bank funds seized from K&H Account No. '1210 ("K&H '1210 Funds" or "Account 37"), held in the name of Primus Trust" ("the Trust Property").  Doc. 108 ¶ 43.

The Amended Complaint fails to specify whether all, part or even any of the Trust Property actually constitutes the proceeds of criminal activity or whether the funds were legally earned but were then allegedly 'involved in' some form of money laundering by being combined or associated with criminal proceeds, either in whole or in part.  See Doc. 108 ¶¶100, 101(a)-(c), 200, 201(a)-(e) (alleging that all property sought to be forfeited was "derived from or traceable to proceeds of

one or more crimes defined as 'specified unlawful activity,' or 'SUA'; and/or involved in one or more conspiracies to launder money, internationally launder money for promotion of one or more SUA, and/or financial transactions involving illicit proceeds" in violation of 18 U.S.C. §§ 1956(c)(7)(A) (proceeds from SUA), 1956(a)(1)(B)(i) (concealment), 1957 (monetary transactions involving proceeds from SUA) and 1956(h) (conspiracy)).  The Verified Complaint makes these identical broad-brush allegations with respect to each of the hundreds of accounts and properties sought to be forfeited.

It will be the government's burden at trial, and in opposition to any summary judgment motions, to demonstrate by a preponderance of *admissible* evidence that the Trust Property is subject to forfeiture under a specific legal theory and under the heightened proof requirements imposed by the Civil Asset Forfeiture Reform Act of 2000 (CAFRA).  *See* 18 U.S.C. § 983(c)(1); Rule G(2)(f) (forfeiture complaint must, *inter alia*, "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial"); *United States v. Real Property Located at 475 Martin Lane, Beverly Hills*, 298 F. App'x 545, 549, 2008 WL 4596214, *2 (9th Cir. Oct. 3, 2008) (affirming summary judgment for claimant where "the government lacked admissible evidence to support its case").  Further, to the extent that the government seeks to forfeit the Trust Property as property "involved in" criminal activity, CAFRA further requires the government to prove that there was a "substantial connection between the property and the offense." *Id.* § 983(c)(3).

## **The Proposed Claimants**

As set forth under oath in their Proposed Verified Claims submitted herewith, the Proposed Claimants Roarke Lacey and Colin Lacey are the sole

beneficiaries of an irrevocable trust ("Binghamton Trust").  See Lechman Declaration, Exhibits "A" and "B".

The Settlor and the United States owner of the Binghamton Trust is Claimant Michael Lacey.  The Trustee of the Binghamton Trust is Primus Trust in Hungary.  The Defendant Asset is owned by Binghamton Trust for the Proposed Claimants' benefit.  The Proposed Claimants, as beneficiaries of the Binghamton Trust, have a legal, beneficial, and equitable interest in the entirety of the Trust Property under both Hungarian law and United States law, including the law of California. Thus, the Proposed Claimants have the right to challenge the government's allegations that the Trust Property is the proceeds of and/or involved in criminal activity.

Supporting documents evidencing this interest, including the trust documents, were produced to the government as part of Michael Lacey's Rule 16 Reciprocal Disclosures in the Arizona criminal proceeding on or about March 4, 2019.  Thus, the government has had information regarding the Proposed Claimants' interest in the Trust Property for at least 20 months.  A copy of the Trust document produced to the government, including the "Annex 2" setting forth the beneficiaries of the Trust, is submitted herewith as Exhibit "C" to the Lechman Declaration.  Further, on May 24, 2019, in his Certificate and Notice of Interested Parties, filed in connection with his Claim to this asset, Michael Lacey identified both Roarke Lacey and Colin Lacey as "Potential Claimants."  A copy of the Notice is attached herewith as Ex. D to the Lechman Declaration.

