# EXHIBIT C (redacted)



## ATTORNEYS AT LAW
### A Professional Limited Liability Company

■ ■ ■

John R. Becker, Esq.

Certified Tax Law Specialist
Certified Estate and Trust Law Specialist
Fellow, The American College of Trust and Estate Counsel

5 September 2018

<u>Certified Mail</u>
<u>Return Receipt Requested</u>
<u>No. 7017 2400 0000 9101 1731</u>

Internal Revenue Service Center
Post Office Box 409101
Ogden, Utah 84409

    *Re:*    ***Binghamton Trust***

Dear Madam or Sir:

    On behalf of the above-referenced Trust, enclosed is the 2017 Form 3520-A, *Annual Information Return of Foreign Trust with a U.S. Owner.* Please note no this return is on extension until 17 September 2018. There is no tax due with this filling.

    If you have any questions regarding this matter, please contact me.

Yours very truly,

John R. Becker

JRB:sjr
Enclosure
cc:  Mr. Michael G. Lacey
     Edwin Hsu, CPA

P:\__Clients\Lacey, Michael\CORR\IRS w 17 3520A.doc

7025 East Greenway Parkway • Suite 800 • Scottsdale, Arizona 85254
Telephone:  480.240.4020 • Facsimile:  480.240.4021
E-mail: john@beckerandhouse.com • Website:  www.beckerandhouse.com

Form **3520-A**

Department of the Treasury
Internal Revenue Service

## Annual Information Return of Foreign Trust With a U.S. Owner
### (Under section 6048(b))
▶ Go to www.irs.gov/Form3520A for instructions and the latest information.

OMB No. 1545-0160

**2017**

**Note:** *All information must be in English. Show all amounts in U.S. dollars.*

For calendar year 2017, or tax year beginning _____ , 2017, ending _____ , 20 _____

Check appropriate boxes: [X] Initial return   [ ] Final return   [ ] Amended return

Check if any excepted specified foreign financial assets are reported on this form (see instructions) . . . . . . . . . . . [ ]

**Part I    General Information** (see instructions)

| 1a  Name of foreign trust | b(1)  Employer identification number |
|---|---|
| Binghampton Trust | N/A |

c  Number, street, and room or suite no. (if a P.O. box, see instructions)   |   b(2)  Reference ID number (see instructions)

7025 E. Greenway Parkway #800

| d  City or town | e  State or province | f  ZIP or foreign postal code | g  Country |
|---|---|---|---|
| Scottsdale | ARIZONA | 85254 | United States |

**2** Did the foreign trust appoint a U.S. agent (defined in the instructions) who can provide the IRS with all the relevant trust information? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [X] Yes  [ ] No
If "Yes," skip lines 2a through 2e and go to line 3.
If "No," you are required to attach a copy of all trust documents as indicated below. If these documents have been attached to a Form 3520-A filed within the previous 3 years, attach only relevant updates.

| Have you attached a copy of: | Yes | No | Attached Previously | Year Attached |
|---|---|---|---|---|
| a  Summary of all written and oral agreements and understandings relating to the trust? . . | [ ] | [ ] | [ ] | _____ |
| b  The trust instrument? . . . . . . . . . . . . . | [ ] | [ ] | [ ] | _____ |
| c  Memoranda or letters of wishes? . . . . . . . | [ ] | [ ] | [ ] | _____ |
| d  Subsequent variances to original trust documents? . | [ ] | [ ] | [ ] | _____ |
| e  Other trust documents? . . . . . . . . . . . | [ ] | [ ] | [ ] | _____ |

| 3a  Name of U.S. agent | b  Identification number |
|---|---|
| John R. Becker | |

c  Number, street, and room or suite no. (if a P.O. box, see instructions)

7025 E. Greenway Parkway #800

| d  City or town | e  State or province | f  ZIP or postal code | g  Country |
|---|---|---|---|
| Scottsdale | AZ | 85254 | United States |

| 4a  Name of trustee | b  Identification number, if any |
|---|---|
| Primus Trust Corp. | |

c  Number, street, and room or suite no. (if a P.O. box, see instructions)

2616 Csomad Verebeshegy Str. 11

| d  City or town | e  State or province | f  ZIP or postal code | g  Country |
|---|---|---|---|
| Budapest | | | Hungary |

**5** Did the trust transfer any property (including cash) to another person (see instructions for definition) during the tax year? If "Yes," attach statement (see instructions) . . . . . . . . . . . . . . . . . . . . . . . [ ] Yes  [X] No

**6** Enter the number of **Foreign Grantor Trust Owner Statements** (page 3) included with this Form 3520-A . . ▶ One

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including any accompanying reports, schedules, or statements, and to the best of my knowledge and belief, it is true, correct, and complete

▶ Trustee's Signature

Title ▶ members of board

Date ▶ 30/08/2018

**Paid Preparer Use Only**

| Print/Type preparer's name | Preparer's signature | Date  5 Sept 2018 | Check [ ] if self-employed | PTIN |
|---|---|---|---|---|
| John R Becker Esq. | | | | |

Firm's name ▶ Becker & House, PLLC

Firm's EIN ▶

Firm's address ▶ 7025 E. Greenway Parkway Suite 800, Scottsdale, AZ 85254

Phone no ▶

For Paperwork Reduction Act Notice, see instructions.

HTA

Form **3520-A** (2017)

dr. Menyhei Ákos

Pálmai-Pallag Dávid

**Primus Trust**
Bizalmi Vagyonkezelő Zrt.
1023 Budapest, Szépvölgyi út 6.
Adószám: 25051845-2-41
4.

**DEFLACEY000002**

Form 3520-A (2017)          Binghampton Trust                                                    N/A          Page **2**

## Part II — Foreign Trust Income Statement
Enter totals from books and records of foreign trust (see instructions)

| | | | |
|---|---|---|---:|
| **Income** | 1 | Interest | |
| | 2 | Dividends | |
| | 3 | Gross rents and royalties | |
| | 4 | Income (loss) from partnerships and fiduciaries | |
| | 5 | Capital gains: | |
| | a | Net short-term capital gain (loss) | |
| | b | Net long-term capital gain (loss) | |
| | 6 | Ordinary gains (losses) | 660,312 |
| | 7 | Other income (attach statement) | |
| | 8 | Total income (add lines 1 through 7) | 660,312 |
| **Expenses** | 9 | Interest expense | |
| | 10a | Foreign taxes (attach statement) | |
| | b | State and local taxes | 58,817 |
| | 11 | Amortization and depreciation (depletion) | |
| | 12 | Trustee and advisor fees | 227,545 |
| | 13 | Charitable contributions | |
| | 14 | Other expenses (attach statement) | |
| | 15 | Total expenses (add lines 9 through 14) | 286,362 |
| | 16 | Net income (loss) (subtract line 15 from line 8) | 373,950 |
| | 17a | Enter the fair market value (FMV) of total distributions from the trust to all persons, whether U.S. or foreign ▶ | |
| | b | Distributions to U.S. owners: | |

| (i) Name of owner | (ii) Identification number | (iii) Date of distribution | (iv) FMV |
|---|---|---|---|
| | | | |
| | | | |

c  Distributions to U.S. beneficiaries:

| (i) Name of beneficiary | (ii) Identification number | (iii) Date of distribution | (iv) FMV |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

## Part III — Foreign Trust Balance Sheet

| | Assets | Beginning of Tax Year (a) | (b) | End of Tax Year (c) | (d) |
|---|---|---|---|---|---:|
| 1 | Cash | | | | 432,239 |
| 2 | Accounts receivable | | | | |
| 3 | Mortgages and notes receivable | | | | 16,000,000 |
| 4 | Inventories | | | | |
| 5 | Government obligations | | | | |
| 6 | Other marketable securities | | | | |
| 7 | Other nonmarketable securities | | | | |
| 8a | Depreciable (depletable) assets | | | | |
| b | Less: accumulated depreciation (depletion) | | 0 | | 0 |
| 9 | Real property | | | | |
| 10 | Other assets (attach statement) | | | | 632,288 |
| 11 | Total assets | | 0 | | 17,064,527 |
| | **Liabilities** | | | | |
| 12 | Accounts payable | | | | 58,823 |
| 13 | Contributions, gifts, grants, etc., payable | | | | |
| 14 | Mortgages and notes payable | | | | |
| 15 | Other liabilities (attach statement) | | | | 131,754 |
| 16 | Total liabilities | | 0 | | 190,577 |
| | **Net Worth** | | | | |
| 17 | Contributions to trust corpus | | | | 16,500,000 |
| 18 | Accumulated trust income | | | | 373,950 |
| 19 | Other (attach statement) | | | | |
| 20 | Total net worth (add lines 17 through 19) | | 0 | | 16,873,950 |
| 21 | Total liabilities and net worth (add lines 16 and 20) | | 0 | | 17,064,527 |

Form **3520-A** (2017)

DEFLACEY000003

Form 3520-A (2017)                                                                                                    Page 3

## 2017 Foreign Grantor Trust Owner Statement (see instructions)

**Important:** *Trustee must prepare a separate statement for each U.S. owner and include a copy of each statement with Form 3520-A. Trustee is
also required to send to each U.S. owner a copy of the owner's statement. U.S. owner must attach a copy of its statement to Form 3520.*

| 1 a | Name of foreign trust | b(1) | Employer Identification number |
|---|---|---|---|
| | Binghampton Trust | | N/A |

| c | Number, street, and room or suite no. (if a P.O. box, see instructions) | b(2) | Reference ID number (see instructions) |
|---|---|---|---|
| | 7025 E. Greenway Parkway #800 | | |

| d City or town | e State or province | f ZIP or foreign postal code | g Country |
|---|---|---|---|
| Scottsdale | AZ | 85254 | United States |

| 2 | Did the foreign trust appoint a U.S. agent (defined in the instructions) who can provide the IRS with all relevant trust information? | [X] Yes | [ ] No |
|---|---|---|---|
| | If "Yes," complete lines 3a through 3g. | | |

| 3 a | Name of U.S. agent | b | Identification number |
|---|---|---|---|
| | John R. Becker | | |

| c | Number, street, and room or suite no. (if a P.O. box, see instructions) |
|---|---|
| | 7025 E. Greenway Parkway #800 |

| d City or town | e State or province | f ZIP or postal code | g Country |
|---|---|---|---|
| Scottsdale | AZ | 85254 | United States |

| 4 a | Name of trustee | b | Identification number (if any) |
|---|---|---|---|
| | Primus Trust Corp. | | ███████ |

| c | Number, street, and room or suite no. (if a P.O. box, see instructions) |
|---|---|
| | 2161 Csomad Verebeshegy Str.11 |

| d City or town | e State or province | f ZIP or postal code | g Country |
|---|---|---|---|
| Budapest | | | Hungary |

| 5 | The tax year of the owner of the foreign trust to which this statement relates ▶ |
|---|---|

| 6 a | Name of U.S. owner | b | Identification number |
|---|---|---|---|
| | Michael G. Lacey | | ███████ |

| c | Number, street, and room or suite no. (if a P.O. box, see instructions) |
|---|---|
| | ████████ |

| d City or town | e State or province | f ZIP or postal code | g Country |
|---|---|---|---|
| Paradise Valley | AZ | 85253 | United States |

| h | Service Center where U.S. owner files its income tax returns ▶  Ogden, Utah |
|---|---|

| 7 | Attach an explanation of the facts and law (including the section of the Internal Revenue Code) that establishes that the foreign trust (or portion of the foreign trust) is treated for U.S. tax principles as owned by the U.S. person.  *Attached* |
|---|---|

| 8 | If the trust did not appoint a U.S. agent, list the trust documents attached to Form 3520-A (see instructions). |
|---|---|
| | N/A |

| 9 | Gross value of the portion of the trust treated as owned by the U.S. owner . . . . . . . . . . | $ 17,064,527 |
|---|---|---|

## 2017 Statement of Foreign Trust Income Attributable to U.S. Owner (see instructions)
Report each item on the proper form or schedule of your tax return.

| | | |
|---|---|---:|
| **Income** | 1 a Taxable interest . . . . . . . . . . . | |
| | b Tax-exempt interest ▶ ---------------- | |
| | 2 a Total ordinary dividends . . . . . . . . | |
| | b Qualified dividends ▶ ---------------- | |
| | 3 Gross rents and royalties . . . . . . . . | |
| | 4 Income from partnerships and fiduciaries . . . | |
| | 5 Capital gains (losses) . . . . . . . . . | |
| | 6 Ordinary gains (losses) . . . . . . . . . | 660,312 |
| | 7 Other income (attach statement) . . . . . . | |
| **Expenses** | 8 Interest expense . . . . . . . . . . . | |
| | 9 a Foreign taxes (attach statement) . . . . . | |
| | b State and local taxes . . . . . . . . . | 58,817 |
| | 10 Amortization and depreciation (depletion) . . . | |
| | 11 Trustee and advisor fees . . . . . . . . | 227,545 |
| | 12 Charitable contributions . . . . . . . . | |
| | 13 Other expenses (attach statement) . . . . . | |

Under penalties of perjury, I declare that I have examined this return, including any accompanying reports, schedules, or statements, and to the best of my knowledge and belief, it is true, correct, and complete.

| Trustee Signature ▶ | Title ▶ *members of board* | Date ▶ 30/08/2018 |
|---|---|---|

HTA

dr. Menyhei Ákos        Pálmai-Pallag Dávid

Primus Trust
Bizalmi Vagyonkezelő Zrt.
1023 Budapest, Szépvölgyi út 6.
Adószám: 25051845-2-41
4.

