UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08420-RGK-PJW | Date | January 6, 2021 |
|---|---|---|---|
| Title | *United States of America v. $1,546,076.35 In Bank Funds Seized from Republic Bank of Arizona Account 1889, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Motion for Leave to File Claims to Certain Trust Property [DE 165]**

## I.  INTRODUCTION

This is an *in rem* civil forfeiture action comprised of thirty-two member cases filed by the Untied States of America ("the Government"). The Defendants in the consolidated cases are various assets which are allegedly the proceeds of the illegal activities associated with the website Backpage.com ("Backpage") and other funds commingled with those proceeds. One of the defendant-assets is a sum of approximately $16,500,000.00 in funds seized from the K&H Bank account ending '1210 ("the Defendant Asset").

On June 1, 2020, the Government filed the operative First Amended Consolidated Master Verified Complaint for Forfeiture ("FACMC") (ECF No. 108).

Presently before the Court is the Motion of Roarke Lacey and Colin Lacey (collectively, "Movants") for leave to file claims to the Defendant Asset. Motion for Leave to File Claims to Certain Trust Property ("Motion"), ECF No. 165.

For the following reasons, the Court **GRANTS** the Motion.

## II.  FACTUAL BACKGROUND

A full recitation of the facts of this case is set forth in the Court's Order of December 1, 2020 (ECF No. 170). Here, the Court recites only those facts pertinent to the present Motion.

The Defendant Asset was seized from an account at K&H Bank in Hungary, held in the name of Primus Trust Company, which was wired into that account on or about January 3, 2017. Movants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08420-RGK-PJW | Date | January 6, 2021 |
|---|---|---|---|
| Title | *United States of America v. $1,546,076.35 In Bank Funds Seized from Republic Bank of Arizona Account 1889, et al.* | | |

maintain that the Defendant Asset is held in a trust ("The Trust") for the sole benefit of Roarke and Colin Lacey. Motion at 3–4. The Trust is irrevocable and was settled by Movants' father, Michael Lacey. *Id.* at 4.

On October 5, 2018, the Government filed a Verified Complaint for Forfeiture against the Defendant Asset. *See United States of America v. $16,500,000.00 in Bank Funds Seized from K and H Account '1210*, Case No. 2:18-cv-08565-RGK-PJW (hereinafter "the '1210 Action"), ECF No. 1. The Government posted notice of the '1210 Action on an official government forfeiture website, www.forfeiture.gov, on October 22, 2018. *See* '1210 Action, ECF No. 20. The original deadline for putative claimants to file a claim to the Defendant Asset was 60 days after October 22, 2018. The parties, however, subsequently requested several extensions of the claims filing period. On December 18, 2018, the Court granted the Government's *ex parte* motion to extend the claims period until April 30, 2019. '1210 Action, ECF No. 22 at 2. On April 19, 2019, eleven days before the close of the claims period, Michael Lacey disclosed to the Government a copy of a purported trust agreement for The Trust. This document identifies Michael Lacey as the settlor of The Trust, and Movants as beneficiaries of The Trust. *See* Motion, Exhibit C at 29, ECF NO. 165-3. The Court subsequently reopened the claims period again for the two-week period between May 10, 2019 and May 24, 2019. *See* Order at 2, ECF No. 28.

Movants did not file claims to the Defendant Asset during the claims period, and now seek leave to file claims after the close of the claims period.

**III.     JUDICIAL STANDARD**

In an *in rem* civil forfeiture proceeding such as this, "the property subject to forfeiture is the defendant. Thus, defenses against the forfeiture can be brought only by third parties, who must intervene[ ]" as claimants. *United States v. One-Sixth Share of James J. Bulger*, 326 F.3d 36, 40 (1st Cir. 2003). Civil forfeiture cases are governed by the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions ("the Supplemental Rules"). *United States v. $100,348.00 in U.S. Currency*, 354 F.3d 1110, 1117 (9th Cir. 2004). Rule G of the Supplemental Rules requires the Government to provide notice to potential claimants by publication and, in some cases, by direct notice. *See* Supp. Rule G(4). Rule G(5) also establishes the timeframe in which any claims to the defendant-property must be filed. Putative claimants to whom the Government sends a direct notice must file their claims by the time stated in the direct notice. Supp. Rule G(5)(a)(ii)(A). However, if the Government publishes notice but does not send a putative claimant a direct notice, the deadline to file a claim is "no later than 30 days after final publication of newspaper notice or legal notice under Rule G(4)(a) or no later than 60 days after the first day of publication on an official internet government forfeiture site[.]" Supp. Rule G(5)(a)(ii)(B). A court may extend the deadlines in Supplemental Rule G(5) for good cause.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-08420-RGK-PJW | Date | January 6, 2021 |
| Title | *United States of America v. $1,546,076.35 In Bank Funds Seized from Republic Bank of Arizona Account 1889, et al.* | | |

