Thomas H. Bienert, Jr. (CA Bar No.135311)
Whitney Z. Bernstein (CA Bar No. 304917)
BIENERT | KATZMAN PC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile: (949)369-3701
tbienert@bienertkatzman.com
wbernstein@bienartkatzman.com
*Attorneys for James Larkin*

Paul J. Cambria, Jr. (CA Bar No. 177957)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580
pcambria@lglaw.com
*Attorneys for Michael Lacey*

Additional counsel listed on next page

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>$1,546,076.35 IN BANK FUNDS SEIZED FROM REPUBLIC BANK OF ARIZONA ACCOUNT '1889, et al.,<br><br>Defendants. | CASE NO. 2:18-cv-8420-RGK-PJWx<br><br>**CLAIMANTS' MOTION FOR RELIEF FROM DOC. NO. 203**<br><br>Assigned to Hon. R. Gary Klausner |

MOTION FOR RELIEF

Gary S. Lincenberg (CA Bar No. 123058)
Ariel A. Neuman (CA Bar No. 241594)
Gopi K. Panchapakesan (CA Bar No. 279856)
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW PC
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110
glincenberg@birdmarella.com
aneuman@birdmarella.com
gpanchapakesan@birdmarella.com
*Attorneys for John Brunst*

Bruce Feder (AZ Bar No. 004832, *admitted pro hac vice*)
FEDER LAW OFFICE PA
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135
bf@federlawpa.com

John Rubiner (CA Bar No. 155208)
FREEMAN, MATHIS & GARY LLP
550 S. Hope Street, Suite 2200
Los Angeles, CA 90071
Telephone (213) 615-7000
jrubiner@fmglaw.com
*Attorneys for Scott Spear*

Additional counsel listed on next page

1  Daniel J. Quigley (AZ Bar No. 011052, *admitted pro hac vice*)
2  quigley@djqplc.com
   DANIEL J. QUIGLEY, PLC
3  5425 E. Broadway Blvd., Suite 352
4  Tucson, Arizona 85711
   Telephone: (520) 867-4450
5
6  David Wiechert (CA Bar No. 94607)
   WIECHERT, MUNK, & GOLDSTEIN, PC
7  27136 Paseo Espada, Suite B1123
   San Juan Capistrano, CA 92675
8  Telephone (949) 361-2822
9  dwiechert@aol.com
10
   *Attorneys for Attorneys for Medalist Holdings, Inc.,*
11 *Leeward Holdings, LLC, Camarillo Holdings, LLC,*
   *Vermillion Holdings, LLC, Cereus Properties, LLC,*
12 *Shearwater Investments, LLC, and Broadway Capital Corp., LL*

Claimants James Larkin, Michael Lacey, Scott Spear, John Brunst, and their entities Medalist Holdings, Inc., Leeward Holdings, LLC, Camarillo Holdings, LLC, Vermillion Holdings, LLC, Cereus Properties, LLC, Shearwater Investments, LLC, and Broadway Capital Corp., LLC (collectively "Claimants") seek relief from and/or to clarify the Court's order at Doc. No. 203, which extended the stay because of the mistrial in the related criminal action in the U.S. District Court for the District of Arizona, but declared discovery and motion practice closed.  The government, through Assistant United States Attorney Dan Boyle, has no objection to this motion for relief.

The relevant facts are:

1. Commencing on September 28, 2018, the government filed a series of related civil forfeiture complaints against numerous assets (the "Forfeiture Complaints").

2. On December 18, 2019, the Court consolidated these forfeiture actions into this action (the "Consolidated Forfeiture Action"), and ordered the government to file a single, consolidated complaint against all defendant assets identified in the Forfeiture Complaints.  ECF No. 50.

3. Thereafter, on January 14, 2020, the government filed a consolidated complaint against all the assets identified in the Forfeiture Complaints.  ECF No. 66.

4. Claimants have filed claims in this Consolidated Forfeiture Action or in the underlying actions (which the Court has deemed filed in this action).

5. On June 1, 2020, the government, with leave of the Court, filed a First Amended Consolidated Complaint in the Consolidated Forfeiture Action (the "FACC").  ECF No. 108.

6. Claimants moved to dismiss the FACC.  ECF Nos. 111, 112.

7. The Court denied the motions to dismiss on December 1, 2020.  ECF 170.

8. The four individual Claimants are defendants an ongoing federal

criminal prosecution before the Hon. Susan Brnovich of the United States District Court for the District of Arizona, captioned *United States v. Lacey, et al.*, CR-18-422-PHX-SMB (D. Ariz.) (the "Criminal Action"). The four individual Claimants also constitute all the officers and directors of the entity Claimants.

9. The Criminal Action and this Consolidated Forfeiture Action arise out of many of the same facts and will involve many of the same issues of fact and law.

