TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
DAN G. BOYLE (Cal. Bar No. Pending)
Assistant United States Attorneys
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2426
    Facsimile: (213) 894-0142
    E-mail:  Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    PLAINTIFF,<br><br>V.<br><br>$1,546,076.35 IN BANK FUNDS SEIZED FROM REPUBLIC BANK OF ARIZONA ACCOUNT '1889, ET AL.,<br><br>    DEFENDANTS.<br><br>JAMES LARKIN, ET AL.,<br><br>    CLAIMANTS. | No. CV 18-08420-RGK(PJWx)<br><br>**STIPULATION AND REQUEST FOR ENTRY OF PARTIAL CONSENT JUDGMENT AS TO $407,686.14 IN BANK FUNDS SEIZED FROM COMPASS BANK ACCOUNT '4862 ONLY**<br><br>[The [PROPOSED] Consent Judgment Lodged Contemporaneously Herewith Resolves One Defendant, but is Not Dispositive of This Action] |

Plaintiff United States of America ("Plaintiff" or the "government") and claimants James Larkin, John Brunst, Michael Lacey, Scott Spear, Medalist Holdings, Leeward Holdings, Camarillo Holdings, Vermillion Holdings, Cereus Properties, Shearwater Investments, Broadway Capital ("Claimants"), by and through their counsel of record, stipulate and request that the Court enter the proposed partial consent judgment for forfeiture lodged contemporaneously herewith, to carry into effect the terms of this stipulation relating only to the defendant $407,686.14 in Bank Funds Seized from Compass Bank Account '4862 (the "Defendant Funds"), which is not dispositive of this action.  The parties stipulate and request as follows:

1.   On October 5, 2018, the government commenced a forfeiture action involving various assets, including the Defendant Funds.  See United States v. $5,462,027.17 in Bank Funds Seized from Compass Bank Account 3873, et al, 2:18-cv-08566-RGK (the "Compass Action").

2.   On May 23-24, 2019, Claimants filed timely claims for the Defendant Funds in the Compass Action.

3.   On December 18, 2019, by order of the Court, the Compass Action was consolidated into this action.

4.   Notice has been given and published regarding the Defendant Funds as required by law and the Local Rules of this Court.  Other than those by Claimants, no other claims or answers were filed as to the Defendant Funds, and the time for filing such claims has expired.

5.   This Court has jurisdiction over this action and the parties pursuant to 28 U.S.C. §§ 1346 and 1355.

6.   The government contends that the First Amended Consolidated Master Complaint ("FACMC") states a claim for relief pursuant to 18 U.S.C. §§ 981(a)(1)(A) & (C).

7. The proposed partial consent judgment provides that certain of the Defendant Funds, without interest, shall be returned to Claimant Larkin, through his counsel. Specifically, the government shall return $324,623.02 of the $407,686.14 seized from Compass Bank Account '4862 (hereinafter, the "Returned Funds").

8. All Claimants other than claimant Larkin agree to withdraw their claims as to the Returned Funds, effective upon the signing of the accompanying proposed partial consent judgment by the Court.

9. The government shall have judgment as to the remaining $83,063.12 of the Defendant Funds, together with all interest earned on the entire amount of the Defendant Funds since seizure, and no other person or entity shall have any right, title or interest therein.

10. If the government elects to make the payment of the Returned Funds by check, the check shall be payable to the Client Trust account of Bienert Katzman Littrell Williams LLP (the "BKLW Client Trust Account"), and mailed to Larkin in care of his attorney, Whitney Z. Bernstein at Bienert Katzman Littrell Williams LLP, 903 Calle Amanecer, Suite 350, San Clemente, CA 92673-6253. If the government elects to make the payment by wire transfer, the funds shall be wire transferred to the BKLW Client Trust Account. Upon request from the government, claimant Larkin, through counsel, shall provide the necessary bank account information for the BKLW Client Trust Account to complete the transfer.

11. The parties agree that this Stipulation and the accompanying Partial Consent Judgement resolve certain Claimants' Motion to Partially Vacate Seizure Warrants and Release Funds (the "Motion") in United States v. Lacey, et al., D. Az. Case No. 18-cr-

422-DJH, Dkt No. 1366, solely with respect to the Defendant Funds (referred to in the Motion as the "VMG Depository Account Funds"), but do not otherwise moot or resolve the Motion with respect to any other assets at issue in the Motion.

12. Nothing contained in this Stipulation or the accompanying Partial Consent Judgement is intended or should be interpreted as an admission of fault, guilt, liability and/or any form of wrongdoing by Claimants, or any of them.

13. This Stipulation and the accompanying Partial Consent Judgement are not dispositive of this action.

14. Claimants, and each of them, release the United States of America, its attorneys, agencies, agents, and officers, including employees and agents of the United States Department of Justice, United States Postal Inspection Service and Internal Revenue Service, from any and all claims, actions or liabilities arising out of or related to the seizure and retention of the Defendant Funds and the commencement of this action as it relates to the Defendant Funds, including any claim for attorneys' fees or costs which may be asserted on behalf of Claimants, or either of them, against the United States, whether pursuant to 28 U.S.C. § 2465 or otherwise. Nothing in this paragraph and Stipulation is intended or shall operate as a release of claims, actions or rights with respect to seizure or retention of any funds or assets other than the Defendant Funds, and claimants expressly reserve all claims, actions, and rights with respect to any such other funds or assets.

