UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    PLAINTIFF,<br><br>    V.<br><br>$1,546,076.35 IN BANK FUNDS SEIZED FROM REPUBLIC BANK OF ARIZONA ACCOUNT '1889, ET AL.,<br><br>    DEFENDANTS.<br>_____<br>JAMES LARKIN, ET AL.,<br><br>    CLAIMANTS. | No. CV 18-08420-RGK (PJWx)<br><br>**[PROPOSED]**<br>**PARTIAL CONSENT JUDGMENT AS TO $407,686.14 IN BANK FUNDS SEIZED FROM COMPASS BANK ACCOUNT '4862 ONLY – NOT CASE DISPOSITIVE** |

    Plaintiff, the United States of America (the "government"), and claimants James Larkin, John Brunst, Michael Lacey, Scott Spear, Medalist Holdings, Leeward Holdings, Camarillo Holdings, Vermillion Holdings, Cereus Properties, Shearwater Investments, Broadway Capital, by and through their counsel of record ("Claimants"), have stipulated and requested that the Court enter this partial consent

judgment for forfeiture to carry into effect the terms of the stipulation as only to defendant $407,686.14 in Bank Funds Seized from Compass Bank Account '4862 (the "Defendant Funds"), which is not dispositive of this action.

The Court, having considered the stipulation of the parties, and good cause appearing therefor, HEREBY ORDERS, ADJUDGES AND DECREES:

1. The government has given and published notice of this action as required by law, including Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court. The government has received timely claims from Claimants, no other claims or answers have been filed, and the time for filing claims and answers has expired. This Court has jurisdiction over the parties and the Defendant Funds. The government has agreed to the return of a portion of the Defendant Funds (hereinafter the "Returned Funds"), while Claimants have agreed to forfeit the remaining balance of the Defendant Funds. Any potential claimants to the Defendant Funds other than Claimants are deemed to have admitted the allegations of the complaint. This consent judgment does not operate as a release of claims, actions or rights with respect to the seizure or retention of any funds or assets other than the Defendant Funds, nor should this consent judgment be admitted in any other proceeding against Claimants to prove any of the facts relied upon to establish reasonable cause for the seizure of either the Defendant Funds. Nothing in this consent judgment is intended or should be interpreted as an admission of wrongdoing by Claimants.

2. The government shall return $324,623.02 of the $407,686.14

1 seized from Compass Bank Account '4862, without interest, to Larkin
2 through his counsel.
3     3.   All Claimants other than Larkin shall withdraw their claims
4 to the Returned Funds.
5     4.   The remaining $83,063.12 of the Defendant Funds, together
6 with all interest earned by the government on the total amount of
7 Defendant Funds, is hereby forfeited to the government, and no other
8 right, title, or interest shall exist therein. The government shall
9 dispose of the forfeited property in accordance with law.
10     5.   If the government elects to make the payment of the
11 Returned Funds by check, the check shall be payable to the Client
12 Trust account of Bienert Katzman Littrell Williams LLP (the "BKLW
13 Client Trust Account"), and mailed to Larkin in care of his attorney,
14 Whitney Z. Bernstein at Bienert Katzman Littrell Williams LLP, 903
15 Calle Amanecer, Suite 350, San Clemente, CA 92673-6253. If the
16 government elects to make the payment by wire transfer, the funds
17 shall be wire transferred to the BKLW Client Trust Account. Upon
18 request from the government, Larkin, through his counsel, shall
19 provide the necessary bank account information for the BKLW Client
20 Trust Account to complete the transfer.
21     6.   This judgment constitutes a certificate of reasonable cause
22 pursuant to 28 U.S.C. § 2465.
23 //
24 //
25 //
26
27
28

7. Each of the parties shall bear its own fees and costs incurred in connection with the Defendant Funds.

IT IS SO ORDERED.

Dated: _____, 2021

THE HONORABLE R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Chief, Asset Forfeiture Section

_____/s/_____
DAN G. BOYLE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

4