Steven L. Kessler, admitted *pro hac vice*
kesslerlawnyc@gmail.com
LAW OFFICES OF STEVEN L. KESSLER
P.O. Box 100, Wykagyl Station
New Rochelle, N.Y. 10804
Telephone: (212) 661-1500
Facsimile: (914) 740-3365

Paul J. Cambria, Jr. (CA 177957)
pcambria@lglaw.com
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:  (716) 855-1580
*Attorneys for Claimant Michael Lacey*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>$1,546,076.35 In Bank Funds Seized From Republic Bank of Arizona Account '1889, *et al.*,<br><br>　　　　　　Defendants.<br><br>―――――――――――――――<br><br>　　Michael Lacey,<br><br>　　　　　　Claimant. | Case No. 2:18-cv-08420-RGK (PJW)<br><br>MOVANT'S REPLY IN FURTHER FURTHER SUPPORT OF MOTION TO RELEASE CERTAIN RESTRAINED ASSETS<br><br>DATE:  January 31, 2022<br><br>TIME:   9:00 A.M.<br><br>LOCATION: Courtroom of the Honorable R. Gary Klausner |

Movant Michael Lacey, by his counsel of record, Paul J. Cambria, Jr., and Steven L. Kessler, *pro hac vice*, hereby files his Reply in further support of his Motion to Release Certain Restrained Assets on the ground that they have not been shown to be subject to forfeiture (ECF 217).

This Reply is based upon the attached Reply Memorandum of Points and Authorities and Movant's previously filed Notice of Motion and Memorandum of Points and Authorities; and all pleadings and papers on filed in this action.

Dated:        January 17, 2022

                        Respectfully submitted,

                        PAUL J. CAMBRIA, Jr.

                        */s/ Paul J. Cambria, Jr.*

                        STEVEN L. KESSLER, *pro hac vice*

                        *Attorneys for Claimant*
                        *Michael Lacey*

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

The government's opposition asserts a laundry list of false procedural objections, but avoids the fundamental principle supporting the relief sought on this motion: Untainted property may not be restrained before trial. The government disregards not only the United States Supreme Court opinions enforcing this principle, but also this Court's own prior ruling. The government's attempts to avert meaningful judicial review of its pretrial restraints are contrary to law. Under the correct legal standard, the government's conclusory justification for its continued retention of untainted assets contravenes the law and the facts. These assets must be released.

**The Hardship Provision Is Inapplicable and Irrelevant**: The government's primary argument is the assertion that the only mechanism for release of restrained property in a civil forfeiture proceeding is the hardship release provision of 18 U.S.C. § 983(f). That is false. Indeed, even the government's own cited cases demonstrate that this argument is wrong.

In the government's lead § 983(f) decision, the court made clear that, while denying a hardship motion for release of property, "in the event the government actually lacks a legal basis for forfeiture, *nothing in our holding today . . . limit[s] civil forfeiture claimants' ability to contest the government's basis for forfeiture . . . .*" *United States v. Contents of Accounts*, 629 F.3d 601, 609 (6th Cir. 2011) (emphasis added).

The Sixth Circuit held only that § 983(f) is the sole statutory provision for securing the pretrial release of restrained property *on the ground of irreparable harm, which, the court held, is a hardship argument*. Mr. Lacey, however, does not seek the release of the assets in issue on the ground of hardship or irreparable harm, despite the government's attempts to make it so.

REPLY IN FURTHER SUPPORT OF MOTION TO LIFT RESTRAINTS
2

The government's other § 983(f) cases merely confirm the obvious – that the hardship provision is extremely limited in scope. As both § 983(f) itself and these decisions make clear, the hardship release provision has nothing to do with Mr. Lacey's fundamental right to seek the pretrial release of property by challenging the "government's basis for forfeiture . . .." *United States v. Contents of Accounts*, *supra*. Section 983(f) does *not* permit the government to retain untainted property before trial.

The government's arguments regarding § 983(f) misrepresent the cases applying the statute. The hardship release provision is utterly irrelevant to Mr. Lacey's motion, which must be considered, and granted, on its own terms, not those invented by the government.

