TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
DAN G. BOYLE (California Bar No. 332518)
Assistant United States Attorney
Asset Forfeiture Section
     Federal Courthouse, 14th Floor
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2426
     Facsimile: (213) 894-0142
     E-mail: Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CV 18-8420-RGK (PJWx) |
| Plaintiff, | PLAINTIFF'S APPLICATION FOR LEAVE TO FILE A SURREPLY IN FURTHER OPPOSITION TO CLAIMANT'S MOTION FOR RELEASE OF ASSETS [ECF No. 210] |
| v. | |
| $1,546,076.35 IN BANK FUNDS SEIZED FROM REPUBLIC BANK OF ARIZONA ACCOUNT '1889, ET AL., | |
| | Hearing Date: January 31, 2021 |
| Defendants. | Time: 9:00 a.m. |
| Michael Lacey, | |
| Claimant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Dan

G. Boyle, hereby files ex parte[1] its Application for Leave to File a Surreply in Further Support of its Opposition to Claimant Michael Lacey's Motion to Release Assets. [ECF No. 210].

This Motion is based upon the attached memorandum of points and authorities and such further evidence and argument as the Court may permit.

Dated: January 19, 2022         Respectfully submitted,

                                TRACY L. WILKISON
                                United States Attorney

                                SCOTT M. GARRINGER
                                Assistant United States Attorney
                                Chief, Criminal Division
                                JONATHAN GALATZAN
                                Assistant United States Attorney
                                Chief, Asset Forfeiture Section

                                      /s/
                                ─────────────────────────────
                                DAN G. BOYLE
                                Assistant United States Attorney

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

---

[1] Pursuant to L.R. 7-19, government counsel contacted counsel for Lacey by e-mail on January 18, 2022 and requested Lacey's position on this application. Lacey's counsel responded to the government that they disagreed with the government's statement that Lacey included a new, non-responsive argument or evidence in his Reply, and stated that Lacey opposes the government's filing of a sur-Reply.

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

On January 17, 2022, Claimant Michael Lacey ("Lacey") filed his reply (the "Reply") in further support of his motion for release of assets (the "Motion" or "Mot."). See ECF No. 224.

In his Reply, and for the first time, Lacey asserted that a recent stipulated consent judgment, which was negotiated, signed and filed before his Motion was filed, purportedly proves that "the government has conceded that the funds [at issue] are not tainted." Reply, at 9.[2] Not only is Lacey wrong, but his argument could have been in his moving brief, and his attempt to raise this argument for the first time on reply is improper.

First, the Court should disregard this argument, as Lacey could have, but did not, make this argument is his moving brief, choosing instead to raise it on Reply when the government is not entitled to respond. See Martirosian v. JP Morgan Chase Bank NA, No. 13-CV-02987-RGK (RZX), 2014 WL 12567790, at *1 (C.D. Cal. Mar. 12, 2014) ("The Court generally will not consider new facts or arguments raised in a party's reply brief, because doing so would deprive the non-moving party of fair notice and an opportunity to be heard." (citing United States v. Gianelli, 543 F.3d 1178, 1184 n.6 (9th Cir. 2008))).

If the Court elects to consider this new argument, however, the Court can and should cure the prejudice to the government by permitting the filing of the accompanying brief surreply, which

---

[2] The stipulation was filed on December 9, 2021, ECF No. 209, and Lacey's Motion was filed on December 10th, and then stricken twice before ultimately being accepted on December 16, 2021. See ECF Nos. 210, 214, 217.

1

addresses this new argument. See Chloe SAS v. Sawabeh Info. Servs. Co., No. 11-CV-4147-MMM, 2015 WL 12734005, at *1 (C.D. Cal. June 3, 2015) ("When a party has raised new arguments or presented new evidence in a reply to an opposition, the court may permit the other party to counter the new arguments or evidence." (citing El Pollo Loco. v. Hashim, 316 F.3d 1032, 1040-41 (9th Cir. 2003))).

**CONCLUSION**

For the above reasons, the government respectfully requests that the Court accept the Government's proposed Surreply, in the form accompanying this application.

```
                                    Respectfully submitted,

DATED: January 19, 2022             TRACY L. WILKISON
                                    United States Attorney
                                    SCOTT M. GARRINGER
                                    Assistant United States Attorney
                                    Chief, Criminal Division
                                    JONATHAN GALATZAN
                                    Assistant United States Attorney
                                    Chief, Asset Forfeiture Section


                                     /s/
                                    DAN G. BOYLE
                                    Assistant United States Attorney

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA
```

2