1  TRACY L. WILKISON
   United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   JONATHAN GALATZAN
4  Assistant United States Attorney
   Chief, Asset Forfeiture Section
5  DAN G. BOYLE (California Bar No. 332518)
   Assistant United States Attorney
6  Asset Forfeiture Section
        Federal Courthouse, 14th Floor
7       312 North Spring Street
        Los Angeles, California 90012
8       Telephone: (213) 894-2426
        Facsimile: (213) 894-0142
9       E-mail: Daniel.Boyle2@usdoj.gov

10
   Attorneys for Plaintiff
11 UNITED STATES OF AMERICA

12                UNITED STATES DISTRICT COURT

13              FOR THE CENTRAL DISTRICT OF CALIFORNIA

14

15 | UNITED STATES OF AMERICA, | Case No. CV 18-8420-RGK (PJWx)

16 | Plaintiff, | [PROPOSED] PLAINTIFF'S SURREPLY IN FURTHER OPPOSITION
17 | v. | TO CLAIMANT'S MOTION FOR RELEASE OF ASSETS [ECF No.
18 | $1,546,076.35 IN BANK FUNDS SEIZED FROM REPUBLIC BANK OF | 210]
19 | ARIZONA ACCOUNT '1889, ET AL., | Hearing Date: January 31, 2021
20 | Defendants. | Time: 9:00 a.m.

21 _____

22 Michael Lacey,

23         Claimant.

24

25

26
        Plaintiff United States of America, by and through its
27
   counsel of record, the United States Attorney for the Central
28
   District of California and Assistant United States Attorney Dan

G. Boyle, hereby files its Surreply in Further Opposition to Claimant Michael Lacey's Motion to Release Assets. [ECF No. 210].

    This Surreply is based upon the attached memorandum of points and authorities and such further evidence and argument as the Court may permit.

Dated: January 19, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section

     /s/
DAN G. BOYLE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

On January 17, 2022, Claimant Michael Lacey ("Lacey") filed his motion for release of assets (the "Motion" or "Mot."). See ECF No. 210. As detailed in the government's Opposition to that Motion (the "Opposition" or "Opp."), ECF No. 221, Lacey sought the return of funds seized from two accounts at Republic Bank of Arizona (the "RBA Funds"), but his Motion failed to address updated tracing in the operative pleading with respect to these assets, which had to be taken as true under Lacey's proffered standard. See Opp., at 3, 16-18. In his Reply, Lacey addresses this updated tracing for the first time, by arguing that a recently-filed stipulated consent judgment, see ECF No. 209 (the "Consent Judgment"),[1] was proof that the government had "conceded that none of the funds in BBVA Compass '4862 were from Backpage" and "the government has conceded that the funds are not tainted." See Reply at 9. Lacey is wrong, and because he is attempting to address this updated tracing for the first time on Reply, the government respectfully submits this brief surreply addressing this new argument.

First, Lacey does not quote any part of the Consent Judgment to support his purported concession, because none exists. The Consent Judgment was executed while Lacey's motion seeking Monsanto relief was pending in the District of Arizona,

---

[1] Lacey erroneously refers to "two recent Stipulations in this proceeding… ECF 209 (12/9/21); ECF 212 (12/10/21)." Reply at 224. His citations actually refer to the stipulation for a consent judgment, ECF No. 209, and the Court's signed version of that same consent judgement. See ECF No. 212. As such, there is only one stipulation at issue.

1

and explicitly resolved one of the assets that was the subject of that Motion. <u>See</u> ECF No. 209, at ¶ 11. The Consent Judgment stated that it was not dispositive of, or "operate[d] as a release of, claims, actions or rights with respect to" any other assets in this action. <u>See</u> Consent Judgment, ¶ 1. Furthermore, the Consent Judgment could not plausibly have been a concession by the government that all such funds were untainted, because $83,063.12 of these funds *were forfeited* pursuant to this Stipulation. <u>See</u> Consent Judgment, ¶ 4. In sum, the Consent Judgment was explicitly not a concession of anything.

But the Court does not need to address the Consent Judgment for the purposes of the Motion, because under Lacey's proffered standard, this kind of extrinsic evidence is impermissible. Lacey has repeatedly argued that his Motion should be considered under the standard of a motion to dismiss, <u>see, e.g.,</u> Mot. at 13, 15; Reply at 7, and it is black letter law that a motion to dismiss must take all allegations in the pleadings as true and a district court generally "may not consider any material beyond the pleadings." <u>Cooper v. Pickett</u>, 137 F.3d 616, 622 (9th Cir. 1997) (<u>quoting Branch v. Tunnell</u>, 14 F.3d 449, 453 (9th Cir. 1994)). Lacey cannot ask this Court to apply a Rule 12 standard, while also trying to dispute the allegations in the FACMC by relying on extrinsic evidence (<u>see</u> Reply, at 9).

If Lacey now wants the Court to consider the Consent Judgment (and it should not), then the Motion must be considered as one for summary judgment, as pursuant to Fed. R. Civ. P. 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the

2

court, the motion must be treated as one for summary judgment under Rule 56." And before summary judgment could be granted relying on extrinsic evidence, the government "must be given a reasonable opportunity to present all the material that is pertinent to the motion," see Fed.R.Civ.P. 12(d), which is not yet possible here while discovery is stayed and Lacey has not even answered the operative complaint.

## CONCLUSION

For the above reasons, and those stated in the Opposition, the government respectfully requests that the Court deny Lacey's Motion.

Respectfully submitted,

DATED: January 19, 2022

TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section

  /s/
DAN G. BOYLE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA