TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
DAN G. BOYLE (California Bar No. 332518)
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2426
    Facsimile: (213) 894-0142
    E-mail: Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CV 18-8420-RGK (PJWx) |
| Plaintiff, | PLAINTIFF'S SURREPLY IN FURTHER OPPOSITION TO CLAIMANT'S MOTION FOR RELEASE OF ASSETS [ECF No. 210] |
| v. | |
| $1,546,076.35 IN BANK FUNDS SEIZED FROM REPUBLIC BANK OF ARIZONA ACCOUNT '1889, ET AL., | Hearing Date: January 31, 2021 |
| Defendants. | Time: 9:00 a.m. |
| _____ | |
| Michael Lacey, | |
| Claimant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central

District of California and Assistant United States Attorney Dan
G. Boyle, hereby files its Surreply in Further Opposition to
Claimant Michael Lacey's Motion to Release Assets. [ECF No.
210].[1]

      This Surreply is based upon the attached memorandum of
points and authorities and such further evidence and argument as
the Court may permit.


 Dated: January 24, 2022          Respectfully submitted,

                                  TRACY L. WILKISON
                                  United States Attorney

                                  SCOTT M. GARRINGER
                                  Assistant United States Attorney
                                  Chief, Criminal Division
                                  JONATHAN GALATZAN
                                  Assistant United States Attorney
                                  Chief, Asset Forfeiture Section

                                  _____/s/_____
                                  DAN G. BOYLE
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

---

      [1] On January 24, 2022, the Court granted Plaintiff leave to
file this Surreply. See ECF No. 226.

                                  1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

On January 17, 2022, Claimant Michael Lacey ("Lacey") filed his motion for release of assets (the "Motion" or "Mot."). See ECF No. 210. As detailed in the government's Opposition to that Motion (the "Opposition" or "Opp."), ECF No. 221, Lacey sought the return of funds seized from two accounts at Republic Bank of Arizona (the "RBA Funds"), but his Motion failed to address updated tracing in the operative pleading with respect to these assets, which had to be taken as true under Lacey's proffered standard. See Opp., at 3, 16-18. In his Reply, Lacey addresses this updated tracing for the first time, by arguing that a recently-filed stipulated consent judgment, see ECF No. 209 (the "Consent Judgment"),[2] was proof that the government had "conceded that none of the funds in BBVA Compass '4862 were from Backpage" and "the government has conceded that the funds are not tainted." See Reply at 9. Lacey is wrong, and because he is attempting to address this updated tracing for the first time on Reply, the government respectfully submits this brief surreply addressing this new argument.

First, Lacey does not quote any part of the Consent Judgment to support his purported concession, because none exists. The Consent Judgment was executed while Lacey's motion seeking Monsanto relief was pending in the District of Arizona, and explicitly resolved one of the assets that was the subject

[2] Lacey erroneously refers to "two recent Stipulations in this proceeding… ECF 209 (12/9/21); ECF 212 (12/10/21)." Reply at 224. His citations actually refer to the stipulation for a consent judgment, ECF No. 209, and the Court's signed version of that same consent judgement. See ECF No. 212. As such, there is only one stipulation at issue.

of that Motion. See ECF No. 209, at ¶ 11. The Consent Judgment stated that it was not dispositive of, or "operate[d] as a release of, claims, actions or rights with respect to" any other assets in this action. See Consent Judgment, ¶ 1. Furthermore, the Consent Judgment could not plausibly have been a concession by the government that all such funds were untainted, because $83,063.12 of these funds *were forfeited* pursuant to this Stipulation. See Consent Judgment, ¶ 4. In sum, the Consent Judgment was explicitly not a concession of anything.

But the Court does not need to address the Consent Judgment for the purposes of the Motion, because under Lacey's proffered standard, this kind of extrinsic evidence is impermissible. Lacey has repeatedly argued that his Motion should be considered under the standard of a motion to dismiss, see, e.g., Mot. at 13, 15; Reply at 7, and it is black letter law that a motion to dismiss must take all allegations in the pleadings as true and a district court generally "may not consider any material beyond the pleadings." Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1997) (quoting Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994)). Lacey cannot ask this Court to apply a Rule 12 standard, while also trying to dispute the allegations in the FACMC by relying on extrinsic evidence (see Reply, at 9).

If Lacey now wants the Court to consider the Consent Judgment (and it should not), then the Motion must be considered as one for summary judgment, as pursuant to Fed. R. Civ. P. 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment

1

under Rule 56." And before summary judgment could be granted relying on extrinsic evidence, the government "must be given a reasonable opportunity to present all the material that is pertinent to the motion," see Fed.R.Civ.P. 12(d), which is not yet possible here while discovery is stayed and Lacey has not even answered the operative complaint.

### CONCLUSION

For the above reasons, and those stated in the Opposition, the government respectfully requests that the Court deny Lacey's Motion.

                                    Respectfully submitted,

DATED: January 24, 2022        TRACY L. WILKISON
                               United States Attorney
                               SCOTT M. GARRINGER
                               Assistant United States Attorney
                               Chief, Criminal Division
                               JONATHAN GALATZAN
                               Assistant United States Attorney
                               Chief, Asset Forfeiture Section


                                    /s/
                               DAN G. BOYLE
                               Assistant United States Attorney

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA

2