Steven L. Kessler, admitted *pro hac vice*
kesslerlawnyc@gmail.com
LAW OFFICES OF STEVEN L. KESSLER
P.O. Box 100, Wykagyl Station
New Rochelle, N.Y. 10804
Telephone: (212) 661-1500
Facsimile: (914) 740-3365

Paul J. Cambria, Jr. (CA 177957)
pcambria@lglaw.com
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:  (716) 855-1580
*Attorneys for Claimant Michael Lacey*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| United States of America,<br><br>                     Plaintiff,<br><br>vs.<br><br>$1,546,076.35 In Bank Funds Seized From Republic Bank of Arizona Account '1889, *et al*.,<br><br>                     Defendants.<br><br>Michael Lacey,<br><br>                     Claimant. | Case No. 2:18-cv-08420-RGK (PJW)<br><br>MOVANT'S RESPONSE TO GOVERNMENT'S SURREPLY IN FURTHER OPPOSITION TO MOTION FOR RELEASE OF ASSETS [ECF No. 225]<br><br>Hearing Date:  January 31, 2022<br><br>Time:   9:00 A.M.<br><br>Location: Courtroom of the Honorable R. Gary Klausner |

Movant Michael Lacey, by his counsel of record, Paul J. Cambria, Jr., and Steven L. Kessler, *pro hac vice*, hereby files his Response to the government's Surreply in Further Opposition to Mr. Lacey's Motion to Release Certain Restrained Assets on the ground that they have not been shown to be subject to forfeiture (ECF 225).

This Response is based upon the attached Memorandum of Points and Authorities, Movant's previously filed memoranda and all pleadings and papers on filed in this action.

Dated:          January 27, 2022

                                            Respectfully submitted,

                                            PAUL J. CAMBRIA, Jr.

                                            */s/ Paul J. Cambria, Jr.*

                                            STEVEN L. KESSLER, *pro hac vice*

                                            *Attorneys for Claimant*
                                            *Michael Lacey*

# MEMORANDUM OF POINTS AND AUTHORITIES

The government's Surreply erroneously contends that its Stipulation (ECF 217) for the release of 80% of the balance of Compass Bank account '4862, a Cereus newspaper account, has no effect on the allegations of its forfeiture complaint against Mr. Lacey's newspaper account '3126 at Republic Bank of Arizona. The government's argument is legally and factually wrong. In fact, the Surreply *confirms* that Mr. Lacey's newspaper accounts must be released.

**The Law**: "Stipulated facts . . . negate[] any allegation in the . . . complaint" that is inconsistent with the stipulated facts. *Comercializadora Recmaq v. Hollywood Auto Mall, LLC*, 2014 WL 3628272, at *6 (S.D. Cal. July 21, 2014) (citation omitted). Indeed, "allegations of the complaint . . . are to be taken as true . . . *except* as they may be contradicted by the stipulated facts . . . ." *Rasmussen v. Am. Dairy Ass'n*, 472 F.2d 517, 520 (9th Cir. 1972) (emphasis added) (citation omitted). Thus, to the extent the Stipulation here is inconsistent or conflicts with the allegations of the complaint, the Stipulation controls.

**The Facts**: The Stipulation demonstrates that, at best, only a small fraction of the funds in account '4862 were even potentially subject to forfeiture. Regardless, because all potentially tainted funds in that account have already been forfeited pursuant to the Stipulation, the government has conceded that the account is otherwise untainted. Finally, because the government's claim against account '3126 is based solely on the allegation that it received transfers from account '4862, the Stipulation confirms that none of the funds in account '3126 are subject to forfeiture. Thus, the Surreply confirms that Mr. Lacey's motion to release the funds in account '3126 must be granted.

**Account '4862:** The complaint alleges two different theories of forfeiture with respect to account '4862. It alleges that the account *either* (A) "was funded

1

with . . . funds . . . traceable to" criminal activity *or* (B) was "involved in money laundering, or both." (¶ 154).  This broad pleading, as Mr. Lacey demonstrates, is insufficient under Rule G to avert dismissal for failure to state a claim. [1]

The Stipulation modifies the allegations of the complaint by demonstrating that the government's only forfeiture theory is (A) – that specific funds in the account are "traceable to" criminal activity.  If the account were "involved in money laundering," the entire account would be subject to forfeiture, and *no funds* could be released.  *See*, *e.g.*, 18 U.S.C. § 981(a)(1)(A).  Because, as the Stipulation shows, the government is relying solely on a "traceable to" theory, only those funds that are traceable can be potentially subject to forfeiture.

By agreeing to release all funds in account '4862 except for $83,063.12, the Stipulation confirms that none of the other funds in account '4862 are traceable to criminal activity or involved in money laundering.  Thus, by forfeiting the only allegedly tainted funds in the account, the Stipulation establishes that all of the remaining funds in account '4862 are in fact *untainted*.

**Account '3126:**  The government's sole basis for refusing to release account '3126 is that it received transfers from account '4862.  The Stipulation, however, demonstrates that account '4862 was not involved in money laundering and any allegedly tainted funds in account '4862 have now been forfeited.  Therefore, the

---

[1] The untainted nature of the funds in account '4862 is further confirmed by the allegation in the complaint (¶ 154) that account '4862 was funded with transfers from Wells Fargo account '9863.  Account '9863 is an operating account of Voice Media Group, the *purchaser* of the newspapers, and not a party to this action. Because Voice Media Group had received reimbursement of legal fees from Backpage, the government argued that it was somehow a "pass through." It was not, but, regardless, that issue has now been resolved by the Stipulation.

transfers from account '4862 to account '3126 *cannot* have constituted money laundering or funds "traceable to" criminal activity.

The Stipulation confirms that account '3126 is a "segregated Village Voice account" that is not subject to forfeiture. Thus, Mr. Lacey is not required to accept the allegations in the complaint regarding account '3126 as true for purposes of his motion to release the funds in that account.

In sum, the government's forfeiture complaint, as modified by the Stipulation, conclusively demonstrates that Mr. Lacey's newspaper accounts are not subject to forfeiture and must be released.

Dated:  January 27, 2022

        Respectfully submitted,
        */s/ Paul J. Cambria, Jr.*
        Paul J. Cambria, Jr.

        Steven L. Kessler, *pro hac vice*

        *Attorneys for Claimant Michael Lacey*

# CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2022, I filed the foregoing with the United States District Court for the Central District of California using the CM/ECF system.

I hereby certify that on January 27, 2022, a copy of the foregoing was also delivered to the following via CM/ECF:

DANIEL BOYLE
U.S. Attorney's Office
Asset Forfeiture Section
312 North Spring Street
Los Angeles, California 90012


*/s/ Kristina Drewery*
Kristina Drewery