UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08420-RGK-PJW | Date | February 18, 2022 |
|---|---|---|---|
| Title | *United States of America v. $1,546,076.35 in Bank Funds Seized from Republic Bank of Arizona Account 1889, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**   **(IN CHAMBERS) Order Re: Claimant Michael Lacey's Motion for Release of Funds [DE 217]**

## I.   INTRODUCTION

This case is an *in rem* civil forfeiture action comprised of thirty-two consolidated cases filed by the United States of America (the "Government"). The defendants in the consolidated cases are various assets that are allegedly the proceeds of illegal activities associated with the website Backpage.com ("Backpage") and other commingled funds. Three of those assets are: (1) a cooperative apartment located in San Francisco, California ("the Co-Op"); (2) funds seized from a Republic Bank of Arizona ("RBA") account number ending in '2485; and (3) funds seized from an RBA account number ending in '3126 (collectively, the "Defendant Assets").

On June 1, 2020, the Government filed the operative First Amended Consolidated Master Verified Complaint for Forfeiture ("FACMC"), bringing claims under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"). (*See* ECF No. 108.)

Presently before the Court is Claimant Michael Lacey's ("Claimant" or "Lacey") Motion for Release of Funds ("Motion"). (ECF No. 217.) For the following reasons, the Court **DENIES** the Motion.

## II.   FACTUAL BACKGROUND

The facts of this case are set forth in full in the Court's Order regarding Claimants' Motions to Dismiss and the Government's Motion to Strike. (*See* ECF No. 170.) The Court recites here only the facts pertinent to the present Motion.

The Government alleges that all three Defendant Assets here are subject to forfeiture due to their connection to, or purchase with, funds from Backpage. Claimant allegedly used over $10,000 of funds

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08420-RGK-PJW | Date | February 18, 2022 |
|---|---|---|---|
| Title | *United States of America v. $1,546,076.35 in Bank Funds Seized from Republic Bank of Arizona Account 1889, et al.* | | |

traceable to Backpage accounts to "purchase or maintain" the Co-Op. (FACMC ¶ 172, ECF No. 108.) The funds in the two RBA accounts are either "traceable to [specified unlawful activity], involved in money laundering, or both," and "Backpage Operators used [these accounts] as pass-through accounts." (*Id.* ¶ 156.)

After the Government filed its FACMC, Lacey joined many others in filing claims to the seized property. (*See* ECF No. 126.) After the various claimants filed unsuccessful motions to dismiss, the Government and all claimants stipulated that this case should be stayed pending resolution of a related concurrently-pending criminal action against Lacey and three co-defendants in the District of Arizona.[1] The Court stayed the case as to all matters except: "(1) any special interrogatories which may be served on Roarke Lacey and Colin Lacey pursuant to Rule 6(6) . . . (2) any motion practice pursuant to Supplemental Rule G(8)(c) regarding Roarke Lacey's and Colin Lacey's proposed claims . . . and; (3) any motion by Claimants relating to the restraint and release of funds." (Order Re: Stipulation & Request to Stay Civil Forfeiture Case at 1, ECF No. 189.) As of the date of this Order, the case remains stayed.

### III.   JUDICIAL STANDARD

The procedural rules for civil forfeiture actions *in rem* that arise from a federal statute are governed by the Federal Rules of Civil Procedure Supplemental Rule G ("Rule G") (and, to the extent Rule G does not address an issue, Supplemental Rules C, E, and the Federal Rules of Civil Procedure). *See* Supp. R. Fed. R. Civ. P. G(1); *see also United States v. Approx. $658,830.00 in U.S. Currency*, 2011 WL 5241311, at *2 (E.D. Cal. Oct. 31, 2011) ("Rule G was adopted in 2006 to bring together the central procedures that govern civil forfeiture actions."). Rule G lists motions that are permitted prior to the forfeiture trial, including "Motion[s] to Dismiss the Action" and "Petition[s] to Release Property." Supp. R. Fed. R. Civ. P. G(8)(b), (d). Petitions to Release Property are permitted where the Government "holds property for judicial or nonjudicial forfeiture under a statute governed by 18 U.S.C. § 983(f)."

