1  Thomas H. Bienert, Jr. (CA Bar No.13531)
2  Whitney Z. Bernstein (CA Bar No. 304917)
   BIENERT KATZMAN LITTRELL WILLIAMS LLP
3  903 Calle Amanecer, Suite 350
   San Clemente, California 92673
4  Telephone: (949) 369-3700
5  Facsimile: (949) 369-3701
   tbienert@bklwlaw.com
6  wbernstein@bklwlaw.com
7
8  *Attorneys for James Larkin*

9              **UNITED STATES DISTRICT COURT**

10      **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11 | United States of America,

12 |                     Plaintiff,

   | vs.
13
   | $1,546,076.35 In Bank Funds Seized
14 | from Republic Bank of Arizona
   | Account '1889 et al.,
15
   |                     Defendants.
16

17

Case No. 2:18-CV-08420-RGK (PJW)

**BIENERT KATZMAN LITTRELL WILLIAMS LLP'S MOTION TO WITHDRAW AS RETAINED COUNSEL ON BEHALF OF JAMES LARKIN; DECLARATION OF THOMAS H. BIENERT, JR.**

18

19

20

21

22

23

24

25

26

27

28

**TO JAMES LARKIN, THE COURT, ALL PARTIES, AND THE PARTIES'
RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 27, 2023 at 9:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 850 of the above-entitled court, located on the 8th floor at 255 East Temple Street, Los Angeles, CA 90012, Bienert Katzman Littrell Williams LLP, counsel for James Larkin, will request an order, pursuant to Local Rule of Civil Procedure 83-2.3.2 and Rule 1.16 of the California Rules of Professional Conduct, to be relieved as attorney of record for defendant James Larkin in this action.

This motion is made following a request for a conference of counsel to any and all parties pursuant to L.R. 7-3.  No party requested to meet and confer on this motion. This motion is also based on this notice of motion, the motion, the declaration of Thomas H. Bienert, Jr., the declaration of Toni Thomas, and the papers and records filed in this action.

Dated: January 25, 2023                    BIENERT KATZMAN LITTRELL
                                           WILLIAMS LLP

                                     By:    *s/ Thomas H. Bienert, Jr*
                                            Thomas H. Bienert, Jr.
                                            Whitney Bernstein
                                            Attorneys for defendant James Larkin

1        Pursuant to Local Rule of Civil Procedure 83-2.3.2 and Rule 1.16 of the California

2   Rules of Professional Conduct, Thomas H. Bienert, Jr., Whitney Z. Bernstein, and

3   Bienert Katzman Littrell Williams LLP (collectively, "BKLW") move to withdraw as

4   counsel for James Larkin because Mr. Larkin terminated BKLW's legal services and

5   representation in this matter on October 29, 2022.

6   **I.      Relevant background.**

7        On October 29, 2022, Mr. Larkin sent BKLW an email terminating BKLW's legal

8   services immediately and indicating his decision to replace BKLW as his counsel in this

9   case and other matters.  *See* attached Declaration of Toni Thomas ("Thomas Decl.") ¶

10  4, Exhibit B, Declaration of James Larkin ("Larkin Decl.").

11       Consequently, BKLW has sought to withdraw as counsel of record for Mr. Larkin

12  in related matters to this case.  On December 16, 2022, the Hon. Diane J. Humetewa,

13  entered an order granting a similar motion to withdraw, filed by BKLW in a related

14  criminal matter, entitled *United States v. Lacey, et al.*, 18-CR-00422-PHX-DJH (D.

15  Ariz.), and relieved BKLW and its attorneys as counsel of record for Mr. Larkin.  *See*

16  *id.*, Dkt. 1512.  Likewise, on January 5, 2023, the Hon. Lawrence G. Brown, Superior

17  Court of California, County of Sacramento, after hearing the matter in a related case,

18  granted withdraw and relieved BKLW and its attorneys as counsel of record for Mr.

