E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2426
     Facsimile: (213) 894-0142
     E-mail:  Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            PLAINTIFF,<br><br>                 V.<br><br>$1,546,076.35 IN BANK FUNDS SEIZED FROM REPUBLIC BANK OF ARIZONA ACCOUNT '1889, ET AL.,<br><br>            DEFENDANTS.<br><br>JOHN BRUNST, ET AL.,<br><br>            CLAIMANTS. | No. CV 18-08420-RGK(PJWx)<br><br>**STIPULATION AND REQUEST FOR ENTRY OF PARTIAL CONSENT JUDGMENT AS TO $5,848,729.00 SEIZED FROM ALLIANCE BERNSTEIN ACCOUNT '6878 ONLY**<br><br>[The [PROPOSED] Consent Judgment Lodged Contemporaneously Herewith is Not Dispositive of This Action] |

Plaintiff United States of America (the "government") and claimants John Brunst ("Brunst"), Mary Ann Brunst ("M. Brunst"), and The Brunst Family Trust (the "Trust"), by and through their counsel of record (collectively, "Claimants"), hereby stipulate and request that the Court enter the proposed partial consent judgment lodged contemporaneously herewith, to carry into effect the terms of this stipulation relating only to defendant $5,848,729.00 seized from Alliance Bernstein Account '6878 (the "Defendant Funds"), which is not dispositive of this action. The parties stipulate and request as follows:

1. On October 5, 2018, the government commenced a forfeiture action involving various assets, including the Defendant Funds. See United States v. $359,527.06 seized from Compass Bank Account ending '3825, et al, 18-cv-08568-RGK (the "Compass Action").

2. On May 23, 2019, Claimants filed timely claims for the Defendant Funds in the Compass Action.

3. On December 18, 2019, by order of the Court, the Compass Action was consolidated into this action.

4. Notice has been given and published regarding the Defendant Funds as required by law and the Local Rules of this Court. Other than those by Claimants, no other claims or answers were filed as to the Defendant Funds, and the time for filing such claims has expired.

5. This Court has jurisdiction over this action and the parties pursuant to 28 U.S.C. §§ 1346 and 1355.

6. The government contends that the First Amended Consolidated Master Complaint ("FACMC") states a claim for relief pursuant to 18 U.S.C. §§ 981(a)(1)(A) & (C).

7. Brunst contends that he lacks sufficient funds to pay for criminal defense counsel in the upcoming trial in <u>United States v. Lacey, et al.</u>, D. Az. Case No. 18-cr-422-DJH, in which Brunst is a defendant (the "Criminal Action").

8. The proposed partial consent judgment provides that certain of the Defendant Funds, without interest, shall be returned to Brunst, through counsel. Specifically, the government shall return $500,000 of the $5,848,729.00 seized from Alliance Bernstein Account '6878 (hereinafter, the "Returned Funds").

9. M. Brunst and the Trust hereby withdraw their claims as to the Returned Funds, effective upon the signing of the accompanying proposed partial consent judgment by the Court.

10. Claimants each maintain their claims as to the remaining $5,348,729.00 of the Defendant Funds.

11. If the government elects to make the payment of the Returned Funds by check, the check shall be payable to the Client Trust account of Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C. (the "Bird Marella Client Trust Account"), and mailed to Brunst in care of his attorney, Gary Lincenberg at Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C., 1875 Century Park E #2300, Los Angeles, CA 90067.  If the government elects to make the payment by wire transfer, the funds shall be wire transferred to the Bird Marella Client Trust Account. Upon request from the government, Brunst, through his counsel, shall provide the necessary bank account information for the Bird Marella Client Trust Account to complete the transfer.

12. In consideration for the release of the Returned Funds, Brunst hereby acknowledges and agrees that by executing this

3

Stipulation, he waives and relinquishes all rights to seek pretrial release and/or return of any defendant assets in this consolidated action, or any assets alleged to be subject to forfeiture in the Criminal Action, as well as the remainder of the Defendant Funds not returned pursuant to Paragraph 8, including, but not limited to, pursuant to any motion for return or release of property under Federal Rule of Criminal Procedure 41, 18 U.S.C. § 983(f), or <u>United States v. Monsanto,</u> 491 U.S. 600 (1989), and/or its progeny.

13. This Agreement does not waive Brunst's right to challenge any potential forfeiture of any defendant assets in this consolidated action, or any assets alleged to be subject to forfeiture in the Criminal Action, and/or the remainder of the Defendant Funds, at or following trial in the Criminal Action.

14. Nothing contained in this Stipulation or the accompanying Partial Consent Judgement is intended or should be interpreted as an admission of fault, guilt, liability and/or any form of wrongdoing by Claimants, or any of them.

15. This Stipulation and the accompanying Partial Consent Judgement are not dispositive of this action.

16. Claimants, and each of them, release the United States of America, its attorneys, agencies, agents, and officers, including employees and agents of the United States Department of Justice, United States Postal Inspection Service and Internal Revenue Service, from any and all claims, actions or liabilities arising out of or related to the seizure and retention of the Returned Funds and the commencement of this action as it relates to the Returned Funds, including any claim for attorneys' fees or costs which may be asserted on behalf of Claimants, or either of them, against the

United States, whether pursuant to 28 U.S.C. § 2465 or otherwise. Nothing in this paragraph and Stipulation is intended or shall operate as a release of claims, actions or rights with respect to seizure or retention of any funds or assets other than the Returned Funds, and claimants expressly reserve all claims, actions, and rights with respect to any such other funds or assets.

//

//

17. The Parties further stipulate and agree that the Court's entry of the proposed Partial Consent Judgment shall constitute final and complete satisfaction of all claims asserted by the government and Claimants, and each of them, as they relate to the Returned Funds.

18. Each of the Parties shall bear its own fees and costs in connection with the seizure, retention, and efforts to forfeit the Returned Funds.

Dated: March 10, 2023               Respectfully submitted,

                                    E. MARTIN ESTRADA
                                    United States Attorney

                                    MACK E. JENKINS
                                    Assistant United States Attorney
                                    Chief, Criminal Division
                                    JONATHAN GALATZAN
                                    Assistant United States Attorney
                                    Chief, Asset Forfeiture Section

                                    */s/ Dan Boyle*
                                    DAN G. BOYLE
                                    Assistant United States Attorney

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA


Dated: March 10, 2023               Gary S. Lincenberg
                                    BIRD, MARELLA, BOXER, WOLPERT,
                                    NESSIM, DROOKS, LINCENBERG & RHOW,
                                    P.C.

                                    [signature]
                                    Gary S. Lincenberg
                                    Attorney for Claimants John Brunst,
                                    Mary Ann Brunst, and the Brunst
                                    Family Trust