E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
Environmental Crime and
Consumer Protection Section
    Federal Courthouse, 13th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-2426
    Facsimile:  (213) 894-0142
    E-mail: Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CV 18-08420-RGK (PJWx) |
| Plaintiff, | PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO CLAIMANTS' MOTION FOR RELEASE OF ASSETS [ECF No. 270] |
| v. | |
| $1,546,076.35 IN BANK FUNDS SEIZED FROM REPUBLIC BANK OF ARIZONA ACCOUNT '1889, ET AL., | |
| Defendants. | |
| John Brunst and the Brunst Family Trust, | |
| Claimants. | |

1

2

3        Plaintiff United States of America, by and through its

4   counsel of record, the United States Attorney for the Central

5   District of California and Assistant United States Attorney Dan

6   G. Boyle, hereby files its Supplemental Opposition to Claimants

7   John Brunst and the Brunst Family Trust's Motion to Release of

8   Seized Assets, see ECF No. 270, pursuant the Court's Order dated

9   November 28, 2023. See ECF No. 280.

10       This Supplemental Opposition is based upon the attached

11  supplemental memorandum of points and authorities, the attached

12  declaration of AUSA Dan G. Boyle and the exhibits thereto, the

13  files and records in this case, and such further evidence and

14  argument as the Court may permit.

15

16   Dated: December 11, 2023        Respectfully submitted,

17
                                     E. MARTIN ESTRADA
18                                   United States Attorney
                                     MACK E. JENKINS
19                                   Assistant United States Attorney
                                     Chief, Criminal Division
20                                   JONATHAN GALATZAN
                                     Assistant United States Attorney
21                                   Chief, Asset Forfeiture and
                                     Recovery Section
22
                                          /s/
23                                   _____
                                     DAN G. BOYLE
24                                   Assistant United States Attorney

25                                   Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA
26

27

28

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES**

On October 14, 2023, Claimants John Brunst and the Brunst Family Trust (collectively, "Claimants") filed a motion (the "Motion" or "Mot.") to release seized assets in this action. Specifically, Claimants sought to release $1.5 million in seized assets in order to pay "Brunst's unpaid attorney's fees and attorney's fees he will continue to incur in connection with the trial of the related criminal action, pending in the U.S. District Court for the District of Arizona" (D.Az. Case No. 18-cr-422-DJH, the "Criminal Action"). See Mot. at 2.

On November 16, 2023, Brunst was convicted by the jury in the Criminal Action of 34 counts charged in the Superseding Indictment in that action (the "SI"), and acquitted of 51 other counts. On November 28, 2023, the Court ordered supplemental briefing regarding the impact on the Motion of the jury's verdict in the Criminal Action. See ECF No. 280.

The government submits that Brunst's conviction in the Criminal Action, and the status of proceedings following that conviction, impact the Motion in two specific respects: First, because the government did not seek forfeiture following conviction of two real properties owned by Brunst, those properties are now unrestrained assets which Brunst may use to funds his defense. Second, the conclusion of trial in the Criminal Action further establishes that Brunst was fully represented by his counsel of choice, and thus does not need assets restrained in this in rem consolidated civil action to fund his criminal defense.

**I.   SUPPLEMENTAL BACKGROUND**

Trial in the Criminal Action began on August 29, 2023. On November 16, 2023, the jury in the Criminal Action returned a verdict, convicting Brunst of Count One (conspiracy to violate the Travel Act), acquitting Brunst of Counts 2-51 (50 counts of alleged Travel Act violations); convicting Brunst of Count 52 (money laundering conspiracy), and convicting Brunst of 31 money laundering counts, while acquitting Brunst of one substantive money laundering count (Count 63). A true and correct copy of the Verdict Form is attached as Exhibit A.

The SI identified a range of assets as potentially subject to forfeiture in the event of conviction in the Criminal Action, including certain real property and the contents of certain banking or investment accounts belonging to Brunst. While the government initially intended to seek to forfeiture these assets in the event of a conviction, see Criminal Action ECF No. 1936 (proposed forfeiture verdict form identifying Brunst property), the government ultimately did not seek forfeiture of any specific property in the Criminal Action. See Criminal Action ECF No. 1973. Instead, the government notified the Court in that action that it would apply for a money judgment of forfeiture as against Brunst and the other convicted defendants at a future date prior to sentencing. Id. The government also notified the Court there that the government would seek civil forfeiture of assets claimed by Brunst in this consolidated civil forfeiture action. Id.

