Gary S. Lincenberg – State Bar No. 123058
 glincenberg@birdmarella.com
Ariel A. Neuman – State Bar No. 241594
 aneuman@birdmarella.com
Gopi K. Panchapakesan – State Bar No. 279586
 gkp@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Claimants John Brunst,
Mary Ann Brunst, and The Brunst Family
Trust

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>$1,546,076.35 IN BANK FUNDS SEIZED FROM REPUBLIC BANK OF ARIZONA ACCOUNT '1889, et al.,<br><br>  Defendants. | CASE NO. 2:18-cv-8420-RGK-PJWx<br><br>**[CORRECTED] CLAIMANTS JOHN BRUNST AND THE BRUNST FAMILY TRUST'S SUPPLEMENTAL BRIEF RE RELEASE OF FUNDS**<br><br>Assigned to Hon. R. Gary Klausner, Courtroom 850 |

3907585.2

Pursuant to the Court's Order (Dkt. 280), Claimants John Brunst and the Brunst Family Trust submit the following supplemental brief in support of their Motion for Release of Funds (Dkt. 270), in light of the verdict in *U.S. v. Lacey, et al.*, Case No. 2:18-cr-00422-PHX-DJH ("Criminal Case").

In the Criminal Case, the jury acquitted Brunst of the 50 substantive Travel Act counts, as well as a money laundering count. Brunst was convicted of one count of Travel Act conspiracy, one count of money laundering conspiracy, and 32 individual money laundering counts. The Court in the Criminal Case ordered the parties to submit briefing under Fed. R. Crim. Proc. 29. Attached as **Exhibit A** is Brunst's Rule 29 Motion. The Government's response is due on December 18, 2023. Judge Humetewa has not yet decided when the motion will be heard.

As set forth in Brunst's Rule 29 Motion, the counts of conviction against Brunst are legally unsupportable and based on insufficient evidence. Even if the convictions are upheld, they do not support the Government's sweeping forfeiture of Brunst's personal assets for the following reasons.

1. The Travel Act conspiracy count (Count 1 of the Indictment) concerns 50 specific advertisements charged in Counts 2 to 51. *See* Criminal Case Dkt. 946 at 13 ("Defendants' suggestion that the SI improperly indicts a '***boundless conspiracy*** to facilitate prostitution in general," however, mischaracterizes the charges against them. Such a claim is simply untrue. ***They were not indicted for facilitating the amorphous notion of 'prostitution.'*** They were indicted for facilitating (via publishing ads) on ***fifty distinct occasions*** where prostitutes, prostitution-related businesses, or other groups were involved in the business of prostitution.") (emphasis added); Criminal Case Dkt. 1998 at 24 (Final Jury Instructions) ("First, beginning in or around 2004, and ending on or about April 2018, there was an agreement between two or more persons to ***commit at least one Travel Act offense as charged in Counts 2-51 of the indictment*** by promoting, or facilitating the promotion of, a business enterprise or enterprises involving

prostitution offenses in violation of the laws of the state in which they were committed, in violation of 18 U.S.C. § 1952(a)(3)(A) and § 1952(b)(i)(1)") (emphasis added).

Therefore, as to the Travel Act conspiracy count, the only proceeds that are arguably forfeitable are the *de minimis* fees (at most, $5 per ad) that an individual may have paid to post one of the 50 charged ads on Backpage.com. Dkt. 274 at 5. And even then, the Government made no effort at trial to link the small amount of fees paid for these ads to Brunst's personal accounts.

2.   Nor do the convictions as to conspiracy to commit money laundering and the substantive money laundering counts justify the Government's broad seizures of Brunst's personal accounts. First, *none* of the charged wires in the Indictment concern any of Brunst's personal accounts. Criminal Case, Dkt. 230 at 56-61. In other words, there was no proof at trial that any of Brunst's accounts were "involved in" the money laundering offenses. Dkt. 270 at 15-16.

