UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-08420-RGK-PJW | Date | January 2, 2024 |
|---|---|---|---|
| Title | United States v. $1,546,076.35 in Bank Funds Seized from Republic Bank of Arizona Account 1889 et al | | |

Present: The Honorable R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Joseph Remigio | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:　　　　　Attorneys Present for Defendants:

Not Present　　　　　　　　　　　　　　　　Not Present

**Proceedings:** (IN CHAMBERS) Order Re: Motion for Release of Funds [DE 270]

## I. INTRODUCTION

In April 2018, the United States (the "Government") seized funds held by John Brunst and The Brunst Family Trust (collectively, "Claimants"). On September 28, 2018, the Government initiated the instant civil forfeiture proceedings. (ECF No. 1.) Brunst was subsequently indicted and tried in a related criminal matter, *United States v. Lacey*, 2:18-cr-00422-PHX-DJH (D. Ariz.).

Presently before the Court is Claimants' Motion to release $1.5 million in seized funds to pay for Brunst's criminal defense. (ECF No. 270.) Because the Motion was filed while the criminal trial was ongoing, the Court deferred consideration of the Motion until after the trial's conclusion. On November 16, 2023, the jury returned a verdict convicting Brunst on numerous counts and acquitting him on many others. After the trial, the Court ordered the parties to submit supplemental briefing addressing whether the jury verdict materially altered their previously submitted arguments. The Court has considered all briefing and **DENIES** the Motion for the following reasons.

## II. FACTUAL BACKGROUND

In April 2018, the Government seized approximately $9 million in funds held by Claimants (the "Seized Funds"). Later that year, on September 28, 2018, the Government initiated the instant civil forfeiture proceedings against the Seized Funds. The Government additionally placed liens on two real properties owned by Brunst: (1) his current residence and (2) a cabin in Pinetop, Arizona. Following the November 16, 2023 jury verdict, the Government did not seek forfeiture of Brunst's real properties. Accordingly, the parties appear to agree that neither real property is currently subject to forfeiture.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-08420-RGK-PJW | Date | January 2, 2024 |
|---|---|---|---|
| Title | *United States v. $1,546,076.35 in Bank Funds Seized from Republic Bank of Arizona Account 1889 et al* | | |

### III. JUDICIAL STANDARD

The Sixth Amendment's guarantee of legal representation to a criminal defendant is not absolute. A criminal defendant represented by retained counsel is limited to hiring an attorney whose fees he can afford. *Luis v. United States*, 578 U.S. 5, 12 (2016). Additionally, the Sixth Amendment does not guarantee a criminal defendant the right to expend illegally obtained assets on his defense. *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 626 (1989). Therefore, a criminal defendant's Sixth Amendment rights are not violated if he is prevented from expending forfeitable assets on his criminal defense. *United States v. Monsanto*, 491 U.S. 600, 615 (1989).

A criminal defendant may challenge the forfeitability of his assets if he presents a "sufficiently definite, specific, detailed, and nonconjectural" argument that demonstrates seized funds are untainted and necessary to mount a legal defense. *See United States v. Unimex, Inc.*, 991 F.2d 546, 551 (9th Cir. 1993) (quoting *Cohen v. United States*, 378 F.2d 751, 761 (9th Cir. 1967)) (internal quotation marks omitted). A court must allow a defendant who makes this initial showing to present evidence regarding the nonforfeitability of the assets at a "hearing scheduled at a meaningful time and in a meaningful manner." *Id.* (quoting *United States v. Crozier*, 777 F.2d 1376, 1383 (9th Cir. 1985)) (internal quotation marks omitted). Such a hearing is often referred to as a *Monsanto* hearing.

### IV. DISCUSSION

Claimants have filed a Motion to release $1.5 million in seized funds to pay for Brunst's criminal defense. A petition to release property in a civil forfeiture case is generally governed by Federal Rules of Civil Procedure Supplemental Rule G. Supp. R. Fed. R. Civ. P. G(1), (8)(d). But when, as here, a claimant seeks funds to defend himself in a related criminal proceeding, he may request immediate release of those funds if he otherwise lacks sufficient assets for his defense. (Minute Order at 3 n.2, ECF No. 235.) *See also United States v. Farmer*, 274 F.3d 800, 804 (4th Cir. 2001) (describing a criminal defendant whose assets were subject to civil forfeiture proceedings as "in the same position as a criminal defendant whose assets are seized pursuant to criminal forfeiture."). Therefore, Claimants are entitled to a *Monsanto* hearing if they can show that the Seized Funds are likely untainted and needed for Brunst's criminal defense. *See Unimex*, 991 F.2d at 551. "Although the Ninth Circuit has not spoken directly to the issue, numerous other circuits have required at least some showing that the [criminal defendant] lacks other funds to pay counsel" before granting a *Monsanto* hearing. *Matter of Seizure of: Any and All Funds Held in Republic of Ariz. Accts.*, 2019 WL 8892585, at *8 (C.D. Cal. Dec. 20, 2019).

Here, Claimants fail to demonstrate that Brunst lacks means other than the Seized Funds to pay for his legal defense, since it appears that the nonforfeitable real property could sufficiently cover Brunst's legal fees. To be sure, Brunst argues that he "should not be required to move out of his residence" given the existence of the Seized Funds. But although using his nonforfeitable assets to pay

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08420-RGK-PJW | Date | January 2, 2024 |
|---|---|---|---|
| Title | *United States v. $1,546,076.35 in Bank Funds Seized from Republic Bank of Arizona Account 1889 et al* | | |

legal fees might be undesirable, Brunst has not argued that the Seized Funds are his only means of funding his criminal defense. Therefore, Claimants have not shown that they are entitled to a *Monsanto* hearing.

**V.    CONCLUSION**

For the foregoing reasons, the Court **DENIES** the Motion.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/ak |