UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.:  2:18-cv-08420-RGK-JC |
| Plaintiff, | S/C Date/Time: 3/20/24 at 9:30 a.m.<br>Statements Due: 3/6/24<br>Deadline to Contact CRD: 3/4/24 |
| v. | Pre-S/C T/C: TBA |
| $1,546,076.35 IN BANK FUNDS<br>SEIZED FROM REPUBLIC BANK<br>OF ARIZONA ACCOUNT 1889, et<br>al., | ORDER RE: SETTLEMENT<br>CONFERENCE |
| Defendant. | |

This case has been referred to Magistrate Judge Jacqueline Chooljian for settlement proceedings.

The Settlement Conference is placed on calendar for **March 20, 2024, at 9:30 a.m., in Courtroom 750 of the Edward R. Roybal Federal Building and United States Courthouse, 255 East Temple Street, Los Angeles, CA 90012.**

By no later than March 4, 2024, the parties are directed to confer with one another and jointly to advise the Clerk of date(s) and time(s) between March 7, 2024 and March 19, 2024, when all counsel are available for the telephonic conference referenced in paragraph 12, below.

///

///

The Magistrate Judge will not be involved in the actual trial of the case and will assist the parties in an objective appraisal and evaluation of the case.  The following are guidelines for the parties in preparing for the Settlement Conference.

1.      The purpose of the Settlement Conference is to permit an informal discussion between the attorneys, parties, non-party indemnitors or insurers, and the settlement judge, of every aspect of the case bearing on its settlement value.

2.      Settlement proceedings are confidential to the extent permitted by law.  No part of a settlement proceeding shall be reported or otherwise recorded, without the consent of the parties, except for any memorialization of a settlement and the Clerk's minutes of the proceedings.

3.      Counsel who will try the case must be present.  In addition, a person with full settlement authority must likewise be present for the conference.  This requirement contemplates the physical presence of your client or, if a corporate or governmental entity, of an authorized and knowledgeable representative of your client.[1]  Plaintiff's representative must have full and final authority, in the representative's sole discretion, to authorize dismissal of the case with prejudice, or to accept a settlement amount recommended by the settlement judge down to the defendant's last offer made prior to the settlement conference.  Defendant's representative must have final settlement authority to commit defendant to pay, in the representative's sole discretion, a settlement amount recommended by the settlement judge up to the plaintiff's prayer (excluding punitive damage prayers), or up to the plaintiff's last demand made prior to the settlement conference, whichever is lower.  The purpose of this requirement is to have representatives

///

---

[1]However, if this matter is a lawsuit in which the United States or any of its agencies is a party, the Assistant United States Attorney who will try the case may appear without a representative, provided that he/she comes armed with the full measure of authority conveyed by his/her superiors within the United States Attorney's Office after appropriate consultation.

2

present who can settle the case during the course of the conference without consulting a superior.

4.     If Board approval is required to authorize settlement, the attendance of at least one sitting and knowledgeable member of the Board (preferably the Chairman) is absolutely required.

5.     Subject to paragraph 7 below, counsel appearing without their clients (whether or not counsel purportedly have been given settlement authority) will cause the settlement conference to be cancelled and rescheduled.  The noncomplying party, attorney, or both, may be assessed the costs and expenses incurred by other parties as a result of such cancellation and rescheduling, as well as any additional sanctions deemed appropriate.

6.     Any insurance company that is a party to the case or is contractually required to defend or to pay damages assessed within policy limits, should have a settlement representative present at the conference.  Such representative must have final settlement authority to commit the company to pay, in the representative's sole discretion, an amount recommended by the settlement judge within the policy limits.  The purpose of this requirement is to have an insurance representative present who can settle the outstanding claim or claims during the course of the conference without consulting a superior.  An insurance representative authorized to pay, in the representative's sole discretion, up to the plaintiff's last demand made prior to the settlement conference will also satisfy this requirement.  Counsel of record will be responsible for timely advising any involved non-party insurance company of the requirements of this Order.

7.     When a person whose personal attendance would otherwise be required pursuant to the foregoing paragraphs resides outside the District, the Court will consider excusing the personal attendance of such person, so long as such person can and will be available by telephone during the entire settlement conference.  If a party desires to avail itself of this exception to personal

attendance, counsel should so request either within such party's Settlement Conference Statement or by motion or ex parte application.  Any such request should state the position(s) of the other party/parties with respect to such request, and should specify where such person will be located and how such person may be reached during the settlement conference.  After the party's Settlement Conference Statement is submitted, counsel should contact Magistrate Judge Chooljian's courtroom deputy clerk to ascertain whether the request has been granted.

