Bryan J. Freedman, Esq. (SBN: 151990)
Summer E. Benson, Esq. (SBN: 326398)
FREEDMAN TAITELMAN + COOLEY, LLP
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045
Email: bfreedman@ftllp.com
       sbenson@ftllp.com

Attorneys for Claimant Margaret Larkin, Personal Representative for the Estate of James A. Larkin

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>$1,546,076.35 IN BANK FUNDS SEIZED FROM REPUBLIC BANK OF ARIZONA ACCT '1189, et al.,<br><br>        Defendants. | Case No.: 2:18-cv-08420-RGK-JC<br><br>[Assigned to the Hon. R. Gary Klausner]<br><br>**OBJECTION TO NOTICE OF ATTORNEY CHARGING LIEN** |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Claimant Margaret Larkin ("Claimant"), on behalf of herself and the Estate of James A. Larkin, hereby objects to the Notice of Attorney Charging Lien filed by Bienert Katzman PC ("Bienert Katzman") on March 7, 2024 (ECF No. 295) (the "Notice"). Claimant objects to the Notice on the following grounds:

Claimant objects to the Notice on the ground that the underlying charging lien is violative of Rule 1.8.1 (formerly 3-300) of the California Rules of Professional Conduct and, thus, unenforceable. Rule 1.8.1 provides, in part, that "[a] lawyer shall not enter into a business transaction with a client, or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client, unless . . . the client either is represented in the transaction or acquisition by an independent lawyer of the client's choice or the client is advised in writing to seek the advice of an independent lawyer of the client's choice and is given a reasonable opportunity to seek that advice[.]"

The now-deceased James A. Larkin executed two agreements with Bienert Katzman—an initial retainer dated May 1, 2018 (the "Retainer"), and a modification thereto dated February 12, 2020 (the "Modification"). Neither were executed by Claimant or any other member of the Larkin family. Unlike the Retainer, the Modification purports to create a charging lien against any assets recovered by Mr. Larkin or "his family" as part this action. Devoid from the Modification, however, is any advisement in writing that Mr. Larkin seek independent counsel as to the newly-created adverse interest. Mr. Larkin was neither represented by independent counsel nor advised by Bienert Katzman in writing to seek the advice of an independent lawyer prior to execution of the Modification. Where, as here, a lawyer fails to comply with Rule 1.8.1, the charging lien is void and unenforceable. *See Fletcher v. Davis*, 33 Cal. 4th 61, 67 (2004) ("We therefore conclude that an attorney who secures payment of hourly fees by acquiring a charging lien against a client's future judgment

or recovery has acquired an interest that is adverse to the client, and so must comply with the requirements of rule 3–300. [Attorney] failed to comply with the rule. Accordingly, [attorney]'s lien may not be enforced in this proceeding.").

Claimant further objects to the Notice on the ground that this Court lacks jurisdiction to determine the validity and enforceability of the disputed lien. Bienert Katzman is not a party to nor involved in the instant proceeding and has no right to intervene.[1] Accordingly, the Court will act in excess of its jurisdiction if it purports to determine the validity of the lien or Bienert Katzman's right to enforce it. *See Brown v. Superior Ct.*, 116 Cal. App. 4th 320, 328 (2004); *Carroll v. Interstate Brands Corp.*, 99 Cal. App. 4th 1168, 1173 (2002).

Claimant further objects to the Notice on the ground that Bienert Katzman has a pending claim against the Estate of James A. Larkin in the probate proceeding (Superior Court of Arizona, County of Maricopa; Case No. PB2023-003192).

Claimant further objects to the Notice on the ground that Bienert Katzman has a pending civil suit against the Estate of James A. Larkin and Claimant (Superior Court of California, County of Orange; Case No. 30-2024-01383507-CU-FR-CJC).

The foregoing shall not constitute a waiver of Claimant's claims, rights, defenses, and/or remedies as to the Notice or the attorney charging lien, all of which are expressly reserved.

Dated: April 23, 2024

FREEDMAN TAITELMAN + COOLEY, LLP

By:  */s/ Bryan J. Freedman*
Bryan J. Freedman, Esq.
Summer E. Benson, Esq.
Attorneys for Claimant Margaret Larkin, Personal Representative for the Estate of James A. Larkin

---

[1] The Court granted Bienert Katzman's withdrawal from this action on February 24, 2023. *See* ECF No. 250.