NO JS6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           PLAINTIFF,<br><br>                V.<br><br>$1,546,076.35 IN BANK FUNDS SEIZED FROM REPUBLIC BANK OF ARIZONA ACCOUNT '1889, ET AL.,<br><br>           DEFENDANTS.<br>_____<br>MARGARET LARKIN, AS REPRESENTATIVE OF THE ESTATE OF JAMES LARKIN, ET AL,<br><br>           CLAIMANTS. | No. CV 18-08420-RGK<br><br>[~~PROPOSED~~] <u>**PARTIAL CONSENT JUDGMENT – NOT CASE DISPOSITIVE**</u><br><br>[319] |

Plaintiff United States of America (the "government") and claimants the Estate of James Larkin (the "Estate"), Margaret Larkin, ("M. Larkin"), Kathleen D. Larkin ("K. Larkin"), John C. Larkin ("J. Larkin"), Quinn M. Larkin ("Q. Larkin"), Rose L. Larkin ("R. Larkin"), Anne Hawkins ("A. Hawkins"), Scott Spear ("Spear"), John Brunst ("Brunst"), Mary Ann Brunst ("M. Brunst"), the Brunst Family Trust (the "Brunst Family Trust"), Michael Lacey ("Lacey"), Finca Manzana for Sebastopol, LLC ("Finca Manzana"), Creek Hideaway, LLC ("Creek Hideaway"), Casa Bahia for San Francisco, LLC ("Casa Bahia"), Roarke Lacey ("R. Lacey"), Colin Lacey ("C. Lacey"), Medalist Holdings, Inc. ("Medalist"), Leeward Holdings, LLC ("Leeward"); Camarillo Holdings, LLC ("Camarillo"); Vermillion Holdings, LLC ("Vermillion"); Cereus Properties, LLC ("Cereus"); Shearwater Investments, LLC ("Shearwater"); Broadway Capital, LLC ("Broadway"), Alyson Talley ("Talley"), Jill Anderson ("Anderson"), either *pro se* or by and through their counsel of record (collectively, "Claimants,"), as well as non-parties Joye Vaught ("Vaught") and Andrew Padilla ("Padilla") (each, individually, a "Party" and collectively with the government, the "Parties"), have stipulated and requested that the Court enter this partial Consent Judgment to carry into effect the terms of the stipulation among the Parties elating to all defendants in this action (the "Defendant Assets"), with the exception of defendant $16,500,000.00 in Bank Funds Seized from K&H Bank Account '1210 (the "Excluded Assets"), and thus this partial Consent Judgment is not dispositive of this action.

The Court, having considered the stipulation of the Parties, and good cause appearing therefor, HEREBY ORDERS, ADJUDGES AND DECREES:

1.  The government has given and published notice of this action as required by law, including Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court. The government has received timely claims from Claimants, no other claims or answers have been filed or remain pending, and the time for filing claims and answers has expired. This Court has jurisdiction over the Parties and the Defendant Assets. The government has agreed to the return or dismiss certain of the Defendant Assets. Any potential claimants to the Defendant Assets other than Claimants are deemed to have admitted the allegations of the complaint. Except as to other assets expressly addressed herein, this Consent Judgment does not operate as a release of claims, actions, or rights with respect to the seizure or retention of any funds or assets other than the Defendant Assets, nor should this Consent Judgment be admitted in any other proceeding against Claimants to prove any of the facts relied upon to establish reasonable cause for the seizure of the Defendant Assets. Nothing in this Consent Judgment is intended or should be interpreted as an admission of wrongdoing by Claimants.

2.  The government shall return the following Defendant Assets to the Parties identified below (the "Returned Estate Assets"):

| **Asset** | **To Be Returned to:** |
|---|---|
| $1,001,731.18 In Bank Funds Seized from Republic Bank of Arizona Account 2592 held in the name of Larkin | Estate of J. Larkin |
| $1,546,076.35 In Bank Funds Seized from Republic Bank of Arizona | Estate of J. Larkin |

| | |
|---|---|
| Account 1889 held in the name of Larkin | |
| $1,412,085.94 in Bank Funds Seized from USAA Savings Account 2155 held in the name of Anne Hawkins | A. Hawkins as Trustee |
| $1,422,147.37 in Bank Funds Seized from USAA Savings Account 1507 held in the name of Anne Hawkins | A. Hawkins as Trustee |
| $1,453,008.51 in Bank Funds Seized from USAA Savings Account 2171 held in the name of Anne Hawkins | A. Hawkins as Trustee |
| $1,502,927.74 in Bank Funds Seized from USAA Savings Account '2058 held in the name of Anne Hawkins | A. Hawkins as Trustee |