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE CLAIMS

4

## **ARGUMENT**

### **1.  Relevant Civil Forfeiture Law and Legal Background**

Federal civil forfeiture law is founded on the legal fiction that the property itself is guilty.  It is an *in rem* proceeding brought directly against the property, which is named as a defendant.  *E.g.*, *United States v. Bajakajian*, 524 U.S. 321, 330 (1998) ("The theory behind such forfeitures was the fiction that the action was directed against 'guilty property,' rather than against the offender himself") (citing *Various Items of Personal Property v. United States*, 282 U.S. 577, 581 (1931) ("[I]t is the property which is proceeded against, and, by resort to a legal fiction, held guilty and condemned as though it were conscious instead of inanimate and insentient")).  *In rem* jurisdiction is obtained by actual or constructive seizure of the property sought to be forfeited.  *Republic Nat'l Bank v. Miami*, 506 U.S. 80, 87 (1992) ("the court must have actual or constructive control of the *res* when an *in rem* forfeiture is initiated").

A civil forfeiture complaint must be verified, set forth with particularity the grounds for forfeiture of each property, describe and specify the location of each property, identify the statutes under which forfeiture of each property is sought and "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial" with respect to each property sought to be forfeited.  Rule G(2)(a)-(f).

Because federal civil forfeiture strips all potential claimants of any interest in the property, notice requirements are crucial in ensuring that the proceeding is legitimate and does not violate the due process rights of property owners.  *See*, *e.g.*, *Fuentes v. Shevin*, 407 U.S. 67, 86 (1972) ("Any significant taking of property . . . is within the purview of the Due Process Clause"), *quoted in Lavan v. City of Los*

*Angeles*, 693 F.3d 1022 (9th Cir. 2012).  This principle is applied "broadly to extend protection to 'any significant property interest.'" *Fuentes*, 407 U.S. at 86 (quoting *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971)).  There are some, including Supreme Court Justice Clarence Thomas, who believe that civil forfeiture is unconstitutional even where adequate notice is provided.  *See Leonard v. Texas*, 580 U.S. __, 137 S. Ct. 847, 848-49 (2017) (Thomas, J.) (statement respecting the denial of certiorari) (questioning whether "modern civil-forfeiture statutes can be squared with the Due Process Clause and our Nation's history," discussing how this "system" has "led to egregious and well-chronicled abuses" and stating that "'[o]ne unaware of the history of forfeiture laws and 200 years of this Court's precedent regarding such laws might well assume that such a scheme is lawless – a violation of due process'" (citing *Bennis v. Michigan*, 516 U.S. 442, 454 (1996) (Thomas, J., concurring))).

Thus, Rule G sets forth extensive notice requirements for the government to apprise potential claimants of the forfeiture proceedings.  To ensure that the government obtains clear title against all potential claimants, it is required to provide publication notice.  Rule G(4)(a)(i)-(iv).

Further, "[t]he government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)."  Rule G(4)(i).

The notice must comply with the formal requirements of the rule, including "the date when the notice is sent," "a deadline for filing a claim, at least 35 days after the notice is sent," "that an answer or a motion under Rule 12 must be filed

---

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE CLAIMS

no later than 21 days after filing the claim" and "the name of the government attorney to be served with the claim and answer."  Rule G(4)(ii)(A)-(D).

Where direct notice is required, publication notice is insufficient to permit the deprivation of a property interest.  *See*, *e.g.*, 18 U.S.C. § 983(a)(4) (a "claim may be filed not later than 30 days after the date of *service* of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint" (emphasis added)).  As the Court of Appeals for the Eighth Circuit stated:

> The question we must answer, then, is whether the Estate 'reasonably appear[ed] to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B).' If the answer is yes, then the government was required to directly notice the Estate – published notice was insufficient – and therefore Claimants' claims have not been filed out of time because to this day they have not been served properly.

*United States v. Real Properties located at 7215 Longboat Drive (Lot 24)*, 750 F.3d 968, 973 (8th Cir. 2014) (citing 18 U.S.C. § 983(a)(4)(A); Rule G(4)(b)(i)); *see also United States v. Proceeds from the Sale of a Condo. Located at the Ritz Carlton in Los Angeles, California*, 2017 WL 10605199, at *1 (C.D. Cal. Apr. 5, 2017) ("Known potential claimants must receive both notice and a copy of the complaint. Supp. R. G(4)(b)(i).").