Form 3520-A (2017)

**DEFLACEY000004**

Form 3520-A (2017)                                                                                           Page **4**

## 2017 Foreign Grantor Trust Beneficiary Statement

**Important:**   *Trustee must prepare a separate statement for each U.S. beneficiary that received a distribution from the trust during the tax year and include a copy of each statement with Form 3520-A. Trustee is also required to send to each such beneficiary a copy of the beneficiary's statement. Each U.S. beneficiary must attach a copy of its statement to its Form 3520.*

| 1 a | Name of foreign trust | | b(1) | Employer Identification number |
|---|---|---|---|---|
| c | Number, street, and room or suite no. (if a P.O. box, see instructions) | | b(2) | Reference ID number (see instructions) |
| d | City or town | e State or province | f ZIP or foreign postal code | g Country |

| 2 | Did the foreign trust appoint a U.S. agent (defined in the instructions) who can provide the IRS with all relevant trust information? . . . . . . . . . . . . . . . . . . . . . . . . . .   ☐ Yes   ☐ No |
|---|---|

If "Yes," complete lines 3a through 3g.

If "No," do you agree that either the IRS or the U.S. beneficiary can inspect and copy the trust's permanent books of account, records, and such other documents that are necessary to establish that the trust should be treated for U.S. tax purposes as owned by another person? . . . . . . . . . . . . . . . . . . .   ☐ Yes   ☐ No

| 3 a | Name of U.S. agent | | b | Identification number |
|---|---|---|---|---|
| c | Number, street, and room or suite no. (if a P.O. box, see instructions) | | | |
| d | City or town | e State or province | f ZIP or postal code | g Country |
| 4 a | Name of trustee | | b | Identification number (if any) |
| c | Number, street, and room or suite no. (if a P.O. box, see instructions) | | | |
| d | City or town | e State or province | f ZIP or postal code | g Country |

| 5 | The first and last day of the tax year of the foreign trust to which Form 3520-A applies ▶ |
|---|---|

| 6 a | Name of U.S. beneficiary | | b | Identification number |
|---|---|---|---|---|
| c | Number, street, and room or suite no. (if a P.O. box, see instructions) | | | |
| d | City or town | e State or province | f ZIP or postal code | g Country |

| 7 | Description of trust property (including cash) that was either (1) distributed, or treated as distributed, directly or indirectly to the U.S. person who is a beneficiary of the trust or a U.S. person related to that U.S. person during the tax year or (2) used by the U.S. person who is a beneficiary of the trust or a U.S. person related to that U.S. person without compensating the trust for the FMV of the use of the property within a reasonable period of time. (See the instructions for Part III of Form 3520 for U.S. tax treatment of these amounts.) |
|---|---|

| (a) Description of property | (b) FMV |
|---|---|
| None | |
| | |
| | |

| 8 | Attach an explanation of the facts and law (including the section of the Internal Revenue Code) that establishes that the foreign trust (or portion of the foreign trust) is treated for U.S. tax principles as owned by another person. |
|---|---|

9   Owner of the foreign trust is (check one):

☐ Individual          ☐ Partnership          ☐ Corporation

*Under penalties of perjury, I declare that I have examined this return, including any accompanying reports, schedules, or statements, and to the best of my knowledge and belief, it is true, correct, and complete*

Trustee Signature ▶            Title ▶ *Members of board*          Date ▶ 30/08/2018

HTA          dr. Menyhei Ákos     Pálmai-Pallag Dávid

**Primus Trust**
Bizalmi Vagyonkezelő Zrt.
1023 Budapest, Szépvölgyi út 6.
Adószám: 25051845-2-41

Form **3520-A** (2017)

4.

DEFLACEY000005

Attachment to:

Form 3520-A, *Annual Information Return of a Foreign Trust With a U.S. Owner*
Binghamton Trust

Part III, Line 10, "Other Assets":

      "Prepayments and Accrued Income"      $632,288


Part III, Line 15, "Other Liabilities":

      "Accrued and Deferred Income"      $131,754

DEFLACEY000006

Attachment to:

Form 3520-A, *Annual Information Return of a Foreign Trust With a U.S. Owner*
Binghamton Trust

Page 3, Line 7:

The Trust is taxed to the Settlor, Michael G. Lacey, pursuant to I.R.C. § 679.

1. There is a direct transfer to the Trust;

2. The Transferor is a U.S. Person;

3. The Trust is a Foreign Trust; and

4. The Foreign Trust has one or more U.S. beneficiaries.

DEFLACEY000007



**ATTORNEYS AT LAW**
A Professional Limited Liability Company

■ ■ ■

John R. Becker, Esq.

Certified Tax Law Specialist
Certified Estate and Trust Law Specialist
Fellow, The American College of Trust and Estate Counsel

7 March 2018

**Certified Mail**
**Return Receipt Requested**
**No. 7017 2620 0001 1101 8346**

Internal Revenue Service Center
Post Office Box 409101
Ogden, Utah 84409

    *Re:*  *Michael G. Lacey*
        █████████████

Dear Madam or Sir:

    Enclosed please find 2017 Form 7004, *Application for Automatic Extension of Time To File Certain Business Income Tax, Information, and Other Returns*. Please send an <u>accepted</u> copy of Form 7004 to my attention in the self-addressed, stamped envelope provided herein.

    Your prompt consideration of this request is appreciated.

        Yours very truly,

        John R. Becker

RECEIVED
MAR 1 2 2018
OGDEN, UT
B100   IRS-OSC

JRB:sjr
Enclosure
cc:  Mr. Michael G. Lacey
P:\__Clients\Lacey, Michael\CORR\IRS w 17 7004.doc

7025 East Greenway Parkway • Suite 800 • Scottsdale, Arizona 85254
Telephone: 480.240.4020 • Facsimile: 480.240.4021
E-mail: john@beckerandhouse.com • Website: www.beckerandhouse.com

**DEFLACEY000008**



## ATTORNEYS AT LAW
#### A Professional Limited Liability Company

■ ■ ■

John R. Becker, Esq.

Certified Tax Law Specialist
Certified Estate and Trust Law Specialist
Fellow, The American College of Trust and Estate Counsel

7 March 2018

**Certified Mail**
**Return Receipt Requested**
No. 7017 2620 0001 1101 8346

Internal Revenue Service Center
Post Office Box 409101
Ogden, Utah 84409

Re:   Michael G. Lacey ███████

Dear Madam or Sir:

Enclosed please find 2017 Form 7004, *Application for Automatic Extension of Time To File Certain Business Income Tax, Information, and Other Returns.* Please send an accepted copy of Form 7004 to my attention in the self-addressed, stamped envelope provided herein.

Your prompt consideration of this request is appreciated.

Yours very truly,

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Internal Revenue Service Center
P.O. Box 409101
Ogden Utah 84409

9590 9402 3490 7275 9443 89

2. Article Number *(Transfer from service label)*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

RE
MAR 1 2 2018

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Arizona 85254
.4021
erandhouse.com

**DEFLACEY000009**

Form **7004**
(Rev. December 2017)
Department of the Treasury
Internal Revenue Service

## Application for Automatic Extension of Time To File Certain Business Income Tax, Information, and Other Returns

▶ File a separate application for each return.
▶ Go to *www.irs.gov/Form7004* for instructions and the latest information.

OMB No. 1545-0233

**Print or Type**

| Name | Identifying number |
|---|---|
| Michael G. Lacey | ▮▮▮▮▮ |

Number, street, and room or suite no. (If P.O. box, see instructions.)
7025 East Greenway Parkway, Suite 800

City, town, state, and ZIP code (If a foreign address, enter city, province or state, and country (follow the country's practice for entering postal code)).
Scottsdale, AZ 85254

Note: File request for extension by the due date of the return. See instructions before completing this form.

**Part I     Automatic Extension for Certain Business Income Tax, Information, and Other Returns. See instructions.**

1    Enter the form code for the return listed below that this application is for . . . . . . . . . . . . . | 27

| Application Is For: | Form Code | Application Is For: | Form Code |
|---|---|---|---|
| Form 706-GS(D) | 01 | Form 1120-ND | 19 |
| Form 706-GS(T) | 02 | Form 1120-ND (section 4951 taxes) | 20 |
| Form 1041 (bankruptcy estate only) | 03 | Form 1120-PC | 21 |
| Form 1041 (estate other than a bankrupt estate) | 04 | Form 1120-POL | 22 |
| Form 1041 (trust) | 05 | Form 1120-REIT | 23 |
| Form 1041-N | 06 | Form 1120-RIC | 24 |
| Form 1041-QFT | 07 | Form 1120S | 25 |
| Form 1042 | 08 | Form 1120-SF | 26 |
| Form 1065 | 09 | Form 3520-A | 27 |
| Form 1065-B | 10 | Form 8612 | 28 |
| Form 1066 | 11 | Form 8613 | 29 |
| Form 1120 | 12 | Form 8725 | 30 |
| Form 1120-C | 34 | Form 8804 | 31 |
| Form 1120-F | 15 | Form 8831 | 32 |
| Form 1120-FSC | 16 | Form 8876 | 33 |
| Form 1120-H | 17 | Form 8924 | 35 |
| Form 1120-L | 18 | Form 8928 | 36 |

**Part II     All Filers Must Complete This Part**

2    If the organization is a foreign corporation that does not have an office or place of business in the United States, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

3    If the organization is a corporation and is the common parent of a group that intends to file a consolidated return, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐
     If checked, attach a statement listing the name, address, and employer identification number (EIN) for each member covered by this application.

4    If the organization is a corporation or partnership that qualifies under Regulations section 1.6081-5, check here . . . . ▶ ☐

5a   The application is for calendar year 20 __17__ , or tax year beginning _____ , 20 ____ , and ending _____ , 20 ____

  b  Short tax year. If this tax year is less than 12 months, check the reason:   ☐ Initial return   ☐ Final return
     ☐ Change in accounting period   ☐ Consolidated return to be filed   ☐ Other (see instructions-attach explanation)

| | | | |
|---|---|---|---|
| 6    Tentative total tax . . . . . . . . . . . . . . . . | **6** | | 0 |
| 7    Total payments and credits (see instructions) . . . . . . . . | **7** | | 0 |
| 8    Balance due. Subtract line 7 from line 6 (see instructions) . . . . . . . | **8** | | 0 |

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.          Form **7004** (Rev. 12-2017)

HTA

DEFLACEY000010

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Internal Revenue Service Center
P.O. Box 409101
Ogden, Utah 84409

9590 9402 1848 6104 8279 39

2. Article Number (Transfer from service label)

7017 2400 0000 9101 1731

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

RECEIVED
SEP 1 0 2018
OGDEN, UT
IRS-OSC

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required       $
☐ Adult Signature Restricted Delivery  $

Postmark
Here

Postage
$

Total Postage and Fees
$

3520A
Lacey

Sent To   IRS

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7017 2400 0000 9101 1731

DEFLACEY000011



## PRIMUS TRUST BIZALMI VAGYONKZELŐ ZRT.

# TRUST DEED OF BINGHAMTON TRUST

Which has been concluded by and between

(1) **PRIMUS TRUST CORP**, (registered seat: 2161 Csomád, Verebeshegy str. 11., tax number: 25051845-2-13, registration number: 13-10-041460, represented by: dr. Menyhei Ákos, dr. B. Szabó Gábor, with two joint signatures of two Board Members)  as trustee (hereinafter referred to as „**Trustee**")

and

(1) **MICHAEL GERARD LACEY**, (an individual residing at ▉▉▉ ▉▉▉▉▉▉ ▉▉▉▉SUN CITY Arizona 85351 USA; date and place of birth: ▉▉▉▉▉ NewYork, USA; social security number: ▉▉▉▉▉ mother's maiden name: ▉▉▉▉▉ passport number: ▉▉▉▉ as settlor (hereinafter referred to as "**Settlor**")

(the Trustee and  the Settlor hereinafter referred to as collectively: "**Parties**") with the following terms and conditions.

**WHEREAS**

- The Section 6:310 § of the Civil Code of Hungary allows to establish trust;
-
- The Settlor wishes to entrust the Trustee with the management and the distribution of the Trust Assets to the Beneficiaries at a specified later time;

- the Trustee operates as licensed trust company. and has appropriate expertise and infrastructure in the field of trust;

- the Trustee hereby informs the Settlor that it has a license granted by the National Bank of Hungary to perform trust activity, therefore it performs its tasks arising from this Agreement as licensed trustee;

- the Trustee has informed the Settlor - qualifying as a customer- before the signing of this Agreement about the Annex 4. set forth Section 37. § Subsection (1) of the Act 15 of 2014 on the trustees and  the rules of their activity. and the Settlor expressly recognizes this information;

1

- the Trustee has informed the Settlor that it has made an Ability test related the Settlor before the signing of this Agreement set forth Section 38. § Subsection (1) of the Act 15 of 2014 on the trustees and the rules of their activity. The Settlor expressly consents to the preparation of the Ability test by signing this Agreement and concludes this Agreement in view of the content of the Ability test;

- furthermore, the Trustee informs the Settlor that it shall prepare the annual Ability test during the Trust period set forth Section 38. § Subsection (1) of the Act 15 of 2014 and the Settlor expressly commits by signing this Agreement to contribute to the preparation of the annual Ability test;

- following the information above the Settlor intends to entrust the Assigned assets and the distribution of the Trust assets.

## 1. Definitions

In this Agreement where the context permits, the following words written with a capital letter shall have the following meanings:

„**The Trust**" means the management of the Trust assets by the Trustee for the benefit of the Beneficiaries according to this Agreement, in compliance with the effective Hungarian law.

**The name of this trust:** Binghamton Trust

„**Agreement**" means this agreement and any amendment of it.

„**Beneficiaries**" means all persons described in the Annex 2. and the additional beneficiaries.

"**Transferred assets**" ('induló tőke') (means Assigned assets) means the assets, which ownership has been transferred to the Trustee, and the rights and claims assigned by the Settlor in this Agreement, reducing with the value of the assets distributed in the Trust period.