Supp. Rule G(5)(a)(ii) ("Unless the court for good cause sets a different time, the claim must be filed" within specified timeframes.); *$100,348.00 in U.S. Currency*, 354 F.3d at 1117 (holding that district courts have discretion to strike untimely claims in *in rem* forfeiture cases under the Supplemental Rules).

**IV.    DISCUSSION**

By their motion, Movants seek leave to file claims to the Defendant Asset. The Government argues in opposition that the Court should deny the Motion because Movants have failed to make a showing of good cause as to why they should be permitted to file untimely claims. For the reasons that follow, the Court finds good cause to allow Movants to file untimely claims.

Pursuant to the Supplemental Rules, "[t]he government *must* send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)." Supp. Rule G(4)(b)(i) (emphasis added). Rule G(5)(a)(ii)(B), in turn, establishes two different time frames during which a claimant may file a claim: (1) "no later than 30 days after final publication of newspaper notice or legal notice[,]" or; (2) "no later than 60 days after the first day of publication on an official internet government forfeiture site[.]" Rule G(5)(a)(ii)(B). Courts may amend these time frames for good cause. *See* Supp. Rule G(5)(a)(ii). The Ninth Circuit has endorsed various factors that a district court should consider in deciding whether to accept a late-filed claim in a forfeiture case. *$100,348.00 in U.S. Currency*, 354 F.3d at 1117–18 (providing a non-exhaustive lists of factors and endorsing the lists of factors relied upon by the Fourth and Seventh Circuits).

Here, the Government argues that the Court should consider the following six factors listed in *$100,348.00 in U.S. Currency*:

> (1) the reason(s) proffered for the delay; (2) whether the government encouraged the delay; (3) whether the party seeking relief advised the court and the government of its interest in the defendant property before the claim deadline; (4) the extent to which the government would be prejudiced by allowing the late filing; (5) the sufficiency of the movant's filings in meeting the basic requirements of the verified claim; and (6) whether the movant was timely in its request for an enlargement of time.

Pl.'s Opp. to Movants' Mot. for Leave at 6–7, ECF No. 169 (citing *$100,348.00 in U.S. Currency*, 354 F.3d at 1118). The Court considers the six factors listed by the Government and two other factors listed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08420-RGK-PJW | Date | January 6, 2021 |
|---|---|---|---|
| Title | *United States of America v. $1,546,076.35 In Bank Funds Seized from Republic Bank of Arizona Account 1889, et al.* | | |

in *$100,348.00 in U.S. Currency*: (7) "whether the claimant was properly served," and (8) "whether the government has complied with procedural rules[.]" 354 F.3d at 1117–18 (quoting *United States v. Borromeo*, 945 F.2d 750, 753 (4th Cir. 1991)). Upon consideration of these eight factors, the Court finds that good cause exists to permit Movants to file untimely claims.

With respect to the first, second, third, and sixth factors listed above, the Government argues that Movants do not proffer a reason for their failure to meet the claims deadline; that the Government did nothing to encourage Movants' delay; that Movants did not advise the Court and the Government of their interest in the property before the claims deadline, and; that Movants did not timely request an enlargement of the time to file a claim. Pl.'s Opp. to Movants' Mot. for Leave at 7–14, 18. The Court agrees. However, these factors are strongly mitigated by the two factors that the Government does not list: "whether the claimant was properly served" and "whether the government has complied with procedural rules."

It is undisputed that the Government was put on notice that Movants are purportedly beneficiaries of The Trust eleven days prior to the close of the claims period on April 30, 2019. The Court therefore concludes that Movants are persons who reasonably appeared to be potential claimants on the facts known to the Government before the end of the time for filing a claim. *See* Supp. Rule G(4)(b)(i); *United States v. Djeredjian*, 532 F. App'x 734, 735 (9th Cir. 2013) (recognizing that the beneficiary of a trust may have "the requisite legal interest" to challenge the Government's forfeiture of trust assets and reversing the district court's grant of summary judgment in favor of the Government). The Government therefore "must" send Movants notice of the action and a copy of the complaint, *see* Supp. Rule G(4)(b)(i), but has not done so to date. The Court therefore finds that claimants were not properly served, and that the Government has not complied with the procedural rules set forth in Supplemental Rule G(4)(b)(i).