10. As the Criminal Action is ongoing, the government has maintained that that civil discovery in this Consolidated Forfeiture Action would adversely affect the government's ability to conduct the Criminal Action. 18 U.S.C. § 981(g)(1) provides that, upon the motion of the United States, a court shall stay a civil forfeiture proceeding if the court determines that civil discovery would adversely affect the ability of the government to conduct a related criminal prosecution.

11. Separately, 18 U.S.C. § 981(g)(2) provides that, upon the motion of a claimant, a court shall stay a civil forfeiture proceeding if the court determines that the claimant is the subject of a related criminal investigation or prosecution; that the claimant has standing to assert a claim in the civil forfeiture proceeding; and that continuation of the forfeiture proceeding would burden the right of such a claimant against self-incrimination in the related prosecution.

12. Pursuant to § 981(g)(1) and (2), the government and Claimants submitted a stipulated motion to stay the Consolidated Forfeiture Action on January 13, 2021. ECF No. 188. The Court subsequently entered an order staying the case. ECF No. 189. The stipulated motion and subsequent Order specifically noted that certain motions, including any motion by Claimants relating to the restraint and release of funds, could be brought despite the stay. ECF No.188, 189.

13. On August 25, 2021, the government filed its "Status Report Regarding Stayed Case," in which it informed the Court that the Criminal Action was set for trial on September 1, 2021 and "request[ed] that the stay in this case continue in effect through the resolution of the related criminal cases, or upon motion of any party."

ECF 200.

14.    Trial in the Criminal Action initially began on September 1, 2021, but a mistrial was declared on September 14, 2021.  After the mistrial, the government filed another "Status Report Regarding Stayed Case" to inform the Court of the mistrial and again "request[ed] that the stay in this case continue in effect pending the resolution of the related criminal cases, or upon motion of any party."  ECF 201.

15.    The Court subsequently entered an Order staying the Consolidated Forfeiture Action until February 2, 2022.  ECF 203.  The Criminal Action has been reset and the trial is scheduled to commence again on February 9, 2022.

16.    Because of the self-incrimination and discovery issues that prompted the government and Claimants to initially seek the stay:

    a.    Claimants, with the government's agreement, have not yet answered the FACC;

    b.    the government has neither taken nor proffered any discovery (other than limited jurisdictional discovery under Supplemental Rule G of the Federal Rules of Civil Procedure);

    c.    Claimants have neither taken nor proffered any discovery; and

    d.    Because of the foregoing, neither the government nor Claimants have filed any substantive motions and Claimants will not be in a position to do so, excluding motions for the return of property, until after answers are filed and discovery is taken.

17.    Accordingly, Claimants seek relief from the Court's Order at ECF. No. 203 and/or additional relief:

    a.    Providing that Claimants' answers to the FACC will be due after the stay is lifted, following the resolution of the related criminal cases (the government and Claimants proposed that the answers be due 120 days after the stay is lifted in their motion seeking the stay);

    b.    Allowing the filing of motions relating to the restraint and release

of funds nothwithstanding the stay; and

      c.    Allowing the government and Claimants to engage in discovery and file substantive motions after the answers are filed, as they are permitted to do by statute.

DATED: October 27, 2021          Respectfully submitted,

                                              BIENERT KATZMAN LITTRELL WILLIAMS LLP

                                              *By: /s/ Whitney Z. Bernstein*
                                              Whitney Z. Bernstein
                                              Attorneys for James Larkin

DATED: October 27, 2021          BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.

                                              *By: /s/ Gopi Panchapakesan*
                                              Gopi Panchapakesan
                                              Attorneys for John Brunst

DATED: October 27, 2021          LIPSITZ GREEN SCIME CAMBRIA LLP

                                              *By: /s/ Paul J. Cambria, Jr.*
                                              Paul J. Cambria, Jr.
                                              Attorneys for Michael Lacey

DATED: October 27, 2021          FREEMAN, MATHIS & GARY LLP

                                              *By: /s/ John K. Rubiner*
                                              John K. Rubiner

                                              FEDER LAW OFFICE, P.A.

                                              *By: /s/ Bruce Feder*
                                              Bruce Feder
                                              Attorneys for Scott Spear

| | | |
|---|---|---|
| 1 | DATED: October 27, 2021 | WIECHERT, MUNK & GOLDSTEIN, PC |
| 2 | | |
| 3 | | *By: /s/ David W. Wiechert* |
| 4 | | David W. Weichert |
| 5 | | DANIEL J. QUIGLEY, PLC |
| 6 | | |
| 7 | | *By: /s/ Daniel J. Quigley* <br> Daniel J. Quigley |
| 8 | | |
| 9 | | Attorneys for Medalist Holdings, Inc., Leeward Holdings, LLC, Camarillo Holdings, LLC, Vermillion Holdings, LLC, Cereus Properties, LLC, Shearwater Investments, LLC, and Broadway Capital Corp., LLC |