15. The Parties further stipulate and agree that the Court's entry of the proposed Partial Consent Judgment shall constitute final and complete satisfaction of all claims asserted by the government

and Claimants, and each of them, as they relate to the Defendant Funds. Each of the Parties shall bear its own fees and costs in connection with the seizure, retention and efforts to forfeit the Defendant Funds.

Dated: December 9, 2021             Respectfully submitted,

                                    TRACY L. WILKISON
                                    United States Attorney

                                    SCOTT M. GARRINGER
                                    Assistant United States Attorney
                                    Chief, Criminal Division
                                    JONAHAN GALATZAN
                                    Assistant United States Attorney
                                    Chief, Asset Forfeiture Section


                                    /s/ Dan Boyle
                                    DAN G. BOYLE
                                    Assistant United States Attorney

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA



                                    Thomas H. Bienert, Jr.
                                    Whitney Z. Bernstein
                                    BIENERT | KATZMAN PC

                                    /s/ Whitney Bernstein
                                    Whitney Z. Bernstein
                                    Attorneys for Claimant James Larkin


                                    Paul J. Cambria, Jr.
                                    Erin E. McCampbell
                                    LIPSITZ GREEN SCIME CAMBRIA LLP


                                    _____
                                    Paul J. Cambria, Jr.
                                    Attorneys for Claimant Michael Lacey

                                    [*Signatures continued on next page*]

and Claimants, and each of them, as they relate to the Defendant Funds. Each of the Parties shall bear its own fees and costs in connection with the seizure, retention and efforts to forfeit the Defendant Funds.

Dated: December _, 2021    Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONAHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section

_____
DAN G. BOYLE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA


Thomas H. Bienert, Jr.
Whitney Z. Bernstein
BIENERT | KATZMAN PC


_____
Whitney Z. Bernstein
Attorneys for Claimant James Larkin


Paul J. Cambria, Jr.
Erin E. McCampbell
LIPSITZ GREEN SCIME CAMBRIA LLP

_____
Paul J. Cambria, Jr.
Attorneys for Claimant Michael Lacey

[*Signatures continued on next page*]

5

|  |  |
|---|---|
| 1 | |
| 2 | Gary S. Lincenberg |
| | Ariel A. Neuman |
| 3 | Gopi K. Panchapakesan |
| | BIRD, MARELLA, BOXER, WOLPERT, |
| 4 | NESSIM, DROOKS, LINCENBERG & RHOW, |
| | P.C. |
| 5 | |
| 6 | /s/ Gary S. Lincenberg |
| 7 | _____ |
| | Gary S. Lincenberg |
| | Attorneys for Claimant John Brunst |
| 8 | |
| 9 | |
| 10 | Bruce Feder |
| | FEDER LAW OFFICE, P.A. |
| 11 | |
| 12 | _____ |
| 13 | Bruce Feder |
| | Attorney for Claimant Scott Spear |
| 14 | |
| 15 | Daniel J. Quigley |
| 16 | DANIEL J. QUIGLEY, PLC |
| 17 | |
| 18 | _____ |
| | Daniel J. Quigley |
| 19 | Attorneys for Claimants Medalist |
| | Holdings, Inc., Leeward Holdings, |
| 20 | LLC, Camarillo Holdings, LLC, |
| | Vermillion Holdings, LLC, Cereus |
| 21 | Properties, LLC, Shearwater |
| | Investments, LLC, and Broadway |
| 22 | Capital Corp., LLC |

6

Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.

_____
Gary S. Lincenberg
Attorneys for Claimant John Brunst


Bruce Feder
FEDER LAW OFFICE, P.A.

*/s/ Bruce Feder*
_____
Bruce Feder
Attorney for Claimant Scott Spear


Daniel J. Quigley
DANIEL J. QUIGLEY, PLC


_____
Daniel J. Quigley
Attorneys for Claimants Medalist Holdings, Inc., Leeward Holdings, LLC, Camarillo Holdings, LLC, Vermillion Holdings, LLC, Cereus Properties, LLC, Shearwater Investments, LLC, and Broadway Capital Corp., LLC

Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
BIRD, MARELLA, BOXER, WOLPERT,
NESSIM, DROOKS, LINCENBERG & RHOW,
P.C.

_____
Gary S. Lincenberg
Attorneys for Claimant John Brunst


Bruce Feder
FEDER LAW OFFICE, P.A.


_____
Bruce Feder
Attorney for Claimant Scott Spear


Daniel J. Quigley
DANIEL J. QUIGLEY, PLC

_____
Daniel J. Quigley
Attorneys for Claimants Medalist Holdings, Inc., Leeward Holdings, LLC, Camarillo Holdings, LLC, Vermillion Holdings, LLC, Cereus Properties, LLC, Shearwater Investments, LLC, and Broadway Capital Corp., LLC