**Mr. Lacey's Motion Is Procedurally Correct**: The government's § 983(f) argument is part of a broader contention that Congress did not "create a mechanism for a claimant to reclaim and dissipate the defendant *res* in a civil forfeiture proceeding while that same proceeding was ongoing" (Gov. Opp. at 5). This contention contravenes both the law of this case and the law of the land.

The government inexplicably ignores the decisions from the United States Supreme Court and this Court's prior ruling which all recognize both the *right* to secure the pretrial release of untainted property and the *remedy* necessary to vindicate that right. *See, e.g., Honeycutt v. United States*, 581 U.S. ___, 137 S. Ct. 1626 1633 (2017); *Luis v. United States*, 578 U.S. ___, 136 S. Ct. 1083, 1091-92 (2016); *United States v. James Daniel Good Real Property*, 510 U.S. 43, 55-56 (1993) (discussed in Lacey Mot. at pp. 8-10).

Indeed, this Court expressly recognized that claimants' right to seek the release of funds that are not subject to forfeiture "are available through continuation of this case." ECF 130. The government avoids this key ruling –

consistent with Supreme Court precedent and with CAFRA – recognizing that the government's burden to retain property held for civil forfeiture is separate from, and greater than, the minimal showing needed to seize or restrain property before commencement of civil forfeiture proceedings.  *See*, *e.g.*, 18 U.S.C. § 983(d); Supplemental Rule G(2)(a)-(f).  The government's assertion that Mr. Lacey "does not cite any statute or rule supporting" this point is blatantly false.  Gov. Opp. at 10; see Lacey Mot. at 14-15.[1]

    As an apparent back-up argument, the government asserts that the relief sought on Mr. Lacey's motion cannot be correct because it permits a claimant "to dissipate the defendant res in a civil forfeiture proceeding" and that it is therefore relevant what Mr. Lacey intends to do with the assets at issue if this motion is granted.  This is simply false and flies in the face of the law.  As the Supreme Court discussed at length in *Luis*, *supra*, "[t]he distinction [between tainted and untainted property] is the difference between what is yours and what is mine"; thus, the government has an insufficient interest in such untainted property to dictate what its owner can or cannot do with it before trial.  Lacey Mot. at 10 (quoting *Luis*, 136 S. Ct. at 1091-92).

---

[1] The government falsely asserts that Mr. Lacey "relies largely" on an unreported pre-2007 Ninth Circuit decision to demonstrate that CAFRA increased the government's burden to retain property after commencement of forfeiture proceedings.  See Lacey Mot. at 14; Gov. Opp. at 10-11.  However, this decision, and the other cases cited by Mr. Lacey at p.14, merely provided indirect support for this Court's express holding and the plain language of CAFRA in both § 983 and Supplemental Rule G.  The government willfully misreads Mr. Lacey's motion as relying on the facts or holdings of these cases.  In any event, these cases, all cited in a single paragraph of Mr. Lacey's 20-page brief, could be removed with no effect of the validity of his motion.  Thus, in recognition of Ninth Circuit Rule 36-3(b), Mr. Lacey apologizes for the inclusion of that case and respectfully withdraws his citation of the decision from consideration on this motion.

REPLY IN FURTHER SUPPORT OF MOTION TO LIFT RESTRAINTS

4

The government's only support for this argument is, again, the inapplicable hardship release provision of § 983(f). In *AlCharihi v. United States*, 2017 WL 2861654 (C.D. Cal. May 4, 2017), the claimant's motion was denied because the property sought to be released pursuant to that provision was *contraband*. Thus, no amount of "need" could permit the release of that property to the claimant.

Decisions like *AlCharihi* again confirm the utter irrelevance of § 983(f) to this motion. As the Supreme Court in *Luis* made clear, if the property is not subject to forfeiture, it *must* be released regardless of what the claimant intends to do with it after it is released. The Ninth Circuit had made this clear nearly three decades ago. *United States v. Ripinsky,* 20 F.3d 359 (1994).

**A *Lis Pendens* Is a Restraint**: With respect to Mr. Lacey's Co-op, the government argues that the motion "is simply moot . . . as the government never seized the real property involved, and thus cannot return or release something it does not have."

The government is wrong. A *lis pendens* is a restraint. As Mr. Lacey demonstrated in his motion, the law is clear that "there is no functional difference between the methods of pretrial restraint and that all are equally reviewable, both in the District Courts and on appeal." Lacey Mot. at 10.