For a claimant to establish that he is entitled to immediate pretrial release of property under Section 983(f), he must establish that: (1) he has a possessory interest in the property; (2) he has sufficient ties to the community to provide assurance that the property will be available at trial; (3) continued possession by the Government pending trial will cause substantial hardship to the claimant; and (4) the claimant's likely hardship outweighs the risk that the returned property may be destroyed, damaged, lost, concealed, or transferred. 18 U.S.C. §§ 983(f)(1)(A)–(D). A court may not order the

---

[1] The related criminal case is *USA v. Lacey, et al.*, 2:18-cr-00422-SMB.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08420-RGK-PJW | Date | February 18, 2022 |
|---|---|---|---|
| Title | *United States of America v. $1,546,076.35 in Bank Funds Seized from Republic Bank of Arizona Account 1889, et al.* | | |

property returned, however, if it is: (1) "contraband, currency . . . or electronic funds unless such currency . . . constitutes the assets of a legitimate business which has been seized"; (2) is to be "used as evidence of a violation of the law"; (3) is "particularly suited for illegal activities"; or (4) is "likely to be used to commit additional criminal acts if returned to the claimant." 18 U.S.C. § 983(f)(8).

## IV.   DISCUSSION

Lacey argues for return of the Defendant Assets because, he claims, they are untainted by the criminal activity related to Backpage. He contends that the Government's claims as to the Defendant Assets would not survive a hypothetical motion to dismiss but does not request dismissal; he simply seeks return of the Defendant Assets. The Government counters that Section 983 lays out the exclusive procedure for requesting return of assets and that Claimant's Motion does not satisfy that procedure. The Court agrees with the Government.

CAFRA and Rule G provide a "detailed and comprehensive mechanism for obtaining the release of seized property" in civil forfeiture cases. *U.S. v. Contents of Accts.*, 629 F.3d 601, 608 (6th Cir. 2011). Accordingly, these rules govern "*all* requests for the pretrial release of property that has been seized for civil forfeiture." *U.S. v. 8 Gilcrease Lane, Quincy Fla. 32351*, 587 F. Supp. 2d 133, 140 (D.D.C. 2008) (emphasis added); *see also AlCharihi v. United States*, 2017 WL 2861654, at *2 (C.D. Cal. May 4, 2017) ("[A] claimant is entitled to immediate release of seized property only if all of [Section 983(f)'s] requirements are met."). To that end, courts have determined that it is improper for a claimant to bring a motion for injunctive-type relief requesting return of property as a substitute for the motions specifically authorized by CAFRA and Rule G. *See Contents of Accts.*, 629 F.3d at 608 ("[I]t is only where Rule G does not address an issue that the Civil Rules set the procedure governing forfeiture actions . . . Rule G, which specifically invokes § 983(f) as the mechanism to 'Petition to Release Property,' . . . [addresses] the issue of obtaining the release of seized property.") (citing Supp. R. Fed. R. Civ. P. G(8)(d)).[2]

Rather than bring a motion under Section 983(f), Claimant brings a motion to dismiss in all but name. Rule G states that a CAFRA forfeiture complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden at trial" or be dismissed. Supp. R. Fed. R. Civ. P. G(2)(f). Claimant argues that, as to the Defendant Assets, the Government has not stated