19  Larkin.  *See State of California v. James Larkin*, Case No. 16FE024013 (Cal. Sup. Ct.).

20  **II.    BKLW's withdrawal is mandatory and supported by good cause.**

21       Local Rule of Civil Procedure ("LRCiv.") 83-2.3.2 authorizes an attorney to

22  withdraw as counsel of record if: (1) written notice has been given reasonably in advance

23  to the client and all other parties in the action; (2) the attorney obtains leave of Court;

24  and (3) good cause supports a motion for leave to withdraw.

25       "Federal courts generally look to the applicable state rules of professional conduct

26  to determine what constitutes adequate grounds for withdrawal."  *Nolan v. Los Angeles*

27  *City of*, 2012 WL 12931720, at \*2 (C.D. Cal. Oct. 18, 2012).  LRCiv. 83-3.1.2 requires

28  that attorneys "comply with the standards of professional conduct . . . contained in . . .

1    the Rules of Professional Conduct of the State Bar of California."  California Rule of

2    Professional Conduct ("CRPC") 1.16(a)(4) provides that a lawyer "***shall withdraw*** from

3    the representation of a client if . . . the client discharges the lawyer."  *See* CRPC

4    1.16(a)(4) (emphasis added).

5         Although "district courts have broad discretion in determining what constitutes

6    good cause to withdraw under a particular set of circumstances," courts "generally

7    consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may

8    result to other litigants; (3) the harm withdrawal might cause to the administration of

9    justice; and (4) the degree to which withdrawal will delay the resolution of the

10   case." *Townsend Farms, Inc. v. Goknur Gida Maddeleri Enerji Imalat Ithalat Ihracat*

11   *Ticaret Ve Sanayi A.S., et al.,*  2021 WL 3598733, at \*2 (C.D. Cal. Mar. 4, 2021) (citing

12   *Alvarez v. Bimbo Bakeries USA, Inc.*, 2019 WL 7875050 \*1 (C.D. Cal. Oct. 8, 2019)).

13        Courts have recognized that an attorney's withdrawal is mandatory if the client

14   discharges the attorney's services.  *See, e.g., Townsend Farms,* 2021 WL 3598733, at

15   \*2-3 (granting motion to withdraw where the client "clearly and explicitly denied [the

16   attorneys] the right to represent it and terminated the attorney-client relationship," "thus

17   demonstrat[ing] adequate grounds for withdrawing as counsel of record" by "show[ing]

18   that it is mandatory for [the attorneys] to seek leave to do so under CRPC 1.16(a)(4) and

19   Local Rule 83-3.1.2") (citing *Nawabi v. Cates*, 2019 WL 4688693 \*2 (E.D. Cal. Sept.

20   26, 2019) ("Mandatory withdrawal is required where ... 'the client discharges the

21   lawyer.'")); *Jones v. James Trading Co. Ltd.*, 2020 WL 9889903, at \*1-2 (C.D. Cal. Oct.

22   30, 2020) ("withdrawal is necessary if the client discharges the lawyer under the

23   California Rules of Professional Conduct" and counsel explained that the clients

24   "wished to terminate [Counsel's] representation of them with an effective date of

25   December 28, 2019" and clients "requested that Counsel cease all work on their behalf");

26   *United States v. Shearer*, 2022 WL 4291419, at \*2 (E.D. Cal. Sept. 16, 2022)

27   ("withdrawal is mandatory under Rule of Professional Conduct 1.16(a)(4)" in "light of

28

3
MOTION TO WITHDRAW AS COUNSEL

defendant Shearer's decision to discharge attorneys Gilmartin and Cunningham as her lawyers and to proceed pro se in this action").