Following conviction, Claimants and the government provided a status update to the Court, and on November 28, 2023, the

1

Court ordered the parties to submit supplemental briefing. <u>See</u> ECF No. 280.

**II.  SUPPLEMENTAL ARGUMENT**

    **A.  With the Conclusion of Trial in the Criminal Action, Brunst Has Unrestrained Assets**

As noted above, the government ultimately did not seek forfeiture of specific assets in the Criminal Action, electing instead to seek a money judgment of forfeiture and to forfeit certain seized assets belonging to Claimants though this civil action.

In the SI, the government identified two real properties belonging to Brunst as subject to forfeiture: one real property in Phoenix, Arizona (the "Calle Del Media Property"), and another in Pinetop, Arizona (the "Pinetop Property," and along with the Calle Del Media Property, the "Brunst Real Properties").[1] These properties were identified by Claimants in the Motion as the "Brunst Liened Real Estate." Mot., at 7. Neither of the Brunst Real Properties are <u>in rem</u> defendants in this consolidated civil action. While the Brunst Real Properties were identified in the SI, with the conclusion of trial against Brunst in the Criminal Action, neither are currently restrained by the government.[2]

_____

[1] The SI also identified another property connected to Brunst as subject to forfeiture (the "White Gates Property"), but that property appears to currently be owned by an LLC with a lien upon it by Brunst's counsel.

[2] In fact, following the conclusion of trial in the Criminal Action, the government discovered that, while the Brunst Real Properties had been named in the SI, no restraints appear to

Because the government elected not to seek forfeiture of Brunst Real Properties following Brunst's conviction – and because they are not defendants in this civil action – they are no longer potentially subject to forfeiture.[3] The government has confirmed to Brunst's counsel that the government is not seeking to imminently restrain these properties, although, in the event a money judgment is issued in the Criminal Action in the future, the Brunst Real Properties may constitute substitute assets at a later date.

In the Motion, Brunst argues at various points that the Brunst Real Properties are not subject to forfeiture. See Mot. at 13 ("[T]he Government cannot meet its burden of establishing that the Brunst Seized Accounts and Liened Real Estate are entirely traceable to alleged specified unlawful activity."); id., at 16 ("That is not a showing the Government can make here as to the Brunst Seized Accounts and Liened Real Estate."). With respect to the Brunst Real Properties, the government no longer disagrees because the point is now moot; the government is not seeking forfeiture of the Brunst Real Properties and they are

_____

have actually been recorded against either real property. See Boyle Decl., ¶ 3.

[3] As noted in the Motion, Brunst's counsel holds a lien on one of the Brunst Real Properties, but the government previously claimed a competing interest. See Mot at 7, n.3. Because the government did not seek forfeiture of this property, and because the property is not an in rem defendant in this action, the government does believe that counsel's lien would be contested going forward.

3

1  not restrained, and thus they are available to fund Brunst's
2  future defense in the Criminal Action.[4]

3      Multiple courts have held that a defendant must make a
4  showing of a potential Sixth Amendment injury in order to obtain
5  Monsanto relief. See United States v. Unimex, Inc., 991 F.2d
6  546, 551 (9th Cir. 1993) (burden on a movant to establish a
7  "substantial claim" of a Sixth Amendment injury, through
8  "sufficiently definite, specific, detailed, and nonconjectural"
9  affidavits); United States v. Bonventre, 720 F.3d 126, 133 (2nd
10  Cir. 2013) (to qualify for Monsanto hearing, a defendant must
11  disclose his net worth, provide a comprehensive list of his
12  assets, and explain how he has been paying his counsel and other
13  living expenses); cf. Kaley v. United States, 571 U.S. 320, 134
14  S.Ct. 1090, 1099 n.9 (2014) (Roberts, C.J., dissenting) ("To
15  even be entitled to the hearing, defendants must first show a
16  genuine need to use the assets to retain counsel of choice," and
17  citing Bonventre). And as this Court has recognized in prior
18  orders, a defendant seeking relief under the Supreme Court's
19  decision in Luis must show that she actually needs restrained
20  funds to retain counsel of choice:

21      Defendants next argue that the pre-trial restraint of
22      their assets is depriving them of their right to counsel
23      of their choice as guaranteed under the Supreme Court's
24      holding in Luis v. United States, 136 S. Ct. 1083, 1088

25

26      _____

27      [4] The government maintains that the Brunst Seized Accounts
        are subject to forfeiture for the reasons set forth in the
28      government' original Opposition, and these assets remain in rem
        defendants in this action.