Second, because *conspiracy* to commit money laundering is *not* a cognizable specified unlawful activity ("SUA") under federal law, the only SUA are the 50 ads on which *Brunst was acquitted*. As set forth in Brunst's Rule 29 Motion, only Defendant Scott Spear was convicted of any substantive Travel Act offenses, specifically Counts 2 through 18, dated September 10, 2013, to February 26, 2015; even these predate the vast majority of the money laundering offenses as to which Brunst was convicted.

The only alleged prostitution ads the Government sought to prove at trial were the 50 ads charged in the indictment. The Government attempted to do so by calling the individuals who posted and/or were the subjects of those ads. The Government put on no such proof as to any other purported Travel Act violation. In other words, even if the money laundering convictions against Brunst are upheld by Judge Humetewa, there would be no basis to forfeit any "proceeds" in Brunst's

accounts.[1]

3. The Government's theory therefore appears to be that all proceeds from Backpage.com were unlawful proceeds, and therefore Brunst's accounts should be forfeited in their entirety. But the law has traceability rules that preclude the Government from taking this draconian approach. *See* 18 U.S.C. § 981(a)(1)(C) (permitting forfeiture where property "constitutes or is derived from proceeds *traceable*" to specified unlawful activity) (cited in Forfeiture Allegation One of the Indictment in the Criminal Case at Dkt. 230) (emphasis added); 18 U.S.C. § 982(a)(1) ("The court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957, or 1960 of this title, shall order that the person forfeit to the United States any property, real or personal, ***involved in such offense***, or any property *traceable* to such property.") (cited in Forfeiture Allegation Two of the Indictment).

As set forth in Brunst's Rule 29 Motion, the Government's mere assertion that a majority of adult ads on Backpage.com during a certain time period were for prostitution does not establish any of the charged offenses, whether a Travel Act violation or money laundering. Without such specified unlawful activity, there simply is no basis for the Government's vastly overbroad approach to the seizure and forfeiture of Brunst's accounts.

The Government suggests that Brunst sell certain real property, given that those properties are no longer restrained and therefore "the point is now moot" as to their forfeitability. Dkt. 282 at 6. First, Brunst does not own and has not owned the Calle Del Media property for five years. Second, the White Gates property is Brunst's primary residence. While Brunst acknowledges the Government's statement in footnote 3 of its brief that the Government does not believe it would contest counsel's lien on the property, Brunst should not be required to move out of

---

[1] Even if one looked to the Travel Act counts that Defendant Spear was convicted of, it would amount to a *de minimis* amount of money.

his residence when there are $9 million in seized funds not properly subject to forfeiture in his money market and brokerage accounts. Third, the Pinetop cabin is a small property that would not satisfy the amount of fees Brunst's counsel has incurred (and is continuing to incur).[2]

DATED: December 11, 2023      Respectfully submitted,

                                         Gary S. Lincenberg
                                         Ariel A. Neuman
                                         Gopi K. Panchapakesan
                                         Bird, Marella, Boxer, Wolpert, Nessim,
                                         Drooks, Lincenberg & Rhow, P.C.

                               By:      */s/ Gary S. Lincenberg*
                                             Gary S. Lincenberg
                                       Attorneys for Claimants John Brunst, Mary
                                       Ann Brunst, and The Brunst Family Trust

---

[2] The Government's statements in this respect are somewhat unclear since the Government also notes that it may seek to recover proceeds from any sale of the properties to satisfy a money judgment it is seeking in the Criminal Case.

# **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Claimants John Brunst, Mary Ann Brunst, and The Brunst Family Trust, certifies that this brief contains 1,016 words, which:

☒ complies with the word limit of L.R. 11-6.1.

☒ complies with the word limit set by Court Order dated May 2023.

DATED: December 11, 2023

*/s/ Gary S. Lincenberg*
Gary S. Lincenberg