8.    The settlement judge may, in her discretion, converse with the lawyers, the parties, the insurance representatives, or any one of them outside of the hearing of the others.

9.    Prior to the Settlement Conference, the attorneys are directed to discuss settlement with their respective clients and any pertinent insurance representatives, so that the parameters of possible settlement will have been explored well in advance of the Settlement Conference.  At the Settlement Conference, each party shall be fully prepared to discuss all economic and non-economic factors relevant to a full and final settlement of the case.  The Court strongly encourages the exchange of written demands and counter-offers prior to the Settlement Conference.

10.   No later than fourteen (14) days prior to the Settlement Conference, each party shall submit a Settlement Conference Statement (the "Statements") directly to Magistrate Judge Chooljian's mailbox on the 12th Floor or via email to JC_Chambers@cacd.uscourts.gov.  The parties shall exchange the Statements on the same date.  The Statements should not be filed with the Clerk of the Court, and they will not be made part of the case file.  The Statements shall include the following:

A.    A brief statement of the facts of the case and of the claims and defenses remaining to be tried, including the statutory or other grounds upon which the claims are founded.  This statement should identify the major factual

and legal issues in dispute, reflect the position of the submitting party regarding such disputed issues, and cite any controlling authorities.

B.    A fully itemized statement of the damages claimed, and of any other relief sought.

C.    A summary of the proceedings to date, including any case management dates/deadlines already set by the District Judge.

D.    The settlement negotiation history of the case, including a recitation of any specific demands, offers, and/or counter-offers that may have been conveyed.

11.    Each party shall also prepare a Confidential Addendum to Settlement Conference Statement, which shall be delivered (or sent via facsimile or email) directly to Magistrate Judge Chooljian only, along with the Statement.  The Confidential Addendum shall <u>not</u> be filed with the Court <u>or</u> served upon the other parties.  The Confidential Addendum shall contain:

A.    A forthright evaluation of the party's likelihood of prevailing on each of its claims and/or defenses.

B.    The approximate amount of attorney's fees, time and costs expended to date, and an estimate of the fees, time and costs to be expended for (i) further discovery, (ii) pretrial and (iii) trial.

C.    The party's evaluation of the terms on which the case could be settled fairly, taking into account the litigation position and settlement position of the other side.

12.    Prior to the date of the Settlement Conference, the Court may, in its discretion, require counsel to participate in a telephonic conference at which the Court may, among other things:  (a) ask counsel to identify who will be present at the Settlement Conference on behalf of each party; (b) ask counsel to update the Court regarding the status of settlement discussions post-dating the filing of the Statements and Confidential Addenda; (c) ask counsel to be prepared to address

specific legal and/or factual issues at the Settlement Conference; (d) ask counsel to bring specific documents or items to the Settlement Conference or to submit such documents or items to the Court in advance of the Settlement Conference; (e) ask counsel whether, given the contents of the Statements and Confidential Addenda, they believe a Settlement Conference at this juncture in the proceedings is likely to result in a settlement of the matter; and (f) order, depending upon counsel's responses to the foregoing inquiry, that the Settlement Conference be taken off calendar or deferred to a later juncture in the proceedings (e.g., after a pending or anticipated dispositive summary judgment motion is decided).

13.    Any failure of the trial attorneys, parties or persons with settlement authority to attend the conference may result in sanctions to include the fees and costs expended by the other parties in preparing for and attending the conference. The failure of any party timely to submit a Statement and Confidential Addendum in compliance with this Order, or otherwise comply strictly with this Order, may result in the Settlement Conference being ordered off calendar and sanctions being imposed.

14.    At the conference, counsel should have available for the Court's review  copies of all critical documents (i.e., pleadings, declarations, witness statements, business records, etc.) in the case, as well as copies of all important witnesses' deposition transcripts, if a party believes such documents will assist in the evaluation of this case.   If a party's settlement position is predicated on the recoupment or recovery of attorney's fees and/or costs, then that party should have available for the Court's review, copies of billing records substantiating both the time expended and the expenses incurred.

15.    If settlement between any or all parties is reached as a result of the Settlement Conference, it is the responsibility of all counsel to immediately report the settlement to the District Judge's courtroom deputy clerk, as well as to memorialize timely the settlement.  See Local Rule 16-15.7.

1   16. All papers submitted for the Settlement Conference will either be

2 returned to the parties or destroyed by the Magistrate Judge, after the settlement

3 proceedings are concluded, unless the parties agree otherwise.

4   IT IS SO ORDERED

5 DATED: February 21, 2024

6               /s/

7           HONORABLE JACQUELINE CHOOLJIAN
            UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28