3.   The government shall return an imputed amount of interest that such currency, instruments, or proceeds identified in paragraph 2 would have earned at the rate applicable to the 30-day Treasury Bill, for any period during which no interest was paid on the returned property, pursuant to 28 U.S.C. 2465(b)(1)(C)(ii).

4.   The following assets are hereby dismissed from this action, and all interest earned on any of such dismissed assets shall remain with the principal:

| Asset |
|---|
| $9,882,828.72 in Securities and Investment Funds Seized from Perkins Coie Trust Company '0012 held in the name of M. Larkin |
| Real Property Located in Chicago, Illinois titled in the name of John C. Larkin, M. Larkin and Larkin, APN 20-14-201-079-1054 |
| Real Property Located in Paradise Valley, AZ 1 titled in the name of Larkin, APN 173-11-006C |
| Real Property Located in St. Helena, California titled in the name of Larkin and M. Larkin, Trustees of Ocotillo Family Trust, APN 030-050-028-000 |

5. The Estate, M. Larkin, K. Larkin, J. Larkin, Q. Larkin, R. Larkin, and A. Hawkins are deemed to have withdrawn their claims to all Defendant Assets in this consolidated action other than the Returned Estate Assets.

6. If the government elects to make the payment of the Returned Estate Assets, including all interest as identified above, by check, the check shall be payable to the client trust account of counsel designated by the Party identified herein, and mailed in care of such attorney. If the government elects to make the payment by wire transfer, the funds shall be wire transferred to the client trust account of counsel designated by the Party identified herein. Upon request from the government, M. Larkin, through counsel, shall provide the necessary bank account information to complete any such transfer(s).

7. The government shall return the following Defendant Assets to the Parties identified below (the "Returned Lacey Assets"):

| Asset | To Be Returned to: |
|---|---|
| $601,827.10 seized from or frozen in Republic Bank of Arizona Certificate of Deposit '8316 held in the name of Lacey | Lacey |
| $689,884.48 seized from First Federal Savings & Loan of San Rafael Account 3620 held in the name of Michael Lacey | Lacey |

8. The government also shall return an imputed amount of interest that such currency, instruments, or proceeds identified in paragraph 7 would have earned at the rate applicable to the 30-day

5

Treasury Bill, for any period during which no interest was paid on the returned property, pursuant to 28 U.S.C. 2465(b)(1)(C)(ii).

9. The following assets are hereby dismissed from this action, and all interest earned on any of such dismissed assets shall remain with the principal:

| Asset |
|---|
| Real Property Located in San Francisco County, CA titled in the name of Lacey and Alyson Talley, APN Lot 057 Block 008 |
| Real Property Located in Coconino County, AZ titled in the name of Creek Hideaway, LLC, APN 405-06-001B |
| Real Property Located in Sebastopol, California titled in the name of Finca Manzana, APN 076-100-0008-000 |
| Real Property Located in Paradise Valley, AZ titled in the name of Lacey, APN 164-05-122 |
| Real Property Located in San Francisco, CA titled in the name of Lacey, APN Lot 008 Block 0097 |

10. Lacey, Finca Manzana, Creek Hideaway, Casa Bahia, R. Lacey, C. Lacey, and Anderson are deemed to have withdrawn their claims to all Defendant Assets in this consolidated action, other than the Returned Lacey Assets and the Excluded Assets.

11. If the government elects to make the payment of the Returned Lacey Assets, including all interest as identified above, by check, the check shall be payable to the client trust account of counsel designated by the Party identified herein, and mailed in care of such attorney. If the government elects to make the payment by wire transfer, the funds shall be wire transferred to the client

trust account of counsel designated by the Party identified herein. Upon request from the government, Lacey, through counsel, shall provide the necessary bank account information to complete any such transfer(s).