Because of the importance of notice and the consequences of civil forfeiture, the Local Admiralty Rules added another requirement.  "Local Admiralty Rule C.4(a) also requires notice by publication and direct notice by first-class mail to persons known to have an interest in the property." *United States v. $23,100 in U.S. Currency*, 2019 WL 3237508, at *2 (C.D. Cal. July 15, 2019).

Similarly, Rule G make clear that actual notice of the civil forfeiture action is not a substitute for direct notice.  Pursuant to Rule G(4)(b)(v), "[a] potential claimant who had actual notice of a forfeiture action may not oppose or seek relief from forfeiture *because of* the government's failure to send the required notice" (emphasis added).  Thus, a potential claimant's actual knowledge of the forfeiture action only bars a due process challenge to the government's failure to provide direct notice; it does not provide a basis for the government to obtain a default judgment.  *See*, *e.g.*, *United States v. One Star Class Sloop Sailboat*, 458 F.3d 16, 22 (1st Cir. 2006) ("A putative claimant's actual knowledge of a forfeiture proceeding can defeat a subsequent due process challenge, even if the government botches its obligation to furnish him with notice.")

This Court's Local Admiralty Rules make this clear.  Where a party is known to have a potential interest in the property sought to be forfeited, neither publication notice nor actual notice is sufficient to support a judgment on default or a motion to strike for late filing:

> A party seeking a default judgment in an action in rem must show that due notice of the action and arrest of the property has been given: (1) by publication as required in Local Admiralty Rule C.3; (2) by service upon the master or other person having custody of the property; *and* (3) *by first-class mail to every other person who has not appeared in the action and is known to have an interest in the property.*

Local Admiralty Rule C.4(a) (emphasis added); *see also id.* C.5 ("After the time for filing an answer has expired, the plaintiff may apply for entry of default . . .

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE CLAIMS

upon showing that: (a) Notice has been given as required by Local Admiralty Rule C.4(a) . . . (d) No one has appeared to claim the property.").

In sum, the government cannot forfeit the property interest of a person who was entitled to direct notice pursuant to Rule G unless such notice has been provided and the person thereafter failed to file a claim.

## 2. The Proposed Claimants Have a Legal, Equitable and Beneficial Interest in the Trust Property

"To satisfy constitutional standing requirements under Article III, a claimant contesting the government's civil forfeiture action must show sufficient interest in the property to create a case or controversy." *United States v. JP Morgan Chase Bank Account No. Ending 8215 in Name of Ladislao v. Samaniego, VL: $446,377.36*, 835 F.3d 1159, 1164 (9th Cir. 2016) (citations and quotations omitted). At the pleading stage, "[a] claimant need demonstrate only a colorable interest in the property, for example, by showing actual possession, control, title, or financial stake." *United States v. Real Property Located at 475 Martin Lane*, 545 F.3d 1134, 1140 (9th Cir. 2008). *See generally* S. Kessler, *Civil & Criminal Forfeiture: Federal and State Practice*, § 2A:6.50, Standing Issues (Thomson Reuters 2020).

Beneficiaries of an irrevocable trust, like the Proposed Claimants herein, have a financial stake in the outcome of a proceeding to forfeit trust property. Accordingly, a beneficiary's interest in trust property is an enforceable property right recognized by the courts to confer standing. *See*, *e.g.*, *United States v. Djeredjian*, 532 F. App'x 734, 735 (9th Cir. 2013) ("The Court finds that Laura Preston has constitutional standing to assert an interest in the Securities. In her Petition, Laura Preston asserts that she is the beneficiary of the Trust Account and

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE CLAIMS

9

therefore has an interest in property held by the Trust Account . . . . This is a sufficient 'colorable claim' on the Securities, which are held by the Trust Account . . . . She therefore alleges that the forfeiture of the Securities will cause a loss to the Trust Account and that the loss is redressable by returning the Securities to the Trust Account"); *see also United States v. Santoro*, 866 F.2d 1538, 1545 (4th Cir. 1989) ("Because we find that the children were beneficial owners of one-half of the property, they did have standing to challenge the forfeiture of their interest. Thus, we reverse the district court's order dismissing their claims and remand for further proceedings in accordance with this opinion").