„**Written statement**" means any written statements of any Party or person involved in this Agreement, or in the case of legal person the written statement shall mean at least the private document in written form signed by the person entitled to representation according to the internal procedural rules.

The written statement was made abroad shall be made out a notarial document, and shall be supplied with Apostille in the absence of agreement for mutual legal assistance between Hungary and the states where the declaration was issued. In the case of legal person in the statement must be referred to the decision has been made in compliance with the internal procedural rules, and to the persons entitled to representation. Any statement made exclusively in electronic form shall not be considered as a written statement.

„**Assigned assets**" (rendelt vagyon) shall mean the Transferred assets in the Annex 1., which ownership has been transferred and the rights and claims assigned by the Settlor in this Agreement, reducing with the value of the assets distributed to the Beneficiaries.

„**Equity of the Trust assets**" consists of the Transferred assets, the reserve (tartalék), the tied-up capital reserve (lekötött tartalék), the valuation reserve (értékelési tartalék), and the current year's after-tax profit (mérleg szerinti eredmény).

"**Trust assets**" (kezelt vagyon) means

2

DEFLACEY000013

(i)     the Assigned assets set forth in the Annex 1. (induló töke);

(ii)    further Assigned assets set forth in the Annex 1. will be assigned by the Settlor to the Trustee to hold in trust during the Trust period in compliance with this Agreement in the future and accepted by the Trustees according to this Agreement;

(iii)   the assets, insurance, compensation or other amount and the profits generated during the Trust Period, including all incomes arising from the utilization of the objects, rights and claims of the Assigned assets or any other  tangible or intangible assets, rights and claims, and

(iv)    the Assigned assets, or any asset replacing the Assigned assets shall deem to be the part of the Trust assets (especially but not limited consideration of sales, insurance compensation for the decreasing of the Assigned assets, indemnity or compensation).

"**Yield of the Trust assets**" means the after-tax profit according to the Act 100 of 2000 on Accounting.  The amendment in the Trust assets from the Payment Date, which may be paid in cash.

"**Payment Date**" means the day on which the Trustee shall pay yield or distribute the Trust assets or a part of the Trust assets.

"**Termination of the Trustee's position**" means the death, the presumption of the death, the termination of the corporate existence, the incompetence or limited capacity of the Trustee, and the cases if the court places the Trustee under conservatorship, or if the Trustee does not able to perform its tasks arising from this Agreement due any other circumstances, or waives its mandate, or if the Settlor recalls the Trustee.

„**Termination of the position of the Protector**": means the death, the presumption of the death, the termination of the corporate existence, the incompetence or limited capacity of the Protector, as well as if the Protector is under guardianship based on court ruling, or if the Protector does not able to perform its tasks arising from this Agreement due any other circumstances, or waives its mandate.

"**Loss of the position of the Beneficiaries**" means the death, the presumption of the death and the termination of the corporate existence of the Beneficiaries.

„**Excluded Person**" means any persons described in the Section 8.1 of this Agreement.

„**Additional Beneficiaries**" means the new Beneficiaries described in the Annex 2. replaces the Beneficiaries according to this Agreement or effective laws.

„**Trustee**" means the first Trustee stated above and the new Trustee replaced the Trustee, or any other Trustee(s) appointed during the Trust period.

„**Protector**": means the person appointed in Annex 2 of this Agreement, who performs the supervision of the Trustee's activity and exercises the rights arising from this Agreement as the proxy of the Settlor. The death, the presumption of the death, or the termination of the corporate existence of the Settlor does not affect the position of the Protector (mandatum post mortem), so it can exercise its rights and powers furthermore.

„**Trust Act**" means the Act 15 of 2014 on the trustees and the rules of their activity.

3

DEFLACEY000014

**"Liability insurance"** means the liability insurance bound by the Trustee according the Trust Act and the Decree 87/2014. (III.20.).

**"Distribution of the assets to the Beneficiaries"** means the distribution of the Trust assets to the Beneficiaries or to any other person in sphere of interest the Beneficiaries at the explicit and prior written request of the Beneficiaries.

**"Person in sphere of interest of the Beneficiaries"** means the natural or legal person who/which is in family, contractual, member or owner relationship with the Beneficiaries or has definite influence toward the Beneficiaries. The declaration of the Beneficiaries shall be governing to determine the above mentioned; the Trustee shall not be required to review or verify the written declaration of the Beneficiaries.

**"Letter of Wishes"** means a non-binding written statement of the Settlor in connection with appointment or disqualification of any Beneficiaries, and any distribution to any Beneficiaries, which is not considered as modification or amendment of this Agreement.

**„Rights related to corporate governance":** means all rights relating the corporate governance of the non-listed companies belong to the Trust Assets, which shall be realized between the shareholders and the management/directors; therefore, it means all shareholders' rights by which a company shall be responsibly governed and controlled.

**„Portfolio management":** means the activity by which the assets listed on markets belong to the Trust assets shall be invested into financial instruments and managed in compliance with pre-defined conditions – taking into consideration the preliminary assessment of the suitability of the Settlor.

**„Benchmark"** (reference-index): means the standard, or a set of standards, used as a point of reference of investment.

**„Trust Period"** is for an definite time of period, which holds from signing this Agreement to the termination of this Agreement.

**„Threatening Event"** means any of the following events, acts and circumstances:

(i)     war, civil war, revolution, insurrection, riot, natural disaster in any part of the world,

(ii)    acts or legislation on any part of the world,

(iii)   any judicial or administrative decision on any part of the world,

which violates or threatens the integrity, survival or security of any asset belongs to the Trust assets.

**„Force majeure"** means in sense of this Agreement all damage occurred in consequence of unforeseen circumstances beyond the control of the Party, and there had been no reasonable cause to take action for preventing or mitigating the damage in particular, war, civil war, revolution, insurrection, riot, state of emergency, state of emergency, curfew, emergency, air circuit or other traffic circuit, quarantine, removal or entry ban, the bankruptcy or insolvency of OECD  or EEA Member State's bank or other financial service, or additional financial service as well as the OECD or EEA Member State, currency restrictions imposed by authority or exchange, natural or industrial disaster or other emergency situation, regardless of the

4

DEFLACEY000015

publication of such indication, disaster or catastrophe situation except strike similar strike carried out by workers of the Party.

„**Forint or HUF"** means official currency of Hungary.

„**Euro or EUR"** means official currency of the European Union.

„**Dollar or USD"** means official currency of United States of America.

„**EEA"** means the European Economic Area

„**EU"** means European Union.

„**Szt."** means Act 100 of 2000 on Accounting.

„**MNB"**: National Bank of Hungary.

## 2. The Trust

2.1    The intent of the Trust:  The Settlor is interested in safeguarding assets for the benefit of the Beneficiaries and preserving assets from claims of creditors of Beneficiaries. The Settlor transfers USD 16.500.000 to the Trustee to hold in Trust under the terms of this Trust Deed, and reserves the right to assign additional assets at any time in the future.

The Trustee shall establish the company above and practice the shareholder's right regarding the company belong to the Trust assets prudently and carefully according to the applicable law and this Agreement.

2.2    The Trustee shall manage the Trust assets, which ownership and possession has been transferred to the Trustee, the rights and claims have assigned by the Settlor for the benefit of the Beneficiaries, and the Trustee shall distribute the Trust assets according to the provisions of this Agreement to the Beneficiaries.

2.3    The Settlor hereby transfers the ownership of the Assigned assets to the Trustee - under the title of trust - and the Trustee shall start to manage the Assigned assets from the date of the transfer of ownership. The Trustee acquires the ownership of the Assigned assets and any claims and rights arising from the Assigned assets by signing of this Agreement and by transferring the assets to the bank account of the Trust. The Settlor shall transfer the Assigned assets into the possession of the Trustee by this Agreement.

2.4    The Parties shall apply for any (public) registration on the basis of the extract of this Agreement and the statement of the Settlor.

2.5    The Trust shall be established by signing this Agreement, and shall be in force until terminated pursuant to the terms of this Agreement, but not to exceed fifty (50) years from the signing of this Agreement.

## 3.    The Trust management and the rights and the obligations of the Trustee

3.1    The Trustee shall protect the Trust assets from the predictable imminent risk in compliance with the commercial rationality for the benefit of the Beneficiaries and taking into consideration of the Beneficiaries' interests according to the terms of this Agreement. The

5

DEFLACEY000016

Trust assets held in the Trust shall be separated from the personal assets of the Trustee and from other trust assets in compliance with the legislation and shall be distributed to the Beneficiaries according to this Agreement.

3.2     The Trustee shall distribute the Trust assets or the specified part of the Trust assets to the Beneficiaries (Additional Beneficiaries) according to the schedule and proportion in Annex 2. of this Agreement.

3.3     The Trustee shall exercise the ownership of the Trust assets within the framework of this Agreement.

3.4     The Trustee is entitled to alienate the Trust assets or any part of the Trust assets keeping in mind the prudential requirements based on this Agreement and the effective legislation, or invest the Trust assets if it considers that the investment or the alienation is necessary to maintain the value of the Trust assets or to protect or/and increase the Trust assets with prior written consent of the Protector. The Trustee shall be entitled to charge the Trust assets or any part of the Trust assets with prior written consent of the Protector to the extent so far it is necessary to realize the targets above in this Section, and only if the associated burden and risks do not exceed the excepted benefits by such burden in connection with the maintaining, protecting or increasing of the value of the Trust assets. If the Protector is notified previously that the lack of the decision shall result to the persistent depreciation of the Trust assets, the Trustee shall not be liable for the maintaining of the value or for the yield potential of the Trust assets regarding the power of the Protector in connection with the prior written consent

The rights and obligations of the Trustee, the utilization and any rights arising from the utilization of the Trust assets shall be governed by the Hungarian Civil Code, the Act 15 of 2014 on the trustees and the rules of their activity and the Annex 3 of this Agreement.

3.5     The Protector and the Beneficiaries may monitor the activity of the Trustee in respect of the trust during the Trust Period. The Trustee shall provide complete information and account to the Beneficiaries or the Protector upon their request according to the laws, but at least once a year. The information above especially shall mean the sending of the balance sheet of the Trust assets according the Act 100 of 2000 on Accounting to the persons above. The Trustee shall fulfill their accounting obligations within 8 workdays following the preparation of the annual report of the Trust assets.

3.6     The Trustee shall provide complete information to the Beneficiaries and the Protector in connection with the Trust assets, or the obligation charged to the Trust assets upon the request of the Beneficiaries or the Protector within a reasonable time.

During the Trust period the Trustee shall inform the Protector and the Beneficiaries forthwith about the occurrence of Force majeure or Threatening Event.

The Trustee shall inform the Beneficiaries and the Protector about the significant change of the information's content, of the statements and the assets subjected to the Agreement within 8 days following the occurrence of the change in the same way as the original information. The information shall be given by verbal or written form. The Trustee shall be required to provide written information at the request of the Settlor.

3.7     The Trust shall bear the costs of the request for information in Section 3.5 and 3.6. The liability for the costs depends on the fact, who asks for the information or for whose benefit shall be prepared the settlement.

6

DEFLACEY000017

3.8     The Trustee acknowledges that any confidential information constitutes valuable business secrets and it shall use confidential information solely in accordance with the provisions of this Agreement and will not disclose, or permit to be disclosed, the same, directly or indirectly, to any third party without the other party's prior written consent except authorities and courts as prescribed in the existing legislation. This obligation shall be independent from the establishment of this legal relationship, and shall be remained after the termination of this Agreement. The Trustee shall be liable for any confidential information on behalf of of its contributor.

The Parties agree that the Trustee shall not be obliged to close the information, and this shall not mean the breach of this Agreement, if the data, the information or other fact:

(a)     are based on final court or state body decision which shall not be suspended by execution;

(b)     are based on preliminary approval of the Settlor;

(c)     are published by any third person who is independent from the Trustee.

3.9     The Trustee is entitled to use an investment advisor to fulfill its obligations in Annex 3. The Trustee shall use the investment advisor deemed as the most competent.

3.10    The Trustee shall exercise the rights related to corporate governance of any non-listed company that belongs to the Trust Assets with prior written consent of the Protector.

3.11    The Protector has the power to provide guidelines to the Trustee in connection with the corporate governance rights and the management and controlling of any underlining company. Therefore, the Trustee is not liable for the performance of the underlining company, if it follows the guidelines provided by the Protector.

3.12    The following rights related to the corporate governance of any non-listed Company belonging to the Trust Assets shall be exercised in accordance with the guidelines provided by the Protector and with prior written consent of the Protector:

-    appointment and recall of the managing director, and exercising the employer's rights regarding the managing director;

-    define the strategy guidelines and developing the strategy defined - including the sale and purchase of the company;

-    define the corporate business targets;

-    determination of the remuneration guidelines of the management, supervisory of the management activity and taking the necessary steps in connection with the supervisory;

-    the evaluation and remuneration of the managing director(s);

-    definition of the risk management guidelines, which ensure the assessment of the risk factors, the suitability and management of control mechanisms and the supervisory systems, and the legal compliance.

7

DEFLACEY000018

3.13    In the case of the death, the presumption of the death, the termination of the corporate existence, the incompetence or limited capacity of the Protector, or if the Protector is unable to perform its duties arising under this Agreement, and the Settlor does not appoint a successor Protector within 3 months, than the Trustee shall exercise the corporate governance rights alone; however, the Trustee shall be entitled to satisfy its costs relating the exercising these rights directly from the Trust Assets.

**4.       The amendment, the withdrawal and the termination of the Trust**

4.1     This Agreement shall not be amended following the assignment of the Trust assets to the Trustee, except if

(i) the amendment shall be approved by all the Beneficiaries and the Protector, or

(ii) the purpose of the Trust shall fail without the amendment, and the amendment shall not lead to violating the interests of the Beneficiaries.