Although Movants may have been dilatory in seeking to file their claims, the Government's failure to serve Movants with direct notice of this forfeiture action in violation of Supplemental Rule Rule G(4)(b)(i) weighs heavily in favor of granting Movants leave to file untimely claims. *See United States v. $493,850.00 in U.S. Currency*, 518 F.3d 1159, 1169 (9th Cir. 2008) ("It is . . . well-established that forfeiture statutes are strictly construed against the government.") (citation omitted); *United States v. $38,000.00 Dollars in U.S. Currency*, 816 F.2d 1538, 1547 (11th Cir. 1987) ("If anything, the burden on the government to adhere to the procedural rules should be heavier than on claimants. Forfeitures are not favored in the law; strict compliance with the letter of the law by those seeking forfeiture must be required.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08420-RGK-PJW | Date | January 6, 2021 |
|---|---|---|---|
| Title | *United States of America v. $1,546,076.35 In Bank Funds Seized from Republic Bank of Arizona Account 1889, et al.* | | |

With respect to the fourth factor listed above, the Government argues that it would be prejudiced if Movants were permitted to file their claims at this juncture because the claims would inject further issues into this litigation and lead to further discovery. Pl.'s Opp. to Movants' Mot. for Leave at 14–15. Specifically, the Government argues that allowing Movants to file their claims will lead to time-consuming and logistically complicated discovery as to whether Movants are in fact beneficiaries of the The Trust and whether such status provides Movants with standing to assert a claim to the Defendant Asset. The Court agrees that this factor weighs in favor of denying Movant's Motion. However, this factor is mitigated by the fact that the discovery cutoff date and trial date in this case are set for June 8, 2021 and September 7, 2021 respectively, leaving the Government ample time to conduct discovery and prepare its case for trial.

Finally, the Court considers the fifth factor listed above: the sufficiency of the movants' filings in meeting the basic requirements of the verified claim. Any person wishing to intervene and assert an interest as a claimant must file a verified claim. *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 635 (9th Cir. 2012). "The verified claim must (1) 'identify the specific property claimed,' (2) 'identify the claimant and state the claimant's interest in the property,' (3) 'be signed by the claimant under penalty of perjury,' and (4) be served on the government's attorney." *Id.* (quoting Supp. Rule G(5)(a)(i)).

Here, the proposed claims that Movants append to their Motion as Exhibits A and B satisfy all four of the requirements for a verified claim. Specifically, they: (1) identify the Defendant Asset as the property claimed; (2) identify Movants' interests in the property as those of the beneficiary of an irrevocable trust; (3) are signed by both Movants under penalty of perjury, and; (4) were served on the Government's attorney through the Court's Electronic Case Filing system. *See* Motion, Exhibit A, ECF No. 165-1; *id.*, Exhibit B, ECF No. 165-2.

The Government argues that this factor weighs in favor of denying Movants leave to amend because the trust agreement appended to the Motion raises questions about whether Movants have standing to assert a claim to the Defendant Asset. Pl.'s Opp. to Movants' Mot. for Leave at 16–17. The Government also recognizes, however, that "the sufficiency of Movants' claims cannot accurately be evaluated without discovery[.]" *Id.* at 16. The Court agrees and finds the Government's argument concerning Movants' standing premature.

In summary, although the first, second, third, fourth, and sixth factors listed above weigh in favor of denial, the Court finds that the fifth, seventh, and eighth factors weigh more heavily in favor of granting Movants' leave to file their claims to the Defendant Asset. Movants failed to comply with the timing requirements set forth in the Supplemental Rules, but the Government has failed to send direct notice of the forfeiture action against the Defendant Asset to Movants, in violation of Supplemental Rule

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08420-RGK-PJW | Date | January 6, 2021 |
|---|---|---|---|
| Title | *United States of America v. $1,546,076.35 In Bank Funds Seized from Republic Bank of Arizona Account 1889, et al.* | | |

G(4)(b)(i). Under these facts, the Court finds good cause to permit Movants leave to file claims to the Defendant Asset.

## V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Movants' Motion. Movants may file the claims appended to the Motion as Exhibits A & B by no later than **January 8, 2021.**

**IT IS SO ORDERED.**

_____ : _____