Notably, the recent Circuit Court decision cited by Mr. Lacey to support that point expressly held that a *lis pendens* is a legal restraint subject to judicial and interlocutory appellate review. *See United States v. Real Property Located at 1407 N. Collins St.*, 901 F.3d 268, 273 (5th Cir. 2018) ("the effect of a *lis pendens* on the owner of property . . . is constraining . . .. For all practical purposes, it would be virtually impossible to sell or mortgage the property because the interest of a purchaser or mortgagee would be subject to the eventual outcome of the lawsuit");
REPLY IN FURTHER SUPPORT OF MOTION TO LIFT RESTRAINTS
5

*Amalgamated Bank v. Superior Court*, 149 Cal. App. 4th 1003, 1011, 57 Cal. Rptr. 3d 686 (2007) (same).

The government's reliance on the language in 18 U.S.C. § 985 that a *lis pendens* is not a "seizure" is, again, irrelevant to this motion. That section addresses due process concerns with the initial restraints of real property, requiring the use of a *lis pendens* absent special circumstances. Whether the property was "seized" or not, its continued restraint is subject to review. As the government well knows, when it uses an attachment to freeze a bank account, the funds may remain in the bank, but the attachment is subject to review just like a physical seizure. *See, e.g., United States v. E-Gold, Ltd.*, 521 F.3d 411 (D.C. Cir. 2008) ("that which we call an injunction by any other name is reviewable . . ..").

As the government indirectly concedes, it cannot maintain a *lis pendens* on untainted property. See Gov. Opp. at 13-14 ("*if* the government prevails in forfeiting the [Co-op], that would 'affect title to, or the right to possession of'" the property) (emphasis added).

If the property is not shown to be tainted, then the government cannot satisfy the *lis pendens* requirements. *E.g., United States v. Parrett*, 530 F.3d 422, 432 (6th Cir. 2008); *United States v. Jarvis*, 499 F.3d 1196, 1205 (10th Cir. 2007).

"[The] California, and Arizona . . . *lis pendens* statute[s] provide[] that a notice of *lis pendens* may only be recorded in 'actions . . . affecting the title to real estate.' The Tenth Circuit reiterated that a *lis pendens* generally cannot be used as a 'substitute for a prejudgment attachment' . . .. The Court held that the filing of the *lis pendens* was improper because the . . . government did not have a ripened interest in the property when the *lis pendens* was filed." *In re The 12 Percent Fund I, LLC*, 2010 WL 94239, at *7 (Bankr. D. Ariz. Jan. 6, 2010), *aff'd sub nom. In re 12 Percent Fund I, L.L.C.*, 2011 WL 13190179 (D. Ariz. Mar. 22, 2011), *aff'd sub*

REPLY IN FURTHER SUPPORT OF MOTION TO LIFT RESTRAINTS

6

*nom. Junghans v. Reaves*, 472 F. App'x 808 (9th Cir. 2012) (discussing *United States v. Jarvis*, 499 F.3d 1196 (10th Cir. 2007)).

Thus, on judicial review, the lawfulness of the filing of a *lis pendens* on property sought to be forfeited is subject to the same standard as property restrained by any other method. If the government cannot satisfy its pretrial burden to retain the property pending trial, the property must be released, which, in the event that the property is restrained by a *lis pendens*, includes expunging the *lis pendens* pursuant to state law.

**The Co-op Must Be Released**: When the government finally moves past its baseless assemblage of procedural arguments and turns to the substance of its forfeiture claims against the property, it applies the wrong standard. As Mr. Lacey demonstrated, probable cause may be the standard for initial restraint of property sought to be forfeited. It is *not* the standard for judicial review of pretrial restraints *after* civil forfeiture proceedings are commenced.

The standard prescribed by CAFRA is that the government must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial" with respect to each property sought to be forfeited. If it cannot satisfy this standard, its forfeiture claim against the property is subject to dismissal. Here, Mr. Lacey seeks only the release of the assets in issue, not dismissal.[2]

---

[2] The government even contends that, because this motion applies the dismissal *standard*, the relief requested cannot be granted because of the stay of the civil proceedings. This is simply false. The stay order expressly provides that "*any motion* by Claimants relating to the restraint and release of funds" may be filed. See ECF 189 (1/20/21) (emphasis added), extended to 4/18/2022 by ECF 213 (12/13/21).