---

[2] There is one narrow exception to this rule, which Claimant has not put in issue. A claimant in a civil forfeiture proceeding may obtain immediate release of seized property if he demonstrates that he lacks sufficient assets to defend himself in an underlying or related criminal proceeding. *See United States v. Farmer*, 274 F.3d 800, 805 (4th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-08420-RGK-PJW | Date | February 18, 2022 |
| Title | *United States of America v. $1,546,076.35 in Bank Funds Seized from Republic Bank of Arizona Account 1889, et al.* | | |

facts to support such "reasonable belief" in its FACMC. (Lacey's Mot. for Release of Prop. at 11–14, ECF No. 217.) However, because the Stay Order precludes litigation of this case outside of the three enumerated exceptions, Claimant does not seek dismissal. He argues instead that, because he has (from his perspective) shown that the Government's claims *would* be subject to dismissal, the Government has no right to hold the property during the stay. (*See id.*)

Claimant's argument is a creative end-run around the strictures of CAFRA and Rule G. Instead of simply filing a Section 983(f) motion, Claimant advances several arguments for why he should be allowed to utilize his self-created remedy. None of them are convincing.

He first argues that a Section 983(f) motion is one of many provisions for obtaining a release of property, rather than the only one. (Lacey's Reply ISO Mot. at 3, ECF No. 224.) As discussed above, Claimant's position flies in the face of the plain language of Rule G, the plain language of CAFRA, and the cases that have directly analyzed the issue.[3] *See, e.g., U.S. v. Any and all Funds on Deposit in Acct. No. 0139874788, at Regions Bank*, 2015 WL 247391, at *13–15 (S.D.N.Y. Jan. 20, 2015) (denying a request for "probable cause hearing" and "immediate release of property" in civil forfeiture case as unauthorized by Rule G and not otherwise constitutionally mandated). CAFRA and Rule G govern "all requests for the pretrial release of property," not just some requests. *8 Gilcrease Lane*, 587 F. Supp. 2d at 140. And Rule G lists only one type of "Petition to Release Property": the petition described in Section 983(f). *See* Supp. R. Fed. R. Civ. P. G(8)(d).

Claimant next argues that this Court has already implicitly given him permission to make this request when it stated that he could seek release of potentially untainted funds "through the continuation of this case." (Order re: Claimants' Mot. to Vacate or Modify Seizure Warrants at 12, Case No. 2:18-cv-08420-RGK-PJW, ECF No. 130.) First, the Court notes the obvious: while this case is stayed, there is very little "continuation of [the] case." The obvious aside, there is nothing stopping Claimant from filing a Section 983(f) motion during the pendency of the stay, as authorized by the Stay Order. And of course, once the stay is lifted, Claimant is free to fully litigate his claims, including bringing a *bona fide* motion to dismiss as to the Defendant Assets.

---

[3] Claimant makes much of the following language in *Contents of Accts.*: "Nor does our holding limit civil forfeiture claimants' ability to contest the government's basis for forfeiture in any post-deprivation, pre-trial hearing to which they may be entitled by due process." *Contents of Accts.*, 629 F.3d at 609. Based on the case citation in its opinion, the *Contents of Accts.* court appears to have been referring to the type of hearings discussed in footnote 1—where a forfeiture claimant requires seized funds to pay for his criminal defense. *See United States v. Melrose East Subdivision*, 357 F.3d 493, 500 (5th Cir. 2004). Claimant has made no such argument here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-08420-RGK-PJW | Date | February 18, 2022 |
|---|---|---|---|
| Title | *United States of America v. $1,546,076.35 in Bank Funds Seized from Republic Bank of Arizona Account 1889, et al.* | | |

Finally, Claimant cites to several cases for the unsurprising proposition that property demonstrably not subject to forfeiture must be released pre-trial. (*See* Lacey's Mot. for Release of Prop. at 8–10.) Again, Claimant may attempt to demonstrate that his property should be released during the stay via a Section 983(f) motion, or he may wait for the stay to expire and challenge the sufficiency of the FACMC at that time.

V.      **CONCLUSION**

For the foregoing reasons, the Court **DENIES** Claimant's Motion without prejudice to Claimant re-filing a procedurally proper motion for release of property as described by 18 U.S.C. § 983(f) and Rule G.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | jre/a |