Here, good cause supports BKLW's motion to withdraw. First, BKLW's withdrawal is mandatory since Mr. Larkin terminated BKLW's legal services and representation in this matter on October 29, 2022. CRPC 1.16(a)(4); Thomas Decl. ¶ 4, Larkin Decl. Indeed, Mr. Larkin does not oppose and concurs with this motion. *Id.*

Second, there will be no prejudice or undue delay to Mr. Larkin or the other litigants. *Townsend Farms,* 2021 WL 3598733, at *2. Judges Humetewa and Brown granted similar motions filed by BKLW in related matters to this case in the United States District of Arizona and the Superior Court of California, Sacramento County, respectively. *See United States v. Lacey, et al.*, 18-CR-00422-PHX-DJH, Dkt. 1512 (D. Ariz.); *State of California v. James Larkin*, Case No. 16FE024013 (Cal. Sup. Ct.). Moreover, this matter is also stayed pending the conclusion of related criminal matters in the District of Arizona (*see* Dkt. 189, 245). *See, e.g., Waters v. E.P. Architectural Builders, Inc.,* 2011 WL 482769, at *2 (N.D. Cal. Feb. 7, 2011). BKLW will provide new counsel for Mr. Larkin with its files and will assist new counsel in getting up to speed. *See* Declaration of Thomas H. Bienert, Jr. ("Bienert Decl.") ¶ 3.

Third, where a client has discharged an attorney like Mr. Larkin has done here with BKLW, courts have determined that given the attorney's "inability to control or direct [the client's] actions," "withdrawal as counsel will not harm the administration of justice or delay resolution of the case." *Townsend Farms,* 2021 WL 3598733, at *3.

Lastly, as required by LRCiv. 83-2.3.2, BKLW provided written notice of this motion to withdraw reasonably in advance to Mr. Larkin, as reflected in Mr. Larkin's email and signed declaration, affirming his termination of BKLW's legal services on October 29, 2022, and concurring with this motion to withdraw. *See* LRCiv. 83-2.3.2; Thomas Decl. ¶ 4, Larkin Decl. Moreover, BKLW provided written notice of this motion to withdraw reasonably in advance to all other parties who have appeared in this action and offered to meet and confer under LR 7-3. *See* LRCiv. 83-2.3.2; Bienert Decl.

1 ¶ 4, Exhibit 1.  No party requested to meet and confer.  *Id.*

2 **IV.    Conclusion.**

3       For all the foregoing reasons, the Court should enter an order terminating BKLW

4 as counsel for Mr. Larkin.  Excludable delay under 18 U.S.C. § 3161(h)(7)(A) is not

5 anticipated to result from this motion.

6

7 RESPECTFULLY SUBMITTED this 25th day of January 2023,

8

9                                 BIENERT KATZMAN LITTRELL
                                WILLIAMS LLP

10                                 *s/ Thomas H. Bienert, Jr.*

11                                 Thomas H. Bienert, Jr.
                                Whitney Z. Bernstein

12                                 Attorneys for James Larkin

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO WITHDRAW AS COUNSEL

## <u>DECLARATION OF THOMAS H. BIENERT, JR.</u>

I, Thomas H. Bienert, Jr., declare as follows:

1.      I am a partner at the law firm of Bienert Katzman Littrell Williams LLP ("BKLW" or "the Firm"), counsel of record for James Larkin.  I am an attorney admitted to practice before this Court and in the States of California and Tennessee.  I submit this declaration in support of BKLW's motion to withdraw as counsel for Mr. Larkin.

2.      I submit this declaration based upon my own personal knowledge.  If called as a witness, I could and would competently testify to this declaration under oath.

3.      BKLW will provide new counsel for Mr. Larkin with its files and will assist new counsel in getting up to speed in this matter.

4.      On November 7, 2022, my office sent correspondence to all parties who have appeared in this action providing notice pursuant to LR 7-3 of BKLW's motion to withdraw.  Attached as Exhibit "1" is a true and correct copy of this November 7, 2022 email.  As of the date of this declaration, no party requested to meet and confer.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 25, 2023                          */s/Thomas H. Bienert, Jr.*
                                                                Thomas H. Bienert Jr.

1

**<u>CERTIFICATE OF SERVICE</u>**

2      I hereby certify that on January 25, 2023, I electronically transmitted the attached

3  document to the Clerk's Office using the CM/ECF System for filing and transmittal of

4  a Notice of Electronic Filing to the CM/ECF registrants who have entered their

5  appearance as counsel of record.

6

7                                    */s/ Toni Thomas*
                                     Toni Thomas

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF THOMAS H. BIENERT, JR.