                                    4

(2016). As Defendants have made no showing in this motion that they lack other funds to pay counsel, the Court disagrees.

...

Claimants have made no attempt at such a showing. Their motion makes no reference to their present availability of funds, and the Court cannot find anything in the hundreds of pages of exhibits that they have submitted from which it can draw any inference on the subject. As such, the Court finds that Defendants have failed to make the necessary prima facie showing to justify a hearing on release of funds to pay for counsel.

ECF No. 131 (internal citations omitted).

While it is unclear on the present record what the value of the Brunst Real Properties currently is,[5] or what the status of the White Gates Property is, with the conclusion of trial in the Criminal Action, Brunst now has at least some assets available to him which may not have appeared available at the time he filed the Motion. As such, it is Brunst's burden to set forth why these assets cannot fund his remaining defense in the Criminal Action.

---

[5] Public real estate aggregators such as Zillow and Redfin indicate that the Brunst Real Properties, and the White Gates Property, are each worth at least one million dollars as of December 7, 2023, but the government understands that there may be liens or other encumbrances on some of these real properties.

**B.     Brunst Cannot Make A Showing Under the Sixth Amendment Now That He Has Been Convicted**

As detailed in the Government's Opposition, Brunst's Motion is primarily seeking to pay past-due bills for attorneys' fees already incurred. With the conclusion of trial in the Criminal Action, it is now clear that Brunst was represented by his counsel of choice, and that counsel vigorously represented Brunst's interests at trial – indeed, Brunst was *acquitted* of the majority of charges he faced.

Initial post-trial briefing in the Criminal Action has now been filed, see, e.g., Criminal Action, ECF No. 2007 (Brunst supplemental motion pursuant to Fed.R.Crim.P. 29), and Brunst has not indicated that his counsel intends to withdraw prior to sentencing. Put another way, Brunst can no longer credibly argue that he requires $1.5 million to fund his defense in the Criminal Action, which now consists of filing any further post-trial motions, preparing for sentencing, and filing any appeals. Nor has he offered any evidence in the record to this point detailing or justifying these costs. See United State v. Omidi, Case No. 2:17-cr-00661-DMG, ECF No. 1190, at 4 ("[S]peculative defense projections do not satisfy the standard for a Unimex/Monsanto hearing … Defendant Omidi's estimated costs are, in short, insufficiently tethered to anything concrete.").

As noted in the government's Opposition, a defendant cannot show a Sixth Amendment injury where he was, in fact, represented by his counsel of choice. See United States v. Marshall, 754 F. App'x 157, 161 (4th Cir. 2018) ("Because Marshall was represented by the counsel of his choice, there was no need for

the seized funds…"); <u>United States v. Gordon</u>, 657 F. App'x 773, 778 (10th Cir. 2016) ("Gordon did not need the assets to retain counsel as he, in fact, had retained counsel of his choice and that counsel thoroughly and vigorously represented him at trial") (citations and alterations omitted); United States v. Patel, No. 5:11-CR-00031, 2018 WL 6579989, at *7 (W.D. Va. Dec. 13, 2018) ("Certainly, given the amount of fees that have been paid to Patel's lawyers, there can be no credible argument that Patel's Sixth Amendment rights are in danger of being infringed").

Brunst's conviction simply affirms the point offered in the government's Opposition: Brunst has suffered no Sixth Amendment injury, nor has he explained how he would suffer such an injury going forward without the release of seized assets. He was defended in the Criminal Action by extraordinarily talented counsel who achieved acquittal on the majority of the counts Brunst faced. He does not, and cannot, explain how that result would have changed, nor does he justify how he requires more than a million dollars to conduct post-trial proceedings. Ultimately, Brunst's Motion is simply an attempt by his counsel to collect on past-due bills, but the Sixth Amendment protects the right to counsel, it is not a vehicle for counsel to collect on unpaid invoices.

//

//

7

**CONCLUSION**

    For the above reasons, and those stated in the government's previously-filed Opposition, the government respectfully requests that Claimants' Motion be denied.


DATED: December 11, 2023          Respectfully submitted,

                                  E. MARTIN ESTRADA
                                  United States Attorney
                                  MACK E. JENKINS
                                  Assistant United States Attorney
                                  Chief, Criminal Division
                                  JONATHAN GALATZAN
                                  Assistant United States Attorney
                                  Chief, Asset Forfeiture and
                                  Recovery Section


                                   /s/
                                  _____
                                  DAN G. BOYLE
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28