12. This Consent Judgment does not alter the position of any Parties who filed claims to the Excluded Assets or of the government with respect to the Excluded Assets.

13. The government shall return the following Defendant Assets to the Parties identified below (the "Returned Spear Assets"):

| **Asset** | **To Be Returned to:** |
|---|---|
| $260,283.40 in Bank Funds seized from Live Oak Bank account 6910 | Spear |
| $56,902.99 Seized From or Frozen in Ascensus Broker Services 8001 | Spear |
| $64,552.82 in Bank Funds Seized From or Frozen in Ascensus Broker Services 4301 | Spear |
| $75,000 of $404,374.12 in Bank Funds Seized From National Bank of Arizona Account 0178 | Spear |
| $1,925.80 in Bank Funds Seized from National Bank of Arizona Account 0151 held in the name of Spear and Ellona Spear | Spear |

14. The government also shall return an imputed amount of interest that such currency, instruments, or proceeds identified in paragraph 13 would have earned at the rate applicable to the 30-day Treasury Bill, for any period during which no interest was paid on the returned property, pursuant to 28 U.S.C. 2465(b)(1)(C)(ii).

15. Spear is deemed to have withdrawn his claims to all Defendant Assets in this consolidated action other than the Returned Spear Assets.

16. If the government elects to make the payment of the Returned Spear Assets, including all interest as identified above, by check, the check shall be payable to the client trust account of counsel designated by the Party identified herein, and mailed in care of such attorney. If the government elects to make the payment by wire transfer, the funds shall be wire transferred to the client trust account of counsel designated by the Party identified herein. Upon request from the government, Spear, through counsel, shall provide the necessary bank account information to complete any such transfer(s).

17. The government shall return the following Defendant Assets to the Parties identified below (the "Returned Brunst Assets"):

| **Asset** | **To Be Returned to:** |
|---|---|
| $359,527.06 held in Compass Bank Account '3825 held in the name of the Brunst Family Trust | Brunst/Dismissal |

18. The government also shall return an imputed amount of interest that such currency, instruments, or proceeds identified in paragraph 17 would have earned at the rate applicable to the 30-day Treasury Bill, for any period during which no interest was paid on the returned property, pursuant to 28 U.S.C. 2465(b)(1)(C)(ii).

19. The following assets are hereby dismissed from this action, and all interest earned on any of such dismissed assets shall remain with the principal:

| **Asset** |
|---|
| $275,328.00 held in Alliance Bernstein Account '7888 held in the name of the Brunst Family Trust |
| $306,277.00 held in Alliance Bernstein Account '7889 held in the |

8

| |
|---|
| name of the Brunst Family Trust |
| $342,596.00 held in Alliance Bernstein Account '7892 held in the name of the Brunst Family Trust |
| $372,878.00 held in Alliance Bernstein Account '4954 held in the name of the Brunst Family Trust |
| $527,624.00 Seized from Alliance Bernstein Account '6485 held in the name of the Brunst Family Trust |

20. As to the $5,848,729.00 Seized from Alliance Bernstein Account '6878 held in the name of the Brunst Family Trust, the Government will use proceeds from the liquidation of that asset to satisfy the full amount of the margin loan owed to Alliance Bernstein by Brunst and/or the Brunst Family Trust and secured by their Alliance Bernstein accounts.

21. Brunst, M. Brunst, and the Brunst Family Trust are deemed to have withdrawn their claims to all Defendant Assets in this consolidated action other than the Returned Brunst Assets.

22. If the government elects to make the payment of the Returned Brunst Assets, including all interest as identified above, by check, the check shall be payable to the client trust account of counsel designated by the Party identified herein, and mailed in care of such attorney. If the government elects to make the payment by wire transfer, the funds shall be wire transferred to the client trust account of counsel designated by the Party identified herein. Upon request from the government, Brunst, through counsel, shall provide the necessary bank account information to complete any such transfer(s).