Indeed, in the District Court decision affirmed by the D.C. Circuit in the case primarily relied upon by the government in support of its motion to strike Michael Lacey's Claim to the Trust Property as settlor and U.S. owner of the Trust, the court upheld the beneficiaries' rights to file late answers – eleven years later – to the forfeiture complaint, affirming their standing to challenge the forfeiture of the trust property. *United States v. All Assets Held at Bank Julius, Baer & Co., Ltd.*, 228 F. Supp. 3d 118, 125-26 (D.D.C. 2017), *aff'd*, 2020 WL 1615870 (D.C. Cir. Apr. 2, 2020).

While there does not appear to be a reported case construing a beneficiary's interest in a Hungarian trust, secondary sources analyzing Hungary's trust law, enacted in 2013-2014, have concluded that beneficiaries of such trusts have an enforceable property interest in trust property.  *See*, *e.g.*, C. Rounds, I. Illés, *Is A Hungarian Trust A Clone of the Anglo-American Trust, or Just a Type of Contract?: Parsing the Asset Management Provisions of the New Hungarian Civil Code*, 6 Geo. Mason J. Int'l Com. L. 153, 166 (Spring 2015) (a "beneficiary has an interest in the very property that is the subject of [the trust]").

---

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE CLAIMS

10

Further, Hungarian trust beneficiaries have similar rights and powers of U.S. trust beneficiaries, such as the right to regular updates regarding the status of trust property and the right to petition the court for equitable relief in the event of a wrongful transfer of trust property. *Id.* at 163-64; *cf.* Cal. Probate Code §16060 (authorizing trust beneficiaries to receive status updates and to enforce their rights by filing a probate court petition); *Thulien v. Feight*, 2003 WL 1230294, at *3 (Cal. App. Mar. 18, 2003) ("Theron, as a descendant beneficiary of the Trust, has standing to seek Ronald's removal as trustee of the Trust . . . . And Theron has standing to challenge Ronald's appointment as special administrator of Robert's estate because that estate claims property that the Trust, through Ronald as trustee, also claims").

As the Ninth Circuit has noted, a right of action for deprivation of property "surely is a sufficient legal interest to give [the claimant] standing to contest the forfeiture of [the property]." *United States v. Basler Turbo-67 Conversion DC-3 Aircraft (1)*, 78 F.3d 595 (9th Cir. 1996).

In sum, as the sole beneficiaries to the Trust Property, the Claimant Beneficiaries have an interest in the Trust Property sufficient to confer standing.

### 3. The Proposed Claimants Were Required to Receive Direct Notice of the Government's Forfeiture Claim Against the Trust Property, But the Government Failed to Provide Them with Such Notice

More than twenty months ago, the government was provided with all of the documentation necessary to determine all those who have an interest in the Trust Property. The Trust documents expressly set forth the Proposed Claimants' interest in the Trust Property as the sole beneficiaries of the Binghamton Trust. This documentation also set forth the U.S. agents for the trustee and the

beneficiaries of the Trust.  Yet, the government has never served any of these individuals or entities with the notice required by Rule G(5), 18 U.S.C. § 983(a)(4)(A) and this Court's Local Admiralty Rules.

As demonstrated above, these provisions require the government to provide written notice and a copy of the complaint to "any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim." Rule G(4)(i).  This is mandatory and failure to comply is not excused by publication notice or actual notice.

The foregoing law and procedural history demonstrate that the government has had sufficient facts since at least March 4, 2019 to determine that the Proposed Claimants were "potential claimants" within the meaning of Rule G and were therefore entitled to direct notice of the government's intent to seek the forfeiture of the Trust Property.  See Lechman Decl. Ex. "C".  Michael Lacey then told them precisely the same thing in the Notice accompanying his claim to this asset which was filed two months later.  *Id.* Ex. "D".