4.2     The Trust shall be irrevocable, that means this Agreement shall not be terminated, modified or amended during the Trust period by the Settlor. The Settlor gives up all reserved rights in connection with the trust and the Trust assets except to transfer new assets to the trust.

4.3     Changing in the person of the Trustee or the Protector set forth in Section 5. shall not be considered as amendment of this Agreement.

4.4     The Trustee is entitled to resign as the Trustee of this Trust with 90 days notice period, if the Settlor/Beneficiaries shall not fulfill its payment obligation according to this Agreement, and the Trust assets shall not cover the claim of the Trustee.

The resignation by the Trustee shall not terminate this Agreement and the Protector shall appoint a new successor Trustee.  The successor Trustee may be a private individual or a licensed trust company in Hungary or in any other jurisdiction, but not in the United States of America.

**5.       Changing the Trustee and the Protector**

5.1     The Settlor shall be able to remove and replace the Protector, any time and for any reason; provided, however, that the Settlor cannot appoint himself, a party subordinate to the Settlor, or any person in the United States, as a Protector. The Protector can remove and replace the Trustee, at any time and for any reason; provided, however, that the Protector cannot appoint itself, a party subordinate or related to it, or any person in the United States, as a Trustee.

5.2     If the position of the Trustee shall be terminated – that means the death, the presumption of the death, the termination of the corporate existence, the incompetence or limited capacity of the Trustee, or if the Trustee is not able to perform its tasks arising from this Agreement for any reason, waives its mandate, or if the Protector removes the Trustee – than the successor Trustee shall be only a licensed Trustee according to the Section 3. § Subsection (1) of the Act 15 of 2014 on the trustees and the rules of their activity; provided, however, that if the governing law of the Trust is changed to a jurisdiction other than Hungary, than the successor Trustee does not need to be licensed under the Act.

5.3     The Protector is entitled to appoint an additional Trustee during the Trust Period, as long as the new Trustee accepts the appointment and subject to the successor Trustee limitation in

**DEFLACEY000019**

Section 5.2 above. The mandate shall be established simultaneously with the consent of the new Trustee and with the written consent of the current Trustee. The two Trustees shall jointly fulfill the obligations arising from this Agreement.

5.4    On the death of the Settlor, a court in Hungary is entitled to remove the current Trustee from its position and appoint a new Trustee upon the request of the majority of current income Beneficiaries and only if the current Trustee has breached this Agreement. A new Trustee appointment by the court is subject to the successor Trustee limitations set forth in Section 5.2 above. The court does not have the power to appoint a person as a trustee if the majority of current income Beneficiaries protest against the appointment of this person.

5.5.   On the death of the Settlor, the Trustee shall have a discretionary power to distribute the Trust Assets to the Beneficiaries/ Additional Beneficiaries with the prior written consent of the Protector.

## 6.    The distribution of the Trust assets

6.1    The after-tax profit of the current year (tárgyévi adózott eredmény) and the retained earnings used to supplement the after-tax profit (tartalékkal kiegészített tárgyévi adózott eredmény) may be disbursed as a yield payment only if the amount of equity reduced with the tied up reserves (lekötött tartalék) and the valuation reserve (értékelési tartalék) does not fall below the amount of the Transferred assets following the disbursement of the yield.

6.2    Distribution of the Trust assets during the Trust period shall be fulfilled only to the amount of the Transferred assets (in case of negative reserve, or loss of the current year balance sheet the Transferred assets decreased with the reserves or the loss of the current year balance sheet). In the case of mid-year distribution of the Trust assets the after tax loss in the interim balance sheet shall be taking into consideration by the determining of the disbursed assets.

6.3    During the Trust period the Trustee shall distribute the yield of Trust assets specified in the Annex 2. to the Beneficiaries specified in the Article a) of the Annex 2 - hereinafter referred to as "Beneficiaries entitled for yield" - set forth in Section 6.1; provided, however, that the Trustee must first obtain the written consent of the Protector.

6.4    If a Beneficiary entitled to the distribution refuses the distribution before it is made, or if the distribution is not possible, then such assets shall retained in Trust until the distribution will be possible. If the distribution shall not be possible until the end of the Trust period, the Trustee shall distribute the unpaid yield as set forth in Section 6.5.

6.5    At the end of the Trust Period or at the time described in the Annex 2. of this Agreement – taking into consideration Section 6.2 – the Trustee shall distribute the remaining part of the Trust assets after the satisfaction of creditor claims to the Beneficiaries ( hereinafter referred to as "Beneficiaries entitled for the Transferred assets) in proportion described in the Annex 2. of this Agreement.

6.6    If any Beneficiaries entitled to the Transferred assets refuses the assets prior to a distribution, and such assets cannot be retained in the Trust, the Trustee shall distribute the Transferred assets to the Additional Beneficiaries who shall then replace the Beneficiary entitled to the Transferred assets. If the Additional Beneficiaries entitled to the distribution refuse the assets or the distribution to Additional Beneficiaries entitled to the Transferred assets may not be possible for any other reason, the Trustee shall distribute to the successors of the Beneficiaries.

9

DEFLACEY000020

6.7   The claim of the Beneficiaries according to the Trust assets or/and the yields of the Trust assets may not be assigned to a third person.  Beneficiaries shall have no right to demand a distribution.

6.8   The Trustee shall keep the records of the trust in the currency of the Trust Assets determined in the Annex 1.

7.   **Fees**

7.1   The following fee shall be paid to the Trustee for the management of the Trust Assets:

7.1.1   The basic trustee fee shall be paid to the Trustee for the licensed trust services described in this Agreement is the amount of USD 5000 (five thousand US dollar) + VAT/ annum if VAT applicable. The basic trustee fee is payable first time at the time of concluding this agreement then for the following years it shall be paid within 8 days following the issue of the invoice – related to the year follows the invoice's issue. The invoice shall be issued until 8th of December every year. The Settlor shall pay the basic trustee fee by bank transfer to the Trustee's bank account indicated on the invoice.

The Trustee is entitled to enforce its claim for fees, costs, and any other claims arising from this Agreement directly from the Trust assets. The annual basic fee shall be amended, if the Settlor prescribes active business activity in connection with the Trust assets.

7.1.2   The fee set forth in Section 7.1.1. includes:

-   corporate income tax and local business tax registration of the Trust assets
-   annual fee for the trust management
-   annual fee for bookkeeping
-   preparation of the annual report of the Trust assets  once per year
-   preparation of the annual tax returns of the Trust assets  once per year
-   making a decision in connection with the distribution of the Yield and the Transferred  assets once per year
-   distribution of the yield and the Trust assets to the Beneficiaries once per year
-   sending the monthly compulsory reports in connection with the Trust assets to maximum 3 persons by e-mail,
-   5 hours consultation per year.

7.1.3   The Trustee reserves the right to charge interest on overdue amounts. The annual interest rate to be charged in such cases will be the equal to the interest rate provided for by the Hungarian Civil Code.

7.1.4   The Trustee is entitled for EUR 200.00 + VAT/hour for the further managing of the Trust assets exceeds the tasks indicated in the Section 7.1.2. – in particular but not exclusively for the amendment, reorganization, investment decision or certain business issues and for the administrative tasks in connection with the utilization – as soon as for the services are not included in the basic fee and not indicated above, but requested by the Settlor which shall be invoiced according to the written activity statements per month.

7.1.5   The Trustee is entitled for EUR 200.00 + VAT/hour for the information exceed or differ all information and tasks provided in Sections 3.5 and 3.6 – including all extraordinarily information in connection with the Trust and for the administrative tasks  - which shall be invoiced to the Settlor according to the written activity statements per month. The Trustee

10

DEFLACEY000021

shall be entitled for EUR 20/ piece of report for the postal delivery of the monthly reports of the Trust assets or in the case of any request of the Settlor/Beneficiaries requiring to send the monthly reports by any way to persons were indicated by the Settlor from the 4th person.

7.1.6   The Trustee shall be entitled for the following fees in addition to the above mentioned and the Trust assets shall bear the following cost:

- the preparation of the interim balance sheet and the making the decision regarding the distribution of the yield and/or Transferred assets to the Beneficiaries costs EUR 1000 occasionally;

- the bank account maintenance fee and the transfer cost of the bank granting the subaccount of the Trust assets ( currently the K&H Bank and Takarékbank), which costs and prices are specified by the bank. If the Trust assets shall be recorded for the request of the Settlor in a different bank or financial service provider, the fees and costs – including the fee of the portfolio management – of the selected bank or financial service provider shall be charged to the Trust assets;

- bank transfer fee is EUR 200 over 5 (five) pieces bank transfers (the bank transfer charges and fees occur in the books of the Trust assets);

- the taxes, duties, fees and charges arising by the nature of the Trust assets such as court fees, publication expenses, property insurance (in the case of high-value real estate or chattel), custody fees, safe deposit costs shall be charged against the Trust assets;

- the Trust assets is a corporate taxpayer therefore, corporate income tax and occasionally local business tax (local business tax depends on the local legislation) shall be paid after the pretax profit. The Trustee informs the Settlor that the Hungarian State is entitled to establish further tax, contribution or fee obligations regarding the Trust assets. During the Trust period the Trust assets shall be charged by any payment obligation arising from tax, levy, charge or fee based on any laws, and shall be settle against the Trust assets in the accounting books of the Trust assets;

- if the Settlor requires audit of the annual report of the Trust assets, the Trust assets shall be charged with the auditor's fee, and the fee shall be paid from the Trust assets;

- any currency conversions based on the official exchange rate of the accounting bank shall be settled against the Trust assets;

- the Trust assets shall be charged by any tax, duty, levy, fee, or any other rates or payment obligations - are prescribed or defined by the Hungarian State, or by any other State, or by any departments, agencies or bodies of these - in connection with any types of trust assets or part of trust assets, which arising from the management of the Trust assets, from the existence, operating, results or any other way of the Trust assets or the part of the assets;

- the annual fee of the portfolio management performed by the Trustee or third party in the framework of outsourcing contract, if the Trust assets includes listed shares or cash and the Investment guidelines (trust management guidelines) of the Annex 3. provides power for portfolio management for the Trustee. The annual fee is 1,00 % of the

11

DEFLACEY000022

quarterly closing value of the portfolio and 25 % of the yield over the benchmark (the annual fee shall be due in each quarter year, and shall be enforceable against the Trust Assets); and

- the costs of the practice of the rights related to the corporate governance and the hourly fee of the Trustee (EUR 300.00 + VAT/hour) on the basis of monthly statement, if the Trustee shall practice the rights related to the corporate governance.

7.2   The Trustee is entitled to satisfy its claim for fees and costs set forth Section 7.1., and any other claims arising from this Agreement – including the claim arising from Section 3.7 - directly from the Trust assets in the case of the death, the presumption of the death, the termination of the corporate existence of the Settlor, or if the Settlor should not fulfill its payment obligation within 8 workdays from the due date.

7.3   The Trustee reserves the right that, if the Settlor transfers new assets to the Trust assets indicated in the Annex 1. in compliance with Section 4.2 and this transferring leads to the increasing in the insurance fee of the Trustee, than the Trustee shall be entitled to amend its basic trust fee proportionally with the increasing of its insurance fee taking into consideration of the amendment of the Transferred assets.

7.4   The Trustee in entitled to amend its costs and fees in this Agreement annually according to the change of the Harmonized Index of Consumer Prices (HICP) stated by the EUROSTAT.

7.5   In the case of termination of the Agreement, the Trustee will be entitled to fees and costs incurred until the date of termination however; the Parties shall settle accounts with each other.

## 8.   Power of exclusion

8.1   The person who brings charges against the Settlor, the Protector, or the Trustee regarding the Trust assets, any part of the Trust assets, or any element of the assets - which is the subject of the Trust assets – or joins the suit as plaintiff, or intervening party, furthermore who induces Threatening event, or contributes to the survival and enhancement of the Threatening event shall not be appointed as a Beneficiary. The Trustee is entitled to decide in sole discretion about the exclusion of these persons from the Beneficiaries (hereinafter referred to as "Excluded person") following the acknowledgement of the reason of exclusion. The Trustees shall inform the Settlor and the Protector– or the Excluded person as required - in written form about the exclusion.

## 9.   Protector

9.1   The Protector shall supervise the trust activity during the Trust period and exercise its rights and powers arising from this Agreement, in particular the rights in connection with the alienation, burden, and the maintenance of the value of the Trust Assets and the corporate governance rights related to any underlining company.  The Protector shall act in a non-fiduciary capacity.  Neither the Settlor, nor a Beneficiary or the Trustee shall have the power to legally bind or force the Protector to take an action.  In addition to the powers granted to the Protector elsewhere in this Agreement, the Protector shall also hold the powers set forth in Section 9.2 to 9.10, below.

9.2   The Protector shall be entitled to request information in connection with the Trust Assets or the burden of the Trust assets according to Section 3.5. and 3.6.

12

DEFLACEY000023

9.3     On the death of the Settlor the Protector shall have the power to initiate the distribution of the Trust Assets for the Beneficiaries/ Additional Beneficiaries.

9.4     The Protector has the power to force any claims arising from this Agreement regarding the Trust Assets.

9.5     The Protector has the power to veto any action or decision of the Trustee.

9.6     The Protector has the power to change the governing law of this Agreement.

9.7     The Protector has the power to remove any Beneficiary as a beneficiary and appoint any new person as a Beneficiary; provided, however, that the Protector shall need the consent of the Trustee, and, further provided, that the Protector cannot appoint itself, a party subordinate or related to itself as a Beneficiary.

9.8     The Protector shall be able to exercise all of the powers granted to it in this Agreement only if the Protector is acting of its own free will, and not under duress.