REPLY IN FURTHER SUPPORT OF MOTION TO LIFT RESTRAINTS

7

The government concedes that the Co-op was purchased with 100% clean, untainted funds.  Its sole allegation against the Co-op is that "[i]n May 2015, over $10,000 of funds [from Backpage were] used to purchase or maintain" the Co-op.  This vague allegation does little more than parrot the statute.  The government offers no facts to support its opposition.  Thus, the government has failed to "state sufficiently detailed facts to support a reasonable belief that it will be able to meet its burden of proof at trial" to demonstrate, by a preponderance of the admissible evidence, that the Co-op is subject to forfeiture pursuant to 18 U.S.C. § 1957.

Further, the government's attempt to downplay its burden of demonstrating a "substantial connection" between the Co-op and offense would effectively eviscerate the statutory requirement.  The government cites no case or statute to support its belief that "substantial connection" sets a "low bar." Gov. Opp. at 16.  Rather, the sole citation for its non-burden is a secondary source by a former federal prosecutor who spent thirty years handling forfeiture matters for the government, and who, according to his website, continues serving as a consultant for the government and law enforcement.

The government's opposition thus confirms that Mr. Lacey's motion seeking the release of the Co-op pending trial should be granted.

**The Segregated Village Voice Funds Must Be Released**: Finally, the government's response misrepresents Mr. Lacey's claim to the funds in the segregated Village Voice accounts and relies on deposits to those accounts that it recently conceded, in two so-ordered stipulations, came solely from Village Voice funds.  Contrary to the government's assertion, Mr. Lacey plainly stated that he seeks the return of untainted funds. The motion also plainly states that only a small portion of the $640,711.61 in untainted funds remaining in segregated Village

REPLY IN FURTHER SUPPORT OF MOTION TO LIFT RESTRAINTS
8

Voice accounts at Republic Bank of Arizona was related to the clerical error and that the lion's share of the funds were *other* untainted Village Voice funds.

The government now asserts that seven subsequent deposits into Village Voice accounts were Backpage funds. The purported basis for the assertion is Account '9863 at Wells Fargo Bank transferred from Backpage "approximately $944,729.25 among seven transactions" into BBVA Compass Bank account ending '4862, of which $640,711.61 ended up in one of the segregated Village Voice accounts ('2485) sought to be released on this motion. Gov. Opp. at 20.

In two recent Stipulations in this proceeding, however, the government conceded that none of the funds in BBVA Compass '4862 were from Backpage. See ECF 209 (12/9/21); ECF 212 (12/10/21). As demonstrated to the government's satisfaction prior to the filing of their response to this Motion, Wells Fargo Account '9863 was the operating account for the Newspaper, namely Voice Media Group, Inc. (VMG), the company that purchased the Village Voice companies in 2013. The transfers to the Compass '4862 account were monthly payments for rent and on a note to the seller, Cereus Properties, LLC, not transactions between Backpage and the Newspaper. These stipulations further demonstrate the falsity both of the government's new allegations and its reliance on a nearly two-year-old, and incomplete and misleading, email thread. See Gov. Opp. Ex. 3. Regardless, the government has conceded that the funds are not tainted. Accordingly, they should be released immediately.

//
//
//
//

REPLY IN FURTHER SUPPORT OF MOTION TO LIFT RESTRAINTS

9

For all the reasons set forth above and in his moving papers, Mr. Lacey's motion to release the Co-op and the Village Voice accounts should be granted.

Dated: January 17, 2022

        Respectfully submitted,
        <u>/s/ Paul J. Cambria, Jr.</u>
        Paul J. Cambria, Jr.

        Steven L. Kessler, *pro hac vice*

        *Attorneys for Claimant Michael Lacey*

REPLY IN FURTHER SUPPORT OF MOTION TO LIFT RESTRAINTS

10

# CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2022, I filed the foregoing with the United States District Court for the Central District of California using the CM/ECF system.

I hereby certify that on January 17, 2022, a copy of the foregoing was also delivered to the following via CM/ECF:

DANIEL BOYLE
U.S. Attorney's Office
Asset Forfeiture Section
312 North Spring Street
Los Angeles, California 90012

                                        */s/ Kristina Drewery*
                                        Kristina Drewery