23. The government agrees to return the following Defendant Assets to the Parties identified below (the "Returned Corporate Assets"):

| Asset | To Be Returned to: |
|---|---|
| $5,193,679.21 in bank funds seized from Bank of the West Account #035-171363 in the name of Rusing Lopez & Lizardi PLLC | Medalist |
| $4,906,320.79 of $5,462,027.17 in bank funds seized from Compass Bank Acct. '3873 held in the name of Cereus Properties, LLC | Medalist |

24. The government also shall return an imputed amount of interest that such currency, instruments, or proceeds identified in paragraph 23 would have earned at the rate applicable to the 30-day Treasury Bill, for any period during which no interest was paid on the returned Corporate Assets, pursuant to 28 U.S.C. 2465(b)(1)(C)(ii).

25. Medalist, Leeward, Camarillo, Vermillion, Cereus, Shearwater, and Broadway shall use the Returned Corporate Assets solely to pay attorneys' fees and costs for counsel to Claimants, which shall not be returned to any Claimant. If any Returned Corporate Assets remain after paying such fees and costs, Medalist, Leeward, Camarillo, Vermillion, Cereus, Shearwater, and Broadway shall return any remainder and forfeit the remainder to the government.

26. Medalist, Leeward, Camarillo, Vermillion, Cereus, Shearwater, and Broadway are deemed to have withdrawn their claims to all Defendant Assets in this consolidated action other than the Returned Corporate Assets.

27. If the government elects to make the payment of the Returned Corporate Assets, including all interest as identified above, by check, the check shall be payable to the client trust account of counsel designated by the Party identified herein, and mailed in care of such attorney. If the government elects to make the payment by wire transfer, the funds shall be wire transferred to the client trust account of counsel designated by the Party identified herein. Upon request from the government, Medalist, through counsel, shall provide the necessary bank account information to complete any such transfer(s).

28. The government shall have judgment as to the Defendant Assets identified in Appendix 1, plus any interest earned by the government on the entirety of the Defendant Assets identified in Appendix 1, which are hereby condemned and forfeited to the United States of America. The government having judgment as to the Defendant Assets identified in Appendix 1, no other person or entity shall have any right, title, or interest therein. The government shall dispose of such assets in accordance with law.

29. The government shall not seek forfeiture of the following property (or the proceeds from the sale of any of the following property) identified and alleged to be subject to forfeiture in United States v. Lacey, et al., D. Az. Case No. 18-cr-422-DJH (the "Criminal Action"):

   a. Real property located at 10647 N. State Route 89A, Sedona, AZ 86336;
   b. Real property located at 1100 Union Street, Unit 700, San Francisco, CA 94109;
   c. Real property located at 2043 Pleasant Hill Road,

        Sebastopol, CA 95472;

d. Real property located at 343 Presidio Avenue, San Francisco, CA 94115;

e. Real property located at 3300 East Stella Lane, Paradise Valley, AZ 85253;

f. Real property located at 2416 N. Foote Dr., Phoenix, AZ 85008;

g. Real property located at 3304 E. Stella Lane, Paradise Valley, AZ 85253;

h. Real property located at 3308 E. Stella Lane, Paradise Valley, AZ 85253;

i. Real property located at 3311 E. Stella Lane, Paradise Valley, AZ 85253;

j. Real property located at 6300 N. 33rd Street, Paradise Valley, AZ 85253;

k. Real property located at 6314 N. 33rd Street, Paradise Valley, AZ 85253;

l. Real property located at 5751 N. 77th Place, Scottsdale, AZ 85250;

m. Real property located at 8604 E. San Ardo Dr., Scottsdale, AZ 85258,

n. Real property located at 5830 E. Calle Del Media (Medio), Phoenix, AZ 85018;

o. Real property located at 3353 Red Robin Road, Pinetop, AZ 85935;

p. Real property located at 4931 E. White Gates Drive, Phoenix, AZ 85018;

q. Miscellaneous Artwork seized from Michael Lacey's

          residence located in Paradise Valley, AZ;

    r. Miscellaneous Rugs seized from Michael Lacey's residence located in Paradise Valley, AZ;

    s. Miscellaneous Artwork seized from Michael Lacey's residence located in Sedona, AZ;

    t. Miscellaneous Artwork seized from Michael Lacey's residence located in Sedona, AZ; and

    u. Approximately "83 x "57 Navajo weaving with a diamond "Eyedazzler" pattern in red, black, white, orange, yellow, brown, purple, gray and natural white or ivory.