Thus, as the Eighth Circuit held in *United States v. Real Properties located at 7215 Longboat Drive (Lot 24)*, *supra*, "the government did not comply with the notice regime laid out in Supplemental Rule G. Accordingly, the Claimants' verified claims . . . are not untimely because the time for filing a claim has not yet begun to run."  750 F.3d at 974.

As that decision noted, "forfeitures are not favored in the law and it is also well-established that forfeiture statutes are strictly construed against the government." *Id.* (citing, *inter alia*, *United States v. $38,000 in U.S. Currency*, 816 F.2d 1538, 1547 (11th Cir.1987) ("If anything, the burden on the government to adhere to the procedural rules should be heavier than on claimants" (citations

and internal quotations omitted))).  Indeed, regarding the severity of civil forfeiture, Justice Thomas has noted that "there is some evidence that the government was historically required to prove its [civil forfeiture] case beyond a reasonable doubt." *Leonard v. Texas, supra,* at *6.

Further, the Scheduling Order expressly extended the Proposed Claimants' time to file a motion for leave to file their Claims to the date of this motion.

Accordingly, the Proposed Claimants' should be granted leave to file proposed Claims submitted herewith.

### 4.  This Court Has Discretion to Grant the Requested Relief

In addition to the above serving as the legal basis entitling the Proposed Claimants to file their Claims, this Court has discretion to grant this motion.  While a potential claimant's obligation to timely file a claim that complies with the formal requirements of Rule G is often referred to as "statutory standing," in fact, as the Ninth Circuit has recognized, "statutory standing . . . unlike constitutional standing, is not jurisdictional."  *United States v. Aguilar*, 782 F.3d 1101, 1109 n.9 (9th Cir. 2015) (citations and internal quotations omitted); *see United States v. $1,181,895.00 in U.S. Currency*, 2015 WL 631394, at *2 (C.D. Cal. Feb. 12, 2015) ("A claimant may satisfy the requirement of statutory standing by filing a claim and answer." (citing *United States v. One Cadillac Seville*, 866 F.2d 1142, 1148 (9th Cir. 1989) (claimant met "initial test of standing" by filing a claim))).

As the Ninth Circuit explained:

> This circuit and others have stated that standing to contest a forfeiture action can be conditioned on 'strict compliance with filing requirements.'  Nevertheless, the term 'standing' is something of a misnomer, as 'courts have "discretion to

> overlook the failure to conform to the requirements of [forfeiture claim rules].'"

*United States v. Real Prop. Located at 17 Coon Creek Rd., Hawkins Bar California, Trinity Cty.*, 787 F.3d 968, 974 (9th Cir. 2015) (quoting *United States v. $11,500.00 in U.S. Currency,* 710 F.3d 1006, 1012 (9th Cir. 2013) (quoting *United States v. 2659 Roundhill Dr.,* 194 F.3d 1020, 1024 (9th Cir. 1999) (alteration in original)); citing *United States v. 4492 S. Livonia Rd.,* 889 F.2d 1258, 1262 (2d Cir. 1989) (excusing technical noncompliance with procedural rules governing filing of claims on ground that claimant made sufficient showing of interest in property)).

The primary factor to be considered by the Court in exercising that discretion is whether the potential claimant has demonstrated a legal interest in the property and thus established Article III standing.  Thus, even where a claimant has failed to timely respond to Rule G special interrogatories, the Ninth Circuit has excused such noncompliance where the claimant's Article III standing is undisputed because "the distinction between Article III standing and statutory standing is easily blurred."  *United States v. Real Prop. Located at 17 Coon Creek Rd.*, *supra*, 787 F.3d at 976.

Even where a claimant failed to file any claim or answer despite receiving direct notice of the forfeiture, and later filed motions for intervention, consolidation and judgment on the pleadings, the Court denied the motion without prejudice subject to the claimant filing verified claims and answers within 21 days of the court's ruling.  *United States v. Real Prop. Located in Venice CA*, 2013 WL 5421683, at *2 (C.D. Cal. Sept. 23, 2013).