9.9     The death of the Settlor does not affect the mandate of the Protector (mandatum post mortem), so it can exercise its powers and rights further.

9.10    The Protector shall be entitled for the following fee: Euros 1.000 per year.


**10.     Notice**

10.1    Any notice required or permitted under the terms of this Agreement must be sent to the following address, fax number or e-mail address in writing form and must be

        (i)     distributed by post, or
        (ii)    distributed in person,
        (iii)   sent by overnight air courier, or
        (iv)    by facsimile, or
        (v)     e-mail in from PDF.


**On behalf of the Settlor:**

Michael Gerard Lacey, at the address set forth above.

**On behalf of the Protector:**

Atlantic Fidelity, LLC, at ...

**On behalf of the Trustee:**

Primus Trust Corp., at the address set forth above.

**On behalf of the Beneficiaries:**

Atlantic Fidelity, LLC, at the address set forth above.

DEFLACEY000024

12.8    If any Party does not – or does not exactly or in due time - fulfill its obligation, and the other Party accepts the delayed, partial or default fulfillment, this  acceptation does not mean the exemption for the consequences of the delayed, partial or default fulfillment. Following the acceptation of the fulfillment above the injured Party is entitled to claim the legal consequences of the breach of the Agreement within the limitation period.

12.9    All disputes arising from this Agreement shall be settled in an amicable way. The Parties expressively agree to stipulate the exclusive competence of Arbitration Court of the Bar Association of Budapest acting on the basis of "the Rules of the ad hoc Arbitration Court of the Bar of Association" recommended by the Committee of the Bar Association of Budapest for all disputes – including the breach, the termination, the validity, and the interpretation of the Agreement.

The Parties agree that the members of the Arbitration Court shall be selected from the basis of the list of attorneys registered by the Bar Association. The number of the judges of the arbitration court shall be 3 (three). Both of the Parties shall be entitled to appoint one-one judge, and the appointed judges shall be entitled to appoint the third one. During the procedure the Hungarian language shall be applicable.

The Parties agree by signing this Agreement that they have known the content of "the Rules of the ad hoc Arbitration Court of the Bar of Association" published on the website of the Bar Association of Budapest (Annex 6).

12.10   The titles of this Agreement refer to the transparency of this agreement. The titles shall not govern to the interpretation of this agreement.

12.11   In case any provision or the whole Agreement is or turns out to be invalid or unenforceable, other provisions of the Agreement shall remain valid and enforceable. The invalid part of the Agreement shall be corrected to be as close as possible to the contracting will of the Parties.

This Agreement consists of 16 pages and 6 Annex and may be signed in counterparts. After reading and mutually interpreting it, the Parties have signed this agreement as identical to their will. The Settlor hereby declares that this Agreement has signed as identical to his will, and it has understood the consequences of the assignment of the assets, and it expressively accepts all consequences of the trust.

Executed by the Settlor and the Trustee on January ___, 2017.

........................................                     ........................................
MICHAEL GERARD LACEY                            PRIMUS TRUST CORP.
Settlor                                                          Trustee

Atlantic Fidelity, LLC, having familiarized itself with the terms and the requirements of this Trust Agreement hereby accepts the position of the Protector and agrees to carry out the duties and the responsibilities of that position to the best of its ability.

January ___, 2017

Atlantic Fidelity, LLC                          By: _____

Romualds Lifsics, Manager

15

DEFLACEY000025

Annexes:

1.  Annex 1: The Transferred assets
2.  Annex 2: The Beneficiaries
3.  Annex3: The utilization of the Trust assets/ Trust guidelines
4.  Annex 4: Information for household customers
5.  Annex 5: The Trustee's preliminary assessment of the suitability of the Settlor
6.  Annex 6: The Rules of the ad hoc Arbitration Court of the Bar of Association

DEFLACEY000026

DEFLACEY000027



## PRIMUS TRUST BIZALMI VAGYONKEZELŐ ZRT.

### Annex 2.

### The Beneficiary

(1) This is the Annex 2. of the Trust Deed dated of even date herewith, between **MICHAEL GERARD LACEY**, (an individual residing at ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮, SUN CITY, Arizona 85351, USA; date and place of birth: 30. July 1948, New York, USA; social security number: ▮▮▮▮▮▮▮▮ mother's maiden name: ▮▮▮▮▮▮▮ passport number: ▮▮▮▮▮▮▮▮, as settlor, and **PRIMUS TRUST CORP.** (registered seat: 2161 Csomád, Verebeshegy str. 11., tax number: 25051845-2-13. registration number: 13-10-041460, represented by: dr. Menyhei Ákos, dr. B. Szabó Gábor, with two joint signatures of two Board Members) as trustee (hereinafter referred to as „**Trustee**")

**1. The Beneficiary:**

**a) Beneficiary entitled to Yield of the Trust assets during the life of the Settlor:**

During the Settlor's life the beneficiaries are his two sons:

- Roarke Quillan Lacey (date and place of birth: ▮▮▮▮▮▮▮▮▮▮ passport number: ▮▮▮▮▮ ) and
- Colin Lawery Lacey (date and place of birth: ▮▮▮▮▮ ▮▮▮▮▮▮▮. passport number: ▮▮▮▮▮ )

The proportion: in the discretion of the Protector, and if not exercised, then equally.

**b) Beneficiary entitled to Yield of the Trust assets on death of the Settlor:**

First, the Trustee shall pay to or hold all the trust property for the benefit of the trustee of the Michael G. Lacey Family Revocable trust dated December 21, 2016, as it may be subsequently amended, to be held, administered and distributed according to the provisions therein.

If the Michael G. Lacey Family Revocable trust is not in existence or it has been revoked or terminated, then the second beneficiaries will be his two sons (as it written above), in equal shares, per right of representation.

**c) Beneficiary entitled to Transferred assets during the life of the Settlor:**

During the Settlor's life the beneficiaries are his two sons:

- Roarke Quillan Lacey (date and place of birth: ▮▮▮▮▮▮▮▮. passport number: ▮▮▮▮▮ ) and

DEFLACEY000028

- 2 -

- Colin Lawery Lacey (date and place of birth: ████████ ████████, passport number ████ )

The proportion: in the discretion of the Protector, and if not exercised, then equally.

**d) Beneficiary entitled to Transferred Assets on death of the Settlor:**

First, the Trustee shall pay to or hold all the trust property for the benefit of the trustee of the Michael G. Lacey Family Revocable trust dated December 21, 2016, as it may be subsequently amended, to be held, administered and distributed according to the provisions therein.

If the Michael G. Lacey Family Revocable trust is not in existence or it has been revoked or terminated, then the second beneficiaries will be his two sons (as it written above), in equal shares, per right of representation.

## 2. Distribution of the assets

**a)** <u>Date of the distribution of the Yield of the Trust assets</u>

The Trustees shall distribute the yield of the Trust assets to the Beneficiary in accordance with the prior written notice of the Protector but not earlier than 8 days following the preparing of the annual report of the Trust assets according the Act 100 of 2000 on Accounting. The distribution shall not risk the liquidity of the Trust assets and the fulfillment of the foreseeable obligations. Distribution during the year shall be fulfilled in compliance with the Act C. of 2000 on Accounting on the basis of the decision of the Trustees in accordance with the prior written consent of the Protector. The Trustees determine the rate of the yield at the dates of the distribution taking into consideration the tasks of the Trust.

**b)** <u>Date of the distribution of the Transferred assets (capital)</u>

Distribution of the Trust assets during the Trust period shall be fulfilled only up to the amount of the Transferred assets (in case of negative reserve, or loss of the current year balance sheet the Transferred assets decreased with the reserves or the loss of the current year balance sheet) according to the decision of the Trustee which shall be based on the prior written notice and consent of the Protector.

In the case of mid-year distribution the after tax loss in the interim balance sheet shall be taking into consideration by the determining of the disbursed assets. In the case of mid-year distribution the Trustees shall determine the date and the extent of the distribution of the Transferred assets.

If the Trustee distributes the total amount of the Transferred assets, the Agreement shall be terminated. During the Trust Period and following the end of the period the Trustee shall distribute the Transferred assets to the Beneficiaries and to the extent specified in this Annex.

**c)** <u>The Additional Beneficiaries</u>

In the case of loss the position of the Beneficiary, which means the termination of the corporate existence of the Beneficiary or a removal of a Beneficiary, the additional Beneficiaries shall replace the disqualified Beneficiary as follows:

In the case of the termination of the Beneficiary the successor company shall replace the disqualified Beneficiary. The Additional Beneficiary is entitled for the Yield of the Trust assets and for the Transferred Assets as well.

If the Beneficiary has more than one successor than the Trustees shall distribute and assign the assets with discretionary power regarding the right for participation and the date of the

- 3 -

distribution to all successors of the Beneficiary disqualified above. In this case the Trustee is entitled to distribute and assign the assets with discretionary power, and to decide about the time of the distribution and the value of the Yield and Trust Assets distributed. The Trustee shall use its discretionary power in accordance with the prior written consent of the Protector.

If any Additional Beneficiary will be disqualified or refuses the assets, the Trustees shall distribute and assign the assets in respect of its share to the other Additional Beneficiaries in proportion among themselves.

In the case of the termination without successor, the shareholders of the Beneficiary shall replace the disqualified Beneficiary, as Additional Beneficiaries. The additional Beneficiaries are entitled for the Yield of the Trust assets and for the Transferred Assets as well. The Additional Beneficiaries shall share from the benefits of the Trust assets and from the Trust assets shall be distributed following the end of the Trust period in proportion among themselves.

If the shareholders of the Beneficiary - as Additional Beneficiaries - will be disqualified or refuses the assets and there is no qualified Additional Beneficiary has the power to appoint Additional Beneficiary. If the shareholders of the Beneficiary shall not be able to replace the disqualified Beneficiary, the Trustee has the power to appoint new Beneficiaries. The Trustee shall use its discretionary power in accordance with the prior written consent of the Protector.

The Protector, with the consent of the Trustee, has the power to appoint any new Beneficiary or Additional Beneficiary.

Executed by the Settlor and the Trustee on January ___, 2017.

.............................................            ...................................................
MICHAEL GERARD LACEY                        PRIMUS TRUST CORP.
Settlor                                                    Trustee

Atlantic Fidelity, LLC, having familiarized itself with the terms and the requirements of this Trust Agreement hereby accepts the position of the Protector and agrees to carry out the duties and the responsibilities of that position to the best of its ability.

January ___, 2017

Atlantic Fidelity, LLC        By: _____
                                              Cynthia Richards, Manager

DEFLACEY000030

WARNING: PRINTED VERSIONS OF THE BSA E-FILING FORMS ARE NOT FOR SUBMISSION
AND WILL NOT BE PROCESSED BY FINCEN.



## Report of Foreign Bank and Financial Accounts

Version Number: 1.0

**FinCEN Form 114  OMB No. 1506-0009   Effective October 1, 2013**

The new annual due date for filing Reports of Foreign Bank and Financial Accounts (FBAR) for foreign financial accounts is April 18.

**Steps to Submit**

1. Complete the report in its entirety with all requested or required data known to the filer.
2. Click "Validate" to ensure proper formatting and that all required fields are completed.
3. Sign with PIN.
4. Click "Save"; filers may also "Print" a paper copy for their records.
5. Click "Submit".

**Filing name**          ML 2017

By providing my PIN, I acknowledge that I am electronically signing the BSA report submitted.

**Remove Signature**

**If this report is being filed late, select the reason for filing late**

This form should be used to report a financial interest in, signature authority, or other authority over one or more financial accounts in foreign countries, as required by the Department of the Treasury Regulations 31 CFR 1010.350 . No report is required if the aggregate value of the accounts did not exceed $10,000.

### PRIVACY ACT AND PAPERWORK REDUCTION ACT NOTICE

Pursuant to the requirements of Public Law 93-579 (Privacy Act of 1974), notice is hereby given that the authority to collect information on FinCEN 114 in accordance with 5 USC 552a (e) is Public Law 91-508; 31 USC 5314; 5 USC 301; 31 CFR 1010.350. The principal purpose for collecting the information is to assure maintenance of reports where such reports or records have a high degree of usefulness in criminal, tax, or regulatory investigations or proceedings. The information collected may be provided to those officers and employees of any constituent unit of the Department of the Treasury who have a need for the records in the performance of their duties. The records may be referred to any other department or agency of the United States upon the request of the head of such department or agency for use in a criminal, tax, or regulatory investigation or proceeding. The information collected may also be provided to appropriate state, local, and foreign law enforcement and regulatory personnel in the performance of their official duties. Disclosure of this information is mandatory. Civil and criminal penalties, including in certain circumstances a fine of not more than $500,000 and imprisonment of not more than five years, are provided for failure to file a report, supply information, and for filing a false or fraudulent report. Disclosure of the Social Security number is mandatory. The authority to collect is 31 CFR 1010.350 (formerly 31 CFR 103.24) . The Social Security number will be used as a means to identify the individual who files the report. The estimated average burden associated with this collection of information is 20 minutes per respondent or record keeper, depending on individual circumstances. Comments regarding the accuracy of this burden estimate, and suggestions for reducing the burden should be directed to the Financial Crimes Enforcement Network, P. O. Box 39, Vienna, VA 22183, Attn: Office of Regulatory Policy.

DEFLACEY000031

WARNING: PRINTED VERSIONS OF THE BSA E-FILING FORMS ARE NOT FOR SUBMISSION AND WILL NOT BE PROCESSED BY FinCEN.