30. The government shall not seek forfeiture of the following funds held or turned over to the government by former or current counsel to certain of the Parties, specifically:

    a. $163,612.53 held by former counsel to Padilla, Piccarreta Davis Keenan Fidel PC;

    b. $159,072.51 held by former counsel to Vaught, Karp & Weiss PC;

    c. $100,000.00 held by counsel to Medalist, Camarillo, and Leeward, Copeland, Franco, Screws & Gill PA;

    d. $2,527.06, $24.31, and $25.00 held by counsel to Lacey, Henze, Cook, Murphy PLLC; and

    e. $191,246.00 seized from or restrained in Western Alliance Bank account number ending 6979 held in the name of Mitchell Stein Carey Chapman PC.

31. The government shall not seek forfeiture of the following stale/uncashed checks held by Lacey and/or his counsel, or any replacements or substitutions, or any proceeds thereof:

13

       a. Staples Refund check dated 6/12/2018, amount: $714.50;

       b. IL Tax Refund check dated 4/13/2018, amount: $10,235.66;

       c. The Camby Hotel check dated 4/23/2018, check no. ending '5748, amount: $3,337.54;

       d. Fidelity National Title Agency check dated 5/1/2018, check no. ending '2783, amount: $50,000.00;

       e. U.S. Treasury check dated 02/26/2018, check no. ending '3477, amount: $637.32; and

       f. State of Minnesota check dated 10/09/1019, check no. ending '0883, amount: $13,235.38.

32. The government shall return the Returned Estate Assets, the Returned Lacey Assets, the Returned Spear Assets, the Returned Brust Assets, and the Returned Corporate Assets (collectively, the "Returned Assets") in accordance with 28 U.S.C. § 2465(a)(1). If the government has recorded a *lis pendens* against any of the real property dismissed from this action or as to which it has agreed not to seek forfeiture, it shall record a release of each such *lis pendens* forthwith. The government shall not seek forfeiture of any of the Returned Assets, the assets dismissed from this action or the assets as to which it has agreed not to seek forfeiture (or the proceeds of any of the foregoing) in United States v. Carl Ferrer, D. Az. Case No. 18-cr-464-DJH, or United States v. Backpage.com LLC, et al., D. Az. Case No. 18-cr-465-DJH, and shall seek final orders of forfeiture in those actions that exclude those from forfeiture.

33. This Consent Judgment constitutes final and complete satisfaction of all claims asserted by the government and Claimants, and each of them, as they relate to all Defendant Assets, with the

exception of the Excluded Assets, and the other assets expressly addressed herein.

34. This Consent Judgment is not dispositive of this action as to the Excluded Assets.

35. This Consent Judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

36. Each of the Parties shall bear its own attorneys' fees and costs in connection with the seizure, retention, and prosecution of this action relative to the Defendant Assets, with the exception of the Excluded Assets.

IT IS SO ORDERED.

Dated: 12/17/2024

_____
THE HONORABLE R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

E. MARTIN ESTRADA
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

/s/ Jonathan Galatzan
JONATHAN GALATZAN
Chief, Asset Forfeiture & Recovery Section
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