---

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE CLAIMS

Further, by exercising discretion in favor of permitting legitimate claimants to be heard, the Court reflects the fact that "the Federal Rules of Civil Procedure express a policy in favor of decisions on the merits." *United States v. One H&K Semi-Automatic Pistol, Serial No. 2116432*, 2019 WL 6973518, at *4 (C.D. Cal. July 15, 2019).

In addition, this Court's Local Admiralty Rules reflect a policy of avoiding dismissals of legitimate claims for technical defects filed by entities such as corporations. *See*, *e.g.*, Local Admiralty Rule E.2 ("A verification not made by a party or authorized corporate officer will be deemed to have been made by the party as if verified personally.").

In sum, regardless of whether the government was required to provide the Proposed Claimants with direct notice or whether the government complied with those requirements, the relevant facts and law favor the Court exercising its discretion to grant this motion and permit the Proposed Claimants' Verified Claims to the Trust Property to be litigated on their merits.

### 5. The Government Will Not Be Prejudiced if This Motion is Granted

The government cannot reasonably claim prejudice if this motion is granted and the Proposed Claimants filed their Verified Claims to the Trust Property at this point in the litigation. As the Scheduling Order confirms, this case is still at the pleading stage. No discovery has taken place. Rule G Special Interrogatories are a pleading aid relating solely to standing, not a discovery device.

Notably, although this case has been pending in some form for more than two years, it has been stayed for the lion's share of that period. And the government has had those two years to finalize and consolidate its forfeiture case.

Further, with the trial of the Arizona criminal proceeding still in the future, this case is likely to be stayed again, once motions such as this and other pleading-related motions are decided and the parties are finalized. *See* 18 U.S.C. § 981(g); *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1152 (9th Cir. 2011).

In addition, the government has known of the Proposed Claimants' interest in the Trust Property since at least March 2019 and claims have already been filed to Trust Property by Michael Lacey, as Settlor, identifying the Proposed Claimants as having an interest in the Trust Property. See Lechman Decl. Ex. "D".

These facts demonstrate that the primary rationales for strict compliance with civil forfeiture claim filing requirements – "so that the court may hear all interested parties and resolve the dispute without delay [and to] 'minimize the danger of false claims by requiring claims to be verified" – are not implicated here. *United States v. 2006 Dodge Crew Cab Pickup Truck*, 2007 WL 2481930, at *2 (E.D. Cal. Aug. 29, 2007) (quoting *United States v. $487,825.00 in U.S. Currency*, 484 F.3d 662 (3rd Cir. 2007)).

The court's reasoning in *2006 Dodge Crew Cab Pickup Truck* is applicable here:

> Claimant argues that this motion should be denied because the United States has not been prejudiced by the delay:
>
>> Plaintiff has not shown any actual prejudice arising from Claimant's failure to serve and file the responsive pleadings . . . Plaintiff has had constructive and actual knowledge of Claimant's identity and the facts supporting his claim of ownership since the inception of this proceeding and the actual seizure of Claimant's motor vehicle.

> The United States replies that there is no basis to excuse or otherwise justify the late-filed claim. The United States contends that the correct procedure would be to strike the Answer, allow the United States to obtain a default against Claimant and then place the burden on the Claimant to move to set aside the default.
>
> The United States' protestations of prejudice due to the delay in complying with Ms. Hamilton-Borchers' agreement to allow Claimant to file a properly verified Claim and a properly verified Answer ring hollow when the Scheduling Order is examined. Jury trial is set for December 9, 2008, nondispositive motions are due by July 25, 2008 and dispositive motions are due by August 26, 2008. Although Mr. Candelaria must timely comply with applicable rules and court orders, the failure to do so here was the result of carelessness on his part. The record is clear that the United States has been aware of Claimant and his Claim for months. To proceed as the United States suggests will be a waste of valuable judicial time for the probable result that the default will be set aside. Further, this is not a situation in which no timely claim was filed or filed very late in the proceedings.

*United States v. 2006 Dodge Crew Cab Pickup Truck*, 2007 WL 2481930, at *3.

The government will not be prejudiced by permitting the Proposed Claimants to file their Verified Claims. Accordingly, this Court should grant this motion.