1  This report is for calendar year ended 12/31  **2017**     Amended  ☐     Prior Report BSA Identifier

## Part I    Filer Information

2  Type of filer                          **Individual**

3  U.S. Taxpayer Identification Number  ████████

3a TIN type                              **SSN/ITIN**

4  Foreign identification

   a Type

   b Number

   c Country/Region of issue

5  Individual's date of birth            ████████

6  Last name  or organization's name    **LACEY**

7  First name                           **MICHAEL**

8  Middle name

8a Suffix

9  Address                              ████ ████ ████

10 City                                 **PARADISE VALLEY**

11 State                                **AZ**

12 ZIP/postal code                      **85253**

13 Country/Region                       **US**

14a  Does the filer have a financial interest in 25 or more financial accounts?

  ☐ Yes   Enter  number of accounts            **If "Yes" is checked  do not complete Part II or Part III, but retain records of this information**

  ☒ No

14b  Does the filer have signature authority over but no financial interest in 25 or more financial accounts?

  ☐ Yes   Enter  number of accounts            **If "Yes" is checked Complete Part IV items 34 through 43 for each person on whose behalf the filer has signature authority.**

  ☒ No

This form has been signed and cannot be altered.

**DEFLACEY000032**

WARNING 2016 PFIC VERSIONS OF THE FBAR FILING FORMS ARE NOT FOR SUBMISSION
This form has been signed and cannot be altered
AND WILL NOT BE PROCESSED BY FINCEN:
#1006

**Part II      Information on Financial Account(s) Owned Separately  1   of  1**

| | | | |
|---|---|---|---|
| 15 Maximum account value | **17,064,527** | 15a Maximum account value unknown | ☐ |
| 16 Type of account | **Other** | **TRUST** | |
| 17 Financial institution name | **PRIMUS TRUST** | | |
| 18 Account number or other designation | ▉▉▉▉▉ | | |
| 19  Address | **1023 BUDAPEST, SZEPVOLGYI UT 6** | | |
| 20  City | **BUDAPEST** | 21 State | |
| 22 Foreign postal code | | 23 Country/ Region | **HU** |

DEFLACEY000033

WARNING: ARCHIVE VERSIONS OF THE BSA E-FILING FORMS ARE NOT FOR SUBMISSION
This form has been signed and cannot be altered.
AND WILL NOT BE PROCESSED BY FINCEN.

**Part III**  Information on Financial Account(s) Owned Jointly  1  of  1

**Account Information**

15 Maximum account value [            ]  15a Maximum account value unknown  ☐

16 Type of account [            ] [                              ]

17 Financial institution name [                                        ]

18 Account number or other designation [                              ]

19 Address [                                                          ]

20 City [                              ]  21 State [                      ]

22 Foreign postal code [                          ]  23 Country/ Region [                  ]

24 Number of joint owners [                      ]

**Principal Joint Owner Information**  Check ☐ if entity

25 Taxpayer Identification Number (TIN) [                  ]  25a TIN type [                ]

26 Last name or organization name [                                  ]

27 First name [                                                      ]

28 Middle name [                                                    ]

28a Suffix [                                                        ]

29 Address [                                                        ]

30 City [                      ]  31 State [                      ]

32 ZIP/postal code [                      ]  33 Country/ Region [                  ]

DEFLACEY000034

WARNING! PRINT VERSIONS OF THE BSA E-FILING FORMS ARE NOT FOR SUBMISSION AND WILL NOT BE PROCESSED BY FINCEN.

**Part IV** Information on Financial Account(s) Where Filer has Signature or Other Authority but No financial Interest in the Account(s)  1  of  1

## Account Information

15 Maximum account value [                    ]   15a Maximum account value unknown ☐

16 Type of account [                    ]   [                                        ]

17 Financial institution name [                                                    ]

18 Account number or other designation [                                            ]

19 Address [                                                                        ]

20 City [                                        ]   21 State [                        ]

22 Foreign postal code [                            ]   23 Country/ Region [                ]

## Owner Information    Check ☐ if entity

34 Last name or organization name [                                                ]

35 Taxpayer Identification Number (TIN) [                    ]   35a TIN type [                ]

36 First name [                                                                    ]

37 Middle name [                                                                    ]

37a Suffix [                                                                        ]

38 Address [                                                                        ]

39 City [                                                                           ]

40 State/territory/province [                                    ]

41 ZIP/postal code [                                            ]

42 Country/Region [                                             ]

43 Filer's title with this owner [                              ]

DEFLACEY000035

WARNING - PRINTED VERSION OF THE BSA E-FILING FORMS ARE NOT A SUBMISSION AND WILL NOT BE PROCESSED BY FINCEN.

**Part V**   Information on Financial Account(s) Where Filer is Filing a Consolidated Report   1   of   1

## Account Information

15 Maximum account value

15a Maximum account value unknown  ☐

16 Type of account

17 Financial institution name

18 Account number or other designation

19  Address

20  City

21 State

22 Foreign postal code

23 Country/ Region

## Owner Information

34 Organization name

35 Taxpayer Identification Number (TIN)

35a TIN type

38  Address

39  City

40 State/territory/province

41 ZIP/postal code

42 Country/Region

DEFLACEY000036

WARNING: PRINTED VERSIONS OF THE BSA FILING FORMS ARE NOT FOR SUBMISSION
This form has been signed and cannot be altered.
AND WILL NOT BE PROCESSED BY FINCEN.
#:1026

**Signature** 44a Click here ☒ if this report is completed by a third party preparer, complete the third party preparer section.

| | |
|---|---|
| 44 Filer signature | Form is signed. |
| 45 Filer title | |
| 46 Date of signature | 08/09/2018 |

(Date of signature will be auto-populated when the report is signed.)

## Third Party Preparer Use Only

| | |
|---|---|
| 47 Preparer's last name | HSU |
| 48 First name | EDWIN |
| 49 Middle name/initial | |

50 Check ☐ if self-employed

| | | | |
|---|---|---|---|
| 51 Preparer's TIN | ▇▇▇▇▇▇ | 51a TIN type | PTIN |
| 52 Contact phone number | 6028205741 | 52a Extension | |
| 53 Firm's name | HSU LAW PLC | | |
| 54 Firm's TIN | ▇▇▇▇▇ | 54a TIN type | EIN |
| 55 Address | 5090 N. 40TH STREET, SUITE 260 | | |
| 56 City | PHOENIX | | |
| 57 State | AZ | | |
| 58 ZIP/postal code | 85018 | | |
| 59 Country/Region | US | | |

DEFLACEY000037

| Save | | Print | Close |
|------|--|-------|-------|

**BSA E-Filing Secure Message Reply Form**                Version Number:    4.02

Do not use the built-in Adobe Reader attachments functionality to add or delete files on this form. Use the "Add Attachment" and "Delete Attachment" buttons on this form instead.

To:        **Edwin Hsu**

Subject:    **Acknowledgement for FX18-00514436**

Attachment(s):  ☐

**Received acknowledgement for BSA Tracking Number FX18-00514436.**

**This FBARX has been assigned BSA ID: 31000130956741**
**Filing Name: ML 2017**

DEFLACEY000038

Form **3520**

Department of the Treasury
Internal Revenue Service

## Annual Return To Report Transactions With Foreign Trusts and Receipt of Certain Foreign Gifts

▶ Go to *www.irs.gov/Form3520* for instructions and the latest information.

OMB No. 1545-0159

**2017**

**Note:** All information must be in English. Show all amounts in U.S. dollars. File a **separate** Form 3520 for **each** foreign trust.

For calendar year 2017, or tax year beginning , 2017, ending , 20

**A** Check appropriate boxes: ☐ Initial return ☒ Initial return (extension filed) ☐ Final return ☐ Amended return

**B** Check box that applies to person filing return: ☒ Individual ☐ Partnership ☐ Corporation ☐ Trust ☐ Executor

**C** Check if any excepted specified foreign financial assets are reported on this form (see instructions) . . . . . . . . . . ☐

**Check all applicable boxes.**

☒ **(a)** You are a U.S. transferor who, directly or indirectly, transferred money or other property during the current tax year to a foreign trust, **(b)** You held an outstanding obligation of a related foreign trust (or a person related to the trust) issued during the current tax year, that you reported as a "qualified obligation" (defined in the instructions) during the current tax year, or **(c)** You are the executor of the estate of a U.S. decedent and (1) the decedent made a transfer to a foreign trust by reason of death, (2) the decedent was treated as the owner of any portion of a foreign trust immediately prior to death, or (3) the decedent's estate included any portion of the assets of a foreign trust. Complete all applicable identifying information requested below and Part I of the form and see the instructions for Part I.

☒ You are a U.S. owner of all or any portion of a foreign trust at any time during the tax year. Complete all applicable identifying information requested below and Part II of the form and see the instructions for Part II.

☐ **(a)** You are a U.S. person who, during the current tax year, received a distribution from a foreign trust, or **(b)** You are a U.S. person who is also a grantor or beneficiary of a foreign trust (1) that has made a loan of cash or marketable securities, directly or indirectly, to you or a U.S. person related to you during the current tax year, or (2) from which you or a U.S. person related to you received the uncompensated use of trust property. Complete all applicable identifying information requested below and Part III of the form and see the instructions for Part III.

☐ You are a U.S. person who, during the current tax year, received certain gifts or bequests from a foreign person. Complete all applicable identifying information requested below and Part IV of the form and see the instructions for Part IV.

| **1a** Name of U.S. person(s) with respect to whom this Form 3520 is being filed (see instructions) | **b** Identification number |
|---|---|
| Michael G Lacey | |

| **c** Number, street, and room or suite no. (if a P.O. box, see instructions) | **d** Spouse's identification number |
|---|---|
| | |

| **e** City or town | **f** State or province | **g** ZIP or foreign postal code | **h** Country |
|---|---|---|---|
| Paradise Valley | ARIZONA | 85253 | |

**i** Check the box if you are married and filing a joint 2017 income tax return, but you are filing separate Forms 3520. ☒

**j** Service center where U.S. person's tax return is filed . . . . . . . . . . . . . . . . . ▶ Ogden, UT

**k** If an extension was requested for the tax return, check this box ☒ and enter the form number of the tax return to be filed. ▶ 1040

| **2a** Name of foreign trust (if applicable) | **b(1)** Employer identification number (if any) |
|---|---|
| Binghampton Trust | N/A |

| **c** Number, street, and room or suite no. (if a P.O. box, see instructions) | **b(2)** Reference ID number (see instructions) |
|---|---|
| 7025 E. Greenway Parkway #800 | |

| **d** City or town | **e** State or province | **f** ZIP or foreign postal code | **g** Country |
|---|---|---|---|
| Scottsdale | AZ | 85254 | |

**3** Did the foreign trust appoint a U.S. agent (defined in the instructions) who can provide the IRS with all relevant trust information? . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☒ Yes ☐ No
If "Yes," complete lines 3a through 3g. If "No," be sure to complete Part I, lines 15 through 18.

| **3a** Name of U.S. agent | **b** Identification number (if any) |
|---|---|
| John R. Becker, Esq., Becker & House, PLLC | |

| **c** Number, street, and room or suite no. (if a P.O. box, see instructions) | | | |
|---|---|---|---|
| 7025 E. Greenway Parkway #800 | | | |

| **d** City or town | **e** State or province | **f** ZIP or postal code | **g** Country |
|---|---|---|---|
| Scottsdale | AZ | 85254 | |

| **4a** Name of U.S. decedent (see instr.) | **b** Address | **c** TIN of decedent |
|---|---|---|
| N/A | N/A | N/A |

| **d** Date of death | | **e** EIN of estate |
|---|---|---|
| N/A | | N/A |

**f** Check applicable box.
  ☐ U.S. decedent made transfer to a foreign trust by reason of death.
  ☐ U.S. decedent treated as owner of foreign trust immediately prior to death.
  ☐ Assets of foreign trust were included in estate of U.S. decedent.

For Privacy Act and Paperwork Reduction Act Notice, see instructions.

HTA

Form **3520** (2017)

**DEFLACEY000039**

Form 3520 (2017)     Michael G Lacey                                    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                    Page **2**

| **Part I** | **Transfers by U.S. Persons to a Foreign Trust During the Current Tax Year** (see instructions) |

| 5a | Name of trust creator | b | Address | c | Identification number (if any) |
|---|---|---|---|---|---|
| | Michael G. Lacey | | Paradise Valley, AZ 85253 | | ███████ |

| 6a | Country code of country where trust was created | b | Country code of country whose law governs the trust | c | Date trust was created |
|---|---|---|---|---|---|
| | HU | | HU | | 1/3/2017 |

| 7a | Will any person (other than the U.S. transferor or the foreign trust) be treated as the owner of the transferred assets after the transfer? . . . . . . . . . . . . . . . . . . . . . . . . | ☐ Yes | ☒ No |
|---|---|---|---|

| b | (i) Name of other foreign trust owners, if any | (ii) Address | (iii) Country of residence | (iv) Identification number, if any | (v) Relevant Code section |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

| 8 | Was the transfer a completed gift or bequest? If "Yes," see instructions . . . . . . . . . . . . . . | ☐ Yes | ☒ No |
|---|---|---|---|
| 9a | Now or at any time in the future, can any part of the income or corpus of the trust benefit any U.S. beneficiary? . . | ☒ Yes | ☐ No |
| b | If "No," could the trust be revised or amended to benefit a U.S. beneficiary? . . . . . . . . . . | ☐ Yes | ☐ No |
| 10 | Will you continue to be treated as the owner of the transferred asset(s) after the transfer? . . . . . . | ☒ Yes | ☐ No |