15

| Appendix 1 ||
|---|---|
| **Asset** | **Original C.D.Cal. Case No.** |
| $251,436.93 In Bank Funds Seized from Republic Bank of Arizona Account 8162 held in the name of Larkin | CV 18-8420 |
| $253,639.96 in U.S. Currency seized from Republic Bank of Arizona account '8189 held in the name of Larkin | CV 18-8420 |
| $34,149,280.00 Seized from Acacia Conservation Fund LP account 2020 held in the name of the Ocotillo Family Trust | CV 18-8420 |
| $501,248.14 In Bank Funds Seized from Republic Bank of Arizona Account 8103 held in the name of Larkin | CV 18-8420 |
| $621,832.06 In U.S. Currency Seized from Perkins Coie Trust Company Account 0012 held in the name of M. Larkin | CV 18-8420 |
| $329,374.12 of $404,374.12 Seized From National Bank of Arizona Account 0178 held in the name of Scott Spear | CV 18-8423 |
| $613,573.28 in Bank Funds Seized from National Bank of Arizona Account 3645 held in the name of Spear and E. Spear Family Trust | CV 18-8423 |
| Real Property Located in San Francisco, CA 2 titled in the name of Case Bahia, APN Lot 029, Block 0563 | CV 18-8551 |
| $555.706.38 of $5,462,027.17 in bank funds seized from Compass Bank Acct. '3873 held in the name of Cereus Properties, LLC | CV 18-8566 |
| $5,848,729.00 Seized from Alliance Bernstein Account '6878 held in the name of the Brunst Family Trust | CV 18-8568 |
| 1,680,028.85 EUROS In Bank Funds Seized from FIO Account -2226 held in the name of the Gold Leaf SRO | CV 18-8569 |
| 60.98 POUNDS in Bank Funds Seized from FIO Account -2231 held in the name of the Gold Leaf SRO | CV 18-8569 |
| 72.87 USD in Bank Funds Seized from FIO Account -2230 held in the name of Gold Leaf SRO | CV 18-8569 |
| Any and all funds seized from Bank Frick account 'K000 E on or about June 1, 2018 held in the name of Ad Tech BV | CV 18-8570 |
| Any and all funds seized from Bank Frick account 'K000 U on or about June 1, 2018 held in the | CV 18-8570 |

| | |
|---|---|
| name of Ad Tech BV | |
| Any and all funds seized from Bank Frick account 'K001 K on or about June 1, 2018 held in the name of Ad Tech BV | CV 18-8570 |
| Any and all funds seized from Bank Frick account 'K000 K on or about June 1, 2018 held in the name of Ad Tech BV | CV 18-8570 |
| 52.65 POUNDS in Bank Funds seized from FIO Account -4198 held in the name of the Protecctio SRO | CV 18-8577 |
| 3,213,937.82 Euros Seized from Fio account 4194 held in the name of the Protecctio SRO | CV 18-8577 |
| 52.90 USD in Bank Funds seized from FIO Account -4196 held in the name of the Protecctio SRO | CV 18-8577 |
| $3,374,918.61 in Bank Funds Seized From Prosperity Bank Acct '7188 | CV 18-8578 |
| $2,412,785.47 Seized From or Frozen in Place at Money Gram Having Originated from Midfirst Bank Account 4139 held in the name of attorney, "J.B." for the benefit of Lacey | CV 18-8579 |
| $302,177.57 seized from or frozen in republic bank of Arizona CDARS account 8324 held in the name of Lacey | CV 18-8579 |
| $305,127.89 seized from or frozen in Republic Bank of Arizona CDARS account 8332 held in the name of Lacey | CV 18-8579 |
| $484,745.72 seized from or frozen in Credit Union account 2523 held in the name of Lacey and Jean K. Warren | CV 18-8579 |
| $500,000.00 seized from Republic Bank of Arizona Account 3126 held in the name of Lacey | CV 18-8579 |
| $515,899.85 seized from Republic Bank of Arizona account '2485 held in the name of Lacey | CV 18-8579 |
| $75,835.31 seized from Republic Bank of Arizona Account 1897 held in the name of Lacey | CV 18-8579 |
| $1,876.36 in Bank Funds from ING Bank '2071 held in the name of Payment Solutions BV | CV 18-8588 |
| $106,988.41 in Bank Funds from ING Bank '2071 held in the name of Payment Solutions BV | CV 18-8588 |
| $248,970.00 in Bank Funds from Citibank NA '0457, held in the name of Paul Hastings LLP | CV 18-8588 |
| $40,000.00 in Funds from Crypto Capital | CV 18-8588 |
| $499,910.01 in Bank Funds from US Bank '0239 held in the name of Affordable Bail Bonds LLC | CV 18-8588 |
| $5,534.54 from Enterprise Bank and Trust '7177 held in the name of Global Trading Solutions LLC | CV 18-8588 |
| $50,000.00 in Bank Funds from Enterprise Bank and Trust '7177 held in the name of Global | CV 18-8588 |