/

/

/

/

/

/

/

---

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE CLAIMS

17

## **CONCLUSION**

For these reasons, the Proposed Claimants' motion for leave to file Verified Claims to the Trust Property should be granted.

Dated:  November 17, 2020                    Respectfully submitted,

                                                                         */s/ Benjamin P. Lechman*
                                                                         Benjamin P. Lechman

                                                                         Steven L. Kessler, *pro hac vice pending*

                                                                         *Attorneys for Movants*
                                                                         *Roarke Lacey and Colin Lacey*

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE CLAIMS

18

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 17, 2020, I filed the foregoing with the United States District Court for the Central District of California using the CM/ECF system.

I hereby certify that on November 17, 2020, a copy of the foregoing was also delivered to the following via CM/ECF:

DANIEL BOYLE
U.S. Attorney's Office
Asset Forfeiture Section
312 North Spring Street
Los Angeles, California 90012

*/s/ Benjamin P. Lechman*
Benjamin P. Lechman

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE CLAIMS

19

Benjamin P. Lechman (CA-185729)
benlechman@hotmail.com
964 Fifth Avenue, #964
San Diego, CA 92101
Telephone: (619) 733-9789
Facsimile: (888) 525-5789

Steven L. Kessler, *pro hac vice pending*
kesslerlawnyc@gmail.com
LAW OFFICES OF STEVEN L. KESSLER
747 Third Avenue, 20th Floor
New York, N.Y. 10017
Telephone: (212) 661-1500
Facsimile: (914) 740-3365

*Attorneys for Proposed Claimants*
*Roarke Lacey and Colin Lacey*
*As Beneficiaries of the Binghamton Trust*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 2:18-cv-08420-RGK (PJW) |
| Plaintiff, | **DECLARATION IN SUPPORT OF CLAIMANTS' MOTION FOR LEAVE** |
| vs. | |
| $1,546,076.35 In Bank Funds Seized From Republic Bank of Arizona Account '1889, *et al.*, | |
| Defendants. | |

Benjamin P. Lechman, an attorney admitted to practice before this Court, hereby declares under penalty of perjury and pursuant to 28 U.S.C. § 1746:

1. I am counsel for Proposed Claimants Roarke Lacey and Colin Lacey, as Beneficiaries of the Binghamton Trust, the owner of an account sought to be forfeited by the government in this civil forfeiture proceeding ("the Trust Property"). I submit

this Declaration in support of the motion of the Proposed Claimants for leave to file Verified Claims to the Trust Property.

2.  Attached as Exhibit "A" is the Proposed Verified Claim of Roarke Lacey to the Trust Property.

3.  Attached as Exhibit "B" is the Proposed Verified Claim of Colin Lacey to the Trust Property.

4.  Attached as Exhibit "C" is a true copy of the Binghamton Trust documents, previously provided to the government on or about March 4, 2019 as part of Claimant's Rule 16 Reciprocal Disclosures in the underlying criminal case pending in the District of Arizona (United States v. Lacey, 18-CR-422-PHX-DLR).

5.  Attached as Exhibit "D" is a true copy of a Certificate and Notice of Interested Parties, filed by Michael Lacey on May 24, 2019 in connection with his Claim to the Trust Property, which identified both Roarke and Colin Lacey as "Potential Claimants."

Dated: November 17, 2020          Respectfully submitted,


                                  *s/ Benjamin P. Lechman.*
                                  Benjamin P. Lechman
                                  Counsel for Proposed Claimants

DECLARATION IN SUPPORT OF CLAIMANTS' MOTION FOR LEAVE

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2020, I filed the foregoing with the United States District Court for the Central District of California using the CM/ECF system.

I hereby certify that on November 17, 2020, a copy of the foregoing was also delivered to the following via CM/ECF:


DANIEL BOYLE
U.S. Attorney's Office
Asset Forfeiture Section
312 North Spring Street
Lost Angeles, California 90012


*/s/ Benjamin P. Lechman*
Benjamin P. Lechman

DECLARATION IN SUPPORT OF CLAIMANTS' MOTION FOR LEAVE