## Schedule A—Obligations of a Related Trust (see instructions)

| 11a | During the current tax year, did you transfer property (including cash) to a related foreign trust in exchange for an obligation of the trust or an obligation of a person related to the trust (see instructions)? . . . . . . . . | ☐ Yes | ☐ No |
|---|---|---|---|
| | If "Yes," complete the rest of Schedule A, as applicable.  If "No," go to Schedule B. | | |
| b | Were any of the obligations you received (with respect to a transfer described in line 11a above) qualified obligations? . | ☐ Yes | ☐ No |
| | If "Yes," complete the rest of Schedule A with respect to each qualified obligation. | | |
| | If "No," go to Schedule B and, when completing columns (a) through (i) of line 13 with respect to each nonqualified obligation, enter "-0-" in column (h). | | |

| (i) Date of transfer giving rise to obligation | (ii) Maximum term | (iii) Yield to maturity | (iv) FMV of obligation |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

| 12 | With respect to each qualified obligation you reported on line 11b: Do you agree to extend the period of assessment of any income or transfer tax attributable to the transfer, and any consequential income tax changes for each year that the obligation is outstanding, to a date 3 years after the maturity date of the obligation? . . . . . . . . . | ☐ Yes | ☐ No |
|---|---|---|---|
| | **Note:** You have the right to refuse to extend the period of limitations or limit this extension to a mutually agreed-upon issue(s) or mutually agreed-upon period of time. Generally, if you refuse to extend the period of limitations with respect to each qualified obligation you reported on line 11b, then such obligation is not a qualified obligation and you cannot check "Yes" to the question on line 11b. | | |

## Schedule B—Gratuitous Transfers (see instructions)

| 13 | During the current tax year, did you make any transfers (directly or indirectly) to the trust and receive less than FMV, or no consideration at all, for the property transferred? . . . . . . . . . . . . . . . . . . | ☐ Yes | ☒ No |
|---|---|---|---|
| | If "Yes," complete columns (a) through (i) below and the rest of Schedule B, as applicable. | | |
| | If "No," go to Schedule C. | | |

| (a) Date of transfer | (b) Description of property transferred | (c) FMV of property transferred | (d) U.S. adjusted basis of property transferred | (e) Gain recognized at time of transfer if any | (f) Excess, if any, of column (c) over the sum of columns (d) and (e) | (g) Description of property received, if any | (h) FMV of property received | (i) Excess of column (c) over column (h) |
|---|---|---|---|---|---|---|---|---|
| | | | | | 0 | | | 0 |
| | | | | | 0 | | | 0 |
| | | | | | 0 | | | 0 |
| Totals ▶ | | | | | $ | | $ | |

| 14 | You are required to attach a copy of each sale or loan document entered into in connection with a transfer reported on line 13. If these documents have been attached to a Form 3520 filed within the previous 3 years, attach only relevant updates. |
|---|---|

| | Are you attaching a copy of: | Yes | No | Attached Previously | Year Attached |
|---|---|---|---|---|---|
| a | Sale document? . . . . . . . . . . . . . . . . . . . . . | ☐ | ☐ | ☐ | |
| b | Loan document? . . . . . . . . . . . . . . . . . . . . | ☐ | ☐ | ☐ | |
| c | Subsequent variances to original sale or loan documents? . . . . . . . . . | ☐ | ☐ | ☐ | |

Form **3520** (2017)

DEFLACEY000040

Form 3520 (2017)   Michael G Lacey                                               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                              Page **3**

## Part I   Schedule B—Gratuitous Transfers *(Continued)*

**Note:** Complete lines 15 through 18 only if you answered "No" to line 3, acknowledging that the foreign trust did not appoint a U.S. agent to provide the IRS with all relevant trust information.

| 15 | (a)<br>Name of beneficiary | (b)<br>Address of beneficiary | (c)<br>U.S. beneficiary? | | (d)<br>Identification number, if any |
|---|---|---|---|---|---|
| | | | Yes | No | |
| N/A | | | | | |
| | | | | | |
| | | | | | |

| 16 | (a)<br>Name of trustee | (b)<br>Address of trustee | (c)<br>Identification number, if any |
|---|---|---|---|
| N/A | | | |
| | | | |
| | | | |

| 17 | (a)<br>Name of other persons<br>with trust powers | (b)<br>Address of other persons with trust powers | (c)<br>Description of<br>powers | (d)<br>Identification number, if any |
|---|---|---|---|---|
| N/A | | | | |
| | | | | |
| | | | | |

**18** If you checked "No" on line 3 (or did not complete lines 3a through 3g), you are required to attach a copy of all trust documents as indicated below. If these documents have been attached to a Form 3520-A or Form 3520 filed within the previous 3 years, attach only relevant updates.

| | | Yes | No | Attached Previously | Year Attached |
|---|---|---|---|---|---|
| | Are you attaching a copy of: | | | | |
| a | Summary of all written and oral agreements and understandings relating to the trust? . . | ☐ | ☐ | ☐ | ____ |
| b | The trust instrument? . . . . . . . . . . . | ☐ | ☐ | ☐ | ____ |
| c | Memoranda or letters of wishes? . . . . . . . . | ☐ | ☐ | ☐ | ____ |
| d | Subsequent variances to original trust documents? . . . . . . | ☐ | ☐ | ☐ | ____ |
| e | Trust financial statements? . . . . . . . . . | ☐ | ☐ | ☐ | ____ |
| f | Other trust documents? . . . . . . . . . . | ☐ | ☐ | ☐ | ____ |

## Schedule C—Qualified Obligations Outstanding in the Current Tax Year (see instructions)

**19** Did you, at any time during the tax year, hold an outstanding obligation of a related foreign trust (or a person related to the trust) that you reported as a "qualified obligation" in the current tax year? . . . . . . . . . . . . . ☐ Yes  ☒ No
If "Yes," complete columns (a) through (e) below.

| (a)<br>Date of original<br>obligation | (b)<br>Tax year qualified<br>obligation first reported | (c)<br>Amount of principal<br>payments made during<br>the tax year | (d)<br>Amount of interest<br>payments made during<br>the tax year | (e)<br>Does the obligation<br>still meet the<br>criteria for a<br>qualified obligation? | |
|---|---|---|---|---|---|
| | | | | Yes | No |
| | | | | | |
| | | | | | |

Form **3520** (2017)

DEFLACEY000041

Form 3520 (2017)    Michael G Lacey                                    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                        Page **4**

## Part II    U.S. Owner of a Foreign Trust (see instructions)

**20**

| (a)<br>Name of other foreign trust owners, if any | (b)<br>Address | (c)<br>Country of residence | (d)<br>Identification number, if any | (e)<br>Relevant Code section |
|---|---|---|---|---|
| None | | | | |
| | | | | |
| | | | | |

**21**

| (a)<br>Country code of country where foreign trust was created | (b)<br>Country code of country whose law governs the foreign trust | (c)<br>Date foreign trust was created |
|---|---|---|
| HU | HU | 1/1/2017 |

**22** Did the foreign trust file Form 3520-A for the current year? . . . . . . . . . . . . . . . . .   [X] Yes   [ ] No

If "Yes," attach the Foreign Grantor Trust Owner Statement you received from the foreign trust.

If "No," to the best of your ability, complete and attach a substitute Form 3520-A for the foreign trust.

See instructions for information on penalties.

**23** Enter the gross value of the portion of the foreign trust that you are treated as owning at the end of the tax year  ▶ $        17,064,527

## Part III    Distributions to a U.S. Person From a Foreign Trust During the Current Tax Year (see instructions)

**24** Cash amounts or FMV of property received, directly or indirectly, during the current tax year, from the foreign trust (exclude loans included on line 25).

| (a)<br>Date of distribution | (b)<br>Description of property received | (c)<br>FMV of property received<br>(determined on date of distribution) | (d)<br>Description of property transferred, if any | (e)<br>FMV of property transferred | (f)<br>Excess of column (c) over column (e) |
|---|---|---|---|---|---|
| None | | | | | 0 |
| | | | | | 0 |
| | | | | | 0 |
| | | | | | 0 |
| | | | | | 0 |
| | | | | | 0 |
| | | | | | 0 |
| **Totals** . . . . . . . . . . . . . . . . . . . . ▶ $ | | | | | 0 |

**25** During the current tax year, did you (or a person related to you) receive a loan from a related foreign trust (including an extension of credit upon the purchase of property from the trust)? . . . . . . . . .   [ ] Yes   [X] No

If "Yes," complete columns (a) through (g) below for each such loan.

**Note:** You are considered to have received a loan if you (or a U.S. person related to you) were permitted the uncompensated use of trust property (as described in section 643(i)). See instructions for additional information, including how to complete columns (a) through (g) for such transactions.

| (a)<br>FMV of loan proceeds | (b)<br>Date of original loan transaction | (c)<br>Maximum term of repayment of obligation | (d)<br>Interest rate of obligation | (e)<br>Is the obligation a "qualified obligation?" | | (f)<br>FMV of qualified obligation | (g)<br>Amount treated as distribution from the trust (subtract column (f) from column (a)) |
|---|---|---|---|---|---|---|---|
| | | | | Yes | No | | |
| | | | | | | | 0 |
| | | | | | | | 0 |
| | | | | | | | 0 |
| **Total** . . . . . . . . . . . . . . . . ▶ $ | | | | | | | 0 |

**26** With respect to each obligation you reported as a "qualified obligation" on line 25: Do you agree to extend the period of assessment of any income or transfer tax attributable to the transaction, and any consequential income tax changes for each year that the obligation is outstanding, to a date 3 years after the maturity date of the obligation? . . . . . .   [ ] Yes   [ ] No

**Note:** You are considered to have received a loan if you (or a U.S. person related to you) were permitted the issue(s) or mutually agreed-upon period of time. Generally, if you refuse to extend the period of limitations with respect to an obligation that you reported as a "qualified obligation" on line 25, then such obligation is not a qualified obligation and you cannot check "Yes" in column (e) of line 25.

**27** Total distributions received during the current tax year. Add line 24, column (f), and line 25, column (g) . . . ▶ $        0

**28** Did the trust, at any time during the tax year, hold an outstanding obligation of yours (or a person related to you) that you reported as a "qualified obligation" in the current tax year? . . . . . . . . . . . . . . .   [ ] Yes   [X] No

If "Yes," complete columns (a) through (e) below for each obligation.

| (a)<br>Date of original loan transaction | (b)<br>Tax year qualified obligation first reported | (c)<br>Amount of principal payments made during the tax year | (d)<br>Amount of interest payments made during the tax year | (e)<br>Does the loan still meet the criteria of a qualified obligation? | |
|---|---|---|---|---|---|
| | | | | Yes | No |
| | | | | | |
| | | | | | |
| | | | | | |

Form **3520** (2017)

DEFLACEY000042

Form 3520 (2017)    Michael G Lacey                                                     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                        Page **5**

**Part III**  Distributions to a U.S. Person From a Foreign Trust During the Current Tax Year *(Continued)*

29  Did you receive a Foreign Grantor Trust Beneficiary Statement from the foreign trust with respect to a
    distribution? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ☐ Yes   ☐ No   ☒ N/A
    If "Yes," attach the statement and do not complete the remainder of Part III with respect to that distribution.
    If "No," complete Schedule A with respect to that distribution. Also complete Schedule C if you enter an
    amount greater than zero on line 37.

30  Did you receive a Foreign Nongrantor Trust Beneficiary Statement from the foreign trust with respect to a
    distribution? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ☐ Yes   ☐ No   ☒ N/A
    If "Yes," attach the statement and complete either Schedule A or Schedule B below (see instructions). Also
    complete Schedule C if you enter an amount greater than zero on line 37 or line 41a.
    If "No," complete Schedule A with respect to that distribution. Also complete Schedule C if you enter an
    amount greater than zero on line 37.

**Schedule A—Default Calculation of Trust Distributions (see instructions)**

| | |
|---|---|
| 31  Enter amount from line 27 | |
| 32  Number of years the trust has been a foreign trust (see instructions) . . . . . . ▶ | |
| 33  Enter total distributions received from the foreign trust during the 3 preceding tax years (or during the number of years the trust has been a foreign trust, if fewer than 3) . . . . . . . . . . | |
| 34  Multiply line 33 by 1.25 | 0 |
| 35  Average distribution. Divide line 34 by 3 (or the number of years the trust has been a foreign trust, if fewer than 3) and enter the result . . . . . . . . . . . . . . . . . . . . | 0 |
| 36  Amount treated as ordinary income earned in the current year. Enter the smaller of line 31 or line 35 | |
| 37  Amount treated as accumulation distribution. Subtract line 36 from line 31. If -0-, do not complete the rest of Part III . . . . . . . . | 0 |
| 38  Applicable number of years of trust. Divide line 32 by 2 and enter the result here  ▶          0.0 | |

**Schedule B—Actual Calculation of Trust Distributions (see instructions)**

| | |
|---|---|
| 39  Enter amount from line 27 | |
| 40a  Amount treated as ordinary income in the current tax year | |
|   b  Qualified dividends . . . . . . . . . . . . . . . . . . . ▶ | |
| 41a  Amount treated as accumulation distribution. If -0-, do not complete Schedule C, Part III | |
|   b  Amount of line 41a that is tax exempt . . . . . . . . . . . . ▶ | |
| 42a  Amount treated as net short-term capital gain in the current tax year | |
|   b  Amount treated as net long-term capital gain in the current tax year . . . ▶ | |
|   c  28% rate gain . . . . . . . . . . . . . . . . . . . . . ▶ | |
|   d  Unrecaptured section 1250 gain . . . . . . . . . . . . . . . ▶ | |
| 43  Amount treated as distribution from trust corpus | |
| 44  Enter any other distributed amount received from the foreign trust not included on lines 40a, 41a, 42a, 42b, and 43 (attach explanation) | |
| 45  Amount of foreign trust's aggregate undistributed net income | |
| 46  Amount of foreign trust's weighted undistributed net income | |
| 47  Applicable number of years of trust. Divide line 46 by line 45 and enter the result here  ▶          0.0 | |