| | |
|---|---|
| Trading Solutions LLC | |
| $50,357.35 in Bank Funds from ING Bank '7684 held in the name of Payment Solutions BV | CV 18-8588 |
| $52,500.00 in Bank Funds from Enterprise Bank and Trust '7177, held in the name of Global Trading Solutions LLC | CV 18-8588 |
| $65,000.00 in Bank Funds from Enterprise Bank and Trust '7177, held in the name of Global Trading Solutions LLC | CV 18-8588 |
| Various Internet Domain Names | CV 18-8592 |
| 458.99 POUNDS Seized from FIO Account -8086 held in the name of the Varicok Company SRO | CV 18-8747 |
| 48.10 USD Seized from FIO Account -8080 held in the name of the Varicok Company SRO | CV 18-8747 |
| 605,976.95 EUROS in Bank Funds Seized from FIO Account -8083 held in the name of the Varicok Company SRO | CV 18-8747 |
| Any and All Funds Seized from Knab Bank Account -7664 held in the name of Procop Services BV | CV 18-8748 |
| Any and All Funds Seized from Rabo Bank Account 2452 held in the name of the Gulietta Group BV | CV 18-8749 |
| Any And All Funds Seized From Rabo Bank Acct. '4721 held in the name of the UniversAds BV | CV 18-8750 |
| 747,664.15 POUNDS from SAXO Payments Account '1262 held in the name of Cashflows Europe Limited | CV 18-8753 |
| Any and All Funds Seized from LHV Pank Account 4431 held in the name of Olist Ou | CV 18-8754 |
| Approximately $182,182.50 seized from Amro Bank N.V. Account 6352 held in the name of Ad Tech BV with Stichting Zencotrust | CV 19-7039 |
| Approximately $23,175.00 in Bank Funds Seized from Plains Capital Bank Account '3939 held in the name of Scheef & Stone, LLP | CV 19-7039 |
| Approximately $11,802.76 in Bank Funds Seized From Citibank Account '6973 held in the name of Schiff Hardin LLP | CV 19-7044 |
| Approximately $518,172.92 seized from Wells Fargo Bank Account 4455 held in the name of Cardquiry | CV 19-7048 |
| Approximately 2.70447488 Bitcoin held in Bitstamp account number 559092120831 | CV 19-9949 |

| | |
|---|---|
| Approximately 3.54986077 Bitcoin Cash Previously Held in Bitstamp Account 559092120831 | CV 19-9949 |
| 136.6544695 Bitcoin surrendered on or about June 15, 2018, from a Backpage controlled wallet | CV 18-8420 |
| 16,310.79413202 Litecoins surrendered on or about April 26, 2018, from a Backpage controlled wallet | CV 18-8420 |
| 173.97319 Bitcoin surrendered on or about April 26, 2018, from a Backpage controlled wallet | CV 18-8420 |
| 199.99995716 Bitcoin surrendered on or about April 6, 2018, from a Backpage controlled wallet | CV 18-8420 |
| 2,673.59306905 Bitcoin Cash surrendered on or about April 26, 2018 | CV 18-8420 |
| 2.00069333 Bitcoin surrendered on or about May 7, 2018, from a Backpage controlled wallet | CV 18-8420 |
| 404.99984122 Bitcoin surrendered on or about April 6, 2018, from a Backpage controlled wallet | CV 18-8420 |
| 411.00019 Bitcoin surrendered on or about April 13, 2018, from a Backpage controlled wallet | CV 18-8420 |
| 509.81904619 Bitcoin Gold surrendered on or about June 21, 2018, from a Backpage controlled wallet | CV 18-8420 |
| 55.50826185 Bitcoin Cash surrendered on or about May 3, 2018, from a Backpage controlled wallet | CV 18-8420 |
| 6 Bitcoin surrendered on or about April 6, 2018, from a Backpage controlled wallet | CV 18-8420 |
| 73.62522241 Bitcoin Cash surrendered on or about June 15, 2018, from a Backpage controlled wallet | CV 18-8420 |
| 783.9735116 Litecoins surrendered on or about June 15,2018, from a Backpage controlled wallet | CV 18-8420 |
| $3,713,121.03 in bank funds seized from Bank of America Acct #000050033414 in the name of Davis Wright Tremaine LLP | D. Az. Case No. 18-cr-465 |
| $2,900,000.00 in bank funds seized from Perkins Coie LLP US Bank Account No. 153555921235 | D. Az. Case No. 18-cr-465 |