**Schedule C—Calculation of Interest Charge (see instructions)**

| | |
|---|---|
| 48  Enter accumulation distribution from line 37 or 41a, as applicable | |
| 49  Enter tax on total accumulation distribution from line 28 of Form 4970 (attach Form 4970 — see instructions) | |
| 50  Enter applicable number of years of foreign trust from line 38 or 47, as applicable (round to nearest half-year) . . . . . . . . . . . . . . . . . . ▶          0.0 | |
| 51  Combined interest rate imposed on the total accumulation distribution (see instructions) . . . . | |
| 52  Interest charge. Multiply the amount on line 49 by the combined interest rate on line 51 . . . . | 0 |
| 53  Tax attributable to accumulation distributions. Add lines 49 and 52. Enter here and as "additional tax" on your income tax return . . . . . . . . . . . . . . . . . . . . . . . . | 0 |

Form **3520** (2017)

**DEFLACEY000043**

Form 3520 (2017)   Michael G Lacey                                    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                        Page 6

**Part IV**   U.S. Recipients of Gifts or Bequests Received During the Current Tax Year From Foreign Persons
(see instructions)

**54** During the current tax year, did you receive more than $100,000 that you treated as gifts or bequests from a nonresident alien or a foreign estate? See instructions for special rules regarding related donors . . . . . . . . . . . . . .  ☐ Yes  ☒ No

If "Yes," complete columns (a) through (c) with respect to each such gift or bequest in excess of $5,000. If more space is needed, attach a statement.

| (a) Date of gift or bequest | (b) Description of property received | (c) FMV of property received |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ $                      0

**55** During the current tax year, did you receive more than $15,797 that you treated as gifts from a foreign corporation or a foreign partnership? See instructions regarding related donors . . . . . . . . . . . . . . . . . . . . . . .  ☐ Yes  ☒ No

If "Yes," complete columns (a) through (g) with respect to each such gift. If more space is needed, attach a statement.

| (a) Date of gift | (b) Name of foreign donor | (c) Address of foreign donor | (d) Identification number, if any |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

| (e) Check the box that applies to the foreign donor | | (f) Description of property received | (g) FMV of property received |
|---|---|---|---|
| Corporation | Partnership |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**56** Do you have any reason to believe that the foreign donor, in making any gift or bequest described in lines 54 and 55, was acting as a nominee or intermediary for any other person? If "Yes," see instructions. . . . . . . . . . . . .  ☐ Yes  ☒ No

**Sign Here**
Under penalties of perjury, I declare that I have examined this return, including any accompanying reports, schedules, or statements, and to the best of my knowledge and belief it is true, correct, and complete.

Signature                                      Title                                      Date

**Paid Preparer Use Only**

| Print/Type preparer's name | Preparer's signature | Date 26 Sept 2018 | Check ☐ if self-employed | PTIN P01308919 |
|---|---|---|---|---|
| John R Becker Esq. | | | | |
| Firm's name ▶ Becker & House, PLLC | | | Firm's EIN ▶ | |
| Firm's address ▶ 7025 E. Greenway Parkway Suite 800. Scottsdale, AZ 85254 | | | Phone no. 480-240-4020 | |

Form **3520** (2017)

DEFLACEY000044

Form 3520-A (2017)                                                                                                          Page 3

### 2017 Foreign Grantor Trust Owner Statement (see instructions)

**Important:** Trustee must prepare a separate statement for each U.S. owner and include a copy of each statement with Form 3520-A. Trustee is also required to send to each U.S. owner a copy of the owner's statement. U.S. owner must attach a copy of its statement to Form 3520.

| | | |
|---|---|---|
| **1 a** Name of foreign trust<br>Binghampton Trust | **b(1)** Employer Identification number<br>N/A | |
| **c** Number, street, and room or suite no. (if a P.O. box, see instructions)<br>7025 E. Greenway Parkway #800 | **b(2)** Reference ID number (see instructions) | |

| **d** City or town<br>Scottsdale | **e** State or province<br>AZ | **f** ZIP or foreign postal code<br>85254 | **g** Country<br>United States |
|---|---|---|---|

**2** Did the foreign trust appoint a U.S. agent (defined in the instructions) who can provide the IRS with all relevant trust information?  [X] Yes  [ ] No
If "Yes," complete lines 3a through 3g.

| | | |
|---|---|---|
| **3 a** Name of U.S. agent<br>John R. Becker | **b** Identification number | |
| **c** Number, street, and room or suite no. (if a P.O. box, see instructions)<br>7025 E. Greenway Parkway #800 | | |

| **d** City or town<br>Scottsdale | **e** State or province<br>AZ | **f** ZIP or postal code<br>85254 | **g** Country<br>United States |
|---|---|---|---|

| | | |
|---|---|---|
| **4 a** Name of trustee<br>Primus Trust Corp. | **b** Identification number (if any) | |
| **c** Number, street, and room or suite no. (if a P.O. box, see instructions)<br>2161 Csomad Verebeshegy Str.11 | | |

| **d** City or town<br>Budapest | **e** State or province | **f** ZIP or postal code | **g** Country<br>Hungary |
|---|---|---|---|

**5** The tax year of the owner of the foreign trust to which this statement relates   ▶

| | | |
|---|---|---|
| **6 a** Name of U.S. owner<br>Michael G. Lacey | **b** Identification number | |
| **c** Number, street, and room or suite no. (if a P.O. box, see instructions) | | |

| **d** City or town<br>Paradise Valley | **e** State or province<br>AZ | **f** ZIP or postal code<br>85253 | **g** Country<br>United States |
|---|---|---|---|

**h** Service Center where U.S. owner files its income tax returns   ▶  Ogden, Utah

**7** Attach an explanation of the facts and law (including the section of the Internal Revenue Code) that establishes that the foreign trust (or portion of the foreign trust) is treated for U.S. tax principles as owned by the U.S. person.   Attached

**8** If the trust did not appoint a U.S. agent, list the trust documents attached to Form 3520-A (see instructions).
N/A

**9** Gross value of the portion of the trust treated as owned by the U.S. owner . . . . . . . . .   $ 17,061,527

### 2017 Statement of Foreign Trust Income Attributable to U.S. Owner (see instructions)
Report each item on the proper form or schedule of your tax return.

| | | | |
|---|---|---|---|
| **Income** | **1 a** Taxable interest . . . . . . . . | | |
| | **b** Tax-exempt interest ▶ | | |
| | **2 a** Total ordinary dividends . . . . . . . . . | | |
| | **b** Qualified dividends ▶ | | |
| | **3** Gross rents and royalties . . . . . . . . | | |
| | **4** Income from partnerships and fiduciaries . . . . . | | |
| | **5** Capital gains (losses) . . . . . . . . . | | |
| | **6** Ordinary gains (losses) . . . . . . . . | 660,312 | |
| | **7** Other income (attach statement) . . . . . . | | |
| **Expenses** | **8** Interest expense . . . . . . . . . | | |
| | **9 a** Foreign taxes (attach statement) . . . . . | | |
| | **b** State and local taxes . . . . . . . . | 58,817 | |
| | **10** Amortization and depreciation (depletion) . . . . | | |
| | **11** Trustee and advisor fees . . . . . . . . | 227,545 | |
| | **12** Charitable contributions . . . . . . . . | | |
| | **13** Other expenses (attach statement) . . . . . | | |

Under penalties of perjury, I declare that I have examined this return, including any accompanying reports, schedules, or statements, and to the best of my knowledge and belief, it is true, correct, and complete.

Trustee Signature ▶                        Title ▶ members of board        Date ▶ 20/08/2018

dr. Menyhei Ákos          Pálmai-Pallag Dávid

HTA

Primus Trust
Bizalmi Vagyonkezelő Zrt.
1023 Budapest, Szépvölgyi út 6.
Adószám: 25051845-2-41
4.

Form 3520-A (2017)

**DEFLACEY000045**



## ·ATTORNEYS AT LAW
A Professional Limited Liability Company

■ ■ ■

John R. Becker, Esq.

Certified Tax Law Specialist
Certified Estate and Trust Law Specialist
Fellow, The American College of Trust and Estate Counsel

7 March 2018

**Certified Mail**
**Return Receipt Requested**
<u>No. 7017 2620 0001 1101 8346</u>

Internal Revenue Service Center
Post Office Box 409101
Ogden, Utah 84409

> *Re:*    *Michael G. Lacey*
> ████████████████

Dear Madam or Sir:

Enclosed please find 2017 Form 7004, *Application for Automatic Extension of Time To File Certain Business Income Tax, Information, and Other Returns.* Please send an <u>accepted</u> copy of Form 7004 to my attention in the self-addressed, stamped envelope provided herein.

Your prompt consideration of this request is appreciated.

Yours very truly,

John R. Becker

JRB:sjr
Enclosure
cc:    Mr. Michael G. Lacey
P:\_Clients\Lacey, Michael\CORRELS w 17 7004.doc

RECEIVED
B100   MAR 1 2 2018   IRS-OSC
OGDEN, UT

7025 East Greenway Parkway • Suite 800 • Scottsdale, Arizona 85254
Telephone: 480.240.4020 • Facsimile: 480.240.4021
E-mail: john@beckerandhouse.com • Website: www.beckerandhouse.com

**DEFLACEY000046**

**Form 7004**
(Rev. December 2017)
Department of the Treasury
Internal Revenue Service

**Application for Automatic Extension of Time To File Certain Business Income Tax, Information, and Other Returns**

► File a separate application for each return.
► Go to *www.irs.gov/Form7004* for instructions and the latest information.

OMB No. 1545-0233

**Print or Type**

Name: Michael G. Lacey

Identifying number: ███████

Number, street, and room or suite no. (If P.O. box, see instructions.)
7025 East Greenway Parkway, Suite 800

City, town, state, and ZIP code (If a foreign address, enter city, province or state, and country (follow the country's practice for entering postal code)).
Scottsdale, AZ 85254

**Note:** File request for extension by the due date of the return. See instructions before completing this form.

**Part I   Automatic Extension for Certain Business Income Tax, Information, and Other Returns. See instructions.**

1 Enter the form code for the return listed below that this application is for . . . . . . . . . . . . . . . . . . . [27]

| Application Is For: | Form Code | Application Is For: | Form Code |
|---|---|---|---|
| Form 706-GS(D) | 01 | Form 1120-ND | 19 |
| Form 706-GS(T) | 02 | Form 1120-ND (section 4951 taxes) | 20 |
| Form 1041 (bankruptcy estate only) | 03 | Form 1120-PC | 21 |
| Form 1041 (estate other than a bankruptcy estate) | 04 | Form 1120-POL | 22 |
| Form 1041 (trust) | 05 | Form 1120-REIT | 23 |
| Form 1041-N | 06 | Form 1120-RIC | 24 |
| Form 1041-QFT | 07 | Form 1120-S | 25 |
| Form 1042 | 08 | Form 1120-SF | 26 |
| Form 1065 | 09 | Form 3520-A | 27 |
| Form 1065-B | 10 | Form 8612 | 28 |
| Form 1066 | 11 | Form 8613 | 29 |
| Form 1120 | 12 | Form 8725 | 30 |
| Form 1120-C | 34 | Form 8804 | 31 |
| Form 1120-F | 15 | Form 8831 | 32 |
| Form 1120-FSC | 16 | Form 8876 | 33 |
| Form 1120-H | 17 | Form 8924 | 35 |
| Form 1120-L | 18 | Form 8928 | 36 |

**Part II   All Filers Must Complete This Part**

2 If the organization is a foreign corporation that does not have an office or place of business in the United States, check here . . . . . . . . . . . . . . . . . . . ► ☐

3 If the organization is a corporation and is the common parent of a group that intends to file a consolidated return, check here . . . . . . . . . . . . . . . . . . . ► ☐
  If checked, attach a statement listing the name, address, and employer identification number (EIN) for each member covered by this application.

4 If the organization is a corporation or partnership that qualifies under Regulations section 1.6081-5, check here . . ► ☐

5a The application is for calendar year 20 _17_ , or tax year beginning _____, 20____ , and ending _____, 20____ .

 b Short tax year. If this tax year is less than 12 months, check the reason: ☐ Initial return ☐ Final return
   ☐ Change in accounting period ☐ Consolidated return to be filed ☐ Other (see instructions-attach explanation)

| | | |
|---|---|---|
| 6 Tentative total tax . . . . . . . . . . . . . | 6 | 0 |
| 7 Total payments and credits (see instructions) . . . . . . . | 7 | 0 |
| 8 Balance due. Subtract line 7 from line 6 (see instructions) . . . | 8 | 0 |

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.          Form **7004** (Rev 12-2017)
HTA

DEFLACEY000047



## ATTORNEYS AT LAW
### A Professional Limited Liability Company

■ ■ ■

John R. Becker, Esq.

Certified Tax Law Specialist
Certified Estate and Trust Law Specialist
Fellow, The American College of Trust and Estate Counsel

7 March 2018

Certified Mail
Return Receipt Requested
No. 7017 2620 0001 1101 8346

Internal Revenue Service Center
Post Office Box 409101
Ogden, Utah 84409

    *Re:*   Michael G. Lacey

Dear Madam or Sir:

    Enclosed please find 2017 Form 7004, *Application for Automatic Extension of Time To File Certain Business Income Tax, Information, and Other Returns.* Please send an <u>accepted</u> copy of Form 7004 to my attention in the self-addressed, stamped envelope provided herein.

    Your prompt consideration of this request is appreciated.

        Yours very truly,

SENDER: COMPLETE THIS SECTION

Complete items 1, 2, and 3.
Print your name and address on the reverse so that we can return the card to you.
Attach this card to the back of the mailpiece, or on the front if space permits.
Article Addressed to:

Internal Revenue Service Center
P. Box 409101
Ogden, Utah 84409

9590 9402 3490 7275 9443 89

Article Number (Transfer from service label)

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

RE
MAR 1 2 2018

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Arizona 85254
).4021
ceranandhouse.com

